**In the United States District Court
for the Southern District of Texas, Houston Division**

| | |
|---|---|
| **Lewis Brisbois Bisgaard & Smith, LLP,** | |
| Plaintiff, | Civil Action No. ___4:22-cv-3279 |
| v. | |
| **Michael Joseph Bitgood a/k/a "Michael Easton,"** *et al.* | **Jury Demanded** |
| Defendants. | |

**Lewis Brisbois Bisgaard & Smith, LLP's
Original Complaint and Application for Injunctive Relief**

Plaintiff, Lewis Brisbois Bisgaard & Smith, LLP[1] sues Defendants Michael Joseph

Bitgood a/k/a "Michael Easton," Richard P. Jones, Susan C. Norman, Bradley B. Beers,

and the Texas entity known as "Lewis Brisbois Bisgaard & Smith, LLP,"[2] for trademark

and trade name infringement, and unfair competition in violation of the Trademark Act of

1946, 15 U.S.C. §1051, *et seq*., as amended (the "Lanham Act"), and related claims arising

under Texas law.

In addition to claims for actual and statutory damages, Lewis Brisbois is entitled to

a temporary restraining order, and preliminary and permanent injunctive relief against

Bitgood and the Bitgood Entity. In support, Lewis Brisbois respectfully shows the

following:

---

[1] Plaintiff Lewis Brisbois Bisgaard & Smith, LLP refers to itself as "Lewis Brisbois."

[2] As set forth *infra*, on May 26, 2022, Bitgood and Beers unlawfully registered as a domestic limited liability partnership an entity known as "Lewis Brisbois Bisgaard & Smith, LLP." To avoid confusion with Plaintiff Lewis Brisbois, Lewis Brisbois refers to the entity Bitgood registered as the "Bitgood Entity."

**Parties**

1.      Plaintiff, Lewis Brisbois Bisgaard & Smith, LLP is a California limited liability partnership licensed to conduct business in the State of Texas. Lewis Brisbois's principal office is located at 633 W. 5th Street, Suite 4000, Los Angeles, California 90071.

2.      Defendant, Michael Joseph Bitgood a/k/a "Michael Easton" is an individual residing in Richmond, Texas. Bitgood may be served at his residence, 510 Little River Court, Richmond, Texas 77406, or wherever he may be found.[3]

3.      Defendant, Richard P. Jones is an individual residing in Sugar Land, Texas. Jones may be served at his residence, 2 Stadium Drive, Apt. 5306, Sugar Land, Texas 77498, or wherever he may be found.

4.      Defendant, Susan C. Norman is an individual residing in Houston, Texas. Ms. Norman may be served at her residence, 5826 Green Falls Drive, Houston, Texas 77088, or wherever she may be found.[4]

5.      Defendant, Bradley "Brad" Beers is an individual residing in Spring, Texas. Mr. Beers may be served at his residence, 23 Glenleigh Place, Spring, Texas 77381, his place of work, 5020 Montrose Boulevard, Suite 700, Houston, Texas 77006, or wherever he may be found.[5]

6.      Defendant, "Lewis Brisbois Bisgaard & Smith, LLP," the "Bitgood Entity," is a domestic limited liability partnership. The Bitgood Entity may be served through its president, Michael Bitgood at 503 FM 359-130, Suite 116, Richmond, Texas 77406, 510

---

[3] Although Bitgood often acts as if he is an attorney, Bitgood is not licensed to practice law.

[4] Ms. Norman is an attorney licensed to practice law in the State of Texas, Texas Bar No. 15083020.

[5] Mr. Beers is an attorney licensed to practice law in the State of Texas, Texas Bar No. 24121907.

Little River Court, Richmond, Texas 77406, or its vice president, Ms. Norman at 5826 Green Falls Drive, Houston, Texas 77088.[6]

## Jurisdiction and Venue

7.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 because this dispute arises from Defendants' violations of the Lanham Act, 15 U.S.C. §§1114 and 1125(a). This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Lewis Brisbois's claims arising under Texas law.

8.      Venue is proper in this district under 28 U.S.C. §1391(b) because Defendants reside in this district and because a substantial part of the events or omissions giving rise to Lewis Brisbois's claims occurred in this district.

