Cause No. 22-CCV-070378

| | |
|---|---|
| **Richard P. Jones, *et al.*,** <br> Plaintiffs, <br> v. <br> **Karina Martinez, *et al.*,** <br> Defendants. | **In the County Court** <br><br> **At Law No. 3** <br><br> **Fort Bend County, Texas** |

### Nominal Defendants' Appeal of the Associate Judge's Decisions[1]

Subject to their contemporaneously-filed special appearance, Nominal Defendants David A. Oubre and Lewis Brisbois Bisgaard & Smith, LLP appeal under section 54A.111(b) of the Texas Government Code Associate Judge Lewis White's decisions of September 13, 2022.[2] In accordance with sections 54A.111(e), the referring court, the Honorable Judge Juli Matthew of County Court at Law No. 3, Fort Bend County, Texas shall review de novo the matters Mr. Oubre and Lewis Brisbois specify in this appeal. In support, Defendants respectfully show the following:

### Introduction

On January 7, 2022, Plaintiffs Richard P. Jones and Michael Joseph Bitgood a/k/a "Michael Easton" and sued Karina Martinez, Mariana Sullivan, Imperial Lofts, LLC alleging, in pertinent part, that Defendants[3] improperly charged rental fees and filed eviction petitions against Plaintiffs.[4]

---

[1] Nominal Defendants' associate counsel erroneously filed an incomplete, draft version of Nominal Defendants' initial appeal. This             filing, filed the same day as the cancelled document Nominal Defendants' initially filed, corrects this error.

[2] Exhibit 1, Associate Judge's Order Granting Plaintiffs' Motion to Show Authority; Exhibit 2, Associate Judge's Order Taking Judicial Notice.

[3] Unless stated otherwise herein, "Defendants" refers to collectively to Karina Martinez, Mariana Sullivan, Imperial Lofts, LLC. Nominal Defendants David A. Oubre and Lewis Brisbois Bisgaard & Smith, LLP refer to themselves and "Mr. Oubre" and "Lewis Brisbois."

[4] Pls.' Orig. Pet.

4876-0562-0020.3                                   -1-

EXHIBIT KK

Defendants retained Lewis Brisbois Bisgaard & Smith, LLP to defend against Plaintiffs claims. On March 11, 2022, Defendants answered Plaintiffs' lawsuit. David Oubre of Lewis Brisbois's Houston office appeared as Defendants' lead counsel.[5]

On May 16, 2022, Plaintiffs moved under Rule 12 of the Texas Rules of Civil Procedure arguing that Lewis Brisbois is defending this case "without any legal authority whatsoever" and demanding the court disqualify Mr. Oubre and Lewis Brisbois.[6]

On June 14, 2022, Defendants responded in opposition to Plaintiffs' Rule 12 motion and, in support of their response, Martinez, Sullivan, and Imperial Lofts' General Counsel, Thomas Larson each submitted a signed and notarized affidavit confirming that Mr. Oubre and Lewis Brisbois have authority to represent them in this matter.[7]

On June 15, 2022, Plaintiffs amended their petition to assert claims against Mr. Oubre personally.[8] On June 24, 2022, Plaintiffs filed their fourth amended petition, the operative pleading, asserting claims against Lewis Brisbois.[9] To-date, however, neither Lewis Brisbois nor Mr. Oubre have received service of process, and neither Lewis Brisbois nor Mr. Oubre have answered or otherwise appeared as parties in this lawsuit.[10]

On July 8, 2022, Defendants filed an amended response, again attaching Defendants' signed and notarized affidavits.[11] In their amended response, Defendants stated—as Defendants stated in their initial response—that, "[o]n March 11, 2022, Lewis

---

[5] Defs.' Orig. Answer

[6] Pls.' Mot. to Show Authority, dated May 16, 2022.

[7] Defs.' Resp. to Pls.' Mot. to Show Authority, including its exhibit Nos. A-C, dated June 14, 2022.

[8] Pls.' 3d Am. Pet.

[9] Pls.' 4th Am. Pet.

[10] Exhibit 3, Docket Report as of September 20, 2022.

[11] Defs.' Am. Resp. to Pls. Mot. to Show Authority, including its exhibit Nos. A-C, dated July 8, 2022.

Brisbois, Bisgaard & Smith, LLP… filed an answer of behalf of Defendants. … **Mr. David A. Oubre is lead counsel on this case,"** and **"Defendants consent and are fully aware of Mr. Oubre's and Lewis Brisbois' representation in this case."**[12]

On July 12, 2022, Plaintiffs filed an amended reply in support of their Rule 12 motion, alleging, among other things, that:

> On July 8TH 2022 … David Oubre … named defendant[] herein, filed an instrument entitled "amended response to Plaintiff's motion to show authority", purporting to show authority to represent Imperial Lofts LLC, Madam Sullivan, and Karina Martinez, parties that, as a matter of law, they do not, nor have they ever represented.[13]
>
> …
>
> Having stated the foregoing, both counsel are named defendants in this case; both continue to use the Plaintiff's LLP to sign pleadings; and both, have made a general voluntary appearance for themselves as well as the California "chapter" of a law firm that bears the same name as Plaintiff's LLP, but is not authorized to do business in Texas.[14]

