**In the United States District Court
for the Southern District of Texas, Houston Division**

| | |
|---|---|
| **Lewis Brisbois Bisgaard & Smith, LLP,** | |
| Plaintiff, | Civil Action No. 4:22-cv-3279 |
| v. | |
| **Michael Joseph Bitgood a/k/a "Michael Easton,"** *et al.* | Jury Demanded |
| Defendants. | |

## TEMPORARY RESTRAINING ORDER

After consideration of Plaintiff Lewis Brisbois Bisgaard & Smith, LLP's Application for Temporary Restraining Order, evidence attached to Plaintiff's Application, evidence presented at hearing, evidence otherwise filed with the Court, and admissions and argument of counsel and of the *pro se* parties, the Court finds:

Defendants are infringing on Plaintiff's trademarks and service marks, both registered and unregistered and which the Court finds have achieved secondary meaning, in violation of the Trademark Act of 1946, 15 U.S.C. §1051, *et seq.*, as amended (the "Lanham Act"); Plaintiff has established a substantial likelihood of success on the merits of its claims; there is a substantial threat of irreparable injury if Defendants are not immediately restrained from infringing on Plaintiff's trademarks and service marks; the threatened injury if Defendants are not immediately restrained outweighs any harm that may result from the restraint; and the restraint will not disserve the public interest.

Plaintiff's Application for Temporary Restraining Order is **GRANTED**. It is therefore;

**ORDERED** that all Defendants are immediately restrained from using, directly or indirectly, in any manner, the trademarks owned by Plaintiff, the name Lewis Brisbois Bisgaard

& Smith, LLP, the name Lewis Brisbois, and/or the initials "LB" or "LBBS" or any variation or derivative of those names in any manner and for any purpose. It is further;

**ORDERED** that all Defendants are immediately restrained from holding themselves out as members of, representatives of, or otherwise having any relationship with or to Lewis Brisbois Bisgaard & Smith, LLP or as being in any way affiliated with Lewis Brisbois Bisgaard & Smith, LLP. It is further;

**ORDERED** that this Temporary Restraining Order will be in force until October 21, 2022, upon which date the Court will conduct a Preliminary Injunction hearing at _____ AM/PM, unless this Temporary Restraining Order is extended by the Court. It is further;

**ORDERED** that, if the parties are unable to reach an agreement in principle to resolve their dispute by October 12, 2022, the parties may conduct expedited discovery for the purpose of a preliminary injunction hearing as follows: each side may take the deposition of opposing parties and of two non-party witnesses each upon three (3) days' notice and no later than three (3) days prior to the hearing for Preliminary Injunction; each side shall be permitted to serve up to fifteen (15) requests for production on an opposing party, responses to which are due no later than five (5) days after service; and each side shall be permitted to serve up to ten (10) interrogatories on an opposing party, responses to which are due no later than five (5) days after service. And it is further;

**ORDERED** that, in light of the Defendants' admissions and concessions at the October 6, 2022 hearing that Defendants will make no attempt to use, directly or indirectly, in any manner, the trademarks owned by Plaintiff, or hold themselves out as members of, representatives of, or otherwise having any relationship with or to Lewis Brisbois Bisgaard & Smith, LLP during the

-3-

time this Temporary Restraining Order is in effect, a bond to be paid by Plaintiff in the amount of $100 is adequate.

**SIGNED t**his \_\_\_ day of _____, 2022.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE