## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

Lewis Brisbois Bisgaard and Smith LLP    §
                                           §

v.                                                  §      **Case Number:**
                                           §      **4:22‑cv‑03279**

Michael Joseph Bitgood,                       §
a/k/a/ Michael Easton et al.

## SUSAN NORMAN'S OBJECTIONS TO THE PROPOSED
## TEMPORARY RESTRAINING ORDER OF PLAINTIFF *PRO SE*

## TO THE HONORABLE JUDGE OF SAID COURT:

1.       Susan C. Norman, Defendant herein, hereby respectfully objects to the proposed order submitted by Plaintiff, *pro se*, which expands the relief the Court granted, without allowing Norman the opportunity to be heard, *i.e.*, expedited discovery, in light of counsel's trial schedule and other matters.

2.       Documents attached to pleading are not evidence. Plaintiff, *pro se*, attempts to mislead the Court in stating that the Court admitted evidence.  Moreover, no witnesses were sworn; no evidence was taken; and no documents were admitted.  Thus, Plaintiff, *pro se's,* attempts to have granted in its order things the Court did not say, are offensive.

3. What transpired was a complete and total surrender by Bitgood and Norman—the only parties enjoined once the Court's reasoning was made clear. Before midnight on October 6, 2022, Defendants made their LLP defunct, when Defendants, in keeping with what they told the Court, rendered Plaintiff, *pro se*'s, grievances completely moot. See Exhibit A, annexed hereto and duly incorporated herein by reference. Because dissolution of an LLP by the Secretary of State requires a Texas Comptroller's certification which was not obtainable overnight, the *de facto* rendering defunct of the Texas LLP will be made official once such certification is available. Thus, is any TRO necessary at all?

4. Defendants agree to the TRO the Court granted orally and submit a broad and sweeping order lacking in any ambiguity, if the Court feels that the mootness question should be addressed at a later time. See: Exhibit B, annexed hereto and duly incorporated herein by reference.

5. Finally, the Court said by twelve noon today the proposed orders should be submitted, which, for Defendants, occurred last night–see Exhibit B—Plaintiff, *pro se*, disregarded the Court's order and fashioned his own time line.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Norman moves the Court to sustain her objections and enter Exhibit B, the order provided on October 6, not the order which references things which did not take place nor relief which the Court did not grant.

Respectfully submitted,

*/s/ Susan C. Norman*
Susan C. Norman
State Bar No. 15083020
P. O. Box 55585
Houston, Texas 77255
Telephone: 713-882-2066
Facsimile: 281-402-3682
SueNorman@SueNormanLaw.com

## Certificate of Service

I certify on October 7, 2022, that a true and correct copy of this document has been served via the e-filing system on all counsel of record.

*/s/ Susan C. Norman*
Susan C. Norman