# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Lewis Brisbois Bisgaard and Smith LLP | § § | |
| v. | § § | Case Number: 4:22-cv-03279 |
| Michael Joseph Bitgood, a/k/a/ Michael Easton, *et al* | § § § | |

## MOTION TO DISMISS BASED ON MOOTNESS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, Michael Joseph Bitgood, a/k/a/ Michael Easton, files this motion to dismiss, and in support would show as follows:

## I. INTRODUCTION

1. Defendant adopts and incorporates by reference as if set forth verbatim, his filings and letter pleadings to Judge Ellison dated October 3, 5, and 6, 2022: Docket Nos. 5, 6, 8, 9, & 16. Defendant objects to Docket No. 10—the purported submission of exhibits that were filed by one Dawn Garrard, at the behest of William Helfand, within seconds after a Zoom hearing ended on October 6, 2022.

2. On September 23, 2022, Plaintiff, *pro se,* brought this case in this Court, **omitting** that the same case and issues were already pending in

Page -1-

a state court with concurrent jurisdiction.

3. Plaintiff, *pro se,* also omitted that the state court, after an evidentiary hearing, entered orders that found that Plaintiff, *pro se,* did not have the right—nor the legal authority—to appear in a Texas court under the name Lewis Brisbois Bisgaard and Smith LLP, a California Foreign Entity, (hereinafter sometimes "LB"), while the Defendant's LLP of the same name did, in fact, have the legal right to appear in court.

4. **AT NO TIME DURING THE CASE IN STATE COURT** did Plaintiff, *pro se,* OBJECT to Defendant's use of the name.

5. **At no time during** the state court proceedings did Plaintiff, *pro se,* ask the state court to enjoin Defendant for improperly using the "LB" name. In fact, all the records supporting both the Defendant's and Plaintiff, *pro se's,* respective positions on the matter were before the state court on September 13, 2022.

6. As if the state court mattered little or nothing, Plaintiff, *pro se,* continued to play their pranks on the state court as if it were a joke, and as if the state court were simply a junior court, inferior to all others. Sufficient warning was given to Plaintiff, *pro se,* by the state court Judge to take the matters seriously, something Plaintiff, *pro se,* ignored.

7. On September 13, 2022, and as this Court has seen, Plaintiff, *pro se's,* jokes and pranks "came home to roost" when the state court, given no other legal choice, dropped a judicial "hammer" on Plaintiff, *pro se*.

8. A mere ten (10) days after the state court disposed of the legal question of who was entitled to use the name "LB," Plaintiff, *pro se,* brought the instant suit and deliberately omitted to this Court what had transpired in state court over the same identical legal question. In so doing, Plaintiff, *pro se,* asked this Court to do what the United States Supreme Court stated a federal district court should never do: namely, review the actions and orders of the state court. [1]

9. To get around this glaring problem, and to improperly invoke the jurisdiction of this Court, Plaintiff, *pro se,* abandoned his duty of complete candor in his Complaint (Dkt. 1), making it appear that this case was a "first filing" case. Plaintiff, *pro se,* filed his Complaint while omitting that a state court had ruled against Plaintiff, *pro se,* and that Plaintiff, *pro se,* had a legal duty to follow the processes laid out by the

---

[1] See: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311, 75 L. Ed. 2d 206 (1983), and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

forum state's laws and its Constitution.  See: *Howlett v. Rose,* 110 S. Ct. 2430, 496 U.S. 356 (1990).  Indeed, the United States Supreme Court, as recently as 2009, in *Haywood v. Drown*, 129 S. Ct. 2108, (2009), explained it as follows:

> **"Federal and state law "together form one system of jurisprudence, which constitutes the law of the land for the State; and the courts of the two jurisdictions are courts of the same country, having jurisdiction partly different and partly concurrent. and, "so strong is the presumption of concurrency that it is defeated only when Congress expressly ousts state courts of jurisdiction."** [2]

