# In the United States District Court
# for the Southern District of Texas, Houston Division

| | |
|---|---|
| **Lewis Brisbois Bisgaard & Smith, LLP,** | |
| Plaintiff, | **Civil Action No. 4:22-cv-3279** |
| v. | |
| **Michael Joseph Bitgood a/k/a "Michael Easton,"** *et al.* | Jury Demanded |
| Defendants. | |

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff Lewis Brisbois Bisgaard & Smith, LLP moves the Court to overrule Defendants Susan Norman's and Brad Beers's objections to Plaintiff's requests for production and compel Norman and Beers to produce communications and documents responsive to Plaintiff's requests for production within three (3) days of its Order. Because the preliminary injunction hearing is scheduled for November 4, 2022 and Plaintiff cannot take Defendants' depositions until Defendants have fully complied with their discovery obligations, Plaintiff respectfully requests the Court address the issues raised this motion on an expedited basis.

## INTRODUCTION

On September 23, 2022, Plaintiff Lewis Brisbois filed suit against Defendants alleging, among other things, Defendants are infringing on Plaintiff's trademarks and service marks, both registered and unregistered and which have achieved secondary meaning, in violation of the Lanham Act. [Doc. 1]. Plaintiff applied for a temporary restraining order in conjunction with its lawsuit.

On October 6, 2022, the Court held a hearing on Plaintiff's application for TRO. On October 7, 2022, the Court entered the TRO. [Doc. 14]. The TRO also provides that

the parties may conduct limited, expedited discovery for purposes of the preliminary injunction hearing. *Id.* at 2. The parties may serve limited discovery requests with the recipient obligated to respond within five (5) days of service. *Id.*

On October 14, 2022, Plaintiff served requests for production on each of the Defendants. [Doc. 21]. This made Defendants' responses due by October 19, 2022.

On October 19, 2022, Defendant Michael Bitgood provided objections and responses to Plaintiff's requests for production on behalf of himself and as president of Defendant "Bitgood Entity." Ex. A. Mr. Bitgood did not produce any responsive documents or communications.

On October 19, 2022, Defendant Susan Norman provided her objections and responses to Plaintiff's requests for production. Ex. B. Ms. Norman did not produce any responsive documents or communications.

On October 19, 2022, Defendant Brad Beers provided his objections and responses to Plaintiff's requests for production. Ex. C. Mr. Beers provided a handful of documents and a privilege log for communications he believes to be responsive, but covered by the attorney-client privilege. Ex D.

Defendant Richard Jones has not responded or objected to Plaintiff's requests for production. According to Bitgood's responses to Plaintiff's discovery requests, "Jones deletes all e-mails with attachments from any unknown sender, such as 'LB' to prevent viruses, and in 'LB's' case, attached malware." Ex. A at 5-6.

On October 20, 2022, the undersigned sent correspondence to Defendants asking Defendants to withdraw their objections and provide responsive documents. Ex. E. Mr. Bitgood asked that Plaintiff simplify its discovery requests, which the undersigned did. *Id.*

In response to the undersigned's simplified identification of documents and communications sought, Bitgood responded that he will provide responsive documents and communications: "I will gladly comply, not because I'm required to but because now it makes sense." *Id.*

The undersigned wrote again to confirm Beers's and Norman's agreements to also comply with their discovery obligations. *Id.* While Norman did not respond directly to the undersigned's email, she sent a separate email saying that she will be seeking protection from Plaintiff's discovery. Ex. F. Mr. Beers did not respond, but has previously made his position known to Plaintiff and expressed his intention to stand by his application of the attorney-client privilege. Ex. G.

## **ARGUMENT & AUTHORITY**

"Generally, the scope of discovery is broad and permits the discovery 'of any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3 258, 262 (5th Cir. 2011) (quoting Fed. R. Civ. P.26(b)(1))." A motion to compel discovery is appropriate where another party fails to respond to a discovery request or where a discovery response is evasive or incomplete. Fed. R. Civ. P. 37.

