## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **Lewis Brisbois Bisgaard & Smith, LLP** | § | |
| | § | |
| **v.** | § | **Case Number:** |
| | § | **4:22‑cv‑03279** |
| **Michael Joseph Bitgood,** | § | |
| **a/k/a Michael Easton,** *et al* | § | |

---

### Objections and Responses to Plaintiff's Requests for Production
### And to discovery without instructions or definitions [1]

---

[1]

James C. Ho, *Circuit Judge*: " Some words have multiple meanings. The right meaning may vary dramatically depending on context. And determining which usage applies to a given situation can have significant consequences under our legal system.  A few examples will suffice to show how things can go awry if you get the usage wrong. "Sanction" can mean official approval—or official penalty. "Natural born" often refers to an attribute possessed at birth (as in "natural born citizen" or "natural born athlete")—but it could also refer to the method of one's delivery into the world. "Discrimination" might mean disfavoring one group of individuals over another—or it might just mean differentiating among people based on a  group trait. *See also* Charles P. Pierce, *Goat vs. G.O.A.T.: The History Behind Sports's Antithetical Animal Analogy*, Sports Illustrated, July 23, 2018 (depending on context, "goat" can mean "an athlete who failed, garishly, hilariously, and at the worst possible time"—or the "greatest of all time").  Judges and lawyers are only human. At times we may be imprecise in our  use of terminology. And that imprecision can lead to legal error....."

TO:   Plaintiff, pro-se, Lewis Brisbois Bisgaard & Smith, LLP, c/o its Partner, William S. Helfand, 24 Greenway Plaza, Suite 1400, Houston, Texas 77046 [2]

Michael Joseph Bitgood, a/k/a/ Michael Easton, individually, and as President of the [now-dissolved] Defendant "Lewis Brisbois Bisgaard & Smith, LLP," (Texas) makes his Objections and Responses, Subject to his Objections to the Requests for Production, of Plaintiff, *pro se—Lewis Brisbois, Bisgaard & Smith*, as follows:

## I.  General Objections Which Apply to Every Request for Production

Defendant objects to answering any discovery while a motion to dismiss under the Texas Citizen's Participation act is pending, but he answers anyway, over his objection, to show the Court, the utter lack of merit of Plaintiff pro-se's claims. [3]

---

[2]

Defendant objects to "time and place" of production, but only as to the place of production, as Defendant is disabled, and production can be accomplished electronically as it was done here, when and if Plaintiff pro-se complies with the Federal Rules of Civil Procedure. So long as the responses and objections are sent to Plaintiff pro-se before 12 am CST as he directs, Defendant has no objection as to the time.

[3]

TCPRC: 27.003,(c) Except as provided by Section 27.006(b), on the filing of a motion under this section, (the motion to dismiss) **all discovery in the legal action is suspended until the court has ruled on the motion to dismiss.**

Defendant further objects to being sent, not served with discovery based on a invalid court order referenced by Shane Kotlartsky, in that Plaintiff pro-se, did not have the decency, nor respect for the Court to post the nominal bond of $ 100.00 until October 18th at 3:38 p.m., despite the Court signing the order on October 7th 2022 ,commanding that the bond be posted before engaging in this exercise–and then Kotlarsky, contacting the Court demanding an emergency hearing about a matter that as a matter of law did not exist. **See: PACER**, showing that the bond, as ordered by the Court, was never posted before Plaintiff pro-se began sending, not serving, court "ordered" discovery.[4]

Defendant further objects to being "REPTILED" a familiar tactic used by Helfand and Lewis Brisbois, to make the fact finder hate him, by first lying to the Court and then attacking the defendant's good character and falsely invoking the name of a fellow United States District Judge. This theory, the reptile theory, is common in most if not all Lewis Brisbois cases, and the article referenced below is from Lewis Brisbois own website of the  tactics that they advertise.[5]

---

[4]

Rule 65(b) Temporary Restraining Order.(c) Security. The court may issue a preliminary injunction or a temporary restraining order **only** if the movant gives  security in  an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

[5]

The "Reptile Theory" is a trial strategy that attempts to use fear and anger to make the jury dislike the defendant so strongly they will award a plaintiff a grossly excessive amount of damages. The plaintiff's attorney will seek to activate the jurors' "survival mode" instincts by presenting the defendant's conduct as highly dangerous and worthy of punishment. The defendant's conduct will be portrayed as a threat to the safety of the general public, and the award as a deterrent needed to protect the community at large. The Reptile Theory appeals to the

1.     **Lack of   Standing** and the Court's   lack of   in-personam jurisdiction.  Defendant objects to **all** Requests for Production based on Plaintiff, *pro se's*, lack of standing, and lack of in personam jurisdiction.

