IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Lewis Brisbois Bisgaard and Smith LLP,** § § § § § § § § § § | | |
| Plaintiff, | | |
| v. | | Case Number: 4:22-cv-03279 |
| **Michael Joseph Bitgood,** a/k/a/ "Michael Easton," *et al*, | | |
| Defendants. | | |

### SUSAN C. NORMAN'S RULE 12(B)(1) MOTIONS, AND REQUEST FOR THE COURT TO TAKE JUDICIAL NOTICE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Susan C. Norman files her FRCP **12(b)(1)** *Motions to Dismiss and Request for the Court to Take Judicial Notice*, and respectfully offers the following in support. Defendant Norman has also files a *Brief in Support of this Motion* contemporaneously with the filing of this Motion.

### I. Request for The Court to Take Judicial Notice Pursuant to Rule 201, Federal Rules of Evidence

1.  The Court may, and is requested to, take judicial notice of the state-court lawsuit which is central to this instant case from which Plaintiff's case arises. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

## II. Abbreviations

2. Norman provides the following abbreviations used in this motion and the three separate briefs in support:

a. "**State-court case**" or "22-CCV-070378," refers to the lawsuit pending as Cause No. 22-CCV-070378 in County Court at Law No. 3 of Fort Bend County, Texas, for which judgment has already been issued adverse to Plaintiff herein on September 13, 2022—although Plaintiff has intentionally failed to notify this Court of the Orders of the state court.

b. **TX SOS**" refers to the Texas Secretary of State, the state governmental authority which authorizes an entity to transact business in Texas.

c. "**TX LLP**" refers to the Texas Domestic Limited Partnership, Lewis Brisbois Bisgaard & Smith, LLP, formed on May 26, 2022, and withdrawn from registration on October 11, 2022.

d. "**CA Foreign LLP**" refers to the California Limited Partnership, Lewis Brisbois Bisgaard & Smith LLP, which lacked the authority to transact business in Texas from November 2, 2020 to March 9, 2021, and from March 9, 2022, to at least March 28, 2022—a date currently in dispute.

e. "**USPTO**" refers to the United States Patent and Trademark Office which registers—and cancels—trademarks.

f. "**TESS**" refer s to the USPTO's trademark database **T**rademark **E**lectronic **S**earch **S**ystem for search of a trademark already registered or <u>applied for</u> that is, among other things:

    i.    **Live** (this aspect is central to this motion);
    ii.   Similar to [an already–registered] trademark; and
    iii.  Used on related products or for related services.

### III. Appendices

3.  Susan C. Norman refers herein to the following appendices: [1] [2]

   Appx. A: **July 10, 2020**, Cancellation of Trademark 3,722,172 for Lewis Brisbois Bisgaard & Smith, LLP – certified copy from the USPTO, along with a TESS search result from the USPTO;

   Appx. B: **September 29, 2022**, TESS search result from the USPTO showing Plaintiff's after-the-fact attempt to obtain a trademark for Lewis Brisbois Bisgaard & Smith, LLP;

   Appx. C: **October 6, 2022**, transcript excerpts of the Temporary Restraining Order hearing;

   Appx. D: **Docket sheet** for this instant case 4:22-cv-03279;

   Appx. E: **Docket sheet** [Register of Actions] for the state court case, 22-CCV-070378, which shows 182 separate filings;

   Appx. F: **State-court litigation documents** excerpted from the 182, separate state-court filings since the CA foreign LLP became involved in the state-court case:

---

[1] The factual attack brought under Rule 12(b)(1) permits the Court's consideration of facts which are not part of Plaintiff's Complaint. The Court is respectfully requested to take judicial notice.

