IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Lewis Brisbois Bisgaard and Smith LLP,<br>　　Plaintiff,<br><br>v.<br><br>Michael Joseph Bitgood,<br>a/k/a/ "Michael Easton," *et al*,<br>　　Defendants. | § § § § § § § § § § | Case Number:<br>4:22-cv-03279 |

---

### Affidavit of Susan C. Norman

---

Comes now, Susan C. Norman, Defendant herein, and files her Affidavit of Facts. Before me, the undersigned authority, personally appeared Susan C. Norman, who upon her oath did depose and testified as follows:

"My name is Susan C. Norman. I am over the age of 18 and in all ways I am competent to execute this affidavit. All the statements contained herein are true and correct and are made from my personal knowledge, and are based on documents I generated, received, or reviewed, or are certified and/or filed copies of documents in either the state-court case or this instant case.

1.　"On or about <u>January 7, 2022</u>, I was counsel for Richard P. Jones ("Jones") as Plaintiff in Cause No. 22-CCV-070378 filed in Fort Bend County, Texas (the "state-court case"). Also filing as Plaintiff was Michael Joseph Bitgood a/k/a "Michael Easton" ("Bitgood"), representing himself *pro se*.

2.  "Initial Defendants were Karina Martinez ("Martinez"), Marianna Sullivan ("Sullivan"), and Imperial Lofts, LLC ("Imperial"). Imperial is the apartment complex owned by Imperial Lofts Owner, LLC in which Richard P. Jones was living as of January 7, 2022, and in which Bitgood had once lived, over four years before. Martinez was a leasing agent in 2021 and Sullivan was, and is currently, the General Manager of Imperial.

3.  "On March 11, 2022, the CA foreign LLP via its partner, lawyer David Oubre, transacted business in Texas by filing an answer in the state-court suit for all three defendants: the corporation, Imperial Lofts, LLC, and for the two employees of the corporation, Martinez and Sullivan. Appx. F-2.

4.  "On or about April 27, 2022, after David Oubre entered the case representing not only the corporation but its employees, I checked the corporate status of the CA foreign LLP.

5.  The records of the TX SOS showed that as of March 9, 2022, the CA foreign LLP had lost its authority to transact business in Texas—for the second time. I was shocked that a 1600-lawyer law firm had a history in the TX SOS public records of allowing its authority to transact business in Texas to expire. Appx. F-3, P 3. 4. 6, 9, 20.

6.  As of May 2, 2022, I determined that the public records of the TX SOS showed that, the name, Lewis Brisbois Bisgaard & Smith was available to use in Texas.

    a.  An assumed name for Lewis Brisbois Bisgaard & Smith—not as a partnership, or LLP—was filed in Fort Bend County on March 2, and later withdrawn on October 14, 2022, Appx. F-3, P 10-11; as was

    b.  An assumed name for Lewis Brisbois Bisgaard & Smith—not as a partnership—filed in Harris County on March 2, and later withdrawn on October 19, 2022. Appx.F-3, P 12-15.

7. As of May 16, 2022, I found that the "Entity Status" at the TX SOS both CA foreign LLP's File Numbers (Dallas and Houston) showed that both entity File Numbers for the CA foreign LLP were **"Expired**," and that the "Name Status" of Lewis Brisbois Bisgaard & Smith LLP, for both entity File Numbers was **"Inactive"** for. Appx. F-3. P 16.

8. As of May 26, 2022, reviewing the public records of the TX SOS, I found the same **"Expired"** entity status of both entity File Numbers for the CA foreign LLP and the same **"Inactive"** Name status as on May 16, 2022. Appx. F-3, P 17.

9. **As of May 26, 2022, there appeared no public record filing after March 9, 2022,** by the CA foreign LLP in the TX SOS records for a new application for registration to transact business. Appx. F-3, P 17.

10. After I determined that on May 26, 2022, from the TX SOS public records the name, Lewis Brisbois Bisgaard & Smith was still shown as **"Inactive,"** not otherwise in use and appeared to be available to use in Texas, the TX LLP, Lewis Brisbois Bisgaard & Smith, LLP, was formed to conduct mediations and arbitrations. Appx. F-3, P 18..

11. As of May 31, 2022, again reviewing the public records of the TX SOS, I found the same **"Expired"** entity status of both entity File Numbers for the CA foreign LLP and the same **"Inactive"** Name status as on May 16, 2022. I also found now showing at the same time—on the same page at the TX SOS, right below the expired CA foreign LLP's listings—that the TX LLP "Entity Status," showed **"In existence,"** and the "Name Status" showed **"In use."** Appx. F-3, P 20.

