IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Lewis Brisbois Bisgaard | § | |
| and Smith LLP, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case Number: |
| | § | 4:22–cv–03279 |
| Michael Joseph Bitgood, | § | |
| a/k/a/ "Michael Easton," *et al.* | § | |
| Defendants. | § | |

_____

SUSAN C. NORMAN'S BRIEF IN SUPPORT OF
RULE 12(b)(1) MOTIONS

_____

Respectfully submitted,

*/s/ Susan C. Norman*
Susan C. Norman, ***pro se***
So. District of Texas ID 20492
SBOT 15083020
Law Office of Susan C. Norman
P.O. Box 55585
Houston, Texas 77255
(713) 288-2066 phone
(281) 402-3682 fax
SueNorman@SueNormanLaw.com

# TABLE OF CONTENTS

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **i**

**TABLE OF CITATIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **iv**

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING** . . . . 1

**ISSUES TO BE RULED ON BY THE COURT** . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**I.     RULE 12(b)(1) MOTIONS**

      **Standard of Review of 12(b)(1) motions** . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    **A.   Rule 12(b)(1)**
       The Court lacks Article III Jurisdiction because the Plaintiff lacks factual constitutional standing— which results in a lack of subject matter jurisdiction— to bring this case because the "judicial proceedings privilege" acts as a total bar of this suit.

    **B.   Rule 12(b)(1)**
       Immunity from suit operates as a jurisdictional bar that deprives the Court of subject matter jurisdiction.

    **C.**   The Plaintiff lacks standing to seek injunctive and/or declaratory relief because the Plaintiff cannot satisfy Art. III standing requirements for injunctive and declaratory relief.

    **D.   Rule12 (b)(1)**
       The Plaintiff's Complaint makes several references to "Texas Law" without identifying what law is being invoked.  However the "judicial proceedings privilege" immunity from suit applies to any and all tort and trademark (antitrust) litigation and would therefore deprive this Court of subject matter jurisdiction to hear these unidentified purported state causes of action, together with the claim of fraud and conspiracy to commit fraud.

**E.  Rule 12(b)(1)**
   The Court lacks jurisdiction because Plaintiff's complaint –
   other than the proceedings in state court which are barred
   under the judicial proceedings privilege – is purely speculative
   and not justiciable because there is no "ripe" controversy for
   adjudication.

**F.  Rule 12(b)(1)**
   This Court lacks jurisdiction to grant injunctive relief because
   there must be jurisdiction over the suit itself.

**G.  Rule 12(b)(1)**
   This Court lacks jurisdiction of this suit because use in the state
   court judicial proceeding context does not constitute "use in
   commerce."

**H.  Rule 12(b)(1)**
   This Court lacks jurisdiction because Plaintiff's suit is barred by
   the *Rooker-Feldman* doctrine.

**ISSUES A., B., C., D., E., F., G. and H. ARE BRIEFED TOGETHER** . . . . . . . . 5

**Summary of the Argument** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Argument** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

   **Standing in general** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

   **Art. III Standing for Injunctive and Declaratory Relief** . . . . . . .8

   **Ripeness** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

   **Jurisdictional Bar - The Judicial Proceedings Privilege** . . . . 10

   **Application of the facts of the pending case
   to the judicial proceedings privilege** . . . . . . . . . . . . . . . . . . . . . 13

   **"Use" in judicial proceedings, including preliminary
   "use" in a judicial proceeding does not satisfy use
   in trade or commerce** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**The *Rooker-Feldman* Doctrine** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Application of *Rooker-Feldman***
  **to the facts of this case** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## TABLE OF CITATIONS

**Federal cases**                                                                 **Page**

*Accresa Health LLC v. Hint Health, Inc.*
2020 U.S. Dist. LEXIS 90064, (EDTX) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391 (5ᵗʰ Cir. 2017) . . . . 12

*Bianchi v. Rylaarsdam*, 334 F.3d 895 (9ᵗʰ Cir. 2003) . . . . . . . . . . . . . . . . . 15, 16, 17

*Blanchard 1986, Ltd. v. Park Plantation, LLC,*
553 F.3405 (5ᵗʰ Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662 (5ᵗʰ Cir. 1967) . . . . . . . . . . . . 9

*Cook v. Reno*, 74 F.3d 97 (5ᵗʰ Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Cooper v. Ramos,* 704 F.3d 772 (9ᵗʰ Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Crenshaw-Logal v. City of Abilene*, Tex., 436 F. App'x. 306 (5ᵗʰ Cir. 2011*)*. . . . . . . . *3*

*District of Columbia Court of Appeals v. Feldman,*
460 U.S. 462 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 16, 19, 20

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*
544 U.S. 280, 284 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 14 - 15, 15, 16, 19–20

*Fisher v. Univ. of Tex. at Austin*, 631 F.3d 213, 217 (5ᵗʰ Cir. 2011). . . . . . . . . . . . . . 9

*Feldman v. McKay*, 2015 U.S. Dist. LEXIS 159741 (CDCA) . . . . . . . . . . . . . . . . . 19

*Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.,*
528 U.S. 167 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Fringe Ben. Group v. FCE Benefit Adm'rs, Inc.*
2018 U.S. Dist. LEXIS 214849 (WDTX) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 1990 . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . 15, 18

*GASH Associates v. Village of Rosemont*, 995 F.2d 726,
    728 (7th Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383
    (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
*Gonzales v. Raich*, 545 U.S. 1 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12–13

*Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*,
    658 F.3d 500, 504-505( 5th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*
    534 F.3d 787, 795 n.2 (5th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Harrison v. Aztec Well Servicing Co*, 2021 U.S. Dist.
    LEXIS 244798 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 89

*Higgins v. Tex. Dep't of Health Servs.* 801 F. Supp. 2d 541,
    552 (WDTX 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Home Builders Ass'n of Miss., Inc. v. City of Madison*
    143 F.3d 1006 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Invista S.A.R.L. v. Frontech, Inc.*, 2011 U.S. Dist. LEXIS
    171400 (SDTX). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001. . . . . . . . . . . . . . . . . . . 8

*Kenmen Engineering v. City of Union*, 314 F.3d 468
    (10th Cir. Okla 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

*Lance v. Dennis* 546 U.S. 459 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Lane v. Halliburton*, 529 F.3d 548 (5th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . 4

*Leaf Trading Cards, LLC v. Upper Deck Co.*,
    2020 U.S. Dist. LEXIS 261132 (NDTX) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Marciano v. White*, 2011 U.S. App. LEXIS 9613
(9th Cir. Ca., May 9, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Marciano v. White*, 2009 U.S. Dist. LEXIS 137963 (CDCA) . . . . . . . . . . . . 14, 15, 16

*Menchaca v. Chrysler Credit Corp.,*
613 F.2d 507 (5th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Moretenson v. First Fed. Sav. & Loan Ass'n.*
549 F. 2d 884 (3rd Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans,*
833 F.2d 583 (5th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Nowak v. Ironworkers Local 6 Pension Fund*
81 F.3d 1182 (2nd Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000) . . . . . . . . . . . . . . . 9

*Pederson v. Louisiana State Univ.*, 213 F.3d 858 (5th Cir. 2000) . . . . . . . . . . . . . . . 7

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Ramming v. United States,* 281 F.3d 158 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . 3, 5

*Riding v. Cach LLC*, 992 F.Supp.2d 987, 994 (C.D. Cal. 2014) . . . . . . . . . . . . . . . 19

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) . . . . . . . . . . . . . . . . . . . 6, 14, 15, 19

*Roor Int'l BV v. Stinky's Smoke Shop, LLC*
2020 U.S. Dist. LEXIS 244775 (EDTX) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Sgromo v. Bestway Enter. Co.*, 2019 U.S. Dist. LEXIS
164271 (EDTX) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Shanks v. AlliedSignal, Inc.*, 169 F.3d 988  (5th Cir 1999) . . . . . . . . . . . . . . . . . . . . 12

*Shenzhen Tange Li'An E-Commerce Co. v. Drone Whirl Llc,*
2021 U.S. District LEXIS 147563 (WDTX) . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Shutt v. Garland Indep. Sch. Dist.*, 2019 U.S. Dist.
LEXIS 114031 (NDTX) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11–12

*Steel Co. v. Citizens for a Better Env't*, 532 U.S. 83 (1998) . . . . . . . . . . . . . . . . . . . . . 4

*Summit Health, Ltd. v. Pinhas*, 500 U.S. 322 (1991) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Tercel Oilfield Prods. USA L.L.C. v. Alaskan Energy Res., Inc.*,
2014 U.S. Dist. LEXIS 20103 (SDTX) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Frankfort Distilleries, Inc.*, 324 U.S. 293 (1945) . . . . . . . . . . . . . 12

*United States v. Lopez*, 514 U.S. 549 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Wickard v. Filburn*, 317 U.S. 111 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Williamson v. Tucker*, 645 F.2d 404 (5ᵗʰ Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . 5

*Windmill Wellness Ranch, L.L.C. v. Meritain Health, Inc.*,
2021 U.S. Dist. LEXIS 119094 *3
(WDTX - San Antonio) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**State cases**

*Bird v. W.C.W.*, 868 S.W.2d 767 (Tex. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477 (Tex. 2015) . . . . . . . . . . . . . . . . . . 10

*Collins v. Zolnier*, 2019 Tex. App. LEXIS 4429
(Tex. App.—Beaumont May 30, 2019, pet. denied) . . . . . . . . . . . . . . . . . . . . 10

*Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762 (Tex. 1987) . . . . . . . . . . . . . . . 11

*James v. Brown*, 637 S.W.2d 914 (Tex. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40 (Tex. 2021) . . . . . . . . . . 9

*Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909 (Tex. 1942) . . . . . . . . . . . . . . . 11

*Shell Oil Co. v. Writt*, 464 S.W.3d 650 (Tex. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Wilkinson v. USAA Fed. Sav. Bank Tr. Servs.*, 2014 Tex. App. LEXIS 7091
(pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . P

**Federal statutes**

*Lanham Act* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 11, 13

§32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

§43(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

15 U.S.C. §§ 1, 3, 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

15 U.S.C. § 1114 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1257 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**Federal Constitution**

Article III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5, 6, 8

Due Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Federal Rules of Civil Procedure**

12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . P

12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**Federal Rules of Evidence**

201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . P

**Other Authorities**

Restatement (Second) of Torts § 587 (1977) . . . . . . . . . . . . . . . . . . . . . . 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Lewis Brisbois Bisgaard** | § | |
| **and Smith LLP,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case Number:** |
| | § | **4:22‑cv‑03279** |
| **Michael Joseph Bitgood,** | § | |
| ***a/k/a/* "Michael Easton,"** *et al.* | § | |
| **Defendants.** | § | |

_____

**SUSAN C. NORMAN'S BRIEF**
**IN SUPPORT OF RULE 12(b)(1) MOTIONS**

_____

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, Susan C. Norman, files this her Brief in support of Rule 12(b)(1)

Motions and respectfully shows the Court the following:

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

1.     This is a trademark and trade name case brought under §32 and §43(a) of the

Lanham Act, together with unidentified "Texas law" claims and a cause of action for

fraud and claims of conspiracy to infringe and conspiracy to commit fraud.

