IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Lewis Brisbois Bisgaard and Smith LLP,** § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Case Number: | |
| § | 4:22-cv-03279 | |
| **Michael Joseph Bitgood,** § | | |
| a/k/a/ "Michael Easton," *et al.* § | | |
| Defendants. § | | |

### SUSAN C. NORMAN'S RESPONSE
### TO PLAINTIFF'S MOTION TO COMPEL

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Defendant Susan C. Norman, *pro se*, and files this Response to the "Plaintiff's Motion to Compel" and would show the Court the following**:**

1.   The Court has failed to acquire personal jurisdiction over Defendant Norman because of Plaintiff's total failure to comply with Rule 4.

2.   Until Plaintiff causes issuance of Summons and service of Summons upon this Defendant the Court will continue to lack personal jurisdiction over this Defendant. *Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 350 (1999), stating that "Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."

3.   **As of 1:46 p.m today Defendant Norman has still received no notification that Plaintiff has requested issuance of Summons for her.**

4. Defendant Norman—although not served with summons or complaint in this case has filed Rule 12(b)(2), (4), and(5) Motions and corresponding Brief. The Motion (Doc. 37) and Brief (Doc. 38) address the lack of jurisdiction and failure of process—both as to notices of proceedings in general and particularly as to Plaintiff's failing to satisfy Rule 4 addressing service of the summons and complaint.

5. Defendant Norman—pursuant to Rule 12(b)(1)—has formally moved this Court to dismiss this case for want of subject matter jurisdiction, with full briefing in support. (See Doc. 35, Motion and Doc. 42, Brief).

6. The Fifth Circuit considers the judicial proceedings privilege to provide total immunity from suit. The judicial proceedings privilege is directly applicable to the facts of this case.

7. The Court should expedite its consideration of the judicial proceedings privilege to the facts of this case, because such immunity from suit frees Defendant Norman from being required to engage in any pre-trial or discovery and entitles Defendant Norman to an immediate dismissal of this case.

8. The denial of the judicial proceedings privilege entitles Defendant Norman to an immediate interlocutory appeal under the collateral order doctrine. Addressing Texas Texas's judicial proceedings privilege the Fifth Circuit held in 2017:

> "In *Shanks*, we held that is a complete immunity from suit and therefore immediately appealable." *BancPass, Inc. v. Highway Toll Admin., L.L.C.* 863 F.3d 391, 387 (5th Cir. 2017).

9. The facts supporting Defendant Norman's claim of judicial proceedings privilege immunity are fully set out in her Rule 12(b)(1) Motions to Dismiss (Doc. 35) with Brief in Support (Doc. 42), and in her Rule 12(b)(6) Motions (to Dismiss (Doc. 39), with Brief in Support. (Doc. 40).

10. The face of Plaintiff's complaint together with its attached Exhibits, demonstrates that the use—if any—of the trade name "Lewis Brisbois Bisgaard & Smith LLP," lies solely within the context of the state-court case and the preliminary steps of registration of name with the County Clerk and/or the Secretary of State for use in the state court proceedings.

11. The discovery propounded by Plaintiff impermissibly attempts to go into matters generated by, and related to, the state-court proceedings. This is particularly true, as Plaintiff candidly presents to the Court that its propounded discovery involves the communications of attorney-client communication and attorney work product in the underlying state court case.

12. Plaintiff's Motion to Compel makes a particularly vague obscure and unclear reference to something referred to by Plaintiff as "the crime-fraud exception" to attorney-client privilege. However, Plaintiff's Complaint (Doc. 1) in this case fails to comply with the heightened Rule 9(b) fraud pleading requirement. The allegation of facts or introduction of new facts in a motion to compel does not add such to the case, when the four-corners of the Plaintiff's Complaint and attached exhibits do not support the claim.

13. This case and the propounded discovery amount to an improper fishing expedition—brought by the "loser" from the state court proceeding—attempting to improperly re-litigate and circumvent the state court proceeding. See *Rooker-Felder* argument in Doc. 42, pages 14 - 18, and, quoting from Supreme Court's Opinion in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005), which stated:

> "The Rooker- Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court **losers complaining** of injuries caused **by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments**." (Emphasis added). *Exxon Mobil* at 284.

14. Defendant Norman hereby incorporates the entirety of her Rule 12(b)(1) (, Rule 12(b) (2), (4), and (5), and Rule 12(b)(6) Motions with corresponding Supporting Briefs into the body of this response as if copied herein verbatim. See Documents 35 and 42; 37 and 38; and 39 and 40.

## PRAYER

Wherefore, premises considered, Defendant Norman prays that the Court deny the Plaintiff's Motion to Compel in its entirety.

Respectfully submitted,

/s/ Susan C. Norman
Susan C. Norman, **pro se**
So. District of Texas ID 20492
SBOT 15083020
Law Office of Susan C. Norman
P.O. Box 55585
Houston, Texas 77255
(713) 288-2066 phone
(281) 402-3682 fax
SueNorman@SueNormanLaw.com

## Certificate of Service

I hereby certify that on November 2, 2022, a true and correct copy of the foregoing document, together with all attachments has been served on Plaintiff's lead counsel, identified as being: William Helfand and also served upon Defendants Bitgood, and on Brad Beers by serving his counsel, WDunwoody@munckwilson.com via ECF filing and service.

*/s/ Susan C. Norman*
Susan C. Norman