**In the United States District Court
for the Southern District of Texas, Houston Division**

| | |
|---|---|
| **Lewis Brisbois Bisgaard & Smith, LLP,** | |
| Plaintiff, | **Civil Action No. 4:22-cv-3279** |
| v. | |
| **Michael Joseph Bitgood a/k/a "Michael Easton," *et al.*** | **Jury Demanded** |
| Defendants. | |

**Consolidated Response in Opposition to Defendants' Motions to Dismiss**

Plaintiff, Lewis Brisbois Bisgaard & Smith, LLP[1] responds in opposition to each of Defendants Michael Joseph Bitgood a/k/a "Michael Easton" and Susan C. Norman's numerous motions to dismiss,[2] all of which the Court should deny, for the following reasons:

---

[1] Plaintiff, Lewis Brisbois Bisgaard & Smith, LLP refers to itself as "Plaintiff."

[2] ECF Nos. 18, 19, 23, 28, 35-39, and 42.

# Table of Contents

Table of Authorities ................................................................................................ iii

Nature and Stage of the Proceedings ................................................................... 1

Summary of the Argument ..................................................................................... 2

Issues Presented ..................................................................................................... 2

Argument & Authorities ........................................................................................ 3

1.    The Court has subject matter jurisdiction over Plaintiff's claims ........................ 3

1.1.  The Court has federal question jurisdiction over Plaintiff's Lanham Act claims
      and supplemental jurisdiction over Plaintiff's state law claims ............................ 3

1.1.1. Plaintiff has standing to protect its registered and unregistered trademarks. ......... 5

1.1.2. Plaintiff's claims are not moot. .................................................................. 6

1.1.3. The judicial proceedings privilege does not apply. ............................................ 8

1.2.  The Court should deny Defendants' motion to dismiss based on abstention. ...... 11

1.3.  The Rooker-Feldman doctrine does not apply. ................................................. 14

2.    The Court has personal jurisdiction over Ms. Norman, a resident of the State of
      Texas who resides within the geographic boundaries of this Court. ................... 15

2.1.  Ms. Norman has waived her defenses under Rule 12(b)(4) and (5). .................... 16

3.    The Texas Citizens Participation Act does not apply in Federal Court. .............. 18

4.    The Court should deny Ms. Norman's motion to dismiss under Rule 12(b)(6). .. 18

4.1.  Plaintiff has stated claims for infringement of its registered and unregistered
      trademarks and trade names, and unfair competition. ......................................... 20

4.2.  Plaintiff's trademark and trade name claims are not barred by res judicata  or
      collateral estoppel. ............................................................................................. 22

4.3.  Attorney immunity does not apply to Plaintiff's claims against Norman. ........... 24

Prayer ..................................................................................................................... 26

Table of Authorities

Page(s)

**Cases**

*Ackerman McQueen, Inc. v. Stinchfield*,
  Civil Action No. 3:19-CV-03016-X, 2020 U.S. Dist. LEXIS 208027
  (N.D. Tex. Nov. 6, 2020) .............................................................................................10

*Allen v. Walmart Stores, L.L.C.*,
  907 F.3d 170 (5th Cir. 2018) ...............................................................................19, 20

*Alpert v. Riley*,
  No. H-04-3774, 2011 U.S. Dist. LEXIS 13260 (S.D. Tex. 2011)
  (Rosenthal, J.) .......................................................................................................12, 15

*Amazing Spaces, Inc. v. Metro Mini Storage*,
  608 F.3d 225 (5th Cir. 2010) .................................................................................4, 21

*Arbaugh v. Y & H Corp.*,
  546 U.S. 500 (2006) ......................................................................................................3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................................19

*BancPass, Inc. v. Highway Toll Admin., L.L.C.*,
  863 F.3d 391 (5th Cir. 2017) .....................................................................................8, 9

*Bd. of Supervisors for La. State Univ. Agric. and
  Mech. College v. Smack Apparel Co.*, 550 F.3d 465 (5th Cir. 2008) .......................5, 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................19

*Bell v. Starbucks U.S. Brands Corp.*,
  389 F. Supp. 2d 766 (S.D. Tex. 2005) ..........................................................................4

*Block v. Tex. Bd. of Law Exam'rs*,
  952 F.3d 613 (5th Cir. 2020) .........................................................................................3

*Bridal Expo, Inc. v. Van Florestein*,
  No. 4:08-cv-03777, 2009 U.S. Dist. LEXIS 7388 (S.D. Tex. 2009)
  (Ellison, J.) .................................................................................................................24

*Brown v. Pac. Life Ins. Co.*,
  462 F.3d 384 (5th Cir. 2006) .......................................................................................12

*Calogero v. Shows, Cali & Walsh, L.L.P.*,
  970 F .3d 576, 580 (5th Cir. 2020) ...........................................................................19

*Carr v. Montgomery County*,
  59 F. Supp. 3d 787 (S.D. Tex. 2014) (Miller, J. presiding) ...................................23, 24

*Causey v. Sewell Cadillac-Chevrolet, Inc.*,
  394 F.3d 285 (5th Cir. 2004) ....................................................................................20

*City of Clarksdale v. BellSouth Telecomms., Inc.*,
  428 F.3d 206 (5th Cir. 2005) ....................................................................................17

*Colo. River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976) ............................................................................................11, 12

*Ctr. for Individual Freedom v. Carmouche*,
  449 F.3d 655 (5th Cir. 2006) ......................................................................................6

*Derr v. Swarek*,
  766 F.3d 430 (5th Cir. 2014) ....................................................................................24

*DISA Glob. Sols., Inc. v. ASAP Drug Sols., Inc.*,
  No. 4:18-CV-2849, 2019 U.S. Dist. LEXIS 172161 (S.D. Tex. Sep. 27,
  2019) (Bennett, J.) ....................................................................................................18

*E.E.O.C. v. Jefferson Dental Clinics, PA*,
  478 F.3d 690 (5th Cir. 2007) ................................................................................23, 24

*Elvis Presley Enters. v. Capece*,
  141 F.3d 188 (5th Cir. 1998) ......................................................................................7

*Envtl. Conservation Org. v. City of Dall.*,
  529 F.3d 519 (5th Cir. 2008) ......................................................................................6

*Ethosenergy Light Turbines, LLC v. Barron*,
  No. H-19-1738, 2020 U.S. Dist. LEXIS 265869 (S.D. Tex. Jan. 14,
  2020) (Lake, J.) ........................................................................................................18

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
  544 U.S. 280 (2005) ..................................................................................................14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ..................................................................................................15

*Griener v. United States*,
  900 F.3d 700 (5th Cir. 2018) ......................................................................................3

*Haynes & Boone, LLP v. NFTD, LLC,*
   631 S.W.3d 65 (Tex. 2021) ................................................................................25

*Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.,*
   81 F. Supp. 3d 543 (S.D. Tex. 2015) (Harmon, J.) .......................................3

*Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee,*
   456 U.S. 694 (1982) ...........................................................................................16

