IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Lewis Brisbois Bisgaard and Smith LLP,** § § § § § § § § § § | | |
| Plaintiff, | | |
| v. | | Case Number: 4:22-cv-03279 |
| **Michael Joseph Bitgood, a/k/a/ "Michael Easton," *et al*.** | | |
| Defendants. | | |

SUSAN C. NORMAN'S REPLY TO
PLAINTIFF'S CONSOLIDATED RESPONSE
IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Respectfully submitted,

*/s/ Susan C. Norman*
Susan C. Norman, ***pro se***
So. District of Texas ID 20492
SBOT 15083020
Law Office of Susan C. Norman
P.O. Box 55585
Houston, Texas 77255
(713) 288-2066 phone
(281) 402-3682 fax
SueNorman@SueNormanLaw.com

## TABLE OF CONTENTS

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

**TABLE OF CITATIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii – iii

I.      **"The Judicial Proceedings Privilege"**

         Plaintiff's Position                The Law . . . . . . . . . . . . . . . . . . . . . . . 1

         Injury to Reputation requirement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

         Judicial Proceedings Privilege is Total Immunity from Suit . . . . . . . . . . . . . 2

         Fifth Circuit Regarding Issues of Immunity . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.     **Use In Commerce**

         Plaintiff's Position                The Law . . . . . . . . . . . . . . . . . . . . . . . 7

         Ownership in the Marks Coupled with a Use in Commerce . . . . . . . . . . . . . 8

         Whether the Complaint States a Valid Claim or Conclusory Allegations . . . 9

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF CITATIONS

**Federal Cases**                                                                                                    **Page**

*Accresa Health LLC v. Hint Health Inc.*,
    2020 U.S. Dist. LEXIS 90834 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Accresa Health LLC v. Hint Health, Inc.*
    2020, U.S. Dist. LEXIS 90064 (E.D. Tex. May 22, 2020) . . . . . . . . . . . . . . . 4

*BancPass, Inc. v. Highway Toll Admin., L.L.C.*
    863 F.3d 391 (5th Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Belmora LLC v. Bayer Consumer Care AG*
    819 F.3d 697 (4th Cir. 2015, cert. denied) . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 8

*Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Clearline Techs., Ltd. V. Cooper B-Line,
    2012 U.S. Dist. LEXIS 2116 (SDTX 2012) . . . . . . . . . . . . . . . . . . . . . . . . 9-10

*Die-Mension Corp. v. Dun & Bradstreet Credibility Corp.*,
    2015 U.S. Dist. LEXIS 121065 (W.D. Wash. Sept. 10, 2015) . . . . . . . . . . . . . 3

*Global Tech LED, LLC v. Hilumz Int'l Corp*,
    2016 U.S. Dist. LEXIS 70584 (M.D. Fla. May 31, 2016) . . . . . . . . . . . . . . . . . 3

*Microsoft Corp. v. Wholesale Club, Inc.*
    129 F.Supp.2d 995 (S.D. Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Middaugh v. Interbank*
    528 F.Supp. 3d 509 (NDTX 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Phillip Morris USA, Inc. V. Lee*
    547 F. Supp. 2d 667 (WDTX 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pulse Health LLC v. Akers Biosciences*, Inc.
    2017 U.S. Dist. LEXIS 57480, (DCOR) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*R2 Investments LDC v. Phillips*, 401 F.3d 638 (5th Cir. 2005) . . . . . . . . . . . . . . . . . 9

*Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*,
    365 F.3d 353 (5th Cir. 2004)... 9

*Shanks v. AlliedSignal, Inc.*, 169 F.3d 988 (5th Cir. 1999)... 4

**State cases**

*Bird v. W.C.W.*, 868 S.W.2d 767 (Tex. 1994)... 2, 3

*Crain v. Unauthorized Practice of Law Comm. of Supreme Court of Tex.*
    11 S.W.3d 328 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)... 2, 3

*Deuell v. Tex. Right to Life Comm., Inc.,* 508 S.W.3d 679
    (Tex. App. – Houston [1st Dist.] 2016 **pet. denied**)... 1, 2

*Laub v. Pesikoff*, 979 S.W.2d 686
    (Tex. App.—Houston [1st Dist.] 1998, writ denied)... 2

*Thomas v. Bracey*, 940 S.W.2d 340
    343 (Tex. App.—San Antonio 1997, no pet.)... 2

