Case 4:22-cv-03279   Document 60-3   Filed on 11/28/22 in TXSD   Page 1 of 16

Electronically Filed
10/10/2022 11:02 AM
Laura Richard
County Clerk
Fort Bend County, Texas

**Peter J. Riga**, *Ph. D. J.S.D. J.D. LL. M .St. D .Th. D . Ph. L. [Emeritus 2003]*
*(October 29th 1933-March 29th 2018)*
*"In Loving Memory"*
**Attorney & Counselor at Law**
*********************
**MICHAEL JOSEPH BITGOOD**
D/B/A/ "Michael Easton"
Mediator/ International and Domestic Arbitrator [1]
503 FM 359-130, Suite 216, Richmond, Texas, 77406-2195

(281) 415-8655 (Direct)          EastProLaw@msn.com

_____

October 10th 2022

The Honorable Juli Mathew
Presiding Judge,
Fort Bend County Court at Law # 3
1422 Eugene Heimann Circle,
Richmond, TX 77469
trayneisha.sanford@fortbendcountytx.gov

NO.  22-CCV-070378

| | | |
|---|---|---|
| **RICHARD P. JONES &** | § | **IN THE COUNTY COURT** |
| **MICHAEL JOSEPH BITGOOD** | § | |
| A/K/A/ "Michael Easton" | | |
| LEWIS, BRISBOIS, BISGAARD | | |
| SMITH LLP, (Texas Domestic) | | |
| | | |
| VS. | | **AT LAW NO. THREE (3) OF** |
| | | |
| KARINA MARTINEZ, | | |
| MARIANNA SULLIVAN, | | |
| IMPERIAL LOFTS, LLC | | **FORT BEND COUNTY, TX.** |
| DAVID OUBRE | | |
| CHINASA OGBUREKE | | |
| IMPERIAL LOFTS OWNER LLC | | |
| AND  LEWIS, BRISBOIS, BISGAARD & | | |
| SMITH LLP, (A CALIFORNIA FOREIGN ENTITY) | | |

---

[1] A.A. White Dispute Resolution Institute- University of Houston School of Law.

1

Dear Judge Mathew:

1.  Before this Court is pranked around (again) as Mr. David Oubre, from Lewis Brisbois, pranked the Honorable Lewis White around, not once, but twice, (once on August 30th 2022, and again on September 13th 2022), and Her Honor is forced by the screeching s of one William Helfand also of Lewis Brisbois, to convene a hearing to hear a purported appeal which is now a legal nullity, let us show Her Honor where we stood then, and where we stand now, and why Mr. Helfand's attempts to trick the Court into procedural and jurisdictional errors will do him no good, but will waste a very precious resource which belongs to the citizens of Fort Bend Court, Texas, namely: **this Court's valuable time!**

## I. LACK OF STANDING

2.  We begin with the basic fundamental legal principle, that no court can hear, much less consider, and is certainly forbidden from granting any relief, equitable or legal, to a person who lacks standing. This is so because standing is a component of subject matter jurisdiction, that when lacking, deprives the Court of it's authority to act.***"[S]tanding is a component of subject matter jurisdiction,"*** *see Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012) ***("A court has no jurisdiction over a claim made by a "party" who lacks standing to assert it.").***

3.  On September 21st 2022, **one day** after Helfand and his band of rapscallions, filed their purported notice of appeal to this Judge,( **just one mere day)** after, Defendants' Imperial Lofts LLC, Imperial Lofts Owner LLC, Madam Marianna Sullivan, and Karina Martinez, the Defendants in the underlying dispute, (and in what is now the wisest decision they ever made), **chose not to appeal** Judge White's decision ejecting Oubre, and the grossly inept, and highly unethical Lewis Brisbois firm, but rather, they chose their own counsel, and this time they chose the right group in the person (s) of *William Moye Esq.*, and the law firm of *Thompson & Coe.*

4.  Thus, because only those underlying Defendants' had standing, and possessed the right to appeal Judge White's orders within the statutory time frame, <u>and they elected not to</u>, neither Oubre, or Lewis Brisbois, have standing to overturn Judge White's orders of September

13th 2022, removing them from the case, and causing their pleadings to be struck by operation of law. The sole and proximate cause of the horrific damage done to their clients/ Defendants, was based solely and exclusively on the gross ineptness of Oubre, and Lewis Brisbois' inability to (1) know the law, (2) understand it, and (3) their failure to heed Judge White's outright warning of August 30th 2022, when he asked Oubre in open court— ***"counsel do you know what a Rule 12 motion is"?,*** and Oubre replied that he did!

