**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Lewis Brisbois Bisgaard & Smith LLP, | § | |
| Plaintiff | § | |
| | § | **Civil Action 4:22-cv-3279** |
| Michael Joseph Bitgood a/k/a "Michael | § | |
| Easton," *et al* | § | |
| Defendants | § | |

**Defendant Susan C. Norman's Notice of Appeal Pursuant to the
"Collateral Order Doctrine" - 28 U.S.C. § 1291**

Notice is hereby given that Susan C. Norman, a *pro se* Defendant in the
above entitled and numbered cause, hereby appeals to the United States Court of
Appeals for the Fifth Circuit from the District Court's decision on December 8, 2022
as reflected in the Notice of Setting for an "Injunction Hearing" to be held on
December 15, 2022 at 3:00 p.m. (see copy attached) and forwarded to Susan C.
Norman on December 8, 2022, to proceed with the plaintiff's request for an
injunction hearing without ruling on Susan C. Norman's Rule 12(b)(1) A and B
(Dkt. Nos. 35 and 42) Rule 12(b)(1) Motions to Dismiss and Brief in Support based
on defendant Susan C. Norman's assertion of the trial court's lack of jurisdiction
based on the application of the "judicial proceedings privilege" to the entirety of this
case, which provides total immunity from suit and provides for immediate
interlocutory appeal to this Court.  The trial court's decision to move forward with a
hearing on plaintiff's request for an injunction is tantamount to a decision denying
Susan Norman's assertion of total immunity from suit arising under Susan
Norman's assertion of the "judicial proceedings privilege."

Notice is hereby given that Susan C. Norman, a *pro se* Defendant in the
above entitled and numbered cause, hereby appeals to the United States Court of
Appeals for the Fifth Circuit from the District Court's decision on December 8, 2022
as reflected in the Notice of Setting for an "Injunction Hearing" to be held on

December 15, 2022 at 3:00 p.m. and forwarded to Susan C. Norman on December 8, 2022, to proceed with the plaintiff's request for an injunction hearing without ruling on Susan C. Norman's Rule 12(b)(6) A and B (Dkt Nos. 39 and 40) Rule 12(b)(6) Motions to Dismiss and Brief in Support based on defendant Susan C. Norman's assertion of the trial court's lack of jurisdiction based on the failure of plaintiff to state a claim under the Lanham Act and under it's fraud cause of action based on application of the "judicial proceedings privilege" to the entirety of this case, which provides total immunity from suit and provides for immediate interlocutory appeal to this Court. The trial court's decision to move forward with a hearing on plaintiff's request for an injunction is tantamount to a decision denying Susan Norman's assertion of total immunity from suit arising under Susan Norman's assertion of the "judicial proceedings privilege."  See Excerpt of Transcript.

A district court's order denying or refusing to rule on an assertion of immunity from suit known as the "judicial proceedings privilege" is considered a "final decision" that can be immediately appealed and over which the United States Court of Appeals has jurisdiction under the "collateral order doctrine" pursuant to 28 U.S.C. § 1291.  See *Shanks v. AlliedSignal, Inc.,* 169 F.3d 988,  (5th Cir.)*, and BancPass. Inc. v. Highway Toll Admin., L.L.C.,* 863 F.3d 391 (5th Cir. 2017).

In this situation a trial court must not defer ruling on Defendant's assertion of immunity from suit and instead proceed with other aspects of trial and requested relief.  As the Fifth Circuit recently held in *Carswell II*, 2022 U.S. App. LEXIS 33072 (Nov. 30, 2022) the Fifth Circuit is "a court of review and not a court of first view" and the district court must rule on the immunity from suit issues before proceeding.

Page -2-

Respectfully submitted.

_/s/ Susan C. Norman_
Susan C. Norman, *pro se*
Texas Bar No. 15083020
Attorney at Law
P.O. Box 55585
Houston, Texas 77255
(713) 882-2066 phone
(281) 402-3682 facsimile
SueNorman@SueNormanLaw.com

## Certificate of Service

I hereby certify that on the 8th day of December 2022, I electronically filed the foregoing document with the Clerk of the District Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

_/s/ Susan C. Norman_
Susan C. Norman, *pro se*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

Lewis Brisbois Bisgaard and Smith LLP

v.                                           Case Number: 4:22−cv−03279

Michael Joseph Bitgood, et al.

---

### Notice of Setting

**A proceeding has been set in this case as set forth below.**

**BEFORE:**
**Judge Keith P Ellison**

**LOCATION:**
by video
Meeting Link:
*https://www.zoomgov.com/j/1613529631?pwd=WUFPWFRrZE56M051YXBQelRSaGxydz09*
Meeting phone number:
Meeting ID: 161 352 9631
Meeting Password: 243113

United States District Court
515 Rusk Street
Houston, TX 77002

**DATE:** 12/15/2022

**TIME:** 03:00 PM

**TYPE OF PROCEEDING:** Injunction Hearing

RE: Complaint − #1

---

Date:   December 8, 2022                      Nathan Ochsner, Clerk

1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
2                         HOUSTON DIVISION

3


4   LEWIS BRISBOIS              .  4:22-CV-03279
    BISGAARD AND SMITH, LLP,    .  HOUSTON, TEXAS
5                               .  NOVEMBER 17, 2022
          PLAINTIFF,            .  11:30 A.M.
6   VS.                         .
                                .
7   MICHAEL J. BITGOOD,         .
    RICHARD P. JONES,           .
8   SUSAN C. NORMAN, AND        .
    BRADLEY B. BEERS,           .
9                               .
          DEFENDANTS.           .
10  ...............................

11


12            TRANSCRIPT OF MOTION HEARING HELD REMOTELY
              BEFORE THE HONORABLE KEITH P. ELLISON
13                 UNITED STATES DISTRICT JUDGE

14


15


16                          ***APPEARANCES***

17            ***ALL PARTICIPANTS APPEARED BY TELEPHONE***

18


19
    FOR THE PLAINTIFF:
20


21       William S. Helfand
         Shane L. Kotlarsky
22       Bennett Fisher
         Sean B. Braun
23       LEWIS BRISBOIS BISGAARD AND SMITH
         24 Greenway Plaza
24       Suite 1400
         Houston, Texas  77046
25

1                             ***APPEARANCES - CONTINUED***

2

3

4     FOR THE DEFENDANT MICHAEL J. BITGOOD:

5          Michael J. Bitgood
         PRO SE

6

7

8     FOR THE DEFENDANT RICHARD P. JONES:

9          No appearance

10

11     FOR THE DEFENDANT SUSAN C. NORMAN:

12          Susan C. Norman
         PRO SE
13          Attorney at Law
         Post Office Box 52518
14          Houston, Texas  77052

15

16     FOR THE DEFENDANT BRADLEY B. BEERS:

17          Samuel W. Dunwoody, IV
         MUNCK WILSON MANDALA LLP
18          12770 Coit Road
         Suite 600
19          Dallas, Texas  75251

20

    OFFICIAL COURT REPORTER:
21

22          Mayra Malone, CSR, RMR, CRR
         U.S. Courthouse
         515 Rusk
23          Room 8004
         Houston, Texas  77002

24

    Proceedings recorded by mechanical stenography.  Transcript
25     produced by computer-aided transcription.

1

2                              *PROCEEDINGS*

3             THE COURT:  Good morning and welcome.  This is Keith

4     Ellison.  We're on the record in Lewis Brisbois versus Bitgood.

5     We will take appearances of counsel, or parties, beginning with

6     the plaintiff.

7             MR. HELFAND:  Good morning, Your Honor.  Bill Helfand,

8     Bennett Fisher, Shane Kotlarsky and Sean Braun for the

9     plaintiff.

10            THE COURT:  Thank you.  For defendant?

11            MR. BITGOOD:  Michael Joseph Bitgood.  Good morning,

12    Your Honor.

13            MS. NORMAN:  Good morning, Your Honor.  Susan Norman

14    for herself.

15            THE COURT:  Hello, Ms. Norman.

16            MR. DUNWOODY:  This is Wallace Dunwoody for Brad

17    Beers.

18            THE COURT:  Thank you.

19                Welcome to all of you.

20                I'm really disappointed this case hasn't been

21    wrapped up by now.  It doesn't seem to be disagreement between

22    the parties.  It seems like a fairly straightforward solution.

23                Explain to me what is going on.  We will start

24    with the plaintiff.

25                MR. HELFAND:  Judge, as we promised we would at the

12:00   1         So, again, Mr. Bitgood is good with the

2    ad hominem but not so much with the law.  We will get that

3    issue resolved.  It is pending in state court.  And if this

4    lawsuit continues, we will get it resolved without Mr. Bitgood

12:00   5    and Ms. Norman's participation, and then I don't think the law

6    firm will agree to settle on nonmonetary terms.

7         So, again, it is laid out before them.  He still

8    hasn't told you why Ms. Norman and Mr. Bitgood can't agree to

9    simply let the district judge set aside those orders now that

12:00  10    he has settled his lawsuit.  But that's where we are, Judge.

11    And, again, I'm happy to submit it to the Court.  And if the

12    Court thinks there is something unreasonable in it, we will

13    take the Court's guidance on that.  But Your Honor just said it

14    best:  It is either full and final resolution of every disputed

12:00  15    issue between these parties without further expenditure of

16    lawyer time by Lewis Brisbois, the real Lewis Brisbois, or it's

17    not a settlement.  It's that simple.

18         THE COURT:  Well, all I can do for now is set a

19    hearing on the preliminary injunction motion and other pending

12:01  20    motions.

21         George, can we find a date for that next week?

22         *(No response)*

23         THE COURT:  Next week is not good?

24         MR. HELFAND:  Next week is getting very crowded for

12:01  25    me, Judge.

12:01  1                    Could we do it on the 22nd, Judge?  That's the

       2    one day I have open next week.

       3                    THE COURT:  George, how does the 22nd look?

       4                    THE CASE MANAGER:  The 22nd is pretty packed.

12:01  5                    MR. BITGOOD:  How about the first week after

       6    Thanksgiving, Your Honor?  Thanksgiving is next week, by the

       7    way.

       8                    THE CASE MANAGER:  Judge, Monday, November 28, is open

       9    all day.

12:02 10         *(Simultaneous crosstalk)*

      11                    MS. NORMAN:  Your Honor, this is Susan Norman.  What's

      12    being set?

      13                    THE COURT:  A hearing on all pending motions,

      14    including the motion for preliminary injunction.

12:02 15         *(Simultaneous crosstalk)*

      16                    THE COURT:  Sorry?

      17                    MR. HELFAND:  This is Bill Helfand.  Can we do it on

      18    the 22nd, Your Honor?  I can't do it on the 28th because I'm

      19    taking a deposition in the Heckford case, which Your Honor may

12:02 20    know is going to trial before you in early December.

      21                    MR. BITGOOD:  Mr. Helfand, there are five lawyers on

      22    these pleadings.  Lead counsel is Bennett Fisher.  Is he

      23    unavailable too?

      24                    MR. HELFAND:  I'm not going to respond to anything

12:02 25    that Mr. Bitgood says to me directly, Your Honor, or any other

12:02    1    person.  Everyone can speak to the Court.  I am lead counsel in

         2    this case.

         3              Can we do it on the 22nd, please?

         4              MS. NORMAN:  Your Honor, this is Susan Norman.  If I

12:02    5    may be heard, please?

         6              THE COURT:  Yes, you may.

         7              MS. NORMAN:  I respectfully request the Court have the

         8    hearing first on the pending motions, because those will be

         9    dispositive of whether or not there even can be a preliminary

12:03   10    injunction.

        11              THE COURT:  Which motion are you speaking of?

        12              MS. NORMAN:  The motions -- my 12(b)(1) motion.  I

        13    have got eight separate issues in 12(b)(1).  I have got 19

        14    separate issues under 12(b)(6).  And then plaintiff still has

12:03   15    not -- the first thing that has to be dealt with, Your Honor,

        16    is complete immunity from suit, and I have briefed very

        17    thoroughly, contrary to other assertions to the Court -- under

        18    the judicial proceedings privilege, there is complete immunity

        19    from suit, and I respectfully request the Court deal with that

12:04   20    first before having a hearing on preliminary injunctions.

        21              THE COURT:  Well, I will set those motions for the

        22    same day.  If one of your motions is successful, then we can

        23    adjourn the hearing.  But I will deal with those motions first,

        24    and then we can turn to the issue of preliminary injunction.

12:04   25              MS. NORMAN:  I appreciate my client to be out of town

12:04   1   on a matter first and to get back to this hearing -- to have a

2   hearing on the 22nd will be very difficult.  I would appreciate

3   not doing it next week and doing it the week after, on the

4   28th, as Mr. Kelner advised the Court was available.

12:04   5           THE COURT:  That's not good for Mr. Helfand.

6           MR. HELFAND:  The 28th is not workable, Judge,

7   because, as I said, I have got to take a deposition in the

8   Heckford case, which is about to go to trial.

9           MR. BITGOOD:  May I suggest something, Your Honor?

12:04   10   I'm addressing you and not Mr. Helfand.

11           THE COURT:  Okay.

12           MR. BITGOOD:  We extend the TRO to the first week in

13   December where everybody is available and then we have our

14   hearing.  We agree to extend the TRO so that he feels confident

12:05   15   that nothing is going to happen from here until the day of that

16   hearing.

17           THE COURT:  I think we need to extend the TRO, but I'm

18   trying to find a date where we can hear this.  It doesn't sound

19   to me like the parties are going to agree, so we need to move

12:05   20   toward a preliminary injunction hearing.  If we surmount the

21   objections Ms. Norman has raised, if she prevails, then we

22   don't have a preliminary injunction.

23           THE CASE MANAGER:  Judge, this is George.

24   December 1st, the morning is free.

12:05   25           THE COURT:  How about that then?

1                          *  *  *  *

2

3

4               I, Mayra Malone, CSR, CRR, RMR, certify that as a

5     Federal Official Reporter for the Southern District of Texas, I

6     have transcribed the Zoom/telephone conference of the foregoing

7     entitled case to the best of my ability; that any inaudible

8     designations are because of audio interference that precluded

9     me from understanding the words spoken; and that the foregoing

10    typewritten matter contains a full, true and correct transcript

11    of my understanding of the aforesaid proceedings as recorded,

12    to the best of my skill and ability.

13

14    DATE: November 22, 2022

15

16

17

18                              /s/ Mayra Malone

19                              ----------------------------------------
                               Mayra Malone, CSR, RMR, CRR
20                             Official Court Reporter

21

22

23

24

25