In the United States District Court
for the Southern District of Texas, Houston Division

| | |
|---|---|
| **Lewis Brisbois Bisgaard & Smith, LLP,** | |
| Plaintiff, | Civil Action No. 4:22-cv-3279 |
| v. | |
| **Michael Joseph Bitgood a/k/a "Michael Easton,"** *et al.* | Jury Demanded |
| Defendants. | |

**Plaintiff's Motion to Strike or, alternatively, Motion to Certify Appeals as Frivolous**

Plaintiff Lewis Brisbois Bisgaard & Smith, LLP[1] moves the Court to strike the interlocutory appeals filed by Defendants Susan C. Norman [Doc. 72] and Michael Joseph Bitgood a/k/a "Michael Easton." [Doc. 72 and 73, respectively] because there is no Order from which Defendants could have appealed. Alternatively, Plaintiff moves the Court to certify Norman's and Bitgood's purported appeals as frivolous. In support, Plaintiff respectfully shows the following:

## Introduction

On September 23, 2022, Plaintiff filed suit against Defendants alleging trademark and trade name infringement, unfair competition in violation of the Trademark Act of 1946, 15 U.S.C. §1051, *et seq*., as amended (the "Lanham Act"), and related claims arising under Texas law. On October 6, 2022, the Court held a hearing on Plaintiff's application for temporary restraining order during which both Bitgood and Norman admitted on the record that each had knowingly used Plaintiff's business name for what each stated they thought was a good business opportunity, usurping a well-known law firm's name and goodwill for these Defendants' competitive law and mediation practice.

---

[1] Plaintiff Lewis Brisbois Bisgaard & Smith, LLP refers to itself as "Plaintiff."

After finding that the Plaintiff's law firm's name had gained secondary meaning in the market and the Plaintiff was the prior and superior user entitled to use of the trademark, the Court entered a temporary restraining order on October 7, 2022, restraining Defendants from using Plaintiff's registered and unregistered trademarks and trade names, and from holding themselves out as members of, representatives of, or otherwise having any relationship with or to Plaintiff or as being in any way affiliated with Plaintiff.

On October 14, 2022, Bitgood filed a motion to dismiss under the Texas Citizens Participation Act. [Doc. 19]. On November 2, 2022, Norman filed a motion to dismiss contending she is immune from suit under the judicial proceedings privilege. [Doc. 42]. On November 11, 2022, Plaintiff filed a consolidated response to all of the numerous motions to dismiss Bitgood and Norman filed [Doc. 18, 19, 23, 28, 35-39, and 42], including the two motions upon which Bitgood and Norman base their purported interlocutory appeals. [Doc. 47]. On November 28, 2022, Bitgood joined in Norman's motion to dismiss based on the judicial proceedings privilege. [Doc. 60].

While neither Bitgood's nor Norman's motions to dismiss were set for hearing on these dates, during hearings on November 17, 2022 and December 2, 2022, the Court heard argument related to the motions to dismiss. At the end of the hearing on December 2, 2022, the Court stated, "I wasn't prepared to rule today and I'm not going to rule today, but I will rule expeditiously." [Doc. 78 at 55:24-25].

On December 8, 2022, the Court set Plaintiff's application for preliminary injunction for hearing on December 15, 2022. [Doc. 70]. That same day, Bitgood and Norman filed their notices of interlocutory appeal, contending that the Court's decision to set for hearing Plaintiff's

application for preliminary injunction "is tantamount to a decision denying" their motions to dismiss. [Doc. 72].

Plaintiff now moves to strike the notices of appeal or, in the alternative, have the Court certify the appeals as frivolous.

## ARGUMENT & AUTHORITIES

A. **The Court should strike Bitgood's and Norman's notices of appeal**

    1. **Because the Court has not denied or refused to rule on either motion to dismiss, the Court should strike the notices of appeal**

Generally, an appellate court only has jurisdiction over "all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Under the collateral order doctrine, a movant may appeal "a small category of decisions that, although they do not end the litigation, must nonetheless be considered final." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995) (cleaned up). "That small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Id.*

Norman and Bitgood both contend their motions to dismiss were denied because the Court refused to rule on the motions. While the Fifth Circuit has held that a trial court declining or refusing to rule on a motion to dismiss based on immunity is immediately appealable,[2] that is not the case here. Distinguishing *Helton*, the Fifth Circuit made clear that failing to rule or not yet ruling on a motion is not the same thing as refusing to rule on that motion for purposes of the collateral order doctrine. *Meza v. Livingston*, 537 F.3d 364, 365-67 (5th Cir. 2008); *see also Wooten v. Roach*, 964 F.3d 395, 406 (5th Cir. 2020). In *Wooten*, the Fifth Circuit noted it had

---

[2] *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986).

"declined to extend *Helton*'s 'narrow holding' to a situation where the district court did not refuse to rule on an immunity issue that, to the contrary, remained 'under advisement.'" 964 F.3d at 406. There must be an "explicit refusal to rule" for a movant to bring an appeal under the collateral order doctrine. *Id.*

Here, as in *Meza* and *Wooten*, there has been no explicit refusal to rule. Rather, the Court told the parties, "I will rule expeditiously" on Bitgood's and Norman's motions. [Doc. 78 at 55:25]. Nothing about this statement could possibly be construed as an explicit refusal to rule. The fact the Court did not rule on Norman's or Bitgood's timeline is not a refusal to rule. Because Bitgood's and Norman's notices of appeal are improper, Plaintiff respectfully requests the Court strike both notices of appeal.

> **2. The Court should strike Bitgood's notice of appeal on his motion to dismiss under the TCPA because he has failed to demonstrate he is entitled to an appeal under the collateral order doctrine**

To the extent this could be considered an order denying Bitgood's motion to dismiss, it is not an appealable Order. A notice of appeal from a nonappealable order does not divest the district court of jurisdiction over the case. *See United States v. Dunbar*, 611 F.2d 985, 987 (5th Cir. 1980).

Bitgood argues without citation to legal authority that the collateral order doctrine applies to his motion to dismiss under the TCPA. [Doc. 73]. However, the Fifth Circuit has not addressed whether the denial of a motion to dismiss under the Texas Citizens Participation Act is interlocutorily appealable in the short time following its 2019 ruling that "the TCPA does not apply … in federal court." *Klocke v. Watson*, 936 F.3d 240, 249 (5th Cir. 2019); *see, e.g., MCR Oil Tools, L.L.C. v. SPEX Grp. US, L.L.C.*, 785 F. App'x 241, 242 (5th Cir. 2019). It is Bitgood's burden to demonstrate the applicability of the collateral order doctrine in the context of his motion to dismiss. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 816 (5th Cir. 2004).

Bitgood has not even attempted to meet his burden. As such, the Court should strike Bitgood's notice of appeal because it is based on a nonappealable order.

**B. Alternatively, the Court should certify that the appeals are frivolous**

"Although courts are as a general matter, divested of jurisdiction while an interlocutory appeal of immunity is pending, such divestment is neither automatic nor absolute." *Salcido v. Harris Cnty.*, No. H-15-2155, 2018 U.S. Dist. LEXIS 212983, at *32 (S.D. Tex. Dec. 18, 2018) (Lake, J.) (citing *BancPass, Inc. v. Highway Toll Administration, L.L.C.*, 863 F.3d 391, 400 (5th Cir. 2017)). "A district court is permitted to maintain jurisdiction over an interlocutory appeal of an immunity denial after certifying that the appeal is frivolous or dilatory." *BancPass*, 863 F.3d at 400. "In other words, a district court must provide written certification and make an express finding of frivolousness in the immunity context in order for a court to not be deprived of jurisdiction." *Salcido*, 2018 U.S. Dist. LEXIS 212983, at *33. "District courts are not strangers to making a determination of whether matters are frivolous." *Dunbar*, 611 F.2d at 988.

**1. The appeals are frivolous because the Court has not denied the motions to dismiss or refused to rule on them**

Because Bitgood and Norman are attempting to appeal a non-ruling by the Court, it is clear the appeals are simply a tactic to avoid having the Court enter an injunction against them. As discussed *supra*, Bitgood's and Norman's purported appeal have no merit because the Court has not refused to rule on Norman's motion to dismiss. If the Court does not strike their notices of appeal, this, alone, is grounds for certifying Norman's and Bitgood's appeal as frivolous.

**2. An appeal of the motion to dismiss under the judicial proceedings privilege is frivolous because the pleadings make clear the privilege does not apply**

Even if, assuming *arguendo*, Norman and Bitgood were appealing an appealable order related to the motion to dismiss under the judicial proceeding privilege, the Court should still certify the appeal as frivolous, because there is no legal merit to their argument that this privilege

applies. As discussed in Plaintiff's response to Norman's motion dismiss,[3] it is clear from the pleadings the judicial proceedings privilege does not apply to Plaintiff's claims because Plaintiff does not assert libel, slander, or defamation claims against any Defendant. Plaintiff's claims solely arise from Norman's and the other Defendants' willful infringement of Lewis Brisbois's trademarks and trade names.

Norman contends the judicial proceedings privilege applies because "[t]his case has its genesis in state court and is inexorably intertwined with the same legal concepts and issues—which entity had the right to file suit as Lewis, Brisbois, Bisgaard & Smith, LLP in the Texas state court."[4] Ms. Norman is incorrect for several reasons:

"Under Texas law, '[c]ommunications in the due course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made.'" *BancPass, Inc.*, 863 F.3d at 401 (quoting *James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982) (per curiam)). The Fifth Circuit has cautioned against enlarging the privilege into a license to "go about in the community and make false and slanderous charges against [a] court adversary." *Id.* at 402. Rather, the defamatory statement must have "some relation to the proceeding" for the privilege to apply. Restatement (Second) of Torts § 587 (1977); *see also Shell Oil v. Writt*, 464 S.W.3d 650, 654-55 (Tex. 2015).

It is clear from the pleadings the judicial proceedings privilege does not apply to Plaintiff's claims because Plaintiff does not assert libel, slander, or defamation claims against any Defendant. Plaintiff's claims solely arise from Norman's and the other Defendants' willful infringement of Lewis Brisbois's trademarks and trade names. These uses of Plaintiff's trademarks and trade

---

[3] *See* Doc. 47 at 8-11, incorporated by reference under Rule 10.

[4] ECF No. 42, p. 13.

names had nothing to do with the state court lawsuit, which was solely related to allegations about improper rental fees and eviction. *See* Doc. 62, incorporated by reference under Rule 10.

> **3. Even if the Court does not certify the appeal as frivolous, it must proceed to adjudicate Norman's and Bitgood's nonjudicial uses of Plaintiff's name**

Generally, filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over **those aspects of the case involved in the appeal**." *Wooten*, 964 F.3d at 403 (emphasis added). "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990). Necessarily this means "the district court may still proceed with matters not involved in the appeal." *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981).

Even if the Court believes the judicial proceeding privilege applies to some of Norman's use of Plaintiff's intellectual property, it is clear there were nonjudicial uses of Plaintiff's trademarks and trade names, which necessarily fall outside the ambit of the judicial proceeding privilege. Because Norman and Bitgood are clearly trying to delay resolution of those issues that would not be subject to interlocutory appeal, the appeal is frivolous. But, at a minimum, the Court should proceed with resolution of Norman's and Bitgood's uses of Plaintiff's trademarks and trade names that could not be protected by the judicial proceeding privilege.

> **4. Even if the Court had denied the motion to dismiss under the judicial proceedings privilege, interlocutory appeal is frivolous because the Court has not made a finding as to the sufficiency of Plaintiff's pleadings**

If the Court denies the motion to dismiss, it must also determine whether the plaintiff has pleaded "facts which, if true, would overcome the defense of [] immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Then, the Court must determine whether it is able to "rule on the immunity defense without further clarification of the facts." *Id.* (cleaned up). If the Court is not,

the Court may allow discovery that is "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id.* (cleaned up). The Fifth Circuit has described this "limited-discovery process as a careful procedure, which permits a district court to defer its immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Carswell v. Camp*, No. 21-10171, 2022 U.S. App. LEXIS 33072, at *7 (5th Cir. Nov. 30, 2022) (cleaned up).

Whether an alleged defamatory matter is related to a proposed or existing judicial proceeding is a question of law to be determined by the court, *see, e.g.*, *Russell v. Clark*, 620 S.W.2d 865, 868 (Tex. App.--Dallas 1981, writ ref'd n.r.e.); *Thomas v. Bracey*, 940 S.W.2d 340, 343 (Tex. App.—San Antonio 1997, no writ), but determining whether any such communication is absolutely privileged first requires sufficient discovery. *Ackerman McQueen, Inc. v. Stinchfield*, Civil Action No. 3:19-CV-03016-X, 2020 U.S. Dist. LEXIS 208027, at *5 (N.D. Tex. Nov. 6, 2020). Because Plaintiff would be deprived of the opportunity to conduct this necessary discovery and the Court deprived of the opportunity to see the further factual development attendant with the discovery, the Court should certify the appeal as frivolous until these procedural safeguards have been conducted.

### 5. Bitgood's appeal from his motion to dismiss under the TCPA is frivolous because the TCPA does not apply to federal proceedings

Bitgood also filed a notice of appeal as to the purported denial of his motion to dismiss under the Texas Citizens Protection Act. Because, as discussed *supra*, the Court has not denied Bitgood's motion or refused to rule on that motion, his purported appeal is frivolous and should be certified as frivolous.

Moreover, the appeal is frivolous because the Fifth Circuit has made abundantly clear "the TCPA does not apply … in federal court." *Klocke*, 936 F.3d at 249. This Court has *repeatedly* held in accord. *Nguyen v. Hoang*, No. H-17-2060, 2020 U.S. Dist. LEXIS 260268, at *4 n.6 (S.D. Tex.

2020) (Hittner, J.); *Ethosenergy Light Turbines, LLC v. Barron*, No. H-19-1738, 2020 U.S. Dist. LEXIS 265869, at *3 (S.D. Tex. Jan. 14, 2020) (Lake, J.); *DISA Glob. Sols., Inc. v. ASAP Drug Sols., Inc.*, No. 4:18-CV-2849, 2019 U.S. Dist. LEXIS 172161, at *6 (S.D. Tex. Sep. 27, 2019) (Bennett, J.); *see also Lee v. Samsung Elecs. Am., Inc.*, No. 4:21-cv-1321, 2022 U.S. Dist. LEXIS 181165, at *25-26 (S.D. Tex. Sep. 21, 2022) (Palermo, Mag. J.); *Rivera v. Autotransportes Fronterizos, M.G., S.A De C.V*, No. 7:21-cv-00428, 2022 U.S. Dist. LEXIS 137636, at *6 n.24 (S.D. Tex. Aug. 3, 2022) (Alvarez, J.) (collecting cases). Absent any legal basis for his motion, it is clear the appeal is frivolous and just designed to delay proceedings.

## Prayer

Plaintiff, Lewis Brisbois Bisgaard & Smith, LLP respectfully requests the Court strike Bitgood's and Norman's notice of appeal. In the alternative, Plaintiff respectfully requests the Court certify the purported interlocutory appeals as frivolous.

Dated: December 13, 2022      Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith LLP**

*/ s / Shane L. Kotlarsky*
William S. Helfand
Attorney-in-Charge
Texas Bar No. 09388250
Bennett G. Fisher
Texas Bar No. 07049125
Shane L. Kotlarsky
Texas Bar No. 24083329
Sean O'Neal Braun
Texas Bar No. 24088907
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
bill.helfand@lewisbrisbois.com
bennett.fisher@lewisbrisbois.com
shane.kotlarsky@lewisbrisbois.com
sean.braun@lewisbrisbois.com

                                    **Attorneys for Plaintiff,**
                                    **Lewis Brisbois Bisgaard & Smith, LLP**

## Certificate of Service

    I certify a true and correct copy of the foregoing document has been served on all parties and counsel *of record* by electronic filing on December 13, 2022

                                      */ s / Shane L. Kotlarsky*
                                      Shane L. Kotlarsky