## Relevant Factual Background

9.      Now one of the largest law firms in the United States, Plaintiff Lewis Brisbois formed under California law as "Lewis D'Amato, Brisbois & Bisgaard" in 1979. Since 2002, Lewis Brisbois has been known as  "Lewis Brisbois Bisgaard & Smith, LLP." In addition to conducting business as "Lewis Brisbois Bisgaard & Smith, LLP," Lewis Brisbois conducts business and has continuously conducted business using shortened or abbreviated versions of its name including, but not limited to "Lewis Brisbois Bisgaard & Smith," "Lewis Brisbois," and "LBBS,"

10.      Lewis Brisbois currently employs more than 1,600 lawyers across the United States in over 50 offices, including offices in Houston, Texas and Dallas, Texas. Over the past 20 years, Lewis Brisbois has developed its national goodwill and reputation through extensive labor, skill, and monetary expense.

---

[6] The Bitgood Entity has not listed a registered agent with the Office of the Secretary of State of Texas.

11.     Lewis Brisbois is the owner and senior user of the word marks "LEWIS BRISBOIS BISGAARD & SMITH LLP," "LEWIS BRISBOIS BISGAARD & SMITH," and "LEWIS BRISBOIS," which Lewis Brisbois has used in commerce since at least 2002.

12.     From 2009 to 2020, Lewis Brisbois owned the registered servicemark, "LEWIS BRISBOIS BISGAARD & SMITH," depicted below, of which Lewis Brisbois remains the owner and senior user.



[7]

13.     Lewis Brisbois is also the owner and senior user of the registered service marks "LB" and "LB LEWIS BRISBOIS," depicted below.



[8]

[9]

14.     Lewis Brisbois first used the "LB" and "LB Lewis Brisbois" service marks in commerce on June 6, 2016.

---

[7] Exhibit 1, LEWIS BRISBOIS BISGAARD & SMITH, Registration No. 3,722,172.

[8] Exhibit 2, LB, Registration No. 5,151,123.

[9] Exhibit 3, LB LEWIS BRISBOIS, Registration No. 5,151,128.

15.     As a foreign limited liability partnership doing business in Texas, Lewis Brisbois is and has been registered with the Office of the Secretary of State of Texas.[10] Lewis Brisbois has a current registration to conduct business in the State of Texas effective March 28, 2022, prior to Defendants' infringing acts described *infra*.

16.     As a registered foreign limited liability partnership, Lewis Brisbois "enjoys the same but no greater rights and privileges as [a] domestic [limited liability partnership],"[11] including, among other things, to "sue … in the entity's business name" and to "conduct its business, locate its offices, and exercise the powers granted by this code to further its purposes, in or out of this state."[12]

---

17.     On January 7, 2022, Defendants Michael Joseph Bitgood a/k/a "Michael Easton" and Richard P. Jones sued Karina Martinez, Mariana Sullivan, Imperial Lofts, LLC in Texas state district court alleging, in pertinent part, that Martinez, Sullivan, and Imperial Lofts had improperly charged rental fees and filed eviction petitions against Bitgood and Jones.[13] Bitgood appeared pro se and Defendant Susan Norman appeared as attorney-of-record for Jones.

18.     The defendants in that action retained Lewis Brisbois to defend against Bitgood and Jones's claims. On March 11, 2022, Lewis Brisbois filed an answer of behalf of the underlying defendants. David A. Oubre of Lewis Brisbois's Houston office appeared as attorney-of-record and lead counsel for the defendants in the Imperial Lofts case.

---

[10] Exhibit 4, Registration of a Foreign Limited Liability Partnership, dated March 28, 2022.

[11] Tex. Bus. Orgs. Code § 9.202.

[12] Tex. Bus. Orgs. Code § 2.101.

[13] *See* Cause No. 22-CCV-070378, *Jones, et al. v. Martinez, et al.*, in the County Court at Law No. 3 of Fort Bend County, Texas (the "Imperial Lofts case").

19.     Unbeknownst to Lewis Brisbois and certainly without Lewis Brisbois's authorization or permission, on May 2, 2022, Bitgood and Ms. Norman filed a sworn and notarized assumed name certificate for certain unincorporated persons for a business named "Lewis Brisbois Bisgaard & Smith" in the Office of the County Clerk, Fort Bend County, Texas.[14] Bitgood and Ms. Norman identified the registrant as an "individual" and "further state[d] that this registrant is <u>not</u> a limited partnership, limited liability company, limited liability partnership, or foreign filing entity."[15]

20.     Further compounding their infringement, on May 26, 2022, Bitgood filed a registration for a domestic limited liability partnership Bitgood named "Lewis Brisbois Bisgaard & Smith, LLP" in the Office of the Secretary of State of Texas.[16] Bitgood listed the street address for the Bitgood Entity as 503 FM 359-130, Suite 116, Richmond, Texas 77406 and identified the Bitgood Entity's business as "mediation and related services."[17] Bitgood electronically signed the registration "subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument."[18]

21.     On June 1, 2022, Defendant Brad Beers, acting in the capacity of attorney-in-fact of the Bitgood Entity, filed an assumed name certificate in the Office of the Secretary of State.[19] The certificate identified the Bitgood Entity's assumed name as "Lewis Brisbois Bisgaard & Smith." Mr. Beers electronically signed the assumed name certificate "subject

---

[14] Exhibit 5, 3d Am. Pet. at its Exhibit A (pdf p. 14-15).

[15] *Id*. (emphasis in original).

[16] Exhibit 6, Registration of a Limited Liability Partnership, dated May 26, 2022.

[17] *Id*.

[18] *Id*.

[19] Exhibit 7, Assumed Name Certificate, dated June 1, 2022.

to the penalties imposed by law for the submission of a materially false or fraudulent instrument."[20]

22.    On June 15, 2022, Bitgood and Jones filed their third amended petition in the Imperial Lofts case to add the Bitgood Entity as a plaintiff and to add Mr. Oubre as a defendant.[21] In addition to appearing as Jones's counsel, Ms. Norman appeared as counsel for the Bitgood Entity. Bitgood and Mr. Norman attached as exhibits to the third amended petition the sworn and notarized assumed name certificate Bitgood and Ms. Norman filed in the Fort Bend County Clerk's Office and the registration of a limited liability partnership that Bitgood filed in the Office of the Secretary of State.[22]

23.    On June 24, 2022, Bitgood, Jones, and the Bitgood Entity filed their fourth amended petition to add Lewis Brisbois as a defendant.[23]

24.    Against Lewis Brisbois and Mr. Oubre, Bitgood, Jones, and the Bitgood Entity allege, among other things, that:

> David Oubre … on behalf of Martinez, Sullivan, and Imperial conduct[s] business in Fort Bend County, Texas **using the [Bitgood Entity's] name in an illegal and unauthorized manner** reasonably calculated to create mass confusion and damage [the Bitgood Entity] .[24]
>
> ---
>
> Plaintiffs [in the underlying lawsuit] would further show that Martinez and Sullivan … contracted with, and aided, abetted, and encouraged Oubre … to file pleadings and papers in the Courts of Fort Bend County, Texas, using the [Bitgood Entity]—an act they were not authorized to do—**as the name**

---

[20] *Id*.

[21] Exhibit 5, 3d Am. Pet.

[22] *Id*., pp. 14-16. Notably, Bitgood's registration of the Bitgood Entity as an "LLP" contradicts Bitgood and Ms. Norman's sworn statement that the "registrant is <u>not</u> a … limited liability partnership" in their notarized assumed name certificate. *Compare* Ex. 5, pp. 14-15 *with* p. 16.

[23] Exhibit 8, 4th Am. Pet., dated June 24, 2022. The Fourth Amended Petition is currently the operative pleading in the underlying lawsuit.

[24] *Id*., ¶ 2 (emphasis added)

> **Lewis Brisbois belongs to the [Bitgood Entity]**, not the defendants or their coconspirators.[25]
>
> ---
>
> Clearly, there cannot be a Plaintiff named Lewis, Brisbois, Bisgaard & Smith LLP … and a set of imposters, Oubre … signing [his] name[] to pleadings and documents without the consent of the [Bitgood Entity]. This is tantamount to the [Bitgood Entity] suing itself … . For these reasons, [Bitgood, Jones, and the Bitgood Entity] seek both a temporary and permanent injunction to enjoin all the defendants from using the [Bitgood Entity's] name anywhere in the State of Texas, along with all the proceeds that were billed and collected by the phony Lewis Brisbois since May 26, 2022, along with a declaration that the phony Lewis Brisbois has no partnership, limited or otherwise in the State of Texas.[26]

Bitgood and Jones further allege that:

> the phony Lewis Brisbois voluntarily gave up its right to do business in Texas under that name, when despite repeated warnings from the Secretary of State directed at Oubre, and to its California office to renew, Oubre did nothing, as the Secretary of State allowed him to surrender the name, and allowed the foreign LLP to expire, thereby allowing the domestic LLP to be formed, registered and approved by the Texas Secretary of State. **Like any other race in the world, the first to the "finish line" is declared the "winner" by the Secretary of State.**[27]

25.     Contrary to Bitgood, Jones, and the Bitgood Entity's allegations, Lewis Brisbois *is* registered to do business in the State of Texas and Lewis Brisbois's current registration pre-dates Bitgood's registration of the Bitgood Entity. However, that issue is immaterial to Defendants' infringement upon Lewis Brisbois's trademark rights.

26.     As discussed *supra*, Lewis Brisbois has since 2002 conducted business as "Lewis Brisbois Bisgaard & Smith, LLP," "Lewis Brisbois Bisgaard & Smith," "Lewis Brisbois," and "LBBS," and Lewis Brisbois is the owner and senior user of the mark "LEWIS

---

[25] *Id.*, ¶ 22(f) (emphasis added).

[26] *Id.*, ¶ 23.

[27] *Id.*, ¶ 23 n.7 (emphasis added).

BRISBOIS BISGAARD & SMITH," and the owner and senior user of the registered marks "LB" and "LB LEWIS BRISBOIS."[28]

[29] For example, Defendants have begun corresponding and filing court documents using the following letterhead:



Lewis Brisbois Bisgaard & Smith, LLP
503 F.M. 359-130, Suite 216,
Richmond, Texas, 77406-2195
*Mediations & Arbitrations*

Michael Joseph Bitgood
a/k/a/ "Michael Easton"
Mediator &
International and Domestic
Arbitrator
*President*
281-415-8655
EastProLaw@msn.com

Susan Cecilia Norman
Attorney & Counselor at Law
*Vice President*
713-882-2066
Certified Mediator
SueNorman@SueNormanLaw.com

[30]

28.     In an effort to avoid the necessity of this suit, Lewis Brisbois requested that Defendants desist in their fraudulent and infringing conduct."[31] Defendants refused to do so and, instead, on September 23, 2022, Bitgood sent an email with the subject line "NOT AFFILIATED WITH 'LEWIS & BOBO' A CALIFORNIA FOREIGN LLP" to Lewis Brisbois.[32] In the email, Bitgood states:

---

[28] Exs. 1-3.

[29] Tex. Bus. Orgs. Code § 4.008.

[30] *See* Exhibit 9, Letter dated September 19, 2022; Exhibit 10, "Soft" Objections/Motion to Strike [Underlying] Defendant's "Original" Answer, filed in underlying lawsuit on September 22, 2022.

[31] Exhibit 11, Letter dated September 16, 2022.

[32] Exhibit 12, Email dated September 23, 2022, including images attached thereto.

This should "cool" Jana Lubert's "jets" until I can get to "Little" Billy Helfand, and Bennett Fisher next week---no possible name confusion at all, we are not that incompetent, all they have to do is like "Doc Holiday" said in "Tombstone":  "SAY WHEN"!-- and say otherwise, thereby holding open the door in court for me to put on evidence to the contrary!  "Don't be a daisy" Bennett & Billy, just "SAY WHEN"!--see the back of the card!

Bitgood attached the following images to his email of September 23, 2022:



29.     As a direct result of Defendants' deceitful, fraudulent, and unlawful conduct, Lewis Brisbois has suffered and will continue to suffer irreparable harm and injury that cannot be fully compensated by money damages, including harm to Lewis Brisbois's goodwill, reputation, and lost prospective business relationships.

**Causes of Action**

**Trademark Infringement under 15 U.S.C. § 1114 and Texas Law**

30.     Lewis Brisbois is the owner and senior user of the "LEWIS BRISBOIS BISGAARD & SMITH, LLP," "LEWIS BRISBOIS BISGAARD & SMITH," and "LEWIS BRISBOIS" word marks, and the owner and senior user of the service mark "LEWIS BRISBOIS BISGAARD & SMITH," and the owner and senior user of the registered service marks "LB" and "LB LEWIS BRISBOIS."[33] Lewis Brisbois has continuously used the Lewis Brisbois marks to market, promote, and solicit legal services throughout the United States.

31.     Lewis Brisbois's use of the Lewis Brisbois marks pre-dates by twenty (20) years Defendants' use of "Lewis Brisbois Bisgaard & Smith, LLP" and "Lewis Brisbois Bisgaard & Smith" to promote, market, advertise, and conduct their purported "mediation and related services" business.

32.     The Lewis Brisbois marks are legally protectable, and Lewis Brisbois has the exclusive right to use the Lewis Brisbois marks in commerce.

33.     Defendants have actual knowledge that Lewis Brisbois is the owner and senior user of the Lewis Brisbois marks, including the service marks "LB" and "LB LEWIS BRISBOIS," which are each registered with the United States Patent and Trademark Office. Nonetheless, Defendants persist in their wholly unauthorized use of "Lewis Brisbois Bisgaard & Smith, LLP" and "Lewis Brisbois Bisgaard & Smith" to promote, market, advertise, and conduct their purported "mediation and related services" business, including arbitration.

---

[33] Exs. 1-3. Lewis Brisbois refers collectively to these word and service marks as the "Lewis Brisbois marks."

34.     Defendants' unauthorized use of Lewis Brisbois's marks in connection with the marketing, promotion, or advertising of Defendants' "mediation and related services" is likely to cause confusion and mistake, and is likely to deceive the public, including state and federal courts, and Lewis Brisbois's clients, prospective clients, employees, and adversaries, by suggesting some affiliation, connection, or association between Lewis Brisbois and Defendants when there is no such connection.

35.     Defendants' actions, as described above, constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114(1).

36.     Defendants' unauthorized use of the Lewis Brisbois marks has been willful and undertaken with constructive and actual knowledge of Lewis Brisbois's ownership of the Lewis Brisbois marks.

37.     Alternatively, even if Defendants' unauthorized use of the Lewis Brisbois marks has not been willful nor undertaken with constructive and actual knowledge of Lewis Brisbois's ownership of the registered marks, Defendants unauthorized use of the Lewis Brisbois marks has been careless or negligent.

**Trade Name Infringement under 15 U.S.C. § 1125 and Texas law**

38.     Lewis Brisbois is a national law firm which, since 2002, has continuously conducted business under the name "Lewis Brisbois Bisgaard & Smith, LLP," "Lewis Brisbois Bisgaard & Smith," "Lewis Brisbois," and "LBBS." Lewis Brisbois has continuously used these names to conduct business in the State of Texas since 2009.

39.     Lewis Brisbois's use of the names "Lewis Brisbois Bisgaard & Smith, LLP," "Lewis Brisbois Bisgaard & Smith," "Lewis Brisbois," and "LBBS" pre-dates by more than twenty (20) years Defendants' use of "Lewis Brisbois Bisgaard & Smith, LLP" and "Lewis Brisbois Bisgaard & Smith."

40.     Defendants' unauthorized use of Lewis Brisbois's names to promote, market, advertise, and conduct Defendants' purported "mediation and related services" business is likely to cause confusion and mistake, and is likely to deceive the public, including state and federal courts, and Lewis Brisbois's clients, prospective clients, employees, and adversaries, by suggesting some affiliation, connection, or association between Lewis Brisbois and Defendants when there is no such connection.

41.     Defendants' unauthorized use of Lewis Brisbois's name constitutes trade name infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a).

42.     Defendants' unauthorized use of Lewis Brisbois's name is willful and untaken with constructive and actual knowledge that Lewis Brisbois is the senior user of its name.

**Unfair Competition under 15 U.S.C. § 1125 and Texas law**

43.     Defendants' unauthorized use of Lewis Brisbois's trademarks and name to promote, market, advertise, and conduct Defendants' purported "mediation and related services" business is likely to cause confusion and mistake, and is likely to deceive the public, including state and federal courts, and Lewis Brisbois's clients, prospective clients, employees, and adversaries, by suggesting some affiliation, connection, or association between Lewis Brisbois and Defendants when there is no such connection.

44.     As a direct and proximate result of Defendants' unauthorized use of Lewis Brisbois's trademarks and name to conduct "mediation and related services," Defendants have gained a special competitive advantage without the burden of time, labor, skill, or monetary expense, and Defendants have likely caused and will likely continue to cause confusion between Lewis Brisbois and the Bitgood Entity.

45.     Defendants' actions constitute unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a) and Texas law for which Lewis Brisbois has been damaged.

Accordingly, Lewis Brisbois seeks recovery under 15 U.S.C. §1117 of Defendants' profits, monetary damages, including lost business, profits, and revenue, Lewis Brisbois has sustained by Lewis Brisbois, the costs of this action, and any other damages permitted by federal and state law.

46.    Additionally, Defendants' actions have caused and will continue to cause Lewis Brisbois to suffer irreparable harm and injury that cannot be fully compensated by money damages.

**Fraud**

47.    On May 2, 2022, Bitgood and Ms. Norman filed a sworn and notarized assumed name certificate identifying the Bitgood Entity as an "individual" and "further state[d] that this registrant is <u>not</u> a limited partnership, limited liability company, limited liability partnership, or foreign filing entity."[34]

48.    On May 26, 2022, Bitgood signed his registration of a limited liability partnership for the Bitgood Entity "subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument."[35]

49.    On June 1, 2022, Mr. Beers, acting in the capacity of attorney-in-fact of the Bitgood Entity, filed an assumed name certificate identifying the Bitgood Entity's assumed name as "Lewis Brisbois Bisgaard & Smith." Mr. Beers signed the assumed name certificate "subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument."[36]

---

[34] Ex. 5, pp. 14-15 (emphasis in original).

[35] Ex. 6.

[36] Ex. 7.

50.     In each of the foregoing instances, Bitgood, Ms. Norman, and Mr. Beers acted willfully, deceitfully, and maliciously by filing with the Fort Bend County Clerk and Office of the Secretary of State documents containing material and false representations Defendants have used and continue to use to infringe upon and usurp Lewis Brisbois's intellectual property, name, goodwill, and reputation.

51.     As a result of Defendants' knowingly false representations to the Fort Bend County Clerk and Secretary of State for the State of Texas, and the court in the Imperial Lofts case, Defendants have caused Lewis Brisbois to suffer damages in the amounts within the jurisdictional limits of this Court.

### Conspiracy to Infringe upon Lewis Brisbois's Trademarks and Name, and to Commit Fraud

52.     Defendants, Bitgood, Jones, Ms. Norman, and Mr. Beers actively and fraudulently conspired together to unlawfully organize, register, conduct business, and file suit using Lewis Brisbois's name and trademarks. The purpose of Defendants' unlawful and fraudulent conduct was to  infringe upon and usurp Lewis Brisbois's intellectual property, name, goodwill, and reputation. Accordingly, each Defendant is jointly and severally liable for with each other Defendant for Lewis Brisbois's damages.

### Application for Injunctive Relief by Temporary Restraining Order and Preliminary Injunction

53.     Lewis Brisbois seeks a temporary restraining order, preliminary injunction, and permanent injunction against Defendants under Rule 65 of the Federal Rules of Civil Procedure. Specifically, Lewis Brisbois seeks to enjoin Defendants and their agents and representatives from using Lewis Brisbois's trademarks and Lewis Brisbois's name or any confusingly similar names because Defendants' unlawful activity infringes upon Lewis Brisbois's trademarks and trade name.

54.     A party who seeks a preliminary injunction must establish four elements: (i) a substantial likelihood of success on the merits, (ii) a substantial threat of irreparable injury if the injunction is not issued, (iii) the threatened injury, if the injunction is denied, outweighs any harm that will result if the injunction is granted, and (iv) the grant of an injunction will not disserve the public interest. *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Lewis Brisbois can establish each of these elements.

**Lewis Brisbois has a substantial likelihood of success on the merits**

55.     Lewis Brisbois is the owner of the "LEWIS BRISBOIS BISGAARD & SMITH" mark, and the owner of the registered marks "LB" and "LB LEWIS BRISBOIS." Since 2002, Lewis Brisbois has continuously used the Lewis Brisbois marks to market, promote, and solicit legal services throughout the United States.[37] Lewis Brisbois is also the senior user of the names "Lewis Brisbois Bisgaard & Smith, LLP," "Lewis Brisbois Bisgaard & Smith," and "Lewis Brisbois." Lewis Brisbois has used its trademarks and name in commerce since 2002, more than 20 years before Bitgood unlawfully registered and Defendants started doing business under the names "Lewis Brisbois Bisgaard & Smith, LLP" and "Lewis Brisbois Bisgaard & Smith."

56.     Nonetheless, Bitgood's unlawful registration of the Bitgood Entity and Defendants' unauthorized commercial use of Lewis Brisbois's trademarks and name to conduct "mediation and related services" is likely to cause confusion and mistake, and is likely to deceive the public, including state and federal courts, and Lewis Brisbois's clients, prospective clients, employees, and adversaries, by suggesting some affiliation,

---

[37] Exs. 1-3.

connection, or association between Lewis Brisbois and Defendants when there is no such connection.

57.     Further, through Bitgood's unlawful registration of the Bitgood Entity and Defendants' unauthorized commercial use of Lewis Brisbois's name to conduct "mediation and related services," Defendants have gained a special competitive advantage without the burden of time, labor, skill, or monetary expense, and Defendants have likely caused and will likely continue to cause confusion between Lewis Brisbois and the Bitgood Entity.

58.     While evidence of actual confusion need not be present to find a likelihood of confusion, Lewis Brisbois has evidence of confusion.[38] However, there is no association or connection between Lewis Brisbois and the Bitgood Entity. Actual confusion can be supported by a single instance of actual confusion. Further, while no proof of actual confusion is necessary, an almost overwhelming amount of proof is needed for Defendants to refute evidence of actual confusion.

59.     Because Lewis Brisbois's name is legally protectable and Defendants' unlawful business practices are likely to cause confusion, Lewis Brisbois can show a substantial likelihood of success on the merits of its claims.

**There is a substantial threat of irreparable injury if the Court does not grant Lewis Brisbois the injunctive relief it seeks.**

60.     If the Court does not grant Lewis Brisbois a temporary restraining order and preliminary injunction, Defendants will likely continue their activities that infringe upon

---

[38] Exs. 9, 10, and 12.

Lewis Brisbois's name to irreparably and incalculably impair Lewis Brisbois's goodwill, reputation, and legitimate use of its own name.

61.    Lewis Brisbois will suffer irreparable injury if the Court does not enjoin Defendants from using Lewis Brisbois's name to, among other things: provide "mediation and related services" related to the legal services Lewis Brisbois provides its clients nationally and throughout Texas; and, use Lewis Brisbois' name to falsely represent to clients or courts of law that the Bitgood Entity is the same as, or affiliated with, Lewis Brisbois.

62.    The requisite injury for an injunction against infringement is presumed when one proves a likelihood of confusion. Money damages are inadequate to compensate a trade name holder for an infringer's continuing acts, including Bitgood's unlawful registration of and Defendants' use of Lewis Brisbois's name in commerce.

63.    Irreparable harm results when the holder of a trade name cannot control the quality of the infringer's services. Lewis Brisbois will suffer irreparable harm in the form of loss of goodwill and damage to its reputation, both of which can be traced to loss of control over Defendants' services. This loss of control constitutes immediate irreparable harm.

64.    Because a likelihood of confusion exists, Lewis Brisbois' inability to control the quality of Defendants' services constitutes an immediate and irreparable injury, regardless of the actual quality of Defendants' services.

65.    Because Defendants' commercial use of Lewis Brisbois's name creates a likelihood of confusion, irreparable harm is presumed. Nonetheless, the harm to Lewis Brisbois's goodwill is already apparent through an order dated September 13, 2022 disqualifying Lewis Brisbois and David as counsel the underlying lawsuit. Lewis Brisbois faces a

substantial threat of irreparable harm if the Court does not issue a temporary restraining order and preliminary injunction against Defendants.

**The potential injury to Lewis Brisbois if an injunction is not granted outweighs any harm to Defendants**

66.     Defendants will not suffer undue hardship or loss as a result of the issuance of a temporary restraining order or preliminary injunction because Defendants' organization of the Bitgood Entity using the Lewis Brisbois marks and a name identical to Lewis Brisbois's name violates federal and state law. Further, Defendants have only recently adopted Lewis Brisbois's name and Defendants cannot show Defendants inability to use this name will harm Defendants in any manner.

67.     Further, in cases where, as here, defendants improperly or unlawfully use a plaintiff's trade name, the threatened harm to the plaintiff outweighs the threatened harm to the defendants if the court does not grant an injunction.

**Issuing a temporary restraining order and preliminary injunction against Defendants will not—and indeed cannot—disserve the public interest**

68.     The public interest always is served by requiring compliance with Congressional statutes such as the Lanham Act and by enjoining the use of infringing and unlawfully trademarks and names. Protecting Lewis Brisbois in this case from an infringing and deceitful adversary and preventing client confusion in the legal marketplace does not disserve the public's interest.

69.     The public interest promotes protecting trade names in a capital-based economy that rewards success through competition. The public also has interest in not being deceived into believing it is obtaining "mediation and related services" from Lewis Brisbois because Defendants are using Lewis Brisbois's trademarks and name in violation of federal and state law and without Lewis Brisbois's authorization.

70.     Lewis Brisbois asks the Court to issue *ex parte* a temporary restraining order and set Lewis Brisbois's request for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against Defendants.

## Conditions Precedent

71.     All necessary conditions precedent have been performed or have occurred to entitle Lewis Brisbois to the relief it seeks.

## Prayer

Lewis Brisbois respectfully requests this Court award the following relief:

a.      A temporary restraining order, temporary injunction, and permanent injunction against Defendants, including the mandatory dissolution of the Bitgood Entity, currently registered as the domestic limited liability partnership known as "Lewis Brisbois Bisgaard & Smith, LLP";

b.      Judgment against Defendants for actual damages, disgorgement of profits, or statutory damages against Defendants, including enhanced damages for Defendants' willful and intentional infringement of Lewis Brisbois's trademarks;

c.      Judgment against Defendants for treble damages arising from Defendants' willful violation of the Lanham Act;

d.      Judgment against Defendants for reasonable and necessary attorneys' fees for trial and, if necessary, for appeal;

e.      Judgment against Defendants for costs of Court;

f.      Judgment against Defendants for pre-judgment and post-judgment interest at the highest rate allowed by law; and for

g.      Such other and further relief, general and special, at law or in equity, to which Lewis Brisbois may show itself to be justly entitled.

Dated: September 23, 2022          Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith LLP**

*/ s / William S. Helfand*
William S. Helfand
Attorney-in-Charge
Texas Bar No. 09388250
Bennett G. Fisher
Texas Bar No. 07049125
Sean O'Neal Braun
Texas Bar No. 24088907
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
bill.helfand@lewisbrisbois.com
bennett.fisher@lewisbrisbois.com
sean.braun@lewisbrisbois.com

**Attorneys for Plaintiff**

### Certificate of Service

I certify a true and correct copy of the foregoing document has been served on all counsel of record by electronic filing on September 23, 2022

*/ s / William S. Helfand*
William S. Helfand