This Court referred Plaintiffs' Rule 12 motion to Associate Judge Lewis on August 19, 2022.[15] The Associate Judge held an oral hearing of Plaintiffs' Rule 12 motion on September 13, 2022.[16] Following the hearing, the Associate Judge decided to grant Plaintiffs' motion to show authority and remove Mr. Oubre and Lewis Brisbois as Defendants' counsel,[17] and to "tak[e] judicial notice of the contents of the Court's file, and

---

[12] *Id.*, pp. 1-2 (emphasis added). Notably, Texas courts have held a challenged "attorney satisfie[s] his Rule 12-burden with an affidavit from" a client or client representative, such as a vice president or, as here, general counsel. *See Penny v. El Patio, LLC*, 466 S.W.3d 914, 919 (Tex. App.—Austin 2015, pet. denied) (citing *Boudreau v. Federal Trust Bank*, 115 S.W.3d 740, 742 (Tex.App.—Dallas 2003, pet. denied)); *see also, e.g., Spigener v. Wallis*, 80 S.W.3d 174, 184 (Tex.App.-Waco 2002, no pet.); *Patton Children's Tr. v. Hamlin*, No. 07-07-0488-CV, 2008 Tex. App. LEXIS 6396, at *9 (Tex. App.—Amarillo Aug. 20, 2008, no pet.).

[13] Pls.' Am. Reply, ¶ 1 (July 12, 2022).

[14] *Id.*, ¶ 3.

[15] Referral Order of August 19, 2022.

[16] Ex. 3.

[17] Ex. 1, p. 1.

tak[e] judicial notice of the voluntary appearance of defendants, Oubre and LEWIS BRISBOIS BISGAARD & SMITH, LLP ... on July 8th, 2022."[18] In a separate decision also dated September 13, 2022, the Associate Judge decided to "take[] judicial notice of ... [t]he contents of the Court's file."[19]

Accordingly, and subject to their contemporaneously-filed special appearance, Nominal Defendants, David Oubre and Lewis Brisbois request this Court reverse Associate Judge's decisions, as chapter 54A of the Texas Government Code permits.

### Argument & Authorities

**1.    Sections 54A.111 and 54A.115 of the Texas Government Code.**

"To appeal an associate judge's decision," section 54A.111(b) of the Texas Government Code requires the appealing party to "file an appeal in the referring court not later than the seventh day after the date the party receives notice of the decision." Tex. Gov't Code § 54A.111(b). Similarly, under section 54A.115(a), "[a] party may request a de novo hearing before the referring court by filing with the clerk of the referring court a written request not later than the seventh working day after the date the party receives notice of the substance of the associate judge's decision as provided by Section 54A.111." *Law Office of Joseph Onwute, P.C. v. Serna*, 605 S.W.3d 896, 899 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (citing Tex. Gov't Code § 54A.115(a)). "[T]he date the [order] is signed by the referring court is the controlling date for purposes of appeal." *See Hull v. Ocwen Loan Servicing, LLC*, No. 05-20-00731-CV, 2021 Tex. App. LEXIS 2342, at *1 (Tex. App.—Dallas Mar. 26, 2021, no pet. h.) (citing Tex. Gov't Code Ann. §

---

[18] *Id.*, p. 2.
[19] Ex. 2, p. 1.

54A.116(b)). "A matter appealed to the referring court shall be tried de novo and is limited to only those matters specified in the appeal." Tex. Gov't Code § 54A.111(e).

2. **The referring court should reverse the Associate Judge's decision granting Plaintiffs' motion to show authority and removing Mr. Oubre and Lewis Brisbois as Defendants' counsel.**

Despite the general presumption, under Texas law, that an attorney is "acting within the authority given by the client," *Kelly v. Murphy*, 630 S.W.2d 759, 761 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.),[20] Rule 12 of the Texas Rules of Civil Procedure provides, in pertinent part, that "[a] party in a suit or proceeding ... may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act." Tex. R. Civ. P. 12. "Rule 12 has long been the exclusive method for questioning the authority of an attorney to bring a suit." *Phillips v. Phillips*, 244 S.W.3d 433, 435 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Angelina Cnty. v. McFarland*, 374 S.W.2d 417, 423 (Tex. 1964)). "Its primary purpose was to protect defendants by enabling them to determine who had authorized the suit." *Tanner v. Black*, 464 S.W.3d 23, 26 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *see also, Boudreau v. Fed. Tr. Bank*, 115 S.W.3d 740, 742 (Tex. App.—Dallas 2003, pet. denied).

Upon the filing of a motion to show authority, the challenged attorney bears the burden to "show sufficient authority to prosecute or defend the suit on behalf of the other party." Tex. R. Civ. P. 12. Typically, a challenged attorney satisfies his Rule 12-burden with an affidavit or testimony from a client or client representative, indicating the attorney was

---

[20] *See also, e.g., Nolana Open MRI Ctr., Inc. v. Pechero*, No. 13-13-00552-CV, 2015 Tex. App. LEXIS 1352, at *24 (Tex. App.—Corpus Christi Feb. 12, 2015, no pet.) (citing *Breceda v. Whi*, 187 S.W.3d 148, 152 (Tex. App.—El Paso 2006, no pet.))

retained to provide representation in the case. *See Penny v. El Patio, LLC*, 466 S.W.3d 914, 919 (Tex. App.—Austin 2015, pet. denied) (citing *Boudreau*, 115 S.W.3d at 742); *see also, e.g., Spigener v. Wallis*, 80 S.W.3d 174, 184 (Tex.App.—Waco 2002, no pet.); *Patton Children's Tr. v. Hamlin*, No. 07-07-0488-CV, 2008 Tex. App. LEXIS 6396, at *9 (Tex. App.—Amarillo Aug. 20, 2008, no pet.).

Here, the each of the Defendants, Martinez, Sullivan, and Mr. Larson on behalf of Imperial Lofts, LLC,[21] provided signed and notarized affidavits demonstrating Mr. Oubre and Lewis Brisbois had Defendants' consent and authority to act in the instant lawsuit and, moreover, that Defendants "are fully aware of Mr. Oubre's and Lewis Brisbois' representation in this case."[22] Thus, the Associate Judge erred by deciding to grant Plaintiffs' motion to show authority and removing Mr. Oubre and Lewis Brisbois as Defendants' counsel when Defendants' sworn and notarized affidavits expressly demonstrated Mr. Oubre and Lewis Brisbois had authority to represent each Defendant.

Accordingly, Mr. Oubre and Lewis Brisbois respectfully request this Court review the Associate Judge's decisions of September 13, 2022 and reverse the Associate Judge's decisions: (1) striking Defendants' affidavits; and (2) granting Plaintiffs' motion to show authority and removing Mr. Oubre and Lewis Brisbois as Defendants' counsel.

---

[21] Notably, even if "Texas law requires express language in the bylaws or approval from the board of directors for an officer to litigate on behalf of a ***corporation***, that would not inform [the court's] decision here because (1) they involved corporations, not LLCs[ as Imperial Lofts is here] and, relatedly, (2) [those laws] were decided under the now-expired and recodified article 2.31 of the Texas Business Corporation Act." *Compare Penny*, 466 S.W.3d at 921. Further, "to require a majority vote on every company decision," such as whether to authorize counsel to prosecute or defend a lawsuit, "would render [a company's] operating agreement unreasonable, inequitable, and oppressive." *Id.* at 922. "Stated another way, why have operating managers if all decisions must be made by the members?" *Id.*

[22] Defs.' Am. Resp. to Pls. Mot. to Show Authority, including its exhibit Nos. A-C, dated July 8, 2022.

3. **The referring court should reverse the Associate Judge's decisions taking judicial notice.**

It is well-established under Texas law that "[a] court may take judicial notice of its own files and the fact that a pleading has been filed in a case. ... A court may not, however, take judicial notice of the truth of allegations in its records." *Barnard v. Barnard*, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied) (citing Tex. R. Evid. 201; *Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508-09 (Tex. App.—Austin 1994, no writ)). Here, the Associate Judge did just that.

Specifically, by accepting as *true* Plaintiffs' unsupported and insupportable *allegations* that Mr. Oubre and Lewis Brisbois "have made a general voluntary appearance" as defendants in this matter by filing, on July 8, 2022 and on Defendants' behalf, a response to Plaintiffs' frivolous Rule 12 motion to show authority, the Associate Judge has erred. Accordingly, Mr. Oubre and Lewis Brisbois respectfully request this Court review the Associate Judge's decisions of September 13, 2022 and reverse the Associate Judge's decisions "tak[ing] judicial notice of the contents of the Court's file, and tak[ing] judicial notice of the voluntary appearance of defendants, Oubre and LEWIS BRISBOIS BISGAARD & SMITH, LLP ... on July 8th, 2022," and "taking judicial notice of ... [t]he contents of the Court's file."[23]

### Prayer

In accordance with sections 54A.111 and 54A.115 of the Texas Government Code, David Oubre and Lewis Brisbois request the referring court, upon reviewing de novo Mr.

---

[23] *See* Exs. 1 and 2.

Oubre and Lewis Brisbois's appeal, reverse the Associate Judge's erroneous decisions of September 13, 2022.

Dated: September 20, 2022          Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith LLP**

*/ s / William S. Helfand*
William S. Helfand
Texas Bar No. 09388250
Bennett G. Fisher
Texas Bar No. 07049125
Sean O'Neal Braun
Texas Bar No. 24088907
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
bill.helfand@lewisbrisbois.com
bennett.fisher@lewisbrisbois.com
sean.braun@lewisbrisbois.com

**Attorneys for David A. Oubre and Lewis Brisbois Bisgaard & Smith, LLP**

### Certificate of Service

I certify a true and correct copy of the foregoing document has been served on all counsel of record by electronic filing on September 20, 2022

*/ s / William S. Helfand*
William S. Helfand