10. This foregoing application of the law, (above) is the way the Honorable United States Fifth Circuit has always ruled, which raises this question: How does a major international law firm with its phalanx of lawyers, pararlegals, secretaries, retired FBI agents, support staff, and billions of dollars in resources not know all these laws and statutes and rules?  The answer is obvious— **they did know**– only they chose to take

---

[2]

In this case, both the state and federal courts have concurrent jurisdiction over Lanham Act suits– that once Plaintiff, *pro se,* elected the state courts, they should have disclosed to this court what had transpired in the state courts. Instead, they kept it hidden so that they could "drag" the Defendants into this Court.

Page -4-

a *pro se* non-lawyer layman as a joke, and they treated the state courts as their playpens. Plaintiff, *pro se,* knew then what they were doing, and they certainly know it now!

## II. MOOTNESS

11.     On October 6, 2022, at 2:30 p.m., a brief Zoom hearing was held before this Court regarding Plaintiff, *pro se's,* request for a preliminary injunction in which none of the above was even remotely mentioned to the Court.

12.     At this hearing, the Defendants could have—armed with the orders of the state court—engaged in all-out battle with the Plaintiff, *pro se,* and challenged the above facts with both Fifth Circuit and Supreme Court precedent.

13.     However, taking Plaintiff, *pro se's,* threats to heart— as Bill Helfand stated in writing: that they had more money, more power, more experts, and other, unlimited resources—**[that] would not have been enough to make this Defendant surrender! So then, why did this Defendant surrender at all?**

14.     This Defendant surrendered because of the words of this Judge, Keith P. Ellison, and his wise and gentle reasoning that this fight was not

a fight worth having, and that the name "LB" was not the name that this Defendant should have or keep.

15. The surrender was not because of the bullying, the threats, the lies, the omissions, the pranks, the machinations, and the insults hurled at Bitgood by Helfand, including but not limited to Helfand's fraudulently invoking the name of a fellow United States District Judge.[3] Nor was it because Helfand's "star witness," Merideth Reide (the Sugar Land City Attorney), was waiting in the "wings" to tell Judge Ellison how "confused" she was. **No, it was out of respect and lawful submission to Judge Ellison's words, and his preliminary take on the whole matter.**[4]

16. Simply stated, a case is moot when the issues presented are no longer "live"or the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). But jurisdiction, properly acquired, may abate if the case becomes moot

---

[3] Bitgood and Helfand have a 38-year history akin to the Warner Brothers cartoon characters of the "Roadrunner" (Bitgood), and the "Coyote" (Helfand). And, just as the Coyote has never quite caught up to the Roadrunner, this matter will be no different, in light of the tactics that Plaintiff, *pro se,*, Helfand, employed here.

[4] Mr. Helfand and Ms. Riede are both going to get a chance to answer for their actions and deeds in due time; however, today is not that day.

because **it can be said with assurance that "there is no reasonable expectation that the alleged violation will recur,"** See: *SEC v. Medical Committee For Human Rights,* 404 U.S. 403 (1972), and the previous interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. See: *DeFunis v. Odegaard,* 416 U.S. 312 (1974); *Indiana Employment Security Div. v. Burney*, 409 U.S. 540 (1973). When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and or law.[5]

17. This Defendant from day one offered to submit this case to the Court on stipulated facts; Helfand, *pro se*, did not like that.[6] However, before this Court could even sign an order, an order that was acquired by

---

[5] Instead of being grateful that this issue has been resolved in their favor by this Judge's words, and the subsequent peaceful surrender by this Defendant to this Judge's words, and that Plaintiff, *pro se,* will not have to "climb the ladder" all the way to the State Supreme Court to overturn the state court's orders of September 13, 2022, Plaintiff, *pro se,* continues to ignore the precedents of the U.S. Fifth Circuit, and the United States Supreme Court, in favor of being able to label this Defendant as a liar and a miscreant not worthy of the Court's trust, when the latter is true: it is the Plaintiff, *pro se,* that the Court should be visibly concerned with.

[6] The offer was simple– if the Judge says the name is yours, it's yours!

Plaintiff, *pro se's,* continued fraud and a desire to be contentious, this Defendant, true to his word, began the process to dissolve the LLP and filed the paperwork evincing that with the Court within hours—not days—of the Court's words. And finally, on October 13, 2022, this Defendant by declaration made pursuant to 28 U.S.C. § 1746 stated and he restates again as follows:

> "Finally, I can assure the Court under the penalty of perjury that I will not use the name that caused all of this contention again; that I will not form another LLP given my "success" in doing the first, last, and the only one I ever formed. Further, for well–grounded reasons, not the least of which has been shown to be gross incompetence, fraud, and outright thievery from their own clients, I can assure this Court and all courts that I WILL NEVER CLAIM to be associated with, related to, affiliated with, or hold myself out as being connected with Lewis Brisbois Bisgaard & Smith LLP of California, for fear that I will lose all respect in the legal community and be labeled as an incompetent thief that defrauds their own clients, pranks the judges at every opportunity, and misrepresents evidence to the federal courts. No, that is all Lewis Brisbois Bisgaard and Smith's claim to fame, of which I want no part." Executed in Fort Bend County, State of Texas, under the penalty of perjury this 13th day of October, 2022.
>
> /s/MICHAEL JOSEPH BITGOOD
> a/k/a/ "Michael Easton"

## III. CONCLUSION

18. Instead of forcing this issue at the Fifth Circuit to make Plaintiff, *pro se,* play by the rules and follow the Fifth Circuit's published law, this Defendant accepted this Judge's reasoning. This Defendant DID EXACTLY what he told this Judge he would do, and he was not ordered or forced by this Judge to do anything at all.

19. If Plaintiff, *pro se,* persists in claiming "damages"—something that on October 6, 2022, just hours before the hearing in this case, **they brought by counter-claim in the state court**—then where should that issue be addressed and tried? The answer is obvious as per both the Fifth Circuit and the United States Supreme Court—it is to be tried and addressed in the forum—where once again—Plaintiff, *pro se,* brought it: the state courts of Fort Bend County, Texas.

20. In addition, if Plaintiff, *pro se,* persists in this gamesmanship, then Bitgood is entitled to

> a. examine all their books, ledgers, billings, insurance contracts, emails and communications between all of them, including how Plaintiff, *pro se,* generates income by violating the mail and wire fraud statutes of the United States, and,

b. how Meredith Reide, Helfand's "star witness," using state resources aided, abetted, and concealed the theft of federal taxpayer monies under the CARES Act; and how

c. based on the policy of the City of Sugar Land, Texas, Reide helped to cover up multiple criminal acts, including the flagrant violation of the civil rights of this Defendant by having him criminally charged, and then attempting to cover it up again.

21. This case is moot, they "won;" they need to leave this Defendant alone, and leave this Court to tend to its serious work of helping others who like this Defendant, needed this Court's help– and got it.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Movant, Michael Joseph Bitgood, a/k/a/ Michael Easton, respectfully requests the following:

1. Dismiss the instant case as moot, and

2. Hold the case in "open" status for thirty (30) days to entertain post–judgement motions for sanctions.

> Respectfully submitted,
>
> */s/Michael Joseph Bitgood*
> a/k/a/ Michael Easton
> 503 FM 359, Suite 130-216
> Richmond, Texas 77406
> 281-415-8655
> EastProLaw@msn.com

CERTIFICATE OF SERVICE

On this the 14th day of October 2022, I certify that service was accomplished on all parties by the grace of the Honorable Keith P. Ellison in allowing the undersigned to submit to him his filings, and by the extraordinary patience of Mr. Arturo Rivera, Judge Ellison's case manager.

/s/ Michael Joseph Bitgood