The party resisting discovery "must show specifically how each request is not relevant or how each request is overly broad, burdensome, or oppressive." *McLeod, Alexander Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482,1485 (5th Cir. 1990) (cleaned up). "Once the moving party establishes that the materials requested fall within the scope of discovery, the burden shifts to the nonmovant to show 'how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering

evidence revealing the nature of the burden.'" *Earl v. Boeing Co.*, 515 F. Supp. 3d 589, 599 (E.D. Tex. 2021) (quoting *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex.)); *see also Treadway v. Otero*, Civil Action No. 2:19-cv-244, 2020 U.S. Dist. LEXIS 21765, at *8 (S.D. Tex. Feb. 7, 2020).

**A. Norman's numerous boilerplate objections should be overruled**

While Norman makes a number of what appear to be procedural objections to every one of the requests for production – lack of standing, lack of personal jurisdiction, lack of subject matter jurisdiction, objection to "time and place" for response, and failure to comply with Federal Rule of Civil Procedure 4, among others – this motion will focus on the objections Norman made to the substance of Plaintiff's requests.[1]

**1. Overbreadth and vagueness objections**

Ms. Norman asserted a "general objection" as to every request that the requests are vague and overly broad because Plaintiff did not include "Definitions" or "Instructions" with its requests for production. Because Plaintiff's requests do not define "communication," Norman contends she does not understand what that word means in the context of the discovery requests. Similarly, Norman contends requests containing the phrases "related to" or "pertains to" are too vague. Finally, Norman states:

> d. Use of the disjunctive word, "or," requires Defendant to choose which of the various alternatives separated by the disjunctive, "<u>or</u>," Plaintiff, *pro se*, requests.

---

[1] This does not mean that Plaintiff believes these objections are proper, but given the expedited nature of the proceedings, the volume of Defendants' discovery objections, and the absurdity of some of the objections, Plaintiff thought it best to focus this motion on the substance of the requests and objections. If the Court feels it needs briefing on Norman's objections to procedure in order to rule on this motion to compel, Plaintiff would be happy to supplement its motion.

Ex. B at 3.

It is simply disingenuous for Norman to contend that she cannot respond to Plaintiff's discovery requests because she does not know what a communication is, what "related to" means, or because of Plaintiff's use of the word "or." None of these is a valid objection to Plaintiff's discovery.

### 2. Assertion of attorney-client privilege

In addition to the various procedural objections Norman asserts, Norman also contends the communications and documents sought by Requests for Production No. 1-3 and 5-7 are protected by the attorney-client privilege. Clearly privilege does not apply to communications with third parties, but Norman still refuses to produce those communications.

For a communication to be protected under the privilege, the proponent "must prove: (1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997). "There is no presumption that a company's communications with counsel are privileged." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 696 (5th Cir. 2017). "A confidential communication between client and counsel is privileged only if it is generated for the purpose of obtaining or providing legal assistance." *Id.* (cleaned up). If a lawyer is acting in a non-legal capacity, the attorney-client privilege does not apply. *Id.*

Ms. Norman was not acting in a legal capacity when she communicated with Bitgood about creating the Bitgood Entity. She was acting as his business partner. [*See*

Doc. 1 at 9].[2] To the extent there was an attorney for the Bitgood Entity, it was Beers. *Id.* at 6. Norman's communications with Bitgood are not protected by the attorney-client privilege.

Even assuming, *arguendo*, Norman's communications with Bitgood are protected by the attorney-client privilege, that privilege is the client's to assert or waive. "A client waives the attorney-client privilege. . . by failing to assert it when confidential information is sought in legal proceedings." *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999). In Bitgood's responses to Plaintiff's discovery requests on behalf of both himself and the Bitgood Entity, he only asserted the attorney-client privilege as to Request for Production No. 3. Ex. A. His failure to assert the privilege, if there even was one, waives the privilege.

With regards to Norman's communications with Beers and assuming, further *arguendo*, that any privilege between Norman and Bitgood was not waived, the crime-fraud exception makes these communications discoverable. "Under the crime-fraud exception to the attorney-client privilege, the privilege can be overcome where communication or work product is intended to further continuing or future criminal or fraudulent activity." *United States v. Edwards*, 303 F.3d 606, 618 (5th Cir. 2002). The Fifth Circuit has also applied the crime-fraud exception to furtherance of torts. *In re Grand Jury Proceedings*, 517 F.2d 666, 670 (5th Cir. 1975). Any communication related to infringing on Plaintiff's trademarks or names is in furtherance of, at a minimum, a tort.

Finally, and again assuming *arguendo*, the communications are subject to the attorney-client privilege and are not excepted as being in furtherance of fraud or a tort, Norman must provide a privilege log under Rule 26(b)(5) for any communications she

---

[2] It is also worth noting that doing so violates Rule of Professional Conduct 5.4.

contends are responsive but protected by the privilege. She has not done so and refuses to do so.

> **B. Beers's objections should be overruled and the Court should find the communications are subject to the crime-fraud exception to attorney-client privilege**

Beers objects to every request for production with the following:

> Beers objects to this Request for expedited discovery as irrelevant and moot because Defendants Bitgood and Norman have ceased operation of the purportedly infringing entity and thus the Request does not seek information relevant to Plaintiff's application for a preliminary injunction.

Ex. C. The fact that Bitgood and Norman may have ceased using Plaintiff's trade marks and names does not change the fact that Plaintiff is entitled to know, among other things, how the entity was created, why it was created, and all of the ways in which Defendants infringed on Plaintiff's trademark and name rights. Moreover, saying that Defendants are no longer using the names or marks does not obviate a party from their discovery obligations; Plaintiff is entitled to see support for that statement.

Beers also asserts the attorney-client privilege in response to every request for production. For the same reasons as discussed *supra* with regards to Norman, these communications fall under the crime-fraud exception. We already know that Beers was involved in creation of the entity and in filing an assumed name certificate identifying the Bitgood Entity's assumed name as "Lewis Brisbois Bisgaard & Smith." [Doc. 1 at ¶ 49]. As an active and willing participant in the scheme, his communications with Norman and Bitgood clearly go to furtherance of a fraud or tort.

But even if Beers were not an active participant, any communications with Norman or Bitgood about forming the Bitgood Entity that went beyond what Beers should have initially done – tell Norman and Bitgood that he cannot assist in their clearly impermissible behavior – is not communication for the purpose of securing legal services. It is communication assisting and furthering Norman and Bitgood's fraud or torts.

## PRAYER

For all of the reasons stated above, Plaintiff respectfully requests the Court overrule Defendants' objections and require Norman and Bitgood to produce responsive documents within three (3) days of its Order.

Dated: October 23, 2022

Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith LLP**

*/ s / Shane L. Kotlarsky*
William S. Helfand
Attorney-in-Charge
Texas Bar No. 09388250
Bennett G. Fisher
Texas Bar No. 07049125
Sean O'Neal Braun
Texas Bar No. 24088907
Shane L. Kotlarsky
Texas Bar No. 24083329
Southern District No. 1998301
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
bill.helfand@lewisbrisbois.com
bennett.fisher@lewisbrisbois.com
sean.braun@lewisbrisbois.com
shane.kotlarsky@lewisbrisbois.com

**Attorneys for Plaintiff Lewis Brisbois Bisgaard & Smith, LLP**

## Certificate of Conference

I certify I conferred with Defendants, who are appearing *pro se*, and counsel for Defendants in the ways detailed in the motion itself.

                                               */s / Shane L. Kotlarsky*
                                               Shane L. Kotlarsky

## Certificate of Service

I certify a true and correct copy of the foregoing document has been served on all parties and counsel *of record* by electronic filing on October 23, 2022.

                                               */s / Shane L. Kotlarsky*
                                               Shane L. Kotlarsky