2.     **Failure to Comply with FRCP 5(b)(2)(E) and (F)**.  Plaintiff, *pro se*, "LB," sent—**not served**—"Requests for Production" via **email** on October 14, 2022, to Defendant, Michael Bitgood, at EastProLaw@msn.com.  Pursuant to FRCP 5(b)(2)(F). Defendant has not consented in writing to discovery "delivered by any other means" than using FRCP 5(b)(2)(E).[6]

---

jurors' emotions in place of any rational, impartial evaluation of the evidence. The term "Reptile Theory" originated in the writings of nuero-physiologist Paul D. MacLean in the 1950s, who suggested that one major part of the brain consisted of a "reptilian complex" that controlled instinctive behaviors involved in aggression, dominance, and territoriality. Then in the 2009 publication "Manual of the Plaintiff's Revolution" by David Ball and Don Keenan, the authors first described the "Reptile Theory" in the context of litigation. Since then it has become a hot topic in litigation as defense counsel develop methods to combat "Reptile" tactics resulting in runaway jury awards. **<u>A plaintiff's attempt to use Reptile Theory begins with discovery responses and depositions, and continues in jury selection</u>**. It is therefore important to properly prepare your clients for questions incorporating "Reptile" strategies at the deposition, and to make the proper objections during the deposition.

[6]

**Rule 5. Serving and Filing Pleadings and Other Papers** (a) Service: When  Required. (1) *In General.* Unless these rules provide otherwise, each of the following papers must be **<u>served on every party:</u>** (A) an order stating that service is required; (B) a pleading filed after the original

3.     As an example of such a deviation of the rules, *Plaintiff, pro se* sent,

not served, Brad  Beers,  at the house he sold over a year ago, and no

longer resides at.

4.     In Jones' case, they sent him an email with an attachment, which is

not service,  despite having no such agreement in writing, and never

having served him with a summons. Jones, deletes all e-mails with

---

complaint, unless the court orders otherwise  because there are numerous
defendants; (C) a discovery paper required to be served on a party, unless
the court orders otherwise; (D) a written motion, except one that may be
heard ex parte; and (E) a written notice, appearance, demand, or offer of
judgment, or any similar paper. ........ (b) Service: How Made. (1) *Serving
an Attorney*. If a party is represented by an attorney, service under this
rule must be made on the attorney unless the court orders  service on the
party. (2) *Service in General*. A paper is served under this rule by: (A)
handing it to the person; (B) leaving it: (i) at the person's office with a
clerk or other person in charge or, if no one is in charge, in a conspicuous
place in the office; or (ii) if the person has no office or the office is closed,
at the person's dwelling or usual place of abode with someone of suitable
age and discretion who resides there; (C) mailing it to the person's last
known address—in which event service is complete upon mailing; (D)
leaving it with the court clerk if the person has no known address; (E)
sending it to a registered user by filing it with the court's electronic-filing
system **or sending it by other electronic means that the person
consented to in writing—in** either of which events service is complete
upon filing or sending, but is not effective if the filer or sender learns that
it did not reach the person to be served; or (F) delivering it by **any other
means that the person consented to in writing—in** which event
service is complete when the person making service delivers it to the
agency designated to make delivery.

attachments from any unknown sender, such as "LB" to prevent viruses, and in "LB's" case, attached malware.

5.    Bitgood, has in the past received two malware alerts to "LB" attachments, which is why he only opens anything from "LB" that is run through PACER or Texas E-File, or, his malware screen. Obviously, the United States Supreme Court considered this problem when enacting Rule 5, FRCP, without granting "LB" a waiver to obey and NOT comply with the Federal Rules of Civil Procedure.

6.    Plaintiff pro se, failed to "serve" all parties with the same instruments at the same time as mandated. In addition, no requirement to answer discovery accrues until the court acquires in personam jurisdiction over the parties, which has yet to happen here.

7.    On October 15th, 2022, a Shane Kotlarsky, freshly "minted" into this case, filed with the Court a so-called "certificate of service" (Dkt.21) wherein he claims that he **served** the undersigned, and all others with 5 sets of request for production. **That statement is and remains false. No such event as mandated by Rule 5, and it's clear text ever took place**. In addition, Kotlarsky, did not send, much less serve on all the

parties at the same time the offending instruments. This is yet another glaring example of Plaintiff pro se's total disregard for the Federal Rules of Civil Procedure. Not content with that falsehood, on October 17th 2022. Kotlarsky  initiated contact with the Court alleging that Defendants' refused to answer  discovery when discovery was not even due and no such refusal had ever taken place. Such a lie was designed to (a.) anger the court, and (b),to  gaslight the court.  Kotlarsky, in the  vein  of "Baron Munchausen", then attempted to make it look like he, ("they" was the term he used) was  merely confused, but that he was merely  being helpful to the Court  when caught prevaricating. Kotlarsky's false statements were also designed to obtain rulings to objections that had not been made, and to secure by court order a waiver by  force of every legitimate objection now being made herein. See  exhibit "A" annexed hereto and duly incorporated herein by reference as if set forth verbatim, the emails to the Court's case manager.

8.    **Vague and Overly Broad–no Definitions or Instructions**. Plaintiff, *pro se*, "LB," included no "Definitions" or "Instructions" with the Requests for Production sent on October 14, 2022.   As an example, Request for Production No. 1 asks for "Communications pertaining to the formation or registration of, or filing of documents related to . . . ."  Such undefined terms such as "communications" is too vague and overly broad

for Defendant to be able to respond.  Further, Plaintiff, *pro se*, "LB," by using the disjunctive, "or," fails to specify for which one of the three acts Plaintiff, *pro se*, expects Defendant to produce responsive documents.

9.     To the extent anyone can decipher what Helfand is up to— -besides not  following  any rules or published opinions of the 5th Circuit, Defendant  directs  Plaintiff pro se to the documents in his office served on him by PACER, Texas-File, in addition to the  equally accessible records of the Texas Secretary of State, US Patent and trademark office, and the records of Fort Bend County Texas, county clerk's division, and the Sugar Land City attorney, Meredith Riede/Reide.   In addition, Defendant directs Plaintiff pro-se to the files of  his law firm which contain any  letters  written  on the Lewis Brisbois Bisgaard & Smith LLP, (Texas Domestic) letterhead, such as the one attached hereto as exhibit "B" and duly incorporated herein by reference, which evince that the letters and matters were always public. To this letter, exhibit "B" Lewis Brisbois (California) failed to object to the  defendant's use of the name,  and more importantly, they failed  to advise  their so-called "client", Karina Martinez  of   the offer, and in court, when Defendant made his appearance on September 13th 2022, Plaintiff pro-se, did not

object  at that time when Defendant entered his appearance as the President of Lewis Brisbois Bisgaard and Smith LLP, (Texas Domestic), an LLP formed not for the practice of law, but formed for the only  two services NOT LISTED on the Lewis Brisbois (California) massive website of services offered, to wit: mediations and arbitrations.

Please produce the following:

1.     Communications pertaining to the formation or registration of, or filing of documents related to the domestic limited liability partnership Named "Lewis Brisbois Bisgaard & Smith, LLP."

**Objection:**        **See objections above**.

**Objection:**        **Failure to Comply with FRCP 5(b)(2)(E) and (F)**

**Objection:**        **Vague   and   Overly   Broad–no   Definitions   or Instructions**

RESPONSE:     See paragraph 9 and the records in your office.

2.     Documents or tangible things pertaining to the formation or registration of, or filing of documents related to the domestic limited liability partnership named "Lewis Brisbois Bisgaard & Smith, LLP," including but not limited to documents or tangible things pertaining to the organization, governance, operation, or management of the domestic limited liability partnership named "Lewis Brisbois Bisgaard & Smith, LLP."

**Objection:**        **See objections above**

**Objection:**      **Failure to Comply with FRCP 5(b)(2)(E) and (F)**

**Objection:**      **Vague and Overly Broad–no Definitions or Instructions**

RESPONSE:      See paragraph 9 of this response.

3.     Any attorney fee agreements and any and all billings and evidence related pertaining to the formation, registration, of filing of documents on behalf of the domestic limited liability partnership named "Lewis Brisbois Bisgaard & Smith, LLP."

**Objection:**      **ATTORNEY/CLIENT PRIVILEGE**

**Objection:**      **Failure to Comply with FRCP 5(b)(2)(E) and (F)**

**Objection:**      **Vague and Overly Broad–no Definitions or Instructions**

RESPONSE:      NONE

5.     Communications discussing dissolution of or withdrawal of the registration for the domestic limited liability partnership named "Lewis Brisbois Bisgaard & Smith, LLP.

**Objection:**      **See objections above.**

**Objection:**      **Failure to Comply with FRCP 5(b)(2)(E) and (F)**

**Objection:**      **Vague and Overly Broad–no Definitions or Instructions**

RESPONSE:      See: *Romans 13 KJV*, as FN 5 directs, and see the

Transcript of the hearing of October 6th 2022.[7]

6.    Documents or tangible  things  that show every time you used any of the "Lewis Brisbois marks," as that term is defined in Lewis Brisbois Bisgaard & Smith, LLP's Original Complaint and Application for Injunctive Relief [Doc. 1].

**Objection:**          **See objections above.**

**Objection:**          **Failure to Comply with FRCP 5(b)(2)(E) and (F)**

**Objection:**          **Vague and Overly Broad–no Definitions or Instructions**

RESPONSE:          **PLEADINGS FILED AFTER JUNE 24TH 2022 AND LETTERS SENT TO U.S. DISTRICT JUDGE, KEITH P. ELLISON–COPIES SENT TO YOU.**

7.    Communications pertaining to the "mediations & arbitrations" business you formed as the domestic limited liability partnership named

---

[7]

Let every soul be subject unto the higher powers. For there is no power but of God: the powers that be are ordained of God.  Whosoever therefore resisteth the power, resisteth the ordinance of God: and they that resist shall receive to themselves damnation. For rulers are not a terror to good works, but to the evil. Wilt thou then not be afraid of the power? do that which is good, and thou shalt have praise of the same: For he is the minister of God to thee for good. But if thou do that which is evil, be afraid; for he beareth not the sword in vain: for he is the minister of God, a revenger to execute wrath upon him that doeth evil.  Wherefore ye must needs be subject, not only for wrath, but also for conscience sake.  For for this cause pay ye tribute also: for they are God's ministers, attending continually upon this very thing.  Render therefore to all their dues: tribute to whom tribute is due; custom to whom custom; fear to whom fear; honour to whom honour.

"Lewis Brisbois Bisgaard & Smith, LLP."

**Objection:**      **See objections above.**

**Objection:**      **Failure to Comply with FRCP 5(b)(2)(E) and (F)**

**Objection:**      **Vague and Overly Broad–no Definitions or Instructions**

RESPONSE:      NONE

8.      Documents or tangible things that show every time you used the names "Lewis Brisbois Bisgaard & Smith, LLP," "Lewis Brisbois Bisgaard & Smith," "Lewis Brisbois," LBBS," "LB," or any other variation or derivative of those names, including, but not limited to any court filings bearing the letterhead depicted below, as well as any promotion, marketing, advertising, or conducting Defendants' purported "mediation and related services" business:

**Objection:**      **See objections above**

**Objection:**      **Failure to Comply with FRCP 5(b)(2)(E) and (F)**

**Objection:**      **Vague and Overly Broad–no Definitions or Instructions**

RESPONSE:      See response to paragraph 9, and the answer to 6.

9.      Documents or tangible things that show every instance in which you held yourself out as a member of, representative of, or otherwise having any relationship with or to Plaintiff Lewis Brisbois Bisgaard & Smith, LLP or as being in any way affiliated with Plaintiff Lewis Brisbois Bisgaard & Smith, LLP.

**Objection:**      **See objections above.**

**Objection:**       **Failure to Comply with FRCP 5(b)(2)(E) and (F)**

**Objection:**       **Vague and Overly Broad–no Definitions or Instructions**

RESPONSE:       **NONE, I WOULD NEVER SHAME MYSELF BY ASSERTING THAT I HAVE ANYTHING TO DO WITH YOU OR YOUR LAW FIRM. See also, docket sheet from the State Court, which is exhibit "A" to the joint motion to abstain which clearly shows that at no time did I ever even insinuate that I was remotely affiliated with your firm, to the contrary I brought suit to make sure that both entities were distinguished, something the Court understood and ruled on decisively by removing you from the state court case on September 13th 2022.**

10.   Communications, documents, and tangible things related to the design or production of the business card depicted below:

**Objection:**       **See objections above.**

**Objection:**       **Failure to Comply with FRCP 5(b)(2)(E) and (F)**

Objection:       **Vague and Overly Broad–no Definitions or Instructions**

RESPONSE:       These were ordered online as a parody [8] and in good jest similar to David Oubre's outstanding roles of "Gomer Pyle" when dealing with Bitgood, and Oubre acting out as "Vincent La Guardia Gambini" with the state courts.–They were tossed in the trash on 10/6/2022.

---

[8]

See:  *HUSTLER MAGAZINE and Larry C. Flynt, Petitioners v. Jerry FALWELL, Respondent,* 485 U.S. 46, 108 S.Ct. 876 99 L.Ed.2d 41, (1988).

Obviously, no one can be a lawyer and a managing partner of a behemoth law firm and be "so dumb" as Oubre was acting-- can they? The state court record also contains pleadings, filed of record, that label Oubre as "Gomer Pyle" and "Vinny Gambini", to which no one, **not even Jana Lubert who was served with a copy of every single pleading since at least June 24th 2022, objected to.** If the firm's general counsel, Jana Lubert knew of the name usage since June of 2022, and again said nothing ,and did not object in the slightest, then obviously as state law holds, the firm acquiesced to it for failing to object. Ergo, there can be no damages where the parties agree, as they did here, to handle and try the case under those terms.

/s/ Michael Joseph Bitgood
a/k/a/ Michael Easton
503 FM 359, Suite 130-216
Richmond, Texas 77406-2195
281-415-8655
EastProLaw@msn.com

## CERTIFICATE OF SERVICE

On this the 19th day of October 2022, I certify that I e-mailed a copy of this instrument to William Helfand at the email address that he uses to email me.                     /s/ Michael Easton

**Susan Norman**

| | |
|---|---|
| **From:** | EastProLaw . <eastprolaw@msn.com> |
| **Sent:** | Monday, October 17, 2022 1:19 PM |
| **To:** | Kotlarsky, Shane; Susan Norman; arturo_rivera@txs.uscourts.gov |
| **Cc:** | Helfand, Bill; Braun, Sean; Brad Beers |
| **Subject:** | Re: Civil Action No. 4:22-cv-3279, Lewis Brisbois Bisgaard & Smith LLP v. Bitgood, et al. - Request for Discovery Conference |

Dear Mr. Rivera: As Ms. Norman pointed out recently to Bennett Fisher, of Lewis Brisbois," In a civilized society, you never address anyone by their first name, unless you have been invited to"!  Mr. Kotlarsky addresses you as "Arturo", which means either he has been invited to, or, as is the case with Lewis Brisbois, they are rude and uncivilized beyond repair. Now, I might be the "dumb" Puerto Rican that originated from the Bronx, but my  mother also taught me what Ms Norman had to tell Mr. Fisher.

This latest set of pranks by Mr. Kotlarsky --and his friends-- , is nothing more than an attempt to turn a peaceful man, The Honorable Keith P. Ellison in to an angry and hostile man, which is why I refuse to play their games. Their e-mails to you are nothing more than an ugly attempt to get a "ruling" on "objections"  that have not even been made, and to mask, that once again, they are disregarding the rules, and then laying the blame  for it at Judge Ellison's " feet"!

Perhaps the words of the Honorable James C. Ho, United States Circuit Judge for the 5th Circuit, might help them understand that even small lies can carry major consequences.  Judge Ho, writes:

James C. Ho, Circuit Judge: *" Some words have multiple meanings. The right meaning may vary dramatically depending on context. And determining which usage applies to a given situation can have significant consequences under our legal system"* (Feb 14th 2022).

Hopefully, one of the 1600 lawyers at Lewis Brisbois will challenge me on what Judge Ho said, call me a liar again, or maybe just one of those 1600 lawyers will do some real work, and look up 5th Circuit precedent, and leave Judge Ellison alone to be neutral as he stated he wanted to be. Accordingly, I refuse to play their game, and I am also embarrassed to being made a party to it, albeit, they dragged me into it before a man of peace.

May I request that the series of e-mails started by Mr. Kotlarsky be made part of the record, so that in due time, the 5th Circuit may come to know him by name.

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, 2701-2710.  The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited.  If you are not the intended recipient, please immediately notify the sender by return email, delete this

communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium.  Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

**From:** EastProLaw . <eastprolaw@msn.com>
**Sent:** Monday, October 17, 2022 12:19 PM
**To:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>; Susan Norman <suenorman@suenormanlaw.com>; arturo_rivera@txs.uscourts.gov <arturo_rivera@txs.uscourts.gov>
**Cc:** Helfand, Bill <Bill.Helfand@lewisbrisbois.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>; Brad Beers <bbeers@beers.law>
**Subject:** Re: Civil Action No. 4:22-cv-3279, Lewis Brisbois Bisgaard & Smith LLP v. Bitgood, et al. - Request for Discovery Conference

This is what Lewis & Brisbois call their ongoing series of "clerical" errors – which occur with a great degree of frequency, i.e. every time they say something that is wholly untrue. So, of course now (when caught again), it must be our fault that Plaintiff cannot follow the rules or when Plaintiff decides to be self "confused" and as an excuse, (in that self-induced state) to make broad and sweeping false statements to turn the Judge hostile for no reasons whatsoever.

The previous false hood of Mr. Kolartsky of-- they REFUSED-- has now turned into, "we were confused", when they could have  easily contacted us and inquired rather than fire a red-hot lie to a federal judge,  which purpose I might add, was to anger that Judge.  We know the Lewis Brisbois playbook, we saw it in state court, and we promptly ended it as well which is why they came running in here.  They have 1600 lawyers with support staff and access to Lexis and they need us to tell them what the 5th Circuit says?  Now that is confusing even to us.

Thank you

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, 2701-2710.  The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited.  If you are not the intended recipient, please immediately notify the sender by return email, delete this communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium.  Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**From:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>
**Sent:** Monday, October 17, 2022 12:05 PM
**To:** Susan Norman <suenorman@suenormanlaw.com>; EastProLaw . <eastprolaw@msn.com>;
arturo_rivera@txs.uscourts.gov <arturo_rivera@txs.uscourts.gov>
**Cc:** Helfand, Bill <Bill.Helfand@lewisbrisbois.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>; Brad Beers
<bbeers@beers.law>
**Subject:** RE: Civil Action No. 4:22-cv-3279, Lewis Brisbois Bisgaard & Smith LLP v. Bitgood, et al. - Request for Discovery
Conference

Our confusion was based on the following statements in the motions Mr. Bitgood filed, one of which he filed on behalf
of both himself and Ms. Norman:

- "[P]lease be advised under present 5th circuit jurisprudence of this act, the filing of the motion [to dismiss under
  the TCPA] STAYS discovery in the case." Doc. 19 at 18.
- "In response to knowing that discovery has been stayed by operation of law and Fifth Circuit authority, Plaintiff,
  *pro-se*— in violation of Rule 5 of the Federal Rules of Civil Procedure—sent out discovery, after business
  hours, by a method that is not sanctioned by the Federal Rules. This so-called discovery was not only
  illegal, it was also broad, ambiguous, and cited as its authority to be served in violation of the rules and
  Fifth Circuit precedent– this Court's October 11, 2022 order." Doc. 23 at 18

If we can rely on Mr. Bitgood's and Ms. Norman's statements that they will provide substantive responses to the
discovery served by Plaintiff no later than October 19, then, obviously, we do not need to bother the Court with this
issue.

If, however, Mr. Bitgood and Ms. Norman intend to respond to the discovery requests by arguing that discovery is
stayed by virtue of Mr. Bitgood filing the motion to dismiss or otherwise intend to avoid participating in discovery for
this reason, we would appreciate the opportunity to discuss this matter with Judge Ellison before the 19th.



**Shane L. Kotlarsky**
**Partner**
Shane.Kotlarsky@lewisbrisbois.com

**T: 832.742.6716 F: 713.759.6830**

24 Greenway Plaza, Suite 1400, Houston, Texas 77046 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the
intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then
delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Susan Norman <suenorman@suenormanlaw.com>
**Sent:** Monday, October 17, 2022 11:59 AM
**To:** EastProLaw . <eastprolaw@msn.com>; Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>;
arturo_rivera@txs.uscourts.gov
**Cc:** Helfand, Bill <Bill.Helfand@lewisbrisbois.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>; Brad Beers
<bbeers@beers.law>; Susan Norman <suenorman@suenormanlaw.com>
**Subject:** [EXT] RE: Civil Action No. 4:22-cv-3279, Lewis Brisbois Bisgaard & Smith LLP v. Bitgood, et al. - Request for
Discovery Conference

Good morning, Mr. Rivera,

I have read Mr. Bitgood's response and I concur. When did I refuse to respond to court-ordered discovery? I intend to respond on October 19.

Respectfully submitted,

Sue Norman

---

**From:** EastProLaw . <eastprolaw@msn.com>
**Sent:** Monday, October 17, 2022 11:49 AM
**To:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>; arturo_rivera@txs.uscourts.gov
**Cc:** Helfand, Bill <Bill.Helfand@lewisbrisbois.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>; Susan Norman <suenorman@suenormanlaw.com>; Brad Beers <bbeers@beers.law>
**Subject:** Re: Civil Action No. 4:22-cv-3279, Lewis Brisbois Bisgaard & Smith LLP v. Bitgood, et al. - Request for Discovery Conference

No one has ( at least not I) REFUSED to do anything outside of the rules or the Judge's instructions. Beyond this man's words, we were sent discovery on Friday at 5:32, pm with the caveat, answer in 5 days. 5 days would be the 19th. Thus, it appears that once again, plaintiff pro-se, is trying to incinerate us by speculation and by misleading the Court. They wanted to extend the TRO until 11/4/ 2022/ I have not objected, and Mr. Beers is in trial as per this man's own words in his filing. Why then, would this man send this communication to disturb the Court? Where is our refusal to answer? It does not exist--because I intend to answer on the 19th. Thank you

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, 2701-2710. The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by return email, delete this communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium. Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.
********************************************************************************************************************************
*********************************************************************************************

---

**From:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>
**Sent:** Monday, October 17, 2022 11:41 AM
**To:** arturo_rivera@txs.uscourts.gov <arturo_rivera@txs.uscourts.gov>
**Cc:** Helfand, Bill <Bill.Helfand@lewisbrisbois.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>; EastProLaw . <eastprolaw@msn.com>; SueNorman@SueNormanLaw.com <SueNorman@suenormanlaw.com>; Brad Beers <bbeers@beers.law>

**EXHIBIT A**

**Subject:** Civil Action No. 4:22-cv-3279, Lewis Brisbois Bisgaard & Smith LLP v. Bitgood, et al. - Request for Discovery Conference

Arturo,

On Friday, October 14, 2022, Plaintiff served on each Defendant expedited discovery requests, as the Court permitted in the TRO. Despite that, Defendants Michael Bitgood and Susan Norman are now improperly refusing to respond to Court-ordered discovery requests because Mr. Bitgood has filed a motion to dismiss under the Texas Citizens Participation Act, Texas's anti-SLAPP statute.

Although the parties have agreed to continue the preliminary injunction hearing, Plaintiff still requires expedited discovery to proceed with the injunction hearing.

We would greatly appreciate the opportunity to discuss this issue with the Court. Having the Court tell us whether there is a basis under the TCPA for Defendants to refuse to respond to discovery in a federal lawsuit would help everybody involved figure out how best to proceed.

Thank you for your attention to this important matter.

Sincerely,



**Shane L. Kotlarsky**
**Partner**
Shane.Kotlarsky@lewisbrisbois.com

**T: 832.742.6716 F: 713.759.6830**

24 Greenway Plaza, Suite 1400, Houston, Texas 77046 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

Electronically Filed
8/18/2022 1:19 PM
Laura Richard
County Clerk
Fort Bend County, Texas

**EXHIBIT B**

NO. 22-CCV-070378

| | | |
|---|---|---|
| **RICHARD P. JONES et. al.** | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **VS.** | § | **AT LAW NO. 3  OF** |
| | § | |
| **KARINA MARTINEZ, et. al.** | § | |
| | | **FORT BEND COUNTY, TEXAS** |

---

## REQUEST FOR MANDATORY JUDICIAL NOTICE

---

TO THE HONORABLE JUDGE OF SAID COURT:

1.      Plaintiffs move the Court to take judicial notice of the **TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT,** and their mandatory nature,  leaving no "wiggle" room for dishonest and unethical lawyers to operate. [1]

2.      Courts may  take  judicial  notice of certain matters at any time, even on appeal. *See City of Glenn Heights v. Sheffield Dev. Co.*, 55 S.W.3d 158, 162 (Tex. App.—Houston [1st Dist.] 2001, pet. denied), and must do so when requested and supplied with the necessary information. See: Rule 201, Tex. R. Evid. and, a trial court may take judicial notice of its own file

---

[1]     **Preamble and Scope** "The Texas Disciplinary Rules of Professional Conduct are rules of  reason. The Texas Disciplinary Rules of Professional Conduct define proper conduct for purposes of professional discipline. **They are imperatives, cast in the terms shall or shall not.** The comments are cast often in the terms of may or should and are permissive, defining areas in which the lawyer has professional discretion. "

at any stage of proceedings **and is presumed to have done so** with or without a request from a party. *Bob Smith Bail Bonds, Sur. v. State*, 963 S.W.2d 555, 556 (Tex. App.---Fort Worth 1998, no pet.)

3.    Annexed hereto as exhibit "A" and duly incorporated herein by reference as if set forth verbatim is the letter dated July 22nd 2022, to David Oubre, who has gotten Karina Martinez to sign perjured affidavits and declarations thinking that his behavior would go unchallenged. Since he claims to represent Ms. Martinez, the letter cites the DR's and demanded strict compliance with the DR's,  as well as adherence to the law.  The offer to Ms. Martinez was SIMPLE-- tell the TRUTH, and GO HOME![2]

4.    **True to form**, Oubre disclosed  it to additional parties, specifically the ones paying his fees, and to Brice Beale, who then  instructed Martinez to disregard a subpoena for her to appear in court and give truthful testimony. Beale and Oubre both represent Nolan Real Estate, and Imperial Lofts LLC.

5.    *The Texas Disciplinary Rules of Professional Conduct*, set the bar beyond which no lawyer can go below, and the duty of the Court to enforce

---

[2]

Who, what citizen rejects an offer to tell the truth and allows the Courts and a jury to deem her a liar?

the rules and  safeguard  the integrity  of the profession is mandatory.

<u>See:</u> *United Pacific Insurance v. Zardenetta*, 661 S.W.2d. 244 (Tex. App.[4th Dist.] 1983)*( holding that the disciplinary rules are mandatory, and NO court  can  allow lawyers to appear before it in a position that violates those rules.)*  As such, Oubre and Beale, both have cast Martinez into the position of being a  liar, "thrown her under the bus" and judicially "buried" her  while both line their pockets with Nolan's money to bury Martinez and to protect  Sullivan and Nolan.

6.   <u>**It is hard, if not impossible, to envision lawyers  sinking  to all new lows like this one, but it is incomprehensible that  any Texas judge would allow it.**</u>

Accordingly, Plaintiffs move the Court to take judicial notice of the conduct of the defendants', David Oubre, and Brice Beale  in this case which mirrors the conduct of Nolan, and Madam Sullivan.

### RESPECTFULLY SUBMITTED

/s/Michael Joseph Bitgood /s/SUSAN C. NORMAN
a/k/a/ Michael Easton Law Office of Susan C. Norman
503 FM 359, Suite 130-116 P. O. Box 55585
Richmond, Texas 77406 7 Houston, Texas 77255
d/b/a/ "Michael Easton" 713-882-20676
281-415-8655 281-402-3682 Fax
EastProLaw@msn.com SueNorman@SueNormanLaw.com

3

## CERTIFICATE OF SERVICE

On this the 18th  day of August  2022, I certify that I delivered a true and correct copy of this instrument to all parties via the Texas E-file system.


/s/ Michael Easton

EXHIBIT A
EXHIBIT B

# Lewis Brisbois Bisgaard & Smith, LLP

503 F.M. 359-130, Suite 116,
Richmond, Texas, 77406-2195
LewisBrisoisMediations@Outlook.com

### *Mediations & Arbitrations*

| | |
|---|---|
| Michael Joseph Bitgood | Susan Cecilia Norman |
| a/k/a/ "Michael Easton" | Attorney & Counselor at Law |
| President | Vice-President |
| 281-415-8655 | 713-882-2066 |
| EastProLaw@msn.com | SueNorman@SueNormanLaw.com |

_____

July 22nd 2022

DAVID A. OUBRE, Esq.
Attorney at Law
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
David.Oubre@lewisbrisbois.com

**SETTLEMENT OFFER FOR KARINA MARTINEZ
ONLY UNDER TRE 408
NO. 22-CCV-070378**

| | | |
|---|---|---|
| **RICHARD P. JONES &** | § | **IN THE COUNTY COURT** |
| **MICHAEL JOSEPH BITGOOD** | § | |
| **A/K/A/ "Michael Easton"** | § | |
| | § | |
| **VS.** | § | **AT LAW NO. 3  OF** |
| | § | |
| **KARINA MARTINEZ, et. al.** | § | |
| | § | **FORT BEND COUNTY, TEXAS** |

_____

Dear Mr. Oubre:

In connection with the above styled litigation, and *Tex. R.  Of Discipline, 1.03,* (State Bar Rules), we extend the following offer to "Baby" Karina Jasmin Marinez **ONLY:**

In return for Ms. Martinez appearing at the law-offices of Brad

EXHIBIT A
EXHIBIT B

Beers, at a future date and time, and submitting to deposition in which she will  be sworn to answer all questions **TRUTHFULLY**, and upon  her signing  and subscribing  to  her testimony as being the truth, all Plaintiffs' **will dismiss with prejudice all claims, in all  forums, against Ms. "Baby" Karina Jasmin Martinez.**

You are  further  to  be  guided  by  *Rule 1.05. Confidentiality of Information; Rule 1.06. Conflict of  Interest; Rule 1.07. Conflict of Interest; and, Rule 1.08. Conflict of Interest,* when  handling and communicating this  offer to Ms. Martinez.  Stated differently, and **VERY CLEARLY, you CANNOT, and MUST NOT, transmit, disclose, infer, or otherwise breathe a word of this offer to Imperial Lofts LLC, Thomas Larson, or Madam Marianna Sullivan, and you must instruct Ms. Martinez  to do the same thing–she cannot disclose the offer to anyone.**

We have every good reason to believe that her truthful testimony will unravel Imperial Lofts LLC's, Nolan's, Hoover-Slovacek's , and Madam Sullivan's "business models" as well as prove up what Nolan and the LLC   have  been doing for years. In other words, her truthful testimony will cause the collapse of Imperial Lofts LLC, and Nolan.

If Ms. Martinez should develop advanced "Alzheimers" at her deposition, or perjure herself by one infinitesimal detail,  the settlement will be **REVOKED**.  As an aside, since NO ONE can bind or commit the Sovereign, that being the State of Texas,  as to what they may or might not do criminally, we can only state that we will do our very best to convince the State of Texas, that Ms. Martinez makes a better witness, than a criminal  defendant. Mr.  Brad Beers' reputation, and skills, as a former prosecutor in the Major Offenders/Special Crimes division of the District Attorney's Office speaks for itself  despite the aspersions cast on his good name by Brice Beale.

This offer will remain open until August 2nd 2022,  at 5 p.m. CST, at which time if not accepted, it will be **WITHDRAWN** and not re-offered. Remember the DR's David, <u>your law license hangs in the balance on this one old friend,</u> as well as  the California "Lewis & Bobo's" ability to ever

set foot again in a Texas Court. Please feel free to contact me, or call me, if you any questions or additional concerns. **You should be falling down all over yourself in the next 5 minutes screaming "we accept" which will of course bind us to this offer.**

Most Cordially,
/s/ Michael Joseph Bitgood
a/k/a/ "Michael Easton"

**APPROVED BY**:

/s/ Susan C. Norman
For Richard P. Jones &
**LEWIS, BRISBOIS, BISGAARD & SMITH LLP**.

cc: Brad B. Beers

**EXHIBIT B**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 67434105
Status as of 8/23/2022 12:50 PM CST
Associated Case Party: RichardPJones

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Susan CNorman | | SueNorman@SueNormanLaw.com | 8/18/2022 1:19:37 PM | SENT |

**EXHIBIT B**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 67434105
Status as of 8/23/2022 12:50 PM CST
Associated Case Party: MichaelJosephBitgood

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brad Beers | | Brad@Beers.Law | 8/18/2022 1:19:37 PM | SENT |
| Michael Easton | | EastProLaw@msn.com | 8/18/2022 1:19:37 PM | SENT |

**EXHIBIT B**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 67434105
Status as of 8/23/2022 12:50 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Susan Norman | 15083020 | SueNorman@SueNormanLaw.com | 8/18/2022 1:19:37 PM | SENT |
| Kathy Truong | | Kathy.Truong@lewisbrisbois.com | 8/18/2022 1:19:37 PM | SENT |
| David Oubre | | David.Oubre@lewisbrisbois.com | 8/18/2022 1:19:37 PM | SENT |
| Paul Fingersh | | P.Fingersh@nolanred.com | 8/18/2022 1:19:37 PM | ERROR |
| Jana Lubert | | Jana.Lubert@lewisbrisbois.com | 8/18/2022 1:19:37 PM | SENT |

**EXHIBIT B**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 67434105
Status as of 8/23/2022 12:50 PM CST
Associated Case Party: Marianna  Sullivan

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Marianna Sullivan | | M.Sullivan@NolanRed.com | 8/18/2022 1:19:37 PM | SENT |

**EXHIBIT B**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 67434105
Status as of 8/23/2022 12:50 PM CST

Associated Case Party: Imperial Lofts LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Karina Martinez | | ImperialAsst@nolanred.com | 8/18/2022 1:19:37 PM | SENT |
| Marianna Sullivan | | imperialgm@nolanRed.com | 8/18/2022 1:19:37 PM | SENT |
| Brice Beale | | Beale@HooverSlovacek.com | 8/18/2022 1:19:37 PM | SENT |

**EXHIBIT B**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 67434105
Status as of 8/23/2022 12:50 PM CST
Associated Case Party: Michael Easton

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brad BBeers | | BBeers@BeersLaw.net | 8/18/2022 1:19:37 PM | SENT |
| Richard PJones | | DickeyJones365@gmail.com | 8/18/2022 1:19:37 PM | SENT |
| John FHealey | | JHealeyDA@aol.com | 8/18/2022 1:19:37 PM | SENT |
| Holly GailCrampton | | Holly@HollyCramptonLaw.com | 8/18/2022 1:19:37 PM | SENT |