[2] The Court may consider Appx. A and the other appendices attached hereto, because Plaintiff attached as its Exhibit A (Doc. 1-1) to Plaintiff's Complaint (Doc. 1), an incomplete, misleading, and false, partial copy of "trademark" number 3,722,172. Further, on Oct. 6, Plaintiff's counsel falsely represented to the Court that Plaintiff "**has**" "trademark" number 3,722,172. The "live" existence—or not—of Registration No. 3,722,172, as falsely represented by Plaintiff's counsel to the Court—is central to proving the threshold issue that Plaintiff is required to establish: that it possesses a live (not dead or cancelled) and enforceable trademark of the four-word name as filed by the TX LLP, or the case must be dismissed. See *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (There is an exception to the general rule that a court may generally only consider factual allegations contained within the four corners of a complaint if: (1) the document is attached to a defendant's motion to dismiss; (2) the document is referred to in the plaintiff's complaint; and (3) the document is "central" to the plaintiff's claims.).

Appx. F-1    January 7, 2022, [state-court] plaintiffs' First Amended Original Petition;

Appx. F-2    March 11, 2022, state-court Original Answer filed by David Oubre and CA foreign LLP for Martinez, Sullivan, & Imperial;

Appx. F-3    April 27, 2022, and forward, Table of TX SOS Filings for CA Foreign LLP and TX LLP.

Appx. F-4    May 16, 2022, [state-court] plaintiffs' Rule 12 Motion to Show Authority for CA foreign LLP and David Oubre to [transact business in Texas] and appear for the corporate Defendant, Imperial Lofts, LLC as well as the employees, Martinez & Sullivan.

Appx. F-5    June 24, 2022, [state-court] plaintiffs' Fourth Amended Petition for Declaratory Relief as to which LLP has the right to the name Lewis Brisbois Bisgaard & Smith in Texas–TX LLP or CA foreign LLP], among other requests for relief;.

Appx. F-6    September 13, 2022, state-court Orders entered adverse to state-court defendants—CA foreign LLP and its partner, David Oubre:

        i.    Order signed at 3:20 p.m., GRANTING the Rule 12 Motion as to David Oubre and the CA foreign LLP, and other things;

        ii.    Order signed at 3:25 p.m., Taking Judicial Notice;

Appx. F-7    September 16, 2022, first notification from CA foreign LLP of objection to TX LLP's use of name, Lewis Brisbois Bisgaard & Smith, "cease and desist" letter.

Appx. F-8    September 27, 2022, state-court Findings of Fact and Conclusions of Law entered adverse to state-court defendants—CA foreign LLP and its partner, David Oubre;

Appx. G: Plaintiff's settlement demands made after the October 7, 2022, TRO Order, which demands were conditioned on: **All** Defendants or **None** must agree on **All ten** (10) paragraphs. Among other demands, the proposed settlement demand required all defendants to agree —falsely—to Number 6(a): that the CA foreign LLP: **is and at all times since at least 2009, has been, authorized to transact business in the State of Texas.** (Emphasis added.).

Appx. H: Affidavit of Defendant Norman.

## IV. Timely Filing

4. These Rule 12(b)(1) Motions are timely filed:

   a. <u>prior to any summons being issued</u> for service of citation upon this Defendant [as well as other defendants]. See Appx. D, attached docket sheet of this instant case, showing that to date, no request for issuance of summons has been made in this case. Plaintiff has made no **request of this Defendant to waive service of citation**; and

   b. <u>prior to the filing of any responsive pleading</u> having been made by this Defendant. The following Objections/Motion do not constitute a responsive pleading or a Rule 12 Waiver:

      i. Objections to discovery [Doc. 31-2];

      ii. Objections to a Temporary Restraining Order (TRO) [Doc. 13]; and

      iii. A motion to abstain [Doc. 23]. *Landcare USA, LLC v. Lacapra*, 2016 U.S. Dist. LEXIS 205050 (MDFL) at fn 5 stating "other courts hold that a motion for abstention, however labeled, is not a Rule 12 motion for purposes of the Rule's waiver provisions." *See also: Sperry Assocs. Fed. Credit Union v. Cumis Ins. Soc'y, Inc.* 2010 U.S. Dist. LEXIS 73535* 6-8; *Cont'l Cas. Co. v. Marsh*, 2002 U.S. Dist. LEXIS 24534 * 10 - 13

## V. Procedural Background

5. Plaintiff, CA Foreign LLP, **has not been forthright and candid** with the Court as to the nature, content, extent, and success of Defendants' state court litigation which was already been reduced to judgment on September 13, <u>ten (10) days before Plaintiff filed its Complaint</u>, (Doc. No. 1), as shown by Appx. F-6, F-8.

**Discrepancy in Plaintiff's filings and Oct. 6 Statements to the Court**

**Plaintiff's Counsel's Statements     Evidence to the Contrary**

| Plaintiff's Counsel's Statements | Evidence to the Contrary |
|---|---|
| Plaintiff's counsel stated as an affirmative fact "Your Honor has these [exhibits] filed with the complaint. The firm **has** Trademark No. 3,722,172 filed on December 8th, 2009 -- not 2022 -- 2009, to use the name and the insignia Lewis Brisbois Bisgaard & Smith, L.L.P." P 9, LL 18–21. **See Appx. C,** Transcript of October 6, 2022, TRO hearing and Doc. 1-1. | **Appx. A**: July 10, 2020, USPTO certified Cancellation of Trademark 3,722,172 for Lewis Brisbois Bisgaard & Smith, LLP—contrary to counsel's statement, Plaintiff **"has"** Trademark 3,722,172. <br> **Appx. B**: September 29, 2022, Plaintiff's after-the-fact attempt to obtain a trademark for ?Lewis Brisbois Bisgaard & Smith, LLP," the USPTO TESS search result; See Appx. A, Appx. B, and Appx. H, Affidavit of Norman. |
| Plaintiff's counsel stated [relating to the state-court Rule 12 Motion to Show Authority] "My partner, David Oubre, appeared in that [state court] case to defend the lawsuit. Mr. Bitgood filed a motion to challenge Mr. Oubre's authority to represent the defendants. P. 12, LL 14–17. . . So Mr. Oubre withdrew as having a conflict of interest, . . ." P 13, LL 1–2. See **Appx. C,** Transcript of October 6, 2022, TRO hearing, | The state-court Orders of September 13, 2022, demonstrate that Mr. Oubre **was removed**—and did not withdraw—from representing defendants in the state court case by the state-court judge, pursuant to Rule 12 Motion. See Appx. F-6, i. |

6.	The fact that Plaintiff, CA Foreign LLP, has failed to request issuance of Summons or, to request that Defendant Norman waive service of process, is further proof of Plaintiff's bad faith in bringing this suit. See Appx. D, Docket Sheet this case as of the filing of this Motion..

7.	Plaintiff, CA Foreign LLP's, Complaint (Doc. No. 1, *et seq*.), violates the "judicial proceedings privilege" arising out of the prior state-court action in which **all parties** to this federal court litigation participated as either parties, or counsel for parties. See Appx. E and Appx. F.

8.	Plaintiff, CA Foreign LLP's, written settlement demand to **all defendants,** further demonstrates the nexus between the state court lawsuit and this suit. See Appx. G and Appx. H.

9.	As can be seen from the Kotlarsky email, the settlement demand is "all defendants or none," must agree to all ten (10) sections of the settlement demand without change. Appx. G.

10.	The demand is that the state-court plaintiffs who prevailed in the state-court lawsuit—federal court defendants—dismiss the state court litigation already reduced to judgment in their favor, **and** requires that defendants make false statements and take and maintain false positions in doing so. See Appx. G, No. 4, 5, 6, 7.

11.	State court litigation is the sole context in which Defendants have used the name Lewis Brisbois Bisgaard & Smith LLP. See Appx. H, Norman Affidavit.

## V. Factual Background
### A. State Court Case Began in Fort Bend County

12. The state-court case began on January 7, 2022, with the filing of state-court Plaintiffs' Original, and then First Amended Petition. Initially, the state-court plaintiffs were Richard P. Jones, represented by Susan Norman, and Michael Joseph Bitgood a/k/a "Michael Easton," appearing *pro se*.

13. Initially, state-court defendants were Karina Martinez, Marianna Sullivan, and Imperial Lofts, LLC. See Appx. F-1, Plaintiffs' First Amended Petition and Appx. G, Page 1, ¶ 4, 5, 6, 7.

14. **On March 9, 2022**, unbeknown to state-court plaintiffs until April of 2022, the CA foreign LLP lost its authority to transact business in Texas. Appx. F-3.

15. On **March 11, 2022**, the CA Foreign LLP by and through its Houston Managing Partner, David Oubre, transacted business in Texas, filing answers for all three defendants: Martinez, Sullivan, and Imperial. See Appx. F-2.

### B. On March 11, 2022, the CA Foreign LLP Was Not Authorized to Transact Business in Texas

16. While conducting state-court judicial proceedings, on or about April 27, 2022, Norman checked the formation of, and the then-current status of, the CA Foreign LLP in the public records of the TX SOS. See Appx. H, Affidavit of Norman, ¶ 4.

17. Norman's review of the TX SOS public records regarding the CA foreign LLP's lack of authority to transact business in Texas and the March 10, 2022, availability of the name, Lewis Brisbois Bisgaard & Smith LLP, for use by the TX

LLP, is condensed as Appx. F-3 and Appx. H.

18. Norman found that the TX SOS public records as of April 27, 2022, up to June 9, 2022, showed two, **Expired**, TX SOS registrations for the CA foreign LLP and that the name, Lewis Brisbois Bisgaard & Smith LLP was available for use in Texas by Defendants Norman and Bitgood. See Appx. H, Affidavit of Norman, ¶¶4–11.

.19. Based on the April 27 search, the TX SOS public records attached to the table in Appx. F-3, a condensed recitation of events shows that:

    a. On **January 21, 2022**, the TX SOS issued the following warning letter to the CA foreign LLP regarding renewal of its right to transact business in Texas:

> "If the application for renewal is not received prior to expiration [March 9, 2022], a new application for registration must be submitted. **Should you choose to let the registration expire, no further action is necessary."** See Appx. F-3, and See Appx. H, Affidavit of Norman, ¶ 5. (Bold emphasis added).

    b. On **March 9, 2022**, the TX SOS public records showed the CA foreign LLP **was not authorized to transact business** in Texas—appear as a law firm whose employees were representing defendants in the state-court case. Appx. F-3, P. 3–9.

    c. On **March 11, 2022**, the CA foreign LLP—although not authorized to transact business in Texas—transacted business and filed an answer through its partner, David Oubre, for the original three defendants, Martinez, Sullivan, and Imperial. Appx. F-2.

    d.    From April 27, 2022, until June 9, 2022, the TX SOS public records demonstrated **no public filings** by the CA foreign LLP of an application to transact business in Texas.  Appx. F-3 and Appx. H.

    e.    On May 2, 2022, the name Lewis Brisbois Bisgaard & Smith (without LLP) was filed as an assumed name in Fort Bend County, Texas and Harris County, Texas, and subsequently withdrawn on October 14, 2022 in Fort Bend County, Appx. F-3, P 10–11; and in Harris County on October 19, 2022.

    f.    On May 26, 2022, The Texas Domestic LLP File No. **804584868**. was the "first, publicly-filed, publicly-available" entity at the TX SOS using the name, Lewis Brisbois Bisgaard & Smith LLP, (later withdrawn on October 11, 2022).  See Appx. F-3, P 20, and Appx. H.

    g.    On June 9, 2022, the CA foreign LLP first appeared in the TX SOS public records with File No. File No. 804594502, showing a manually-applied date of March 28, 2022.  See Appx. H.

    h.    The TX SOS File Number issued May 26, 2022, to the TX LLP is **9,634 file numbers lower than the CA foreign LLP's new file number.** The TX SOS public records shows the now-withdrawn, TX LLP to be the first-filed entity in 2022 using the name, Lewis Brisbois Bisgaard & Smith LLP.  See Appx. F-3, P. 20.

### D. CA Foreign LLP Served With Documents in State-Court Case

20.  Norman [and Bitgood] continued to conduct judicial proceedings in the state-court case in the name of the Texas LLP as [state-court] plaintiffs, suing [state-court] defendants therein, including the CA foreign LLP, David Oubre, and his co-counsel, Chinasa Ogbureke,[3] as [state-court] defendants.  See Appx. F-5, *Plaintiffs' Fourth Amended Petition for Declaratory Relief and Application for Temporary Injunction Pending Trial*, filed June 24, 2022.

---

[3] State-court plaintiffs subsequently non-suited Ms. Ogbureke.

21.     All state-court pleadings, motions, and other filings in the state-court case were served on counsel David Oubre and the CA foreign LLP.

22.     In addition, from at least June 24, 2022, forward, Jana Lubert, a managing partner of the CA foreign LLP (later stating herself to be General Counsel for the CA foreign LLP), and other counsel / partners of the CA foreign LLP, were served with copies of pleadings, motions, and other filings in Cause No. 22-CCV-070378.

### E.  Until Sept. 16, 2022l, the CA foreign llp did not question the TX LLP's use of the name, Lewis Brisbois Bisgaard & Smith.

23.     The CA foreign LLP, including Jana Lubert—later identified as general counsel—were served on June 24, 2022, with a copy of the [state-court] Plaintiffs' Fourth Amended Petition for Declaratory Relief.  Appx. F-5.

24.     The Fourth Amended Petition named the TX LLP as a plaintiff, suing the CA foreign LLP as a defendant, for declaratory relief—a declaration by the state court of which entity—TX LLP or CA LLP—had the right to use the name, Lewis Brisbois Bisgaard & Smith.

25.     Between June 24, 2022, and September 13, 2022, in the state court case, the CA foreign LLP was served by the TX LLP, or generated and served on the TX LLP, seventy-one (71) documents involving the TX LLP suing the CA foreign LLP..

26.     As of September 13, 2022, The CA foreign LLP:

   a.    **Had never questioned** Norman's [or Bitgood's] use of the name, Lewis Brisbois Bisgaard & Smith, LLP, conducting state-court judicial proceedings in the name of the TX LLP—even when the TX LLP sued the CA foreign LLP of the same name on June 24, 2022, requesting declaratory relief as to which LLP was entitled to use the name.  Appx. F-5, Appx. H.

b. **Had made no claim** to Norman [or Bitgood] that the TX LLP was infringing on the CA foreign LLP's four-name, trade name —Lewis Brisbois Bisgaard & Smith LLP.  Appx. H.

c. **Had never contacted** Norman [or Bitgood] to object or state that the conduct of state-court judicial proceedings in the name of the TX LLP was infringing on either of the [only two] validly–existing and registered trademarks: Appx. H.

   i. No. 5,151,123, LB two-letter design and
   ii. No. 5,151,128, the two-name trademark Lewis Brisbois and LB two-letter design.

### F.  The State Court Granted The Rule 12 Motion to Show Authority In Favor of State-Court Plaintiffs

27. On May 16, 2022, state-court plaintiffs, including the TX LLP, filed a T.R.C.P. Rule 12 Motion to Show Authority for the CA foreign LLP, and David Oubre to show authority to represent Karina Martinez, Marianna Sullivan, and Imperial Lofts, LLC.

28. On June 24, 2022, the state-court plaintiffs filed their Fourth Amended Petition for Declaratory Relief, as to who had the right to use the name, Lewis Brisbois Bisgaard & Smith, LLP—the TX LLP or the CA foreign LLP.  David Oubre, a partner the CA foreign LLP and other of its lawyers.

29. On September 13, 2022, the state court held a hearing on state-court-plaintiffs' Rule 12 Motion to Show Authority for the CA foreign LLP and David Oubre to appear for state-court named defendants.

30. At the September 13, 2022, Rule 12 hearing, David Oubre appeared on behalf of, and as a partner of, the CA foreign LLP, and had a full opportunity to be heard

in defense of the Rule 12 Motion.

31. At the hearing, Mr. Oubre called no witnesses, introduced no evidence, and having rested, then <u>declined</u> Judge White's offer to re-open and call witnesses; whereupon the Honorable Lewis White issued the following orders on September 13, 2022:

    a.    Order signed at 3:20 p.m., GRANTING the Rule 12 Motion as to David Oubre and the CA foreign LLP, and, among other things:

        i.    Granted the removal of David Oubre as counsel for state-court defendants Martinez, Sullivan, and Imperial;

        ii.    Took judicial notice of the contents of the Court's file; and

        iii.    Took notice of the voluntary appearance of Defendants [David] Oubre and the CA foreign LLP, Lewis Brisbois Bisgaard & Smith, LLP on July 8,2022.  See Appx. F-6-i.

    b.    Order signed at 3:25 p.m., Taking Judicial Notice of, among other things,

        i.    The contents of the court's file;

        ii.    Multiple Texas Penal Code statutes;

        iii.    Multiple other Rules and Statutes, and

        iv.    The State Bar's Texas Rules of Professional Conduct.  See Appx. F-6-ii.

    c.    On September 27, 2022, the state-court judge signed Findings of Fact and Conclusions of Law, which among other things, found as fact:

        i.    (8)   At no time during his case-in-chief [responding to the Rule 12 Motion], did Mr. Oubre offer any witnesses, or offer any evidence of any kind.

      ii.    (9) At the close of his case-in-chief, the Court offered Mr. Oubre a chance to re-open. Mr. Oubre declined the Court's invitation, and told the Court that he had no witnesses; and

      iii.    That Lewis Brisbois, Bisgaard and Smith LLP, (California) lacked the authority to appear in a Texas Court on March 11, 2022, and by judicial admission admitted that the CA foreign LLP did not submit an application to do business in Texas until at least March 28, 2022.

    d.    Among the Conclusions of Law found by the Honorable Lewis White, were that:

      i.    The Court **removed** Lewis Brisbois, Bisgaard & Smith LLP, (California) and David Oubre because they failed to show authority to appear. See Appx. F-6-i.

32. From June 24, 2022, up to September 13, 2022, the CA foreign LLP **filed no objection of record** in the state-court case, to the TX LLP's use of the name, Lewis Brisbois Bisgaard & Smith, LLP, in state-court proceedings.

33. On September 13, 2022, **David Oubre made no objection on the record** to the TX LLP's use of the name, Lewis Brisbois Bisgaard & Smith, LLP, in state-court proceedings or at the Rule 12 hearing. Appx. H.

34. Only on September 16, 2022, did the CA foreign LLP finally notify, question, and/or object to Norman [and Bitgood] via a "cease and desist" letter from Jana Lubert, that it opposed the TX LLP's use of the name, Lewis Brisbois Bisgaard & Smith. Appx. F-7 and Appx. H.

35. The Docket Sheet for the4 state-court case shows that Norman's [and Bitgood's] conduct of judicial proceedings in its TX LLP's name was done with the

full participation of the CA foreign LLP and David Oubre.  See Appx. E.

### G.  Plaintiff's Trademark Was Cancelled on July 10, 2020, For Lewis, Brisbois, Bisgaard & Smith LLP

36. Contrary to statements by Plaintiff, CA foreign LLP's, counsel on October 6, 2022, Plaintiff concealed from the court the following events:

   a. **On July 10, 2020**, the USPTO **cancelled** Plaintiff's registered trademark Lewis Brisbois Bisgaard & Smith, LLP, Registration Number 3,722,172;

   b. **On September 23, 2022**, at the time this instant case was filed, Plaintiff had not filed an application to register the four-name trademark and when Plaintiff filed Case No. 4:22-cv-03279, Plaintiff had **no valid, registered trademark No. 3,722,172** for Lewis Brisbois Bisgaard & Smith, LLP.

   c. **On September 29, 2022**, Plaintiff files an application with the USPTO to obtain a trademark for Lewis Brisbois Bisgaard & Smith, LLP.  Appx. B.  According to USPTO's TESS records, the application is not a confirmed, final registration.  Appx. H, affidavit.

37. On October 6, 2022, Plaintiff's counsel William Helfand, falsely asserted as a positive fact in open Court, that

> "The firm [Plaintiff] **has** Trademark No. 3,722,172 filed on December 8th, 2009 -- not 2022 -- 2009, to use the name and the insignia Lewis Brisbois Bisgaard & Smith, L.L.P., quote, for legal services, closed quote."  Appx. C, P. 9. LL. 19-22. (Bold emphasis added).

38. On October 6, 2022, Plaintiff had no valid registered trademark for Lewis Brisbois Bisgaard & Smith LLP.  Appx. B.  Further Plaintiff's counsel affirmatively directed the Court's attention away from the **2022** filing when he said—"December 8th, 2009 -- **not 2022** -- 2009"— for the  trademark for Lewis Brisbois Bisgaard &

Smith, LLP. Appx. C, P. 9. LL. 19-22.

## VI. Rule 12(b)(1) Motions

A. The Court lacks Article III Jurisdiction because the Plaintiff lacks factual constitutional standing— which results in a lack of subject matter jurisdiction to bring this case – because the "judicial proceedings privilege" acts as a total bar of this suit.

B. Immunity from suit operates as a jurisdictional bar that deprives the Court of subject matter jurisdiction.

C. The Plaintiff lacks standing to seek injunctive and/or declaratory relief because the Plaintiff cannot satisfy Art. III standing requirements for injunctive and declaratory relief.

D. The Plaintiff's Complaint makes several references to "Texas Law" without identifying what law is being invoked. However the "judicial proceedings privilege" immunity from suit applies to any and all tort and trademark (antitrust) litigation and would therefore deprive this Court of subject matter jurisdiction to hear these unidentified purported state causes of action, together with the claim of fraud and conspiracy to commit fraud.

E. The Court lacks jurisdiction because Plaintiff's Complaint— other than the proceedings in state court which are barred under the judicial proceedings privilege— is purely speculative and not justiciable because there is no "ripe" controversy for adjudication.

F. This Court lacks jurisdiction to grant injunctive relief because there must be jurisdiction over the suit itself.

G. This Court lacks jurisdiction of this suit because use in the state court judicial proceeding context does not constitute use in commerce or trade.

H. This Court lacks jurisdiction because Plaintiff's suit is barred by the Rooker-Feldman doctrine.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant Norman prays the Court dismiss this case in its entirety for the foregoing reasons.

>Respectfully submitted,
>
>*/s/ Susan C. Norman*
>Susan C. Norman, ***pro se***
>So. District of Texas ID 20492
>SBOT 15083020
>Law Office of Susan C. Norman
>P.O. Box 55585
>Houston, Texas 77255
>(713) 288-2066 phone
>(281) 402-3682 fax
>SueNorman@SueNormanLaw.com

## Certificate of Service

I, hereby certify that on November 1, 2022, a true and correct copy of the foregoing document together with all attachments has been served on Plaintiff's lead counsel, identified as being: William Helfand and also served upon Defendants Bitgood, and on Brad Beers by serving his counsel, WDunwoody@munckwilson.com via ECF filing and service. A copy of this document has been forwarded to Richard P. Jones.

>*/s/ Susan C. Norman*
>Susan C. Norman