12. On June 9, 2022, again checking the public records of the TX SOS on June 9, 2022, I saw for the first time that the CA foreign LLP had a new registration, File No. 804594502.

Page -3-

13. In calls to the TX SOS, I was informed that the Application for the CA foreign LLP, would first appear on the TX SOS public record on <u>June 9, 2022</u>, after it had been accepted, but the website would show the date of receipt of March 28, 2022, by the TX SOS, as date of filing.

14. I later checked the three (3) file numbers <u>immediately prior</u> to the new Application File Number 804594502 issued in 2022 to the for the CA foreign LLP, as well as the three (3) file numbers <u>immediately after</u> File Number 804594502, and found:

    a. File Numbers 804594**499** 804594**500**, and 804594**501**, the three file numbers **before 804594502, were all electronically filed and issued on <u>June 3, 2022.</u>**

    b. File Number 804594**502** (CA foreign LLP) was purportedly "issued" on March 28, 2022, and has a date stamp which appears to have been applied manually, as opposed to its prior, electronic filing;

    c. File Numbers 804594**503**, 804594**504**, and 804594**505**, the three file numbers **after 804594502, were all electronically filed and issued on <u>June 3, 2022.</u>**

15. As the docket sheet in the state-court litigation shows (Appx. E), there were 165 separate filings in the state-court litigation after <u>March 11, 2022</u>, the date the CA foreign LLP via its partner, David Oubre, entered the case. I am a sole practitioner and my time since <u>January 7, 2022</u>, was concerned with the conduct of the state-court case and other litigation matters, not mediations and arbitrations. Neither I nor Michael Bitgood engaged in any promotion, marketing, or advertising of the TX LLP's mediation and arbitration business, and conducted no mediation or arbitration services using the TX LLP. The TX LLP has never had any employees.

16. The TX LLP was used in the state-court litigation of the 165 documents filed and served on the CA foreign LLP after March 11, 2022, including:

   a. Plaintiffs' filing on May 16, 2022, the Rule 12 Motion to Show Authority for the CA foreign LLP to appear in the state-court case. Appx. F-4, as well as

   b. Plaintiffs' filing of the Fourth Amended Petition for Declaratory Relief on June 24, 2022, served pursuant to TRCP 21 and 21a on David Oubre and others, as well as the CA foreign LLP's general counsel, Jana Lubert. Appx. F-5, P 15-16.

17. From June 24, 2022—including at the Rule 12 hearing on September 13—and not until September 16, 2022—the CA foreign LLP:

   a. **never questioned** Norman's [or Bitgood's] use of the name, Lewis Brisbois Bisgaard & Smith, LLP, conducting state-court judicial proceedings in the name of the TX LLP;

   b. **made no claim** to Norman [or Bitgood] that the TX LLP was infringing on the CA foreign LLP's four-name, trade name —Lewis Brisbois Bisgaard & Smith LLP; and

   c. **never contacted** Norman [or Bitgood] to object or state that their conduct of state-court judicial proceedings in the name of the TX LLP was infringing on any trade name or trademarks.

18. On September 13, 2022, the state court conducted the Rule 12 Motion for the CA foreign LLP and David Oubre to Show Authority to appear in the state-court litigation.

19. The state court judge granted the Rule 12 Motion adverse to the CA foreign LLP and its partner, David Oubre and issued two orders on September 13, 2022,:

  a. Order GRANTING the May 16, 2022, Rule 12 Motion as to David Oubre and the CA foreign LLP; Appx. F-6-i; and

  b. Order Taking Judicial Notice as requested by state-court plaintiffs, including the TX LLP. Appx. F-6-ii.

20. On <u>September 23, 2022</u>, Plaintiff, CA foreign LLP," filed its Complaint (Doc. 1 with Docs 1-1 to 1-12) stating that it had served "All counsel of record," knowing full well that no Defendant had appeared either *pro se* or via attorney, and <u>knowing Plaintiff had not requested Summons</u>.

21. On <u>September 27, 2022</u>, the state-court judge issued Findings of Fact and Conclusions of Law adverse to Plaintiff. Appx. F-8.

22. On <u>Monday, October 3, 2022</u>, Plaintiff, CA foreign LLP, caused a Federal Express Envelope to be delivered to my home address after 5:00 p.m. The envelope contained a <u>September 30, 2022</u>, letter from its partner, William Helfand, referencing a "notice of hearing for <u>October 6, 2022</u>. **There was no notice of hearing in the FedEx envelope**, although the envelope did contain Doc. 1, et seq., through Doc. 3, *et seq*. [Not reproduced herein in Exhibit 1]. The FedEx envelope requested Monday, Oct. 3, 4:30 p.m. delivery and **did not request Saturday delivery**. Exhibit 1.

23. The letter further direct e me, **a defendant not served pursuant to FRCP 4 with a Summons, to "provide a copy of this notice and documents to all [my] co-defendants.** See Exhibit 1, P 2.

24. In addition the letter from Mr. Helfand stated that I was "required to attend" "this hearing," as well as stating that "[all defendants] are required to attend." Again, the referenced "notice of hearing" was not included in the FedExed package.

25. On <u>October 4</u>, Plaintiff filed Doc 7, alleging via an "associate attorney, Shaun Braun," that the Doc. 1 "certificate of service [serving "All counsel of record"] was a "clerical error."

26. As of the filing of the motions to which this Affidavit is attached,

Page -6-

Plaintiff has not even requested issuance of a Summons for me— or for any other Defendant. Appx. D, Docket of this case.

27. On October 6, the Plaintiff requested and participated in a Temporary Restraining Order (TRO) hearing in which Plaintiff's counsel, William Helfand, made intentionally false, and misleading statements to the Court of the "existence" of Trademark Registration 3,722,172—Lewis Brisbois Bisgaard & Smith, LLP (Doc. 1-1). Appx. A, Appx. C.

28. At the TRO hearing on October 6, Plaintiff's counsel, William Helfand, intentionally concealed from the Court that Plaintiff's Trademark Registration 3,722,172, had been **cancelled by the USPTO on July 10, 2020.**

29. I knew from my October 4, 2022, USPTO TESS search prior to the hearing, that as of the October 6, 2022, hearing, Plaintiff **had no trademark for Registration 3,722,172— the four-name former trademark, Lewis Brisbois Bisgaard & Smith, LLP**—as falsely stated at P 9, LL 19–21, by Mr. Helfand.

30. As I stated on October 6, at P 15, LL 16–22 I had found that the Registration 3,722,172 was cancelled. Appx. C, P 15, LL 18–22. My October 4 TESS search resulted in my request to the USPTO for the certified copy from the USPTO received after the hearing. Appx. A.

31. What Mr. Helfand also concealed from the Court on October 6 was that **on September 29, 2022,** Plaintiff—through another of Plaintiff's partners— had re-applied at the USPTO for the four-name former trademark, Lewis Brisbois Bisgaard & Smith, LLP. Appx. B.

32. In addition to Mr. Helfand's concealing the truth on October 6, to mislead the Court as to the true, cancelled, status of the "trademark" 3,722,172, Mr. Helfand also concealed from the Court the true status of the state-court case: that the state-court case had been decided adversely to Plaintiff on September 13, and with formal Findings of Fact and Conclusions of Law issued on September 27.

Page -7-

33. On <u>October 6</u>, when the Court asked Mr. Helfand at P 12, L 10 to "tell me the status of the underlying case[,]"  Appx. C, P 12, ll 7–8.  Mr. Helfand's reply was disingenuous, if not intentionally misleading.

34. Mr. Helfand's response to the Court was "I am informed that the underlying case has been resolved by . . ." and then discussed the motion to show authority.  Mr. Helfand then stated that [in regard to the motion to show authority] that his partner, David Oubre—lead counsel for state-court Defendant CA foreign LLP in the state-court case—"**withdrew as having a conflict of interest**.  Appx. C, P 13, LL 1–2.

35. Mr. Helfand's statement to the Court on October 6 as to Mr. Oubre's "withdrawal" was intentionally false and misleading.  Mr. Helfand knew when he misinformed the Court on October 6, that on <u>September 13, 2022</u>, the state-court judge had issued:

    a.    Order GRANTING the May 16, 2022, Rule 12 Motion as to David Oubre and the CA foreign LLP; Appx. F-6-i; and

    b.    Order Taking Judicial Notice as requested by state-court plaintiffs, including the TX LLP.  Appx. F-6-ii; and

    c.    <u>On September 27, 2022</u>, issued Findings of Fact and Conclusions of Law adverse to Plaintiff [state-court defendant].  Appx. F-8.

36. On <u>October 6, 2022</u>, I, along with Mr. Bitgood, began the process of dissolving the TX LLP.

37. On <u>October 7, 2022</u>, the Court issued a Temporary Restraining Order.  Doc. 14.

38. On <u>October 11, 2022</u>, I completed the process for Texas Comptroller certification necessary for withdrawal and dissolution of the TX LLP, and filed with the TX SOS the final documents dissolving the TX LLP.  As of October 11, 2022, the TX LLP is dissolved.  Appx. F-3, P 29-20.

39. On October 12, 2022, the Plaintiff through its partner, Shane L. Kotlarsky, sent a proposed "Settlement Agreement" to **three of four, non-Summoned- Defendants**, Michael Bitgood (EastProLaw) Brad Beers, and me, indicating as highlighted, that this is "an all-or-nothing, all-Defendants-or-none proposal. The way this email is structured by omitting Richard P. Jones, my state-court client, it appears that Plaintiff intends to knowingly create a conflict for me by having me "get my state-court client 'on board.'"

40. On October 14, 2022, Plaintiff faxed "discovery"—Requests for Production—to me despite personal jurisdiction never having attached to me pursuant to FRCP 4; never having served me with a Summons in violation of Rule 5.

41. Only on October 18, 2022, did Plaintiff finally deposit into the registry of the Court the $100.00 required for the Temporary Restraining Order to become effective. Court's Docket Text.

42. On October 18, 2022, the Court issued its order extending the TRO to a new preliminary injunction date of November 4, 2022. Doc. 27.

43. On October 19, 2022, I sent to Plaintiff my Responses Subject to Objection to Plaintiff. (Doc. 31-2).

44. On October 23, 2022, Plaintiff filed a Motion to Compel Production to compel me [and Brad Beers] to respond to Plaintiff's Request for Production. Doc 31, containing my objections as Doc 31-2.

45. On October 27, 2022, the Court issued a Notice of Setting on the Motion to Compel, as well as other motions of Mr. Bitgood. Doc. 32.

Signed on *November 1*, 2022.

_____
Susan C. Norman

Sworn to and subscribed before me, the undersigned notary public by Susan C. Norman, on November __1__, 2022 to witness which my signature and seal of office.



*Rhonda Clark*

Notary Public in and for
The State of Texas

Page 1 of 2

```
ORIGIN ID:HOUA      (713) 659-6767        SHIP DATE: 30SEP22
WILLIAM HELFAND                           ACTWGT: 0.50 LB
LEWIS BRISBOIS BISGAARD & SMITH LLP       CAD: 253852492/WSXI3600
24 GREENWAY PLAZA
SUITE 1400
HOUSTON, TX 77046                         BILL SENDER
UNITED STATES US

TO  SUSAN C. NORMAN

    5826 GREEN FALLS DR

    HOUSTON TX 77088
    (713) 882-2066       REF: 8055-685
    INV:
    PO:                  DEPT:
```



FedEx Express

REL# 3785346

MON - 03 OCT 4:30P
STANDARD OVERNIGHT

TRK# 2786 1193 1239
0201

43 LKSA                77088
              TX-US    IAH

PS|Ship - FedEx Label



Case 4:22-cv-03279 Document 35-1 Filed on 11/02/22 in TXSD Page 12 of 12

APPENDIX H     EXHIBIT 1 TO AFFIDAVIT OF SUSAN C. NORMAN



**LEWIS BRISBOIS**
LEWIS BRISBOIS BISGAARD & SMITH LLP

William S. Helfand
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Bill.Helfand@lewisbrisbois.com
Direct: 832.460.4614

September 30, 2022

File No. 8055-685

VIA FEDEX NO. 2786 1193 1239

Susan C. Norman
5826 Green Falls Drive
Houston, TX 77088

Re:   Cause No. 4:22-cv-03279; *Lewis Brisbois Bisgaard and Smith LLP v. Bitgood, et al*, in the United States District court for the Southern District of Texas

Dear Ms. Norman:

Please find enclosed a notice of hearing for October 6, 2022 on Plaintiff's application for a temporary restraining order which was filed in the above referenced case along with the original complaint.

I have included copies of all filed documents in this case.

In order to ensure that all defendants are aware of this hearing, which they are required to attend, please provide a copy of this notice and documents to all co-defendants.

Thank you for your attention to this matter.

Sincerely,

William S. Helfand of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

WSH
Encl.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

Exhibit 1 to Affidavit of Susan C. Norman, 11-01-22    Appendix H, 11-01-22
Page 2 of 2                                            Page 12 of 12