(Doc. No.1).

2.     The Defendants have **not** been served with the complaint; the Plaintiff has

made no request for Summons to issue; and Defendant Norman has received no

request from Plaintiff that she waive service.  (Appx. D, Court's Docket List).

3.      On October 7, 2022, the Court entered a TRO order, which provided for expedited discovery in anticipation of a preliminary injunction hearing set for November 4, 2022.  (Doc. No. 14).

4.       Plaintiff propounded discovery to Defendant Norman who has made responses and objections (Doc. No. 31-2).

5.      Plaintiff's Motion to Compel Discovery  has been set for hearing on November 2, 2022.  (Doc. No. 32).

6.      Defendant Norman has never been served with a summons, nor asked to waive service of summons and complaint, and as a result, there is no deadline in place for the filing of a responsive pleading to the Complaint.. See Appx. D, showing no summons has issued and Appx. H  ¶¶ *** Norman's Affidavit).

7.      Defendant Norman, without waiving her right to proper service under Rule 4 and due process of law—both procedural and substantive—files these Rule 12(b)(6) Motions for the Court's immediate consideration as shown below.

## ISSUES TO BE RULED ON BY THE COURT

8.      **Rule 12(b)(1) issues:**

   **A**.   The Court lacks Article III Jurisdiction because the Plaintiff lacks factual constitutional standing— which results in a lack of subject matter jurisdiction to bring this case – because the "judicial proceedings privilege" acts as a total bar of this suit.

   **B**.   Immunity from suit operates as a jurisdictional bar that deprives the Court of subject matter jurisdiction.

C.     The Plaintiff lacks standing to seek injunctive and/or declaratory relief because the Plaintiff cannot satisfy Art. III standing requirements for injunctive and declaratory relief.

D.     The Plaintiff's Complaint makes several references to "Texas Law" without identifying what law is being invoked.  However the "judicial proceedings privilege" immunity from suit applies to any and all tort and trademark (antitrust) litigation and would therefore deprive this Court of subject matter jurisdiction to hear these unidentified purported state causes of action, together with the claim of fraud and conspiracy to commit fraud.

E.     The Court lacks jurisdiction because Plaintiff's Complaint— other than the proceedings in state court which are barred under the judicial proceedings privilege— is purely speculative and not justiciable because there is no "ripe" controversy for adjudication.

F.     This Court lacks jurisdiction to grant injunctive relief because there must be jurisdiction over the suit itself.

G.     This Court lacks jurisdiction of this suit because use in the state court judicial proceeding context does not constitute use in commerce or trade.

H.     This Court lacks jurisdiction because Plaintiff's suit is barred by the *Rooker-Feldman* doctrine.

## I.   RULE 12(b)(1) MOTIONS

**Standard for (review) dismissal under Rule 12(b)(1)**

9.     A 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction should be considered before other Rule 12 Motions attacking the merits of a claim. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001)*; Crenshaw-Logal v. City of Abilene*, Tex., 436 F. App'x 306. 308 (5th Cir. 2011); *Windmill Wellness Ranch, L.L.C. v. Meritain Health, Inc.*, 2021 U.S. Dist. LEXIS 119094 *3 (WDTX -

Page -3-

San Antonio).

10.    Article III Standing—also called constitutional standing—is a "threshold jurisdictional question" in any federal lawsuit. *Steel Co. v. Citizens for a Better Env't*, 532 U.S. 83, 102 (1998).

11.    Dismissal for lack of Article III standing is brought under Rule 12(b)(1). *Harold H. Huggins Realty, Inc. v. FNC, Inc*., 534 F.3d 787, 795 n.2 (5th Cir. 2011) citing *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3405, 409 (5th Cir. 2008).

12.    Defendant, as is being done herein, may also bring a "factual" attack under Rule 12(b)(1) which

> "'challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.' *Menchaca*, 613 F.2d at 511 (citing *Moretenson v. First Fed. Sav. & Loan Ass'n*, 549 F. 2d 884, 891 (3rd Cir. 1977)."

13.    When the defendant challenges Article III standing by introducing facts outside of the complaint, the Court has more latitude with respect to disputed facts:

> 'It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. . . . Accordingly, if the defendant introduces disputed facts relating to subject matter jurisdiction, the district court has the power to resolve them. See *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)" *Roor Int'l BV v. Stinky's Smoke Shop, LLC*, 2020 U.S. Dist. LEXIS 244775 (EDTX) at *4.

14.    Defendant Norman brings a factual challenge in her 12(b)(1) Motions set out below.  The factual basis for Defendant's claims are set out in the accompanying

Motion which precedes this Brief.

> "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996).

> "In examining a 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute," *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) citing *Williamson v. Tucker*, 645 F.2d 404. 413 (5th Cir. 1981).

15.   **The following Rule 12(b)(1) issues are briefed together:**

A.   The Court lacks Article III Jurisdiction because the Plaintiff lacks factual constitutional standing— which results in a lack of subject matter jurisdiction to bring this case – because the "judicial proceedings privilege" acts as a total bar of this suit.

B.   Immunity from suit operates as a jurisdictional bar that deprives the Court of subject matter jurisdiction.

C.   The Plaintiff lacks standing to seek injunctive and/or declaratory relief because the Plaintiff cannot satisfy Art. III standing requirements for injunctive and declaratory relief

D.   The Plaintiff's Complaint makes several references to "Texas Law" without identifying what law is being invoked.  However the "judicial proceedings privilege" immunity from suit applies to any and all tort and trademark (antitrust) litigation and would therefore deprive this Court of subject matter jurisdiction to hear these unidentified purported state causes of action, together with the claim of fraud and conspiracy to commit fraud.

E.   The Court lacks jurisdiction because Plaintiff's Complaint— other than the proceedings in state court which are barred under the judicial proceedings privilege— is purely speculative and not justiciable because there is no "ripe" controversy for adjudication.

**F**.    This Court lacks jurisdiction to grant injunctive relief because there must be jurisdiction over the suit itself.

**G**.    This Court lacks jurisdiction of this suit because use in the state court judicial proceeding context does not constitute "use" in commerce or trade.

**H**.    This Court lacks jurisdiction because Plaintiff's suit is barred by the *Rooker-Feldman* doctrine.

**Summary of the Argument**

16.    The Court lacks Article III jurisdiction because the Plaintiff lacks constitutional standing to bring this case—resulting in a lack of subject-matte jurisdiction—because the "judicial proceedings privilege" is a total bar from suit.

17.    Immunity from suit operates as a jurisdictional bar that deprives the Court of subject matter jurisdiction.

18.    The Plaintiff's Complaint makes several references to "Texas Law" without identifying what law is being invoked.  However the "judicial proceedings privilege" immunity from suit applies to any and all tort and trademark (antitrust) litigation and would therefore deprive this Court of subject matter jurisdiction to hear these unidentified purported state causes of action, together with the claim of fraud and conspiracy to commit fraud.

19.    The Court lacks jurisdiction because Plaintiff's Complaint—other than the proceedings in state court which are barred under the judicial proceedings privilege — is purely speculative and not justiciable because there is no "ripe" controversy for adjudication.

20.     This Court lacks jurisdiction to grant injunctive relief because there must be jurisdiction over the suit itself.

21.     Plaintiff cannot demonstrate standing for injunctive and declaratory relief because mere speculation in the Complaint will not support the burden of demonstrating continuing harm or a real and immediate threat of repeated injury in the future.

22.     This Court lacks jurisdiction of this suit because use in the state court judicial proceeding context does not constitute "use in commerce."

23.     This Court also lacks jurisdiction because Plaintiff's suit is barred by the *Rooker-Feldman* doctrine.

**Argument**

**Standing in general**

24.     The United States Supreme Court considers standing to be of prime importance, as does the Fifth Circuit:

> "Standing is perhaps the most important of the jurisdictional doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990) (internal quotation omitted). "A question of standing raises the issue of whether the plaintiff is entitled to have the court decide the merits of the dispute or [ ] particular issues. Standing is a jurisdictional requirement that focuses on the party seeking to get his complaint before a federal court and not on *the issues he wishes to have adjudicated." Pederson v. Louisiana State Univ.*, 213 F.3d 858, 869 (5th Cir. 2000) (quoting *Cook v. Reno*, 74 F.3d 97, 98-99 (5th Cir. 1996) (internal quotations and footnotes omitted)).

25.   To establish standing:

"[A] plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)."

26.   In order to invoke the jurisdiction of the federal court over a claim under § 32 15 U.S.C. § 1114 of the Lanham Act, the Plaintiff must establish that he and not the defendant owns the trademark on which the infringement suit is premised. *Sgromo v. Bestway Enter. Co.*, 2019 U.S. Dist. LEXIS 164271 (EDTX) (a patent case —another antitrust federal statute).  In the state-court case, the state court judge determined that the defendant CA foreign LLP [Plaintiff herein] did not have the right to transact business in Texas and that the state-court plaintiff, TX LLP, did possess the right to transact business in Texas.  (Appx. F-6).

27.   "Standing is to be determined as of the commencement of suit.*" Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

## Art. III Standing for Injunctive and Declaratory Relief

"Regardless of whether they suffered a past injury by such retention, in order to have standing to seek injunctive relief, they must demonstrate that they are "likely to suffer future injury by the defendant." *K.P.*, 627 F.3d at 123 (quoting *James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001)). Because a federal plaintiff must demonstrate standing for each type of relief sought, and the only relief

available to Plaintiffs is prospective equitable relief, Plaintiffs must satisfy the Article III standing requirements for injunctive and declaratory relief. *Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 387-88 (5th Cir. 2003) (noting that plaintiff had suffered past injury in fact, but "[b]ut because he [sought] only declaratory and injunctive relief, he must 'demonstrate either continuing harm or a real and immediate threat of repeated injury in the future'"). As the Fifth Circuit recently noted, "This principle is rote. To obtain forward-looking equitable remedies, a plaintiff must show she faces imminent threat of future injury." *Fisher v. Univ. of Tex. at Austin*, 631 F.3d 213, 217 (5th Cir. 2011). The Court distinguished this aspect of standing from standing to seek money damages for past injury. Id." quoted from *Higgins v. Tex. Dep't of Health Servs.* 801 F. Supp. 2d 541, 552 (WDTX 2011).

**Ripeness**

28.     The purported controversy in Plaintiff's Complaint is not ripe for action by

this Court because the state court issued a judgment on the controversy on

September 13, 2022, ten (10) days before Plaintiff filed its Complaint (Doc. No. 1, *et*

*seq*.).

> "A controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual [*4] situation that may never develop." *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967). Thus, there must be an "actual controversy" between the parties that is ripe. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). When determining whether a controversy is ripe, "key considerations are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987). "A case is not ripe if further factual development is required." I*d*. at 587.

**Jurisdictional Bar – The Judicial Proceedings Privilege**

29.     The "judicial proceedings privilege" immunity is a jurisdictional bar.

30.     Judge Hendrix, of the Northern District of Texas, Abilene Division, traced

the history of the judicial-proceedings privilege to England in 1591.  See *Harrison v.*

*Aztec Well Servicing Co*, 2021 U.S. Dist. LEXIS 244798 at * 40.

31.     A close examination of the judicial proceedings privilege was recently set out

by the Texas Supreme Court in *Landry's, Inc. v. Animal Legal Def. Fund*, 631

S.W.3d 40, 46 (Tex. 2021), wherein the Texas Supreme Court stated:

> "The judicial-proceedings privilege is straightforward:
> 'Communications in the due course of a judicial proceeding will not
> serve as the basis of a civil action for libel or slander, regardless of the
> negligence or malice with which they are made.' *James v. Brown*, 637
> S.W.2d 914, 916 (Tex. 1982). The 'due course of a judicial proceeding'
> may include communications 'in serious contemplation of such a
> proceeding.' *Cantey Hanger*, 467 S.W.3d at 485 n.12 (internal
> quotation marks omitted). **Although commonly applied in**
> **defamation cases, the privilege prohibits 'any tort litigation**
> **based on the content of the communication' at issue**. *Collins v.*
> *Zolnier*, No. 09-17-00418-CV, 2019 Tex. App. LEXIS 4429, 2019 WL
> 2292333, at *3 (Tex. App.—Beaumont May 30, 2019, pet. denied).[1]
>
> "The judicial-proceedings privilege is an absolute privilege that covers
> "any statement made by the judge, jurors, counsel, parties or

---

[1]     See also *Wilkinson v. USAA Fed. Sav. Bank Tr. Servs.*, No.
14-13-00111-CV, 2014 Tex. App. LEXIS 7091, 2014 WL 3002400, at *6 (Tex.
App.—Houston [14th Dist.] July 1, 2014, pet. denied) ("**The judicial proceedings**
**privilege is tantamount to immunity; where there is an absolute privilege,**
**no civil action in damages for oral or written communications will lie,**
**even though the language is false and uttered or published with express**
**malice**.") (internal quotation marks omitted)." (emphasis added).  *Landry's, Inc. v.*
*Animal Legal Def. Fund*, 631 S.W. 3d 40, 46 (Tex. 2021).

witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case." *James*, 637 S.W.2d at 916-17.  The privilege facilitates the proper administration of justice by promoting "full and free disclosure of information . . . by participants in judicial proceedings." *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015); see also *Bird v. W.C.W.*, 868 S.W.2d 767, 772 (Tex. 1994) ("[T]he administration of justice requires full and free disclosure [**9]  from witnesses unhampered by fear of retaliatory lawsuits.") (internal quotation marks omitted).

"Although the judicial-proceedings privilege traditionally applies to "statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case," *James*, 637 S.W.2d at 916-17, it can also include statements made "preliminary to a proposed judicial proceeding," *Shell Oil*, 464 S.W.3d at 654 (quoting *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 767 (Tex. 1987)). See also Restatement (Second) Of Torts § 587 (1977) ("A party to a private litigation . . . is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding . . . ."). The privilege can also extend to the right of parties and counsel "to communicate with [a quasi-judicial body] touching the matters under [its] consideration, just as such persons would have the right to communicate with a court." *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909, 913 (Tex. 1942).

32.   The United States District Courts in all four districts of Texas have grappled with and applied the "judicial proceedings privilege."  Four of the five cases cited in this paragraph involved the Lanham Act (*Invista, Fringe, Leaf,* and *Accresa*) and the "judicial proceedings privilege."  See *Invista S.A.R.L. v. Frontech, Inc.*, 2011 U.S. Dist. LEXIS 171400 SDTX opinion by Judge Hittner;   *Fringe Ben. Group v. FCE Benefit Adm'rs, Inc.* 2018 U.S. Dist. LEXIS 214849 WDTX opinion by

Magistrate Judge Andrew Austin; *Shutt v. Garland Indep. Sch. Dist.,* 2019 U.S.

Dist. LEXIS 114031 NDTX opinion by Judge Boyle; *Leaf Trading Cards, LLC v.*

*Upper Deck Co.*, 2020 U.S. Dist. LEXIS 261132 NDTX opinion by Judge Godby;

*Accresa Health LLC v. Hint Health, Inc.* 2020 U.S. Dist. LEXIS 90064, EDTX

opinion by Judge Mazzant.

33.     The Fifth Circuit Court of Appeals has upheld the Texas judicial proceedings

in *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988  (5th. Cir 1999); and *BancPass, Inc. v.*

*Highway Toll Admin., L.L.C.*, 863 F.3d 391 (5th Cir. 2017):

> "In *Shanks*, we held that **Texas's judicial proceedings privilege is a**
> **complete immunity from suit and therefore immediately appealable**.
> We explained:
>
> We are convinced that Texas law regards its privilege for communications
> made in the context of judicial, quasi-judicial, or legislative proceedings as a
> complete immunity from suit, not a mere defense to liability.  To insist on a
> final  judgment before reviewing a denial of that immunity could deprive [a
> defendant] of its entitlement to avoid the burdens of trial. [A defendant] may
> therefore appeal the district court's rejection of its immunity claim as a
> collateral order under 28 U.S.C. § 1291." *BancPass, Inc. v. Highway Toll*
> *Admin., L.L.C.* at 397.  (Emphasis added).
>
> "A complaint alleging a Sherman Act [antitrust legislation] claim must
> allege some nexus between the defendants' conduct and interstate
> commerce. See 15 U.S.C. §§ 1, 3, 13; see also *Summit Health, Ltd. v.*
> *Pinhas*, 500 U.S. 322, 324-25, 111 S. Ct. 1842, 114 L. Ed. 2d 366
> (1991).  [**10] In interpreting that "expansive" standard, however, we
> must keep in mind "that when Congress passed the Sherman Act, it
> 'left no area of its constitutional power [over commerce] unoccupied.'"
> *Summit Health, Ltd.*, 500 U.S. at 329 n.10 quoting *United States v.*
> *Frankfort Distilleries, Inc.*, 324 U.S. 293, 298, 65 S. Ct. 661, 89 L. Ed.
> 951 (1945) (alteration in original). Thus, the reach of the act is
> coextensive with the reach of congressional power under the Commerce

Clause of the Constitution. Id. at 500 U.S. at 328-29. The Supreme Court has broadly interpreted Congress's authority under the Commerce Clause with respect to economic transactions. See, e,g, *Gonzales v. Raich*, 545 U.S. 1, 32, 125 S. Ct. 2195, 162 [*505] L. Ed. 2d 1 (2005) (upholding restrictions on the "intrastate, noncommercial cultivation, possession and use of marijuana" under Congress's commerce clause power); *Wickard v. Filburn*, 317 U.S. 111, 128-29, 63 S. Ct. 82, 87 L. Ed. 122 (1942) (establishing Congress's power to regulate purely local activities that are part of an economic class of activities that have a substantial effect on interstate commerce). However, the Court has limited the reach of the Commerce Clause with respect to non-economic activity. See *United States v. Lopez*, 514 U.S. 549, 567, 115 S. Ct. 1624, 131 L. Ed. 2d 626 (1995)" quoted from *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 504-505( 5th Cir. 2011).

34.     Application of the commerce nexus as necessary to the Lanham Act is found in *Shenzhen Tange Li'An E-Commerce Co. v. Drone Whirl Llc*, 2021 U.S. District LEXIS 147563 (WDTX) at *13 and in *Tercel Oilfield Prods. USA L.L.C. v. Alaskan Energy Res., Inc.,* 2014 U.S. Dist. LEXIS 20103 (SDTX) at *11.

35.     It cannot be disputed that the commerce clause does not extend the power of the Federal statutory commerce-based law into the realm of the state court and state court proceedings - nor can it be disputed that judicial proceedings fall under "non-economic" activity.

**Application of the facts of the pending case to the "judicial proceedings privilege"**

36.     This case has its genesis in state court and is inexorably intertwined with the same legal concepts and issues—which entity had the right to file suit as Lewis, Brisbois, Bisgaard & Smith, LLP in the Texas state court— the state-court plaintiff

TX LLP [Defendant herein] or the state-court defendant CA foreign LLP [Plaintiff herein]?   The state court decision was adverse to the [Plaintiff herein] CA foreign LLP.   The settlement demanded by Plaintiff brings into clear focus the jurisdictional defects of the false facade that envelopes this case and calls for its immediate dismissal.

**"Use" in judicial proceedings, including preliminary "use" in a judicial proceeding does not satisfy use in trade or commerce.**

37.    "Use in Commerce" has a specific interpretation in the Fifth Circuit.  See pages 14–15  of the Brief of the Rule 12(b)(6) motions.

38.    The point made here is that judicial proceedings are "non-economic" and do not involve goods and services being offered for sale or trade in a commerce setting. While courts and judges resolve issues of trade, commerce under the law involving trade regulations—a court proceeding—does not partake of trade or commerce.

39.    Because the sole use of the trade name "Lewis Brisbois Bisgaard & Smith, LLP by Defendants was confined to use in judicial proceedings and/or in registering the name for use in a court proceeding, there are no facts set forth in the Complaint that satisfies the concept of use in commerce or trade.

**The *Rooker-Feldman* Doctrine bar as applied to Rule 12(b)(1)**

40.    The *Rooker-Feldman* doctrine as applied to state-court action has been previously written on by the Ninth Circuit, the Plaintiff's "home circuit," Central District of California, adversely to the Plaintiff's position in this instant case, as in *Marciano v. White*, 2009 U.S. Dist. LEXIS 137963 (CDCA).

41.     Plaintiff's Complaint falls squarely under the Ninth Circuit's holding in

*Marciano (infra)*, quoting the United States Supreme Court in *Exxon Mobil Corp. v.*

*Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454

(2005):

> "In other words [Plaintiff's] federal suit is a "case[] brought by [a]
> state-court loser[] complaining of injuries caused by state-court
> judgments rendered before the district court proceedings commenced
> and inviting district court review and rejection of those judgments.
> *Marciano* at***, quoting the Supreme Court in *Exxon Mobil Corp. v.*
> *Saudi Basic Indus. Corp.*

42.     As applied by the Ninth Circuit in *Marciano*, the Plaintiff's case is barred:

> "In any event, Marciano's suit "would still be barred under
> *Rooker-Feldman* even if the state court had not actually decided his
> constitutional claims. The *Rooker-Feldman* doctrine does not require
> us to determine whether or not the state court fully and fairly
> adjudicated the constitutional claim." *Bianchi*, 334 F.3d at 900. Rather
> it "looks to federal law to determine 'whether the injury alleged by the
> federal plaintiff resulted from the state court judgment itself or is
> distinct from that judgment.'" Id. (quoting *Garry v. Geils*, 82 F.3d 1362,
> 1365 (7th Cir. 1996)). "'If [*13] the injury alleged resulted from the
> state court judgment itself, *Rooker-Feldman* directs that the lower
> federal courts lack jurisdiction.'" Id. at 901 (quoting *Garry*, 82 F.3d at
> 1365). See also *GASH Associates v. Village of Rosemont*, 995 F.2d 726,
> 728 (7th Cir.1993) (holding that *Rooker-Feldman* barred the action
> "because the plaintiffs' injury stemmed from the state judgment — an
> erroneous judgment, perhaps, entered after procedures said to be
> unconstitutional, but a judgment nonetheless"). Thus, "the
> *Rooker-Feldman* doctrine is not limited to claims that were actually
> decided by the state courts, but rather . . . **precludes review of all**
> **'state court decisions in particular cases arising out of judicial**
> **proceedings even if those challenges allege that the state**
> **court's action was unconstitutional**.'" *Bianchi*, 334 F.3d at 901

(quoting Kenmen, 314 F.3d at 475).24. [*Kenmen* has been overruled in part by *Lance v. Dennis* 546 U.S. 459 (2006) dealing with a federal-court plaintiff who was not actually a party to the prior state-court judgment - which is not the case in the presently pending case before the court, as Lewis Brisbois Bisgaard & Smith was a named defendant in the state court litigation.]   (Bold emphasis added).

"We also approve of the district court's dismissal under the *Rooker-Feldman* doctrine. Marciano's complaint is, by its own terms, precisely the kind of legal action meant to be barred from federal court by the Supreme Court's *Rooker-Feldman* decisions. Marciano claims that Judge White's decisions defaulting him and awarding damages against him caused him injury by violating his constitutional rights, and he seeks injunctive relief overturning those decisions. **In other words Marciano's federal suit is a "case[] brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."** *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005); see also *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) ("Bianchi essentially asked the federal court to review the state court's denial in a judicial proceeding and to afford him the same individual remedy he was denied in state court." (internal citations and quotation marks omitted)). The current action is outside the usual range of *Rooker-Feldman* cases only in being so direct — it is a lawsuit against the state court judge herself, not simply a  [*613]  claim purporting to run against the same adversaries in the state court lawsuit.

"Marciano has argued that *Rooker-Feldman* cannot apply because there has not been a final state court decision in his case. Marciano points to pending state court appeals, which he argues must be concluded before *Rooker-Feldman* can apply. We disagree. **The fact that Marciano filed his federal suit before his state court appeals have concluded cannot be enough to open the door for a federal district court to review the state court decisions**. To hold otherwise would run counter to the doctrine's underlying principle that review of state court decisions must proceed through the state appellate procedure and then to the United States Supreme Court. See Exxon, 544 U.S at 292. That the California Supreme Court has not yet resolved Marciano's claim does not mean Marciano can redirect that

review so that it will be conducted by a federal district court.  *Marciano v. White*, 2011 U.S. App. LEXIS 9613 (9th Cir. Ca., May 9, 2011)).

43.   The Ninth Circuit Central District also found in a later, 2015 case, that *Rooker-Feldman* applies to claims raised–or that should have been raised—in state court:

> "The *Rooker-Feldman* doctrine applies to claims which could have been raised in state court — or that were in fact raised — if those claims are "inextricably intertwined" with the state court judgment. *Feldman*, 460 U.S. at 483 n. 16 ("'[L]ower federal courts possess no power whatever to sit in direct review of state court decisions.' [Thus,] [i]f the [ ] claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to the state bar, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do"). To be "inextricably intertwined" with a state court judgment, the federal claim must be "contingent upon a finding that the state court decision was in error," or "predicated upon a conviction that the state court was wrong." *Cooper,* 704 F.3d at 782 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1988) (Marshall, [*34]  J., concurring)); see *Riding v. Cach LLC*, 992 F. Supp.2d 987, 994 (C.D. Cal. 2014) (holding that a federal determination of liability for a debt was "inextricably intertwined" with a state court default judgment because "the state court, by issuing a default judgment against Plaintiff, already determined that Plaintiff was liable for that debt. If this Court were to hold otherwise, it would undercut the state court ruling").

> "Here, all of plaintiffs' claims are inextricably intertwined with an issue decided by the state court. First, plaintiffs explicitly ask that the court grant relief in the form of "reversal of [the state court] judgment [and] judgment in Plaintiff's favor."35 See *Bianch*i, 334 F.3d at 900 (noting that courts must "pay close attention to the relief sought by the federal-court plaintiff" (emphasis original)). Because this form of relief would constitute "an undoing of the prior state-court judgment," the court lacks jurisdiction to grant such relief under the *Rooker-Feldman* doctrine. Id. Second, plaintiffs request

compensatory and punitive damages on the grounds that the damages were "directly and . . . proximately caused by Defendant state judges' inflicting the constitutional deprivations against Plaintiffs recited above." As does the prayer for "reversal [*35] of judgment," determining plaintiffs' entitlement to this form of relief would require that the court evaluate the correctness of the state court decision. *Kenmen Engineering*, 314 F.3d at 477 ("In this case, plaintiffs' requested relief — monetary damages — would necessarily undo the Oklahoma state court's judgment. Plaintiffs request that this court place them back in the position they occupied prior to the Oklahoma state-court judgment. This we cannot do"); *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996) ("If the injury alleged resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal courts lack jurisdiction"). For these reasons, the court finds that it lacks subject matter jurisdiction to adjudicate plaintiffs' federal claims. *Feldman v. McKay*, 2015 U.S. Dist. LEXIS 159741 (CDCA).

**Application of *Rooker-Feldman* to the facts of this case**

44.     The claim in the state court sought the state court's declaration of which entity—the TX LLP or the CA foreign LLP—had the right to use the name, Lewis Brisbois Bisgaard & Smith.  That claim is inextricably entertwined with Plaintiff's purported trademark— or more accurately stated, trade name—Lewis Brisbois Bisgaard & Smith LLP, which did not exist as a "registered trademark" on September 23, 2022, the date Plaintiff filed its complaint.

45.     On first glance the intent of Plaintiff to overturn or undo the state court judgment is not overtly apparent on the face of the Complaint, However, Plaintiff's proposed "settlement agreement" seeks an agreement by all Defendants which would overturn and dismiss the state court judgment.  It is further obvious why the poor client concerning whom, Plaintiff has no factual pleading other than to identify him as a party to the federal case, except that his presence is necessary for Plaintiff

to complete its mission of going behind the back of the state court to eviscerate the state court judgment and to have this court unknowingly and improperly act as an appellate court over the state court.

46.    What the Plaintiff surreptitiously seeks to obtain in this federal court proceeding violates the holdings of the United States Supreme Court, that it, and only it may sit as an appellate court as to state court judgments. See *Exxon, infra.*

47.    Finally, the Supreme Court's analysis of its holdings related to *Rooker-Feldman* applies to the facts of this case.  Unlike Skinner, who challenged the constitutionality of a Texas statute, the Plaintiff herein had no real "independent claim" of violation by the Defendants of its "trademark," Registration No. 3,772,172, for Lewis Brisbois Bisgaard & Smith LLP, because that registration was cancelled over two years prior to this suit.  Appx. A.

48.    Plaintiff was well aware that the trademark had been cancelled, because six days after filing suit, the Plaintiff sought to quietly re-establish the trademark by filing a new application with the USPTO—but affirmatively misled the Court at the TRO hearing on October 6, 2022, to obtain a TRO Order on October 7.

49.    The Supreme Court was clear in *Skinner v. Switzer* about the need for a federal plaintiff—unlike the Plaintiff herein—to have an independent federal claim."  Unlike *Skinner*, Plaintiff's failure to have an independent claim is an impediment to the exercise of federal jurisdiction.  There is a lack of subject-matter jurisdiction over the Plaintiff's federal suit, in addition to *Rooker-Feldman*.

As we explained in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005), the *Rooker-Feldman* doctrine has been applied by this Court only twice, i.e., only in the two cases from which the doctrine takes its name: first, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), then 60 years later, *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). Both cases fit this pattern: The losing party in state court filed suit in a U. S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment. Alleging federal-question jurisdiction, the plaintiffs in *Rooker* and *Feldman* asked the District Court to overturn the injurious state-court judgment. **We held, in both cases, that the District Courts lacked subject-matter jurisdiction over such  claims, for 28 U.S.C. § 1257 "vests authority to review a state court's judgment solely in this Court**." See *Exxon*, 544 U.S., at 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454. (Emphasis added)

"We observed in *Exxon* that the *Rooker-Feldman* doctrine had been construed by some federal courts "to extend far beyond the contours of the *Rooker* and *Feldman* cases." 544 U.S., at 283, 125 S. Ct. 1517, 161 L. Ed. 2d 454. Emphasizing "the narrow ground" occupied by the doctrine, id., at 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454, we clarified in *Exxon* that *Rooker-Feldman* "is confined to cases of the kind from which the doctrine acquired its name: **cases brought by state-court losers . . . inviting district court review and rejection of [the state court's] judgments**," 544 U.S., at 284 125 S. Ct. 1517, 161 L. Ed. 2d 454. (Emphasis added.).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant Norman prays that the court dismiss "Lewis Brisbois Bisgaard & Smith's Original Complaint and Application for Injunctive Relief" with prejudice.

Page -20-

Respectfully submitted,

*/s/ Susan C. Norman*
Susan C. Norman, **pro se**
So. District of Texas ID 20492
SBOT 15083020
Law Office of Susan C. Norman
P.O. Box 55585
Houston, Texas 77255
(713) 288-2066 phone
(281) 402-3682 fax
SueNorman@SueNormanLaw.com

## Certificate of Service

I hereby certify that on November 1, 2022, a true and correct copy of the foregoing document together with all attachments has been served on Plaintiff's lead counsel, identified as being: William Helfand defendant Bitgood and counsel for Brad Beers, S. Wallace Dunwoody at Wdunwoody@munckwilson.com via ECF filing and service through the Court's e-file system. A copy of this document has been forwarded to Richard P. Jones.

*/s/ Susan C. Norman*
Susan C. Norman

Page -21-