*Isquith ex rel. Isquith v. Middle South Utilities, Inc.,*
   847 F.2d 186 (5th Cir. 1998) ..........................................................................20

*Jackson v. Deutsche Bank Tr. Co.,*
   583 F. App'x 417 (5th Cir. 2014) ...................................................................23

*Jackson v. FIE Corp.,*
   302 F.3d 515 (5th Cir. 2002) ..........................................................................17

*Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.,*
   10 F.4th 422 (5th Cir. 2021) ...........................................................................21

*Johnson v. De Grandy,*
   512 U.S. 997 (1994) ...........................................................................................14

*K.P. v. LeBlanc,*
   627 F.3d 115 (5th Cir. 2010) ........................................................................6, 7

*Kersh v. Derozier,*
   851 F.2d 1509 (5th Cir. 1988) ........................................................................17

*Klocke v. Watson,*
   936 F.3d 240 (5th Cir. 2019) ..........................................................................18

*Lee v. Samsung Elecs. Am., Inc.,*
   No. 4:21-cv-1321, 2022 U.S. Dist. LEXIS 181165 (S.D. Tex. Sep. 21,
   2022) (Palermo, Mag. J.) .................................................................................18

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,*
   594 F.3d 383 (5th Cir. 2010) ..........................................................................20

*Maiz v. Virani,*
   311 F.3d 334 (5th Cir. 2002) ......................................................................16, 17

*MCR Oil Tools, L.L.C. v. SPEX Grp. US, L.L.C.,*
   785 F. App'x 241 (5th Cir. 2019) ...................................................................18

*Nguyen v. Hoang,*
No. H-17-2060, 2020 U.S. Dist. LEXIS 260268 (S.D. Tex. 2020)
(Hittner, J.) ................................................................................................18

*Pension Advisory Grp., Ltd. v. Country Life Ins. Co.,*
771 F. Supp. 2d 680 (S.D. Tex. 2011) (Jack, J.) ..........................................4

*Porter v. Shearson Lehman Bros. Inc.,*
802 F. Supp. 41 (S.D. Tex. 1992) ................................................................20

*Rivera v. Autotransportes Fronterizos, M.G., S.A De C.V,*
No. 7:21-cv-00428, 2022 U.S. Dist. LEXIS 137636 (S.D. Tex. Aug. 3,
2022) (Alvarez, J.) ......................................................................................18

*Rosales v. Bazaldua,*
325 F. Supp. 3d 779 (S.D. Tex. 2017) (Atlas, J.) ..............................5, 6, 21

*Russell v. Clark,*
620 S.W.2d 865 (Tex. App.--Dallas 1981, writ ref'd n.r.e.) .......................10

*Shell Oil Co. v. Writt,*
464 S.W.3d 650 (Tex. 2015) ..........................................................................9

*Springboards to Educ., Inc. v. Pharr-San Juan Alamo Indep. Sch. Dist.,*
33 F.4th 747, 2022 WL 1468328 (5th Cir. 2022) ........................................20

*Stewart v. W. Heritage Ins. Co.,*
438 F.3d 488 (5th Cir. 2006) .......................................................................12

*Taco Cabana Int'l v. Two Pesos, Inc.,*
932 F.2d 1113 (5th Cir. 1991) .......................................................................7

*Tango Marine S.A. v. Elephant Grp., Ltd.,*
19 F.4th 808 (5th Cir. 2021) ........................................................................17

*Thibodeau v. Lyles,*
558 S.W.3d 166 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ...............9

*Thomas v. Bracey,*
940 S.W.2d 340 (Tex. App.—San Antonio 1997, no writ) .........................10

*Two Pesos, Inc. v. Taco Cabana, Inc.,*
505 U.S. 763 (1992) .......................................................................................5

*Walker v. Beaumont Indep. Sch. Dist.,*
938 F.3d 724 (5th Cir. 2019) .......................................................................20

*WickFire, L.L.C. v. Woodruff,*
   989 F.3d 343 (5th Cir. 2021) ....................................................................3, 4

*Wilson v. Birnberg,*
   667 F.3d 591 (5th Cir. 2012) ........................................................................8

*Wright v. Fannie Mae,*
   No. H-12-288, 2012 U.S. Dist. LEXIS 49435 (S.D. Tex. 2012) ................24

*Wyndham Vacation Ownership, Inc. v. Miller,*
   No. 6:19-cv-817-Orl-40EJK, 2019 U.S. Dist. LEXIS 186597 (M.D.
   Fla. Oct. 11, 2019) ....................................................................................10

**Statutes**

15 U.S.C. §1051................................................................................................1, 4

15 U.S.C. § 1114..................................................................................................20

15 U.S.C. § 1121...............................................................................................3, 6

28 U.S.C. § 1330..................................................................................................14

28 U.S.C. § 1331...............................................................................................3, 6

28 U.S.C. § 1338...............................................................................................3, 6

28 U.S.C. § 1367....................................................................................................3

Tex. Civ. Prac. & Rem. Code § 27.002 ..............................................................18

**Other Authorities**

Fed. R. Civ. P. 8(a)(2)..........................................................................................19

Fed. R. Civ. P. 12(b) ..................................................................................... *passim*

Fed. R. Civ. P. 12(d) ............................................................................................20

Texas Constitution Article I, Section 8..................................................................2

U.S. Constitution Fourteenth Amendment .............................................................2

### Nature and Stage of the Proceedings

On September 23, 2022, Plaintiff, Lewis Brisbois Bisgaard & Smith, LLP filed suit against Michael Joseph Bitgood a/k/a "Michael Easton," Richard P. Jones, Susan C. Norman, Bradley B. Beers, and the Texas entity known as "Lewis Brisbois Bisgaard & Smith, LLP"[3] for trademark and trade name infringement, unfair competition in violation of the Trademark Act of 1946, 15 U.S.C. §1051, *et seq.*, as amended (the "Lanham Act"), and related claims arising under Texas law.

On October 6, 2022, the Court held a hearing on Plaintiff's application for temporary restraining order during which both Bitgood and Ms. Norman admitted on the record that each had knowingly used Plaintiff's business name for what each stated they thought was a good business opportunity, usurping a well-known law firm's name and goodwill for these Defendants' competitive law and mediation practice.

After finding that the Plaintiff's law firm's name had gained secondary meaning in the market and the Plaintiff was the prior and superior user entitled to use of the trademark, the Court entered a temporary restraining order on October 7, 2022, restraining Defendants from using Plaintiff's registered and unregistered trademarks and trade names, and from holding themselves out as members of, representatives of, or otherwise having any relationship with or to Plaintiff or as being in any way affiliated with Plaintiff.

Since the Court entered the TRO, Bitgood and Norman have filed several motions to dismiss under Rules 12(b)(1), (2), (4), (5), and (6), the Texas Citizens Participation Act, and the abstention doctrine. Since none of these motions find any basis in law, and certainly none divest

---

[3] As set forth *infra*, on May 26, 2022, Bitgood and Beers unlawfully registered as a domestic limited liability partnership an entity known as "Lewis Brisbois Bisgaard & Smith, LLP." To avoid confusion with Plaintiff Lewis Brisbois, Lewis Brisbois refers to the entity Bitgood registered as the "Bitgood Entity."

this Court of subject matter jurisdiction over Plaintiff's claim under federal statute, a consolidated response to each of Defendants' numerous motions best subserves judicial economy. For the reasons here, the Court should deny each of these motions to dismiss.

## Summary of the Argument

Defendants Michael Bitgood and Susan Norman conspired to usurp and usurped Plaintiff Lewis Brisbois Bisgaard & Smith, LLP's trade name for Defendants' own "business opportunity," a clear and *admitted* violation of the Lanham Act and concomitant Texas law. Seeking to avoid the consequences of their own deceitful, malicious, and unlawful acts, Defendants have moved to dismiss Plaintiff's well-pled claims asserting several theories arising under Rule 12(b) and more obscure, inapplicable legal doctrines. Because none of Defendants' asserted *defenses* or avoidances apply, the Court should deny each of Defendants' motions to dismiss.

## Issues Presented

1.  The Court has federal question jurisdiction over Plaintiff's Lanham Act claims and supplemental jurisdiction over Plaintiff's state law claims.

2.  Plaintiff has standing to protect its registered and unregistered trademarks

3.  Plaintiff's claims are not moot

4.  The judicial proceedings privilege does not apply.

5.  The Court should deny Defendants' motion to dismiss based on abstention.

6.  The Rooker-Feldman doctrine does not apply.

7.  The Court has personal jurisdiction over Ms. Norman.

8.  The Texas Citizens Participation Act does not apply in Federal Court.

9.  The Court should deny Ms. Norman's motion to dismiss under Rule 12(b)(6).

10. Plaintiff has stated claims for infringement of its registered and unregistered trademarks and trade names, and unfair competition.

11. Plaintiff's trademark and trade name claims are not barred by res judicata  or collateral estoppel.

12.     Attorney immunity does not apply to Plaintiff's claims against Norman.

## Argument & Authorities

**1.     The Court has subject matter jurisdiction over Plaintiff's claims.[4]**

"Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (quotations omitted). Subject-matter jurisdiction "involves a court's power to hear a case." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Where, as here, "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Block v. Tex. Bd. of Law Exam'rs*, 952 F.3d 613, 616-17 (5th Cir. 2020) (citation omitted).

**1.1.     The Court has federal question jurisdiction over Plaintiff's Lanham Act claims and supplemental jurisdiction over Plaintiff's state law claims.**

It is well-established a federal district court has original federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Indeed, "[f]ederal courts have jurisdiction over a claim brought under a federal statute unless the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *WickFire, L.L.C. v. Woodruff*, 989 F.3d 343, 349 (5th Cir. 2021) (quotation omitted). In addition to the general basis for subject matter jurisdiction under § 1331 for this claim "brought under a federal statute," claims arising "under the Lanham Act … [separately] invoke[] federal question jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a)." *Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, 81 F. Supp. 3d 543, 561 (S.D. Tex. 2015)

---

[4] This section responds to Bitgood's motion to dismiss for lack of subject matter jurisdiction [ECF No. 28], and Norman's Rule 12(b)(1) motions [ECF Nos. 35-36] and brief in support [ECF No. 42].

(Harmon, J.) (citation omitted). There is no credible argument that this federal court had subject matter jurisdiction to hear and resolve Plaintiff's claims under the Lanham Act.

Further, federal courts also have "jurisdiction over the subject matter of [trademark and trade name] claims that arise under state law based upon the principals of supplemental jurisdiction, as provided in 28 U.S.C. § 1367, as well as the provisions of 28 U.S.C. § 1338(b), allowing jurisdiction over [state law] claims for [trademark infringement] and unfair competition joined with … claims under the federal trademark laws." *See Bell v. Starbucks U.S. Brands Corp.*, 389 F. Supp. 2d 766, 769 (S.D. Tex. 2005). This is based in part on the fact that a court's analysis of "claims under the Lanham Act will be dispositive of … corresponding claims under Texas law." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 n.7 (5th Cir. 2010). Indeed, "[a] trademark infringement and unfair competition action under Texas common law presents essentially no difference in issues than those under federal trademark infringement actions." *Id.* (cleaned up) (citing *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.*, 53 S.W.3d 799, 806 n.3 (Tex. App.—Austin 2001, pet. denied)).

Beyond this Court's clear subject matter jurisdiction over Plaintiff's federal statutory and Texas common law claims for Defendants' admitted trademark infringement, the Court has supplemental jurisdiction over state law claims arising from the same issues as a plaintiff's federal and state law trademark claims. *Cf., Pension Advisory Grp., Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 696 (S.D. Tex. 2011) (Jack, J.); *see also,* 4A Wright & Miller, supra, § 1069.7, at 228-29 (3d ed. 2002).

In the instant case, Plaintiff asserts claims for trademark infringement, trade name infringement, and unfair competition under the Lanham Act, 15 U.S.C. §1051, *et seq*., arising from Defendants' unlawful use of Plaintiff's registered and common law trademarks and trade names.

Plaintiff also asserts identical claims for trademark infringement, trade name infringement, and unfair competition under Texas trademark law, and state law claims for fraud and conspiracy arising from Defendants' unlawful conduct.

Even though it is simply indisputable that the Court has jurisdiction over Plaintiff's "Lanham Act claim[s] and, accordingly, pendent jurisdiction over each of [Plaintiff's] state-law tort claims," *WickFire, L.L.C. v. Woodruff*, 989 F.3d 343, 352 (5th Cir. 2021), Bitgood and Norman each seek dismissal of Plaintiff's claims for lack of subject matter jurisdiction. Based on the controlling statutes and case law, the Court may not dismiss this action under Rule 12(b)(1).

### 1.1.1.   Plaintiff has standing to protect its registered and unregistered trademarks.

"The Lanham Act was intended to make 'actionable the deceptive and misleading use of marks' and 'to protect persons engaged in … commerce against unfair competition.'" *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 767-78 (1992) (quoting 15 U.S.C. § 1127). "A mark need not be registered in order to obtain protection because ownership of trademarks is established by use, not by registration." *Rosales v. Bazaldua*, 325 F. Supp. 3d 779, 783-84 (S.D. Tex. 2017) (Atlas, J.) (cleaned up). "The protectability of unregistered marks is governed generally by the same principles that qualify a mark for registration under the Lanham Act." *Bd. of Supervisors for La. State Univ. Agric. and Mech. College v. Smack Apparel Co.*, 550 F.3d 465, 475 (5th Cir. 2008) (cleaned up) (citing *Two Pesos*, 514 U.S. at 163-64).

As stated in its complaint, Plaintiff's Lanham Act claims arise from Plaintiff's status as the owner and senior user of both registered trademarks and unregistered trademarks and trade names. To be sure, the mark Bitgood identifies is only one of several trademarks and trade names Plaintiff seeks to protect. Further, but importantly, Plaintiff's clearly states, "**[f]rom 2009 to 2020**, Lewis

Brisbois owned the registered servicemark, 'LEWIS BRISBOIS BISGAARD & SMITH,' … of which **Lewis Brisbois remains the owner and senior user**."[5]

Nonetheless, in his motion to dismiss for lack of subject matter jurisdiction, Bitgood argues the USPTO's July 20, 2020 cancellation of Plaintiff's registration of mark No. 3,722,172 shows that Plaintiff "conditioned [its] entire lawsuit and [its] standing to pursue a trademark … lawsuit on something that was not [Plaintiff's] in first instance on September 23, 2022."[6] Bitgood is not only incorrect, his argument does no more than simply demonstrate Bitgood's ignorance of the law.

"A mark **need not be registered** in order to obtain protection because ownership of trademarks is established by use, not by registration." *Bd. of Supervisors for La. State Univ. Agric. and Mech. College v. Smack Apparel Co*., 550 F.3d 465, 475 (5th Cir. 2008) (emphasis added). Just as this Court found in *Rosales*, 325 F. Supp. 3d at 783, as the common law owner and senior user of the "LEWIS BRISBOIS BISGAARD & SMITH" service mark, and as the common law owner and senior user of the "Lewis Brisbois Bisgaard & Smith, LLP" trade name, as the Court has already found in granting the TRO, it is beyond reasonable dispute Plaintiff has standing to assert trademark and trade name infringement claims under the Lanham Act and, thus, "federal subject matter jurisdiction exists [over Plaintiff's Lanham Act claims under] 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338."

**1.1.2. Plaintiff's claims are not moot.**

"[M]ootness is part of the Article III standing inquiry applicable to all suits filed in federal court." *Envtl. Conservation Org. v. City of Dall.*, 529 F.3d 519, 526 (5th Cir. 2008). "Generally,

---

[5] ECF No. 1 (emphasis added).

[6] ECF No. 28, pp. 4-5.

any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). Importantly, however, "[v]oluntary cessation even of all the conduct being challenged in a lawsuit does not moot a case." *K.P. v. LeBlanc*, 627 F.3d 115, 121 (5th Cir. 2010). Rather, in the context of claims for trademark infringement, the Fifth Circuit has held that "[c]easing the infringing activity does not allow an infringing party to escape liability." *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 198 (5th Cir. 1998). Otherwise, "[a] defendant, without court compulsion, could legally return to its former ways."[7] *LeBlanc*, 627 F.3d at 121.

In his motion to dismiss based on mootness,[8] Bitgood contends "[t]his case is moot"[9] because, "before this Court could even sign [a temporary restraining] order, … this Defendant … began the process to dissolve the [Bitgood Entity] and filed the paperwork evincing that with the Court within hours."[10] Notably, however, Bitgood's mere dissolution of the Bitgood Entity does not—and cannot as a matter of law—moot any of Plaintiff's causes of action or claims for relief, nor does Bitgood's dissolution of the Bitgood Entity moot Plaintiff's lawsuit *in toto*.

Rather, and consistent with its "considerable discretion in fashioning an appropriate remedy for infringement," *Taco Cabana Int'l v. Two Pesos, Inc.*, 932 F.2d 1113, 1127 (5th Cir. 1991), the Court's ability to enjoin Defendants' infringing uses extends to the Court's power to

---

[7] Indeed, the Defendants' unwillingness to enter into a permanent injunction is the very thing that has previously precluded settlement of this matter. That, coupled with Defendants' myriad frivolous motions has substantially increased Plaintiff's recoverable attorney's fees.

[8] ECF No. 18. Even though mootness challenges a court's subject-matter jurisdiction, the proper vehicle for which is a motion to dismiss under Rule 12(b)(1), Bitgood's motion to dismiss based on mootness is separate from Bitgood's motion to dismiss based on lack of subject matter jurisdiction.

[9] ECF No. 18, p. 10.

[10] *Id.*, pp. 7-8; *see also,* ECF No. 16.

issue injunctions against Defendants' possible resumption of their purportedly discontinued infringement. *See Elvis Presley Enters*., 141 F.3d at 198.

Even if, *arguendo*, the Court decides a preliminary injunction is unnecessary based on Bitgood's dissolution of the Bitgood Entity and Bitgood's "professed intent to discontinue infringing activities," Defendants' possible "cessation of infringing activity does not affect the determination of liability." *Id.* Rather, "[a] suit may become moot only as to a particular form of relief. Therefore, [federal courts] separately analyze mootness as to the claims supporting money damages and for equitable relief." *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). Because Bitgood has not shown his dissolution of the Bitgood Entity moots Plaintiff's claim for injunctive relief, let alone Plaintiff's other claims and causes of action, the Court should deny Bitgood's motion to dismiss based on mootness. To the contrary, by refusing to work with Plaintiff, in the dissolution of his infringing entity, as Plaintiff requested shortly after the TRO hearing, Bitgood has actually caused Plaintiff further harm because Bitgood has now created a record with the Texas Secretary of State suggesting that Plaintiff—the owner of the name—has forfeited its registration with the State. This further harm now must be addressed in additional injunctive relief, damages, and attorney's fees Bitgood has made necessary by Bitgood's reckless—at best—additional misconduct.

### 1.1.3.   The judicial proceedings privilege does not apply.

Separate from Bitgood's motions to dismiss for lack of subject matter jurisdiction, Norman seeks dismissal under Rule 12(b)(1) based on the **affirmative defense** of the judicial proceedings privilege. More specifically, Norman contends the judicial proceedings privilege applies because "[t]his case has its genesis in state court and is inexorably intertwined with the same legal concepts

and issues—which entity had the right to file suit as Lewis, Brisbois, Bisgaard & Smith, LLP in the Texas state court."[11] Ms. Norman is incorrect for several reasons:

"Under Texas law, '[c]ommunications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made.'" *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 401 (5th Cir. 2017) (quoting *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982) (per curiam)). "The privilege facilitates the proper administration of justice by promoting 'full and free disclosure of information … by participants in judicial proceedings.'" *Id.* (quoting *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015)). Nonetheless, the Fifth Circuit has cautioned against enlarging the privilege into a license to "go about in the community and make false and slanderous charges against [a] court adversary." *BancPass*, 863 F.3d at 402. Rather, the defamatory statement must have "some relation to the proceeding" for the privilege to apply. Restatement (Second) of Torts § 587 (1977); *see also Shell Oil*, 464 S.W.3d at 654-55. It will be hard for any Defendant to prove their *affirmative defense* that usurping the name of the law firm of their opposing counsel, so that the lawsuit to which Ms. Norman refers showed the name Lewis, Brisbois, Bisgaard, and Smith as counsel on both sides of the docket served to promote the 'full and free disclosure of information … by participants in judicial proceedings. But, since the privilege is an affirmative defense, that question will have to wait for another day, after discovery. It is not a ground for dismissal any more than any other affirmative defense.

Moreover, it is clear from the pleadings the judicial proceedings privilege does not apply to Plaintiff's claims because Plaintiff does not assert libel, slander, or defamation claims against

---

[11] ECF No. 42, p. 13.

any Defendant. Plaintiff's claims solely arise from Norman's and the other Defendants' willful infringement of Lewis Brisbois's trademarks and trade names.

But, even assuming *arguendo*, this was not obvious on the face of the pleadings, the Court cannot rule on Norman's affirmative defense at this point and without discovery because, contrary to Norman's assertion otherwise, the judicial proceedings privilege does not act "as a total bar of this suit."[12] First and foremost, "this privilege results **in a defense to the merits** of such claims rather than a dismissal for lack of subject matter jurisdiction." *Thibodeau v. Lyles*, 558 S.W.3d 166, 171 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (emphasis added); *see also Wyndham Vacation Ownership, Inc. v. Miller*, No. 6:19-cv-817-Orl-40EJK, 2019 U.S. Dist. LEXIS 186597, at *21 (M.D. Fla. Oct. 11, 2019) (denying motion to dismiss based on the essentially identical Florida rule).

Moreover, whether an alleged defamatory matter is related to a proposed or existing judicial proceeding is a question of law to be determined by the court, *see, e.g.*, *Russell v. Clark*, 620 S.W.2d 865, 868 (Tex. App.--Dallas 1981, writ ref'd n.r.e.); *Thomas v. Bracey*, 940 S.W.2d 340, 343 (Tex. App.—San Antonio 1997, no writ), but determining whether any such communication is absolutely privileged first requires sufficient discovery. *Ackerman McQueen, Inc. v. Stinchfield,* Civil Action No. 3:19-CV-03016-X, 2020 U.S. Dist. LEXIS 208027, at *5 (N.D. Tex. Nov. 6, 2020).

Ms. Norman also falsely contends "the sole use of the trade name 'Lewis Brisbois Bisgaard & Smith, LLP['] by Defendants was confined to use in judicial proceedings and/or in registering the name for use in a court proceeding."[13] But as discussed at-length in Lewis Brisbois's

---

[12] ECF Nos. 35-36, 42.

[13] *Id*., p. 14.

complaint, the state court lawsuit is nothing more than prologue to Defendants' willfully, deceitfully, and maliciously infringing upon Lewis Brisbois's legally protectable and protected marks and name to promote, market, advertise, and conduct Defendants' purported "mediation and related services" business. Contrary to the revisionist history contained in her Rule 12(b)(1) motion, Ms. Norman, Bitgood, and Defendants did not confine their use of Lewis Brisbois's marks and name to judicial proceedings:



Further, and fatal to her assertion of the judicial proceeding privilege, Ms. Norman admitted to the Court during the temporary restraining order hearing that Defendants' use of Plaintiff's name and marks exceeded filing pleadings with the false name in the state court lawsuit.[15] As Ms. Norman has already conceded to the Court, the statements or communications at issue do not prohibit the instant lawsuit to enforce Plaintiff's trademark and trade name rights.[16]

**1.2.    The Court should deny Defendants' motion to dismiss based on abstention.[17]**

Keeping in mind the **express** grant of federal court jurisdiction conferred under the Lanham Act, it is worth noting that the Supreme Court has held that federal district courts have a "virtual

---

[14] ECF No. 1, ¶ 28; ECF No. 1-12.

[15] ECF No. 24, 13:17-13:20, 13:25-14:11, 15:5-15:7, 15:25-16, 21:4-21:10.

[16] Further, none of the cases Norman identifies as implicating both the judicial proceedings privilege and the Lanham Act involve the application of the privilege to a trademark infringement claim.

[17] ECF No. 23.

unflagging obligation … to exercise the jurisdiction given to them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quotation omitted). "[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir. 2006) (quoting *Colo. River*, 424 U.S. at 813).

Nonetheless, a federal court *may* abstain if a parallel proceeding presents "extraordinary and narrow" circumstances. *Colo. River*, 424 U.S. at 813. Proceedings are considered to be parallel only if they "involv[e] the same parties and the same issues." *Brown*, 462 F.3d at 395 n.7. In other words, "[t]he central inquiry is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Alpert v. Riley*, No. H-04-3774, 2011 U.S. Dist. LEXIS 13260, at *36 (S.D. Tex. 2011) (Rosenthal, J.). If state and federal suits are parallel, the federal court must then evaluate whether there are "exceptional circumstances" that make abstention appropriate. These factors include:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006) (citing *Kelly Inv. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002)); *see Colo. River*, 424 U.S. at 818. "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Brown*, 462 F.3d at 395 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

Abstention in not appropriate in this case because the state and federal court proceedings are not parallel. *Compare, Brown*, 462 F.3d at 395 n. 7. The state court proceeding arises from Bitgood and Richard Jones's allegations that Karina Martinez, Mariana Sullivan, Imperial Lofts, LLC had improperly charged rental fees and filed eviction petitions against Bitgood and Jones.[18] The issue of Plaintiff's superior right to use its trademark was not at all an issue in the state case until Defendants chose to make it one. As part of the state lawsuit, Bitgood alleged Plaintiff "voluntarily gave up its right to do business in Texas under that name," David Oubre of Plaintiff's Houston office "allowed the [Plaintiff's registration to conduct business in the State of Texas] to expire, thereby allowing the [Bitgood Entity] to be formed, registered and approved by the Texas Secretary of State."[19] But, just as will be relevant to Ms. Norman's frivolous privilege defense, nothing about the state court suit implicated or necessitated Defendants' conduct in injecting the issue into that lawsuit with the intent to cause the very confusion the Lanham Act prohibits.

Of course, Defendants' argument about Plaintiff is registered to do business in the State of Texas simply displays even greater ignorance because, **as this Court explained to the Defendants during the TRO hearing**, the question of whether Plaintiff is registered to do business in the State of Texas is a wholly distinct and immaterial issue unrelated to Plaintiff's right to protect its **national** trademark and Defendants' infringement upon Plaintiff's trademark and trade name rights in the federal lawsuit. Further, as Bitgood has reported, the state court lawsuit has settled and, while Plaintiff has sought to correct an errant order finding that Plaintiff was not registered to do business in the State of Texas and that one of its lawyers lacked authority to represent the defendants in that suit, a judgment on those issues will have no effect on resolving the issue of

---

[18] ECF No. 1, ¶ 17.

[19] *Id.*, ¶ 24.

Defendants' infringement of Plaintiff's trademarks and trade names, Defendants' unfair competition and confusion of the mark, Defendants' fraud, and Defendants' conspiracy against Plaintiff to do so.

Of course that is why Bitgood and Ms. Norman wholly fail to even analyze whether the federal and state court proceedings are parallel, nor do Bitgood and Ms. Norman mention, let alone demonstrate how any of the six factors favor abstention. Further, while Bitgood and Ms. Norman broadly explain various "abstention doctrines," these Defendants fail to explain how any of those doctrines apply to the instant lawsuit. Rather, Defendants merely conclude their incoherent abstention argument by asserting, "[i]n the case at bar, all the doctrines of abstention are present in this one single case, which is in fact, amazing in and of itself."[20] While there are some amazing things about what Defendants – one of them an educated and licensed attorney – have filed, the applicability of abstention is not one of them. Despite their purely conclusory assertion, Defendants have failed to prove a basis for abstention and none exists.

**1.3.     The *Rooker-Feldman* doctrine does not apply.**

In Bitgood and Ms. Norman's joint motion to dismiss based on abstention, and in Ms. Norman's Rule 12(b)(1) motion, Defendants contend the *Rooker-Feldman* doctrine bars the Court from exercising its subject matter jurisdiction over Plaintiff's federal and related state law claims in the instant proceeding. That is simply not so.

*Rooker-Feldman* prevents state-court litigants "from seeking what in substance would be appellate review of the state ***judgment*** in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (emphasis added). This rule derives from 28 U.S.C. § 1330, which limits

---

[20] ECF No. 23, ¶ 55.

district-court jurisdiction to cases in which federal courts have original jurisdiction, and § 1257, which gives the Supreme Court jurisdiction to hear appeals from a state's highest court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 290-91 (2005). For *Rooker-Feldman* to apply, four conditions must be satisfied: "1) the case must be brought by a **state court loser**; 2) the injury alleged must be caused by the **state court judgment**; 3) the **judgment** must have been rendered ***before*** the district court proceedings commenced; and 4) the case must invite district court review and rejection of that judgment." *See Alpert* at \*24-27.

The *Rooker-Feldman* doctrine is unquestionably inapplicable here. First, there is no underlying state court judgment against Plaintiff. Rather, the state court proceeding remains open and pending with a *de novo* hearing of the Associate Judge's September 13, 2022 and September 27, 2022 recommendations scheduled before Fort Bend County Court at Law No. 3 on November 29, 2022. Further, as discussed, that state court suit does not involve Defendants' fraud and infringement of Plaintiff's trademarks. Plaintiff's injury in the instant case arises from Defendants' use and threatened use of Plaintiff's trademarks and trade name, not the associate judge's *recommendations* about whether Plaintiff was registered to conduct business or whether one of its lawyers had authority to represent one or more parties in that lawsuit over an eviction. Even further, since the state court has not yet entered judgment, *Rooker-Feldman* simply could not apply, even if it might otherwise.

## 2. The Court has personal jurisdiction over Ms. Norman, a resident of the State of Texas who resides within the geographic boundaries of this Court.[21]

A district court unquestionably has personal jurisdiction over a *resident* defendant. *See, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011). As alleged in

---

[21] This section responds to Ms. Norman's Rule 12(b)(2), (4), and (5) Motions [ECF Nos. 37-38].

Plaintiff's complaint, each individual Defendant—Bitgood, Norman, Beers, and Jones—is a resident of the State of Texas and each individual Defendant resides within the geographic boundaries of this Court. Similarly, Defendants organized the Bitgood Entity as a Texas LLP with an address in Richmond, Texas.

Nonetheless, as the height of frivolity, Norman argues dismissal is proper under Rule 12(b)(2) "[b]ecause the Defendants have not been served with summons and the complaint in this case" and, thus, "the Court has not acquired personal jurisdiction over any of the Defendants."[22] Not only does Ms. Norman ignore her own separate motion that argues for dismissal based on lack of service – a concept wholly distinct from personal jurisdiction – Ms. Norman's attempt to apply Rule 12(b)(2) is belied by her own recitation of the standard of review under that Rule, "On such a motion [under Rule 12(b)(2)], the plaintiff bears the burden of establishing personal jurisdiction over a **non-resident defendant**."[23] Since it is undisputed and indisputable that each Defendant, including Ms. Norman, is a ***resident*** of the State of Texas located within the geographic boundaries of this Court, the Court should deny Ms. Norman's motion to dismiss under Rule 12(b)(2).

## 2.1.    Ms. Norman has waived her defenses under Rule 12(b)(4) and (5).

"[B]efore a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) (quoting *Omni Capital International, Ltd., et. al., v. Rudolf Wolff & Co., Ltd., et. al.*, 484 U.S. 97, 104 (1987)). Nonetheless, a party "may submit to the jurisdiction of the court by appearance. A variety of legal arrangements have been taken to represent express or implied

---

[22] ECF No. 37, pp. 17-18; ECF No. 38, pp. 4, 7.

[23] ECF No. 38, p. 7 (emphasis added) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

consent to the personal jurisdiction of the court." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982).

For example, "[a] defense of … insufficiency of process, or insufficiency of service of process is waived" *Kersh v. Derozier*, 851 F.2d 1509, 1511 n.3 (5th Cir. 1988), if a party "fails to assert that objection in his first pleading or general appearance." *Jackson v. FIE Corp*., 302 F.3d 515, 523 (5th Cir. 2002). Ms. Norman has unquestionably made a general appearance long before she filed these motions. "A party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction." *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) (quoting *Maiz*, 311 F.3d at 340).

"When determining whether a party has made a general appearance, [the court] inquire[s] whether the party has made 'some presentation or submission to the court.'" *Tango Marine S.A. v. Elephant Grp., Ltd.*, 19 F.4th 808, 813 (5th Cir. 2021) (quoting *Cactus Pipe & Supply Co. v. M/V Montmartre*, 756 F.2d 1103, 1108 (5th Cir. 1985)). "This can arise from … a defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to [her]self or detrimental to plaintiff other than one contesting only the jurisdiction or by reason of some act or proceedings recognizing the case as in court." *Id*. (quotation marks and citation omitted). In other words, "the focus is on affirmative action that impliedly recognizes the court's jurisdiction over the parties." *Maiz*, 311 F.3d at 340.

Under this well-settled law, Ms. Norman waived her right to receive service of process when she appeared for the TRO hearing and certainly no later than when Ms. Norman *affirmatively* moved the Court to sustain her objections to Plaintiff's proposed temporary restraining order without raising her purported defenses under Rule 12(b)(2), (4), and (5).[24]

---

[24] ECF No. 13.

3.      **The Texas Citizens Participation Act does not apply in Federal Court.**[25]

Mr. Bitgood also seeks dismissal under the Texas Citizens Participation Act, Tex. Civ. Prac. & Rem. Code § 27.001, *et seq.* The TCPA is an anti-SLAPP (Strategic Litigation Against Public Participation) statute designed to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law." Tex. Civ. Prac. & Rem. Code § 27.002.

The Fifth Circuit has made abundantly clear "the TCPA does not apply … in federal court." *Klocke v. Watson*, 936 F.3d 240, 249 (5th Cir. 2019); *see, e.g., MCR Oil Tools, L.L.C. v. SPEX Grp. US, L.L.C.*, 785 F. App'x 241, 242 (5th Cir. 2019). This Court has *repeatedly* held in accord. *Nguyen v. Hoang*, No. H-17-2060, 2020 U.S. Dist. LEXIS 260268, at *4 n.6 (S.D. Tex. 2020) (Hittner, J.); *Ethosenergy Light Turbines, LLC v. Barron*, No. H-19-1738, 2020 U.S. Dist. LEXIS 265869, at *3 (S.D. Tex. Jan. 14, 2020) (Lake, J.); *DISA Glob. Sols., Inc. v. ASAP Drug Sols., Inc.*, No. 4:18-CV-2849, 2019 U.S. Dist. LEXIS 172161, at *6 (S.D. Tex. Sep. 27, 2019) (Bennett, J.); *see also Lee v. Samsung Elecs. Am., Inc.*, No. 4:21-cv-1321, 2022 U.S. Dist. LEXIS 181165, at *25-26 (S.D. Tex. Sep. 21, 2022) (Palermo, Mag. J.); *Rivera v. Autotransportes Fronterizos, M.G., S.A De C.V*, No. 7:21-cv-00428, 2022 U.S. Dist. LEXIS 137636, at *6 n.24 (S.D. Tex. Aug. 3, 2022) (Alvarez, J.) (collecting cases). The Court should deny Bitgood's motion to dismiss under the TCPA.

4.      **The Court should deny Ms. Norman's motion to dismiss under Rule 12(b)(6).**[26]

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) authorizes

---

[25] This section responds to Ms. Norman's Rule 12(b)(2), (4), and (5) Motions. ECF No. 37 and 38.

[26] *See* ECF Nos. 39-40. Because Norman's first two grounds for dismissal under Rule 12(b)(6) pertain to the judicial proceeding privilege, Plaintiff incorporates the argument discussed *supra*.

the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F .3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. *Twombly*, 550 U.S. at 556. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.*

Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Allen*, 907 F.3d at 177 (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss under Rule 12(b)(6), the court must limit itself to: (i) the facts in the complaint; (2) documents attached to the complaint; and (3) matters of which the court may take judicial notice. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The court has discretion to consider "any documents attached to the complaint[] and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir.

2010). Such documents are considered part of the pleadings. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

In cases where, as Norman does here, a movant presents matters outside of the pleadings, the court has complete discretion to exclude these materials from its consideration. *See Isquith ex rel. Isquith v. Middle South Utilities, Inc*., 847 F.2d 186, 193-94 (5th Cir. 1998). If the court does not exclude those matters, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Although the court may consider the extra-pleading materials and convert the motion to one for summary judgment, the court finds that doing so is premature because discovery is ongoing and all relevant evidence is not before the court. *See Porter v. Shearson Lehman Bros. Inc.*, 802 F. Supp. 41, 52 (S.D. Tex. 1992) (citing *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988)).

### 4.1. Plaintiff has stated claims for infringement of its registered and unregistered trademarks and trade names, and unfair competition.

The Lanham Act imposes civil liability for the infringement of registered and unregistered trademarks. 15 U.S.C. §§ 1114(1); 1125(a); *see also Springboards to Educ., Inc. v. Pharr-San Juan Alamo Indep. Sch. Dist.*, 33 F.4th 747, 2022 WL 1468328, at *2 (5th Cir. 2022). The asserted federal causes of action and Texas common law trademark infringement and unfair competition claims all require the same elements of proof. *See Amazing Spaces*, 608 F.3d at 235 n. 7-8. To plead a claim for trademark infringement in violation of the Lanham Act, a plaintiff must allege that: (1) the plaintiff possesses a legally protectable trademark and (2) the defendant's use of this trademark creates a likelihood of confusion as to source, affiliation, or sponsorship. *See Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 426 (5th Cir. 2021) (citation omitted).[27]

---

[27] Contrary to Norman's assertion that "use in commerce" is an essential element of a claim under the Lanham Act is simply incorrect.

As discussed *supra*, "[a] mark need not be registered in order to obtain protection because ownership of trademarks is established by use, not by registration." *Rosales*, 325 F. Supp. 3d at 783-84.

In the instant lawsuit, Plaintiff has asserted claims under federal and state law for infringement of Plaintiff's registered and unregistered trademarks, infringement of Plaintiff's trade names, and unfair competition. In support of those claims, Plaintiff has asserted the following facts, among others, demonstrating Plaintiff's marks and names are legally protectable:

- Since 2002, Lewis Brisbois has been known as "Lewis Brisbois Bisgaard & Smith, LLP." In addition to conducting business as "Lewis Brisbois Bisgaard & Smith, LLP," Lewis Brisbois conducts business and has continuously conducted business using shortened or abbreviated versions of its name including, but not limited to "Lewis Brisbois Bisgaard & Smith," "Lewis Brisbois," and "LBBS."[28]

- Lewis Brisbois is the owner and senior user of the word marks "LEWIS BRISBOIS BISGAARD & SMITH LLP," "LEWIS BRISBOIS BISGAARD & SMITH," and "LEWIS BRISBOIS," which Lewis Brisbois has used in commerce since at least 2002.[29]

- From 2009 to 2020, Lewis Brisbois owned the registered servicemark, "LEWIS BRISBOIS BISGAARD & SMITH," … of which Lewis Brisbois remains the owner and senior user.[30]

- Lewis Brisbois is also the owner and senior user of the registered service marks "LB" and "LB LEWIS BRISBOIS."[31]

Further, Plaintiff has also alleged facts demonstrating that Defendants' use of Plaintiff's marks and names creates a likelihood of confusion as to source, affiliation, or sponsorship:

- Defendants' unauthorized use of Lewis Brisbois's marks in connection with the marketing, promotion, or advertising of Defendants' "mediation and related services" is likely to cause confusion and mistake, and is likely to deceive the public, including state and federal courts, and Lewis Brisbois's clients, prospective clients, employees,

---

[28] ECF No. 1, ¶ 9.

[29] *Id.*, ¶ 11.

[30] *Id.*, ¶ 12.

[31] *Id.*, ¶ 13.

and adversaries, by suggesting some affiliation, connection, or association between Lewis Brisbois and Defendants when there is no such connection.[32]

- Defendants' unauthorized use of Lewis Brisbois's names to promote, market, advertise, and conduct Defendants' purported "mediation and related services" business is likely to cause confusion and mistake, and is likely to deceive the public, including state and federal courts, and Lewis Brisbois's clients, prospective clients, employees, and adversaries, by suggesting some affiliation, connection, or association between Lewis Brisbois and Defendants when there is no such connection.[33]

- From 2009 to 2020, Lewis Brisbois owned the registered servicemark, "LEWIS BRISBOIS BISGAARD & SMITH," … of which Lewis Brisbois remains the owner and senior user.[34]

Further, and fatal to Norman's arguments under Rule 12(b)(6), the Court, in its temporary restraining order, has already found, in pertinent part, that:

> Defendants are infringing on Plaintiff's trademarks and service marks, both registered and unregistered and which the Court finds have achieved secondary meaning, in violation of the Trademark Act of 1946, 15 U.S.C. §1051, et seq., as amended (the "Lanham Act"); Plaintiff has established a substantial likelihood of success on the merits of its claims.[35]

In light of Plaintiff's well-pleaded claims under the Lanham Act and identical claims under Texas law, as well as the Court's finding that Plaintiff has "established a substantial likelihood of success on the merits of its claims," the Court should determine that dismissal under Rule 12(b)(6) is inappropriate and deny Norman's motion for failure to state a claim.

## 4.2.    Plaintiff's trademark and trade name claims are not barred by *res judicata* or collateral estoppel.

Claims preclusion or "*[r]es judicata* 'bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those that were actually tried.'" *Jackson v. Deutsche Bank Tr. Co.*, 583 F. App'x 417, 419 (5th

---

[32] *Id.*, ¶ 33.

[33] *Id.*, ¶ 40. *See also, id.*, ¶ 43 (unfair competition).

[34] *Id.*, ¶ 12.

[35] ECF No. 14, p. 1.

Cir. 2014) (quoting *Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1252 (5th Cir. 1991)). "In determining whether res judicata bars a claim, federal courts 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Id.* at 417-18 (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). *Res judicata* requires "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *E.E.O.C. v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007) (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

Similarly, "[t]he doctrine of collateral estoppel 'precludes relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit.'" *Carr v. Montgomery County*, 59 F. Supp. 3d 787, 799 (S.D. Tex. 2014) (Miller, J. presiding). A party seeking to assert the bar of collateral estoppel must establish (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Id.* at 800 (citing *John G. and Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 288 (Tex. 2002)).

In her motion under Rule 12(b)(6), Ms. Norman argues "Plaintiff has failed to state a claim because the threshold issue of which entity (in Texas) had the right to use the name Lewis Brisbois Bisgaard & Smith LLP, had already been decided adversely to Plaintiff by the state court tribunal," and, thus, "Plaintiff's claim is therefore precluded from re-litigation by one or more of the follow doctrines: issue preclusion, *res judicata*, and collateral estoppel."[36] Ms. Norman could not be more incorrect.

---

[36] ECF No. 40, p. 20.

First, as this Court, Judge Ellison presiding has explained in quoting the Fifth Circuit, "generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." *Wright v. Fannie Mae*, No. H-12-288, 2012 U.S. Dist. LEXIS 49435, at *4 (S.D. Tex. 2012). "Whenever a claim is foreclosed by a final judgment, the party invoking res judicata must demonstrate that the doctrine applies." *Derr v. Swarek*, 766 F.3d 430, 443 (5th Cir. 2014). Indeed, it is a plea that must be raised in an answer, so Plaintiff is not ambushed by its assertion. See, *Bridal Expo, Inc. v. Van Florestein*, No. 4:08-cv-03777, 2009 U.S. Dist. LEXIS 7388, at *7 n.5 (S.D. Tex. 2009) (Ellison, J.) (cleaned up). No Defendant has answered. so none have raised these affirmative defenses.

Moreover, the doctrines of *res judicata* and collateral estoppel only preclude re-litigation of a claim where a court of competent jurisdiction has entered a final judgment on the merits. *See Jefferson Dental*, 478 F.3d at 694; *Carr*, 59 F. Supp. 3d at 799. Defendants would have to establish these defenses with evidence, which would be adduced in discovery. Here, however, there is no final judgment on the merits permitting Norman or any other Defendant could assert *res judiciata* or collateral estoppel. According, Norman's assertion of these doctrines fails as a matter of law.

### 4.3. Attorney immunity does not apply to Plaintiff's claims against Norman.

Ms. Norman also contends that "Plaintiff has failed to state a claim against … Norman because she is entitled to attorney immunity, as all acts and use of the name Lewis Brisbois Bisgaard & Smith, LLP by … Norman were done in the context of the state-court litigation and in her capacity as an attorney."[37] Ms. Norman is once again flatly incorrect.

Even if she were correct – she is not – the assertion is not grounds for dismissal because "[a]ttorney immunity is an **affirmative defense**…" *Haynes & Boone, LLP v. NFTD, LLC*, 631

---

[37] ECF No. 40, p. 21.

S.W.3d 65, 73 (Tex. 2021) (cleaned up) (emphasis added). "[I]mmunity applies when a non-client's claim is based on an attorney's conduct within the scope of his representation of his clients, as opposed to conduct that is outside the scope of his representation of his client or foreign to the duties of a lawyer." *Id*. at 76 (quotations omitted).

Not only would Ms. Norman have the burden to prove immunity, attorney immunity does not apply, where, as here, "an attorney personally participates 'in a fraudulent business scheme with [her] client,' as opposed to on [her] client's behalf, the attorney 'will not be heard to deny his liability' because 'such acts are entirely foreign to the duties of an attorney.'" *Id*. at 88 (citations omitted). As discussed *supra* and at length in Plaintiff's complaint, Norman and Bitgood, a non-lawyer, former the Bitgood Entity to infringe upon Plaintiff's trademarks and trade names for Norman and Bitgood to use in a mediation and arbitration business. Because Norman's fraudulent actions are clearly foreign to Norman's duties as an attorney, attorney immunity does not apply here. To be sure, it is not a ground for dismissal.

## Conclusion

At the hearing on the TRO, these Defendants admitted the obvious – they conspired to usurp and usurped Plaintiff's trade name for Defendants' own "business opportunity," a clear and *admitted* violation of the Lanham Act and concomitant Texas law. Now, having been caught, Defendants are grasping at anything they can think of – but nothing they can support – to attempt to avoid answering for their admitted fraudulent conduct. The Court has subject matter jurisdiction over the well-pled claims and personal jurisdiction over the Defendants. None of Defendants' asserted *defenses* or avoidances apply; certainly not at this stage.

Since Defendants refused Plaintiff's offer of a non-monetary settlement and they all suspiciously refuse a permanent injunction to protect Plaintiff's trademarks in the future, Defendants must answer for their admitted misconduct in this action.

### Prayer

Plaintiff, Lewis Brisbois Bisgaard & Smith, LLP respectfully requests the Court deny each of Defendants' motions to dismiss and award Plaintiff any other and further relief, general and special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Dated: November 11, 2022                Respectfully submitted,


**Lewis Brisbois Bisgaard & Smith LLP**

*/ s / Sean O'Neal Braun*
William S. Helfand
Attorney-in-Charge
Texas Bar No. 09388250
Bennett G. Fisher
Texas Bar No. 07049125
Shane L. Kotlarsky
Texas Bar No. 24083329
Sean O'Neal Braun
Texas Bar No. 24088907
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
bill.helfand@lewisbrisbois.com
bennett.fisher@lewisbrisbois.com
shane.kotlarsky@lewisbrisbois.com
sean.braun@lewisbrisbois.com

**Attorneys for Plaintiff,**
**Lewis Brisbois Bisgaard & Smith, LLP**

**Certificate of Service**

I certify a true and correct copy of the foregoing document has been served on all parties and counsel *of record* by electronic filing on November 11, 2022

/ s / *Sean O'Neal Braun*
Sean O'Neal Braun