**Federal statutes**

15 U.S.C. § 1114(1)... 8

15 U.S.C. § 1125, §32... 8

15 U.S.C. § 1125, §43(a)... 8

15 U.S.C. § 1125(a)... 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Lewis Brisbois Bisgaard and Smith LLP,** §<br>§ Plaintiff, §<br>§<br>v. §<br>§<br>**Michael Joseph Bitgood,** §<br>**a/k/a/ "Michael Easton,"** *et al*, §<br>Defendants. § | Case Number:<br>4:22-cv-03279 |

**SUSAN C. NORMAN'S REPLY TO PLAINTIFF'S**
**"Consolidated Response in Opposition to Defendants' Motions to Dismiss"**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, Susan C. Norman, files her *Reply to Plaintiff's "Consolidated Response in Opposition to Defendants' Motions to Dismiss,"* and in support thereof respectfully shows the Court the following:

### I.  The "Judicial Proceedings Privilege" [1]

1.     **Plaintiff's Position                          The Law**

| Plaintiff's Position | The Law |
|---|---|
| ". . . the judicial proceedings privilege does not apply to Plaintiff's claims because Plaintiff does not assert libel, slander, or defamation claims against any Defendant."  Plaintiff's Response, Doc. 47, P 9, last ¶, P 10, first line. | The "Judicial Proceedings Privilege" is more nuanced and expansive and has direct application to the facts of the present case. See *Deuell v. Tex. Right to Life Comm., Inc.,* 508 S.W.3d 679, 691 - 692 (Tex. App. – Houston [1st Dist.] 2016 **pet. denied**). |

---

[1] All page references set out herein are to the page number of the document itself, not the inserted number at the top of the page after filing of the document.

2.      In the Texas case of *Deuell v. Tex. Right to Life Comm., Inc.,* 508 S.W.3d 679. 691 - 692 (Tex. App. – Houston [1ˢᵗ Dist.] 2016, **pet. denied**) the opinion by Justice Rebecca Huddle (who along with panel member Justice Bland now sits on the Texas Supreme Court) sets out the "applicable law" and "analysis" of the judicial proceedings privilege as:

> "The judicial [proceedings] privilege applies to bar claims that are based on communications related to a judicial proceeding that seek defamation-type damages in name or in substance, i.e., **damages for reputational harm**." *Deuell* at 689) (Emphasis added). . . . . .
>
> "Originally, the judicial [proceedings] privilege provided protection only from defamation claims, including slander and libel. See *Bird v. W.C.W.*, 868 S.W.2d 767, 771 (Tex. 1994). In *Bird v. W.C.W.*, 868 S.W.2d 767 (Tex. 1994), the Texas Supreme Court held that **the privilege should apply in cases in which a party seeks damages that flow from alleged reputational harm, regardless of the type of claim alleged**. Id. at 772. The *Bird* Court extended the privilege to a claim for negligent misdiagnosis, noting that the damages being sought were "basically defamation damages." *Id.* at 690. (Emphasis added). . . . . .
>
> "Following *Bird*, courts have applied the privilege to claims other than libel, slander, and defamation, including tortious interference. But they have done so only "**when the essence of a claim is damages that flow from communications made in the course of a judicial proceeding**" and the **plaintiff seeks reputational damages**. See *Laub v. Pesikoff*, 979 S.W.2d 686, 691 (Tex. App.—Houston [1st Dist.] 1998, writ denied)." . . . *see Crain v. Unauthorized Practice of Law Comm. of Supreme Court of Tex.,* 11 S.W.3d 328, 335 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (applying *Laub*; judicial privilege applied to plaintiff's tortious interference with contract claim against chair of UPLC subcommittee because claim sought defamation damages under different label). Whether a claim is subject to judicial privilege is a question of law. See *Thomas v. Bracey*, 940 S.W.2d 340, 343 (Tex. App.—San Antonio 1997, no pet.). *Id.* at 690. (Emphasis added). . . . .

> These authorities demonstrate, consistent with *Bird*, that the judicial privilege may apply to various claims, regardless of the label they are given, but only if the damages sought are essentially defamation or **reputational** damages. See *Crain,* 11 S.W.3d at 335 & n.1; *Laub*, 979 S.W.2d at 691-692." *Id.,* at 692.. (Emphasis added.).

3. The face of Plaintiff's pleadings repeatedly calls for damages related to "reputation." See Doc. 1, ¶ 10 (relevant factual background); ¶ 29 (relevant factual background); ¶ 50 (fraud pleading); ¶ 52 (conspiracy pleading); ¶ 60 (injunction pleading); and ¶ 63 (injunction pleading).

4. Additionally the Plaintiff's pleadings essentially complain of tortious interference, as set out in ¶ 34 (Lanham Act § 1114); ¶ 40 (Lanham Act § 1125); ¶ 43 (Lanham Act § 1125).

5. Regarding "injury to reputation," and "zone of interests" requirements. see also, *Pulse Health LLC v. Akers Biosciences*, Inc. 2017 U.S. Dist. LEXIS 57480, (DCOR) which holds at * 17 that:

> "Cases from other circuits confirm that Plaintiff must allege an injury to its **reputation** or sales in order to state a claim. In *Belmora LLC v. Bayer Consumer Care AG*, the plaintiff's claim fell within the Lanham Act's zone of interests because it alleged that it had lost sales revenue due to the defendant's deception of consumers, distributors, and vendors. 819 F.3d 697, 711 (4th Cir. 2016). In contrast, in *Global Tech LED, LLC v. Hilumz Int'l Corp.*, the district court dismissed the plaintiff's Lanham Act claim because nothing in the pleading indicated that the plaintiff had ever been injured. No. 2:15-CV-553-FTM-29CM, 2016 U.S. Dist. LEXIS 70584, 2016 WL 3059390, at *3 (M.D. Fla. May 31, 2016) . . . see also *Die-Mension Corp. v. Dun & Bradstreet Credibility Corp.*, No. C14-855 TSZ, 2015 U.S. Dist. LEXIS 121065, 2015 WL 5307472, at *4 (W.D. Wash. Sept. 10, 2015) (plaintiff not within Lanham Act's zone of interests because there was no allegation

of harm to **reputation** or diminished sales)." See also *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, (4th Cir. 2015, cert. denied).

6. The Texas Judicial Proceedings Privilege is a <u>total immunity from suit</u>. See *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 992 (5th Cir. 1999), and *BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 397 - 398 (5th Cir. 2017).

7. Because the Judicial Proceedings Privilege is a <u>total immunity from suit</u> it does not have to be raised as a "affirmative defense." *Accresa Health LLC v. Hint Health Inc.*, 2020 U.S. Dist. LEXIS 90834 at fn. 31 (Magistrate Judge's Opinion), which was Adopted by, . . . *Accresa Health LLC v. Hint Health, Inc.* 2020, U.S. Dist. LEXIS 90064 (E.D. Tex. May 22, 2020) Judge Mazzant.

8. Regarding issues of immunity, the Fifth Circuit has recently held in *Carswell v. Camp*, 37 F.4th 1062, 1065 - 1066 (5th Cir. 2022), that 1) The trial court must rule on issues of immunity at the earliest possible stage of the litigation; and 2) The trial court **must not permit discovery** to take place prior to the immunity question(s) being answered and overruling all previous Fifth Circuit cases that permitted discovery to take place.

9. Plaintiff's response posits that "Defendants did not confine their use of the Lewis Brisbois marks and name to judicial proceedings[,]" following which the Plaintiff inserts a copy of a business card created by Defendant Bitgood that is clearly personalized and addressed on the back of the card to the parties in the state court lawsuit: "A message to David Oubre, Bill Helfand, Bennett Fisher & Jana Lubert of "Lewis & Bobo", a California Foreign LLP," followed by a star, a cannon

and the phrase "COME AND TAKE IT. Doc. 1, Page 10 - 11; Doc. 47, P. 11.

10. While not in the form of a traditional letter, an email, or other communication to an opposing counsel or *pro se* party in the state court case, the very face of the communication is obviously restricted to lawyers in the Plaintiff's law firm and was not a communication designed to be "used in commerce" as defined in the Lanham Act.

11. Restricted to Plaintiff's Original Complaint, Doc. 1, the card referred to in ¶¶ 8-9 above is—as identified by Plaintiff—is the only allegation upon which Plaintiff relies to contend that the judicial proceedings privilege stepped outside the state court proceedings. Instead, the business card is clearly a restricted and personalized communication between Defendant Bitgood and the Plaintiffs—parties to both the state court litigation and this case.

12. Likewise, Plaintiff's contention in Doc 47, P. 11, last full paragraph, must be examined: Defendant Norman's ". . . use of Plaintiff's name and marks exceeded filing pleadings" in the state court matter.

13. The Court will see in the transcript excerpts below that there is absolutely nothing in the transcript to which the Plaintiff refers this Court which supports Plaintiff's statements that: "Ms. Norman admitted to the Court during the temporary restraining order hearing that Defendants' use of Plaintiff's name and marks exceeded filing pleadings in the state court lawsuit. As Ms. Norman has already conceded to the Court, the statements or communications at issue do not prohibit the instant lawsuit to enforce Plaintiff's trademark and trade name rights."

14. Plaintiff's cites this court to the TRO transcript as set out below:

   a. Page 13 lines 17—20 "The Court: Ms. Norman, I did see stationery where you appear to list yourself as a lawyer for Lewis Brisbois Bisgaard & Smith. Ms. Norman: Yes, sir."

   b. Page 13 line 25 - page 14 lines 1 - 11

   "The Court: Could you answer my questions first? Why are you best (sic) listing yourself on law firm stationery as a member? Ms. Norman: As a member?

   The Court: As a member of the firm, yes." Ms. Norman: I'm a member of the mediation and arbitration - - the firm was - - the L.L.P. for Texas was formed to do mediations and arbitrations, and I'm a member. I'm a partner in that firm."

   The Court: Which firm is that now? Ms. Norman: Lewis Brisbois Bisgaard & Smith, L.L.P., filed in Texas on March (sic – May) the 26th of this year."

   c. Page 15 lines 5 - 7 "The Court: Whether they are properly registered or not, what makes you think you can use the name for yourself? Ms. Norman: Because it was available."

   d. Page 15 line 25 and page 16 lines 1 - 16 (interpreted from "15:25-16")

   "The Court: I don't understand. Whatever happened with their name, whether it lapsed or somehow it was discontinued, I don't understand why you can claim that name. Ms. Norman: Because it's available.

   The Court: Well, that's not the test for naming rights and - -

   Mr. Bitgood: Judge, may I inject something that may help us all? If we agree to quit right now, will they agree to quit and we leave them alone and can we given the back the name?

   The Court: You probably need some time to discuss that. I'm still very puzzled at why - -

   Mr. Bitgood: I can see the Court is concerned about this and I don't think it's going the way I wanted it to go and I can tell from reading between the lines that it's best sometimes to just, as you once said in

your memorandum, we live on a small planet. Quoting JFK, there's better things to do . .

e. Page 21 lines 4-21

The Court: Do you understand - - do you have any basis for saying you have a right to use the law firm's name?

Ms. Norman: Well, I looked at the history of relinquishment of that name - - the relinquishment of the name with the authority to do business in Texas multiple times. It looked like a voluntary relinquishment; and it looked like, as Mr. Easton said, a business opportunity. That's all it was.

The Court: Well, if General Motors were to lapse its registration, would you think you could call yourself "General Motors"?

Ms. Norman: Depending upon the circumstances, Your Honor, possibly. If they lost the right to do business in Texas under that name, which is what Lewis Brisbois did when they lost the right.

Mr. Helfand: Judge, may I - - I need to hasten to point out that Ms. Norman's premise is absolutely false. Your Honor has it on March 28th the Secretary of State acknowledged payment for the foreign company Lewis Brisbois Bisgaard & . . . ."

## II. Use in Commerce

15. **Plaintiff's Position**                                    **The Law**

| Plaintiff's position found in its omnibus response at section 4.1 and at footnote 27 is that "use in commerce" is not a necessary element of pleading or proof in a Lanham Act claim."  Plaintiff's Response, Doc. 47, P 20, fn 27. | In order to state a Lanham Act claim a plaintiff is required, in part, to plead facts establishing defendants' "use in commerce." |
|---|---|

16. Both Norman's 12(b)(1) G, Motion, Doc. 42, ¶¶ 37 - 39, and 12(b)(6) F Motion, Doc. 40, ¶¶ 39–47, address "use in commerce." Norman addresses "use in

commerce" first as a Rule 12(b)(1) Motion because Defendant believes that as a matter of law, use in court or judicial proceedings can never amount to use in commerce. Second, Norman brings "use in commerce" in her 12(b)(6) motion because the case law clearly establishes that without pleading facts demonstrating use in commerce by the Defendants, the Complaint has failed to state a Lanham Act claim.

17. In *Belmora, LLC v. Bayer Consumer Care AG*, 819 F. 3d 697, 706 (4th Cir. 2015) (cert. denied), the Court stated:

> **"Under § 43(a), it is the defendant's use in commerce** -- whether of an offending "word, term, name, symbol, or device" or of a "false or misleading description [or representation] of fact" -- that creates the injury under the terms of the statute. And here the alleged offending "word, term, name, symbol, or device" is Belmora's FLANAX mark."

18. "Use in Commerce" requires a defendant's **use in commerce**:

> "A plaintiff satisfies its burden to establish liability **under §§ 32 and 43(a)** with evidence "of ownership in the marks **coupled with a use in commerce by the defendants** that is unauthorized and is likely to cause confusion" in the minds of potential consumers as to the source of the goods. *Microsoft Corp. v. Wholesale Club, Inc.*, 129 F.Supp.2d 995, 1007 (S.D. Tex. 2000); [**13] accord 15 U.S.C. §§ 1114(1), 1125(a)." *Phillip Morris USA, Inc. v. Lee*, 547 F. Supp.2d 667, 674 (WDTX 2008).

19. Plaintiff's pleading as set out below, refers to "use in commerce" **only by the Plaintiff**, in the following four paragraphs in Doc. 1, see items a through d:

    a.    ¶ **11**— "which Lewis Brisbois has used in commerce since at least 2002[;]"

    b.    ¶ **14**—"Lewis Brisbois first used the "LB" and "LB Lewis Brisbois" service marks in commerce on June 6, 2016[;]"

    c.    **¶ 32**—"The Lewis Brisbois marks are legally protectable, and Lewis Brisbois has the exclusive right to use the Lewis Brisbois marks in commerce[;]" and

    d.    **¶ 55**—"Lewis Brisbois has used its trademarks and name in commerce since 2002, . . ."

20.    Conversely, only once in Plaintiff's Original Complaint - Doc. 1, at ¶ 62 - does Plaintiff make any reference to Defendants' "use in commerce," consisting of a single, conclusory allegation which simply states:

> "Money damages are inadequate to compensate a trade name holder for an infringer's continuing acts, including Bitgood's unlawful registration of and Defendants' use of Lewis Brisbois's name in commerce."

21.    This Court stated in *Clearline Techs., Ltd. v. Cooper B-Line*, 2012 U.S. Dist. LEXIS 2116, * 8 (SDTX 2012), that:

> "Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.,* 365 F.3d 353, 362 (5th Cir. 2004)).

And having stated such, this Court found at * 17 -18 that:

> "The Amended Complaint is devoid of allegations that Cooper plc 'sold or transported' any of the products in commerce that allegedly infringed on Clearline's trade dress. Clearline's Amended Complaint does not provide any information about the advertisement that appears on Defendants' websites, and does not clarify whether or not the products were, in fact, offered for sale on the website.[10] **Without more information, it is unclear how Cooper plc's alleged actions constituted a "use in commerce"** of Clearline's trade dress. Clearline's trade dress infringement claim against Cooper plc is dismissed, with leave to amend." *Clearline Techs., Ltd.*, at *18. (Bold added).

22. As a matter of law the requisite "use in commerce" does not include or encompass <u>use in a judicial proceeding</u> as more fully contained in Norman's 12(b)(6) argument in her Brief Doc. 40 at ¶¶ 40 - 47. Correctly assuming that use in a judicial proceeding <u>never</u> satisfies the requirement for "use in commerce," then there is no re-pleading that will cure the problem.

23. The Plaintiff's response attempts to argue and refine its legal claims and to add to the paucity of facts by—among other additions set out in its Consolidated Response (Doc. 47)—referring this Court to the TRO transcript, wherein the Plaintiff's contentions are wholly unsupported. "As a general rule, claims and allegations that are not raised in the complaint, but raised for the first time in a response to a motion to dismiss are not properly before the court." *Middaugh v. Interbank*, 528 F. Supp. 3d 509, 535 (NDTX 2021).

24. Because the "judicial proceedings privilege" and the "use in commerce" arguments are dispositive of the entire case, Norman chooses these legal arguments as particularly worthy of the Court's further consideration in the shortened time and space available for reply. Although Norman makes no mention herein of her opposition to other allegations and positions taken by Plaintiff, the Court should not take Norman's non-mention as non-opposition to other portions of Plaintiff's Doc 47 Consolidated Response.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant Norman prays the Court dismiss this case in its entirety.

Respectfully submitted,

*/s/ Susan C. Norman*

Susan C. Norman, ***pro se***
So. District of Texas ID 20492
SBOT 15083020
Law Office of Susan C. Norman
P.O. Box 55585
Houston, Texas 77255
(713) 288-2066 phone
(281) 402-3682 fax
SueNorman@SueNormanLaw.com

**Certificate of Service**

I, hereby certify that on November 14, 2022, a true and correct copy of the foregoing document together with all attachments has been served on Plaintiff's lead counsel, identified as being: William Helfand and also served upon Defendants Bitgood, and on Brad Beers by serving his counsel, WDunwoody@munckwilson.com via ECF filing and service.

*/s/ Susan C. Norman*
Susan C. Norman