## II. THE ISSUE IS MOOT

5. On October 6th 2022, (4 days) ago, the Lewis Brisbois firm filed a "counter-claim" in this very case seeking the following relief:

**CAUSE OF ACTION – REQUEST FOR A DECLARATORY RELIEF**

Pursuant to Section 37.003 et seq. of the Texas Civil Practice and Remedies Code, the Nominal Defendants request the court declare:
1. David Oubre is authorized to practice law in Texas; and

2. Lewis Brisbois Bisgaard & Smith, LLP is authorized to do business in Texas.

6. That being said, and a jury being demanded, it is for a jury to answer those two questions, albeit, the answers maybe readily apparent. This is so because the Lewis Brisbois defendants filed this pleading joining the issue, and nullifying their so-called appeal.

7. Mootness is also a component of subject matter jurisdiction, and as is sometimes the case, mootness can occur at any stage of the proceedings, thereby rendering any request for relief a legal nullity. The mootness doctrine implicates subject-matter jurisdiction. *Trulock v. City of Duncanville*, 277 S.W.3d 920, 923 (Tex. App.—Dallas 2009, no pet.)

8. A court is prohibited from deciding a moot controversy or rendering an advisory opinion. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.) (noting court may only decide issues presenting "a live controversy at the time of the decision"). If a

3

controversy ceases to exist or the parties lack a legally cognizable interest in the outcome at any stage, the case becomes moot. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005); *William v. Lara,* 52 S.W.3d 171, 184 (Tex. 2001) **(noting "a controversy must exist between the parties at every stage of the legal proceedings, including the appeal"**).

9. A declaratory-judgment action does not give a court jurisdiction "to pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication." *Bexar Metro. Water Dist. v. City of Bulverde* , 234 S.W.3d 126, 130–31 (Tex. App.—Austin 2007, no pet.)

10. **Accordingly, because the CLIENTS, not the Plaintiffs, or the lawyers, and not even the Court made the decision to retain new counsel--- rather than appeal to this Court— before retaining new counsel, old counsel, that being Lewis Brisbois lost standing to appeal anything that was done or rendered by Judge White, especially now that the CLIENTS and the Plaintiffs have settled their claims.**

## III. THE DOMESTIC LLP HAS CEASED TO EXIST

11. On September 23rd 2022, and while this case was pending in this Court, Lewis Brisbois brought a lawsuit in the United States District Court in Houston, Texas against the Plaintiffs. That suit was brought to evade the jurisdiction of this Court, and to make the federal court an "appellate" court over the State Court.

12. On October 6th 2022, United States District Judge, Keith P. Ellison, expressed and made clear that Plaintiffs' (Bitgood & Norman's) formation of the domestic Texas LLP, which also bore the name Lewis Brisbois, was wrong– no matter the records of the Secretary of State. Based on Judge Ellison's words, and his initial reaction, Plaintiff convened a board meeting and dissolved the Texas domestic LLP before midnight on October 6th 2022 in submission to Judge Ellison's authority. Accordingly, even that controversy is now moot and gives Lewis Brisbois no authority to appeal anything, especially lacking standing.

## IV. CONCLUSION

13. **The clients, ( the ones with the standing) accepted as correct Judge White's ruling and retained new counsel rather than appeal.** Thus, the Rule 12 decision is final and is moot. The order taking judicial notice is an order that all trial courts routinely make and it is not an appealable order.

14. Courts may take judicial notice of certain matters at any time, even on appeal. *See City of Glenn Heights v. Sheffield Dev. Co.*, 55 S.W.3d 158, 162 (Tex. App.—Houston [1st Dist.] 2001, pet. denied), and must do so when requested and supplied with the necessary information. <u>See</u>: Rule 201, Tex. R. Evid. and, a trial court may take judicial notice of its own file at any stage of proceedings **and is presumed to have done so** with or without a request from a party. *Bob Smith Bail Bonds, Sur. v. State*, 963 S.W.2d 555, 556 (Tex. App.---Fort Worth 1998, no pet.) Thus, that order is not appealable in any realm of the judicial process.

15. Judge White's findings are like wise insulated from review, because they flow from the Rule 12 proceedings of September 13th 2022, **and that issue became moot when the client's complied with the order, and retained new counsel and indicated that they would not appeal**. The proper remedy on the issue of findings, is to request additional findings under Rule 298 from the Judge that made the findings, not a new judge. This is so because the findings belong to the Judge that heard the matter, not the Judge that because of mootness, cannot hear the matter. If Lewis Brisbois wants additional findings of incompetence, malfeasance and breaches of their fiduciary duties, Plaintiffs suppose they could "open that door" and invite the Plaintiffs in again. However, that request goes to Judge White who made the findings on the now moot order.

16. An examination of the record reveals that jurisdiction is lacking to do what the Lewis Brisbois parties want; namely, for this Court to "fire" the defendant's counsel of choice, and force Lewis Brisbois back on the clients– and to reinstate the hostilities between the parties. Mercifully, jurisdiction is lacking, and without jurisdiction, the court is not required to act, but is indeed mandated not to act, **therefore, the Court is not required to act and need not set any hearing, nor hear any additional complaints in this case from anyone lacking standing.**

**Respectfully Submitted,**
**/s/ Michael Joseph Bitgood**
**a/k/a/ Michael Easton**

## CERTIFICATE OF SERVICE

On October 10th 2022, I certify that I served all parties via the Texas e-file system.

**/s/ Michael Easton**

6

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 69051807
Status as of 10/12/2022 4:36 PM CST
Associated Case Party: RichardPJones

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Susan CNorman | | SueNorman@SueNormanLaw.com | 10/10/2022 11:02:39 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 69051807
Status as of 10/12/2022 4:36 PM CST
Associated Case Party: MichaelJosephBitgood

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brad Beers | | Brad@Beers.Law | 10/10/2022 11:02:39 AM | SENT |
| Michael Easton | | EastProLaw@msn.com | 10/10/2022 11:02:39 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 69051807
Status as of 10/12/2022 4:36 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Susan Norman | 15083020 | SueNorman@SueNormanLaw.com | 10/10/2022 11:02:39 AM | SENT |
| Kathy Truong | | Kathy.Truong@lewisbrisbois.com | 10/10/2022 11:02:39 AM | SENT |
| Paul Fingersh | | P.Fingersh@nolanred.com | 10/10/2022 11:02:39 AM | SENT |
| Jana Lubert | | Jana.Lubert@lewisbrisbois.com | 10/10/2022 11:02:39 AM | SENT |
| Alan Magenheim | | Alan@MagenheimLaw.com | 10/10/2022 11:02:39 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 69051807
Status as of 10/12/2022 4:36 PM CST

Associated Case Party: Karina Martinez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William Moye | | wmoye.service@thompsoncoe.com | 10/10/2022 11:02:39 AM | SENT |
| Samantha De Hoyos | | sdehoyos@thompsoncoe.com | 10/10/2022 11:02:39 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 69051807
Status as of 10/12/2022 4:36 PM CST

Associated Case Party: Imperial Lofts LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Karina Martinez | | ImperialAsst@nolanred.com | 10/10/2022 11:02:39 AM | SENT |
| Marianna Sullivan | | imperialgm@nolanRed.com | 10/10/2022 11:02:39 AM | SENT |
| William Moye | | wmoye@ThompsonCoe.com | 10/10/2022 11:02:39 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 69051807
Status as of 10/12/2022 4:36 PM CST
Associated Case Party: Marianna Sullivan

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Marianna Sullivan | | M.Sullivan@NolanRed.com | 10/10/2022 11:02:39 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 69051807
Status as of 10/12/2022 4:36 PM CST
Associated Case Party: Michael Easton

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brad BBeers | | BBeers@BeersLaw.net | 10/10/2022 11:02:39 AM | SENT |
| Richard PJones | | DickeyJones365@gmail.com | 10/10/2022 11:02:39 AM | SENT |
| John FHealey | | JHealeyDA@aol.com | 10/10/2022 11:02:39 AM | SENT |
| Holly GailCrampton | | Holly@HollyCramptonLaw.com | 10/10/2022 11:02:39 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 69051807
Status as of 10/12/2022 4:36 PM CST
Associated Case Party: David Oubre

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bennett Fisher | | Bennett.Fisher@LewisBrisbois.com | 10/10/2022 11:02:39 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 69051807
Status as of 10/12/2022 4:36 PM CST

Associated Case Party: Imperial Lofts Owner, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William RMoye | | WMoye@ThompsonCoe.com | 10/10/2022 11:02:39 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 69051807
Status as of 10/12/2022 4:36 PM CST

Associated Case Party: Lewis Brisbois Bisgaard & Smith, LLP, a California Foreign Entity

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bennett Fisher | | Bennett.Fisher@lewisbrisbois.com | 10/10/2022 11:02:39 AM | SENT |
| SEAN O'Neal Braun | | sean.braun@lewisbrisbois.com | 10/10/2022 11:02:39 AM | SENT |
| Bill Helfand | | bill.helfand@lewisbrisbois.com | 10/10/2022 11:02:39 AM | SENT |
| Dawn Garrard | | dawn.garrard@lewisbrisbois.com | 10/10/2022 11:02:39 AM | SENT |
| Ashley Warnick | | ashley.warnick@lewisbrisbois.com | 10/10/2022 11:02:39 AM | SENT |