**In the United States District Court
for the Southern District of Texas, Houston Division**

| | |
|---|---|
| **Lewis Brisbois Bisgaard & Smith, LLP,** | |
| Plaintiff, | **Civil Action No. 4:22-cv-3279** |
| v. | |
| **Michael Joseph Bitgood a/k/a "Michael Easton,"** *et al.* | **Jury Demanded** |
| Defendants. | |

**Plaintiff's Response in Opposition to Brad Beers' Motion to Dismiss**

Plaintiff, Lewis Brisbois Bisgaard & Smith, LLP[1] responds in opposition Defendant Brad Beers' motion to dismiss for failure to state a claim based upon Mr. Beers' assertion of the *affirmative defense* of attorney immunity. Because Plaintiff's complaint alleges more than facts sufficient to state plausible claims against Mr. Beers for fraud and conspiracy to infringe upon Plaintiff's common-law and registered trademarks, and Plaintiff's common-law trade name, the Court should reject Mr. Beer's assertion of attorney immunity and deny Mr. Beers' motion to dismiss. In support, Plaintiff respectfully shows the following:

---

1 Plaintiff Lewis Brisbois Bisgaard & Smith, LLP refers to itself as "Plaintiff."

# Table of Contents

Table of Authorities .................................................................................................. iii

**Nature and Stage of the Proceedings** ................................................................. 1

**Issues Presented** ...................................................................................................... 1

**Summary of the Argument** ................................................................................... 2

**Standard of Review** ................................................................................................ 3

**Argument & Authorities** ....................................................................................... 5

      1.      **Attorney immunity does not apply to Plaintiff's claims against Mr. Beers** ........................................................................................................... 5

            1.1.      **Because it does not involve the "uniquely lawyerly capacity" or an "attorney's skills as an attorney," filing an assumed name certificate is not conduct subject to attorney immunity.** ........... 8

            1.2.      **Attorney immunity does not protect conspiracy to commit fraud.** ...................................................................................... 11

      2.      **Plaintiff has stated claims against Mr. Beers for fraud and conspiracy to infringe Plaintiff's trademarks and trade names.** .......................... 13

      3.      **A Final Note** .................................................................................... 15

**Prayer** ...................................................................................................................... 16

**Certificate of Service** ............................................................................................. 17

## Table of Authorities

**Page(s)**

**Cases**

*Agar Corp. v. Electro Circuits Int'l, LLC,*
  580 S.W.3d 136 (Tex. 2019) ......................................................................14

*Allen v. Walmart Stores, L.L.C.,*
  907 F.3d 170 (5th Cir. 2018) .......................................................................3

*Alpert v. Crain, Caton & James, P.C.,*
  178 S.W.3d 398 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)....................6, 13

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)......................................................................................3

*Bethel v. Quilling,*
  595 S.W.3d 651 (Tex. 2020)........................................................................11

*Calogero v. Shows, Cali & Walsh, L.L.P.,*
  970 F .3d 576, 580 (5th Cir. 2020) ..............................................................3

*Cantey Hanger, LLP v. Byrd,*
  467 S.W.3d 477 (Tex. 2015)......................................................................5, 6

*Causey v. Sewell Cadillac-Chevrolet, Inc.,*
  394 F.3d 285 (5th Cir. 2004) .......................................................................4

*Chu v. Chong Hui Hong,*
  249 S.W.3d 441 (Tex. 2008)........................................................................12

*Elwell v. Mayfield,*
  No. 10-04-00322-CV, 2005 Tex. App. LEXIS 6356 (Tex. App.—
  Waco Aug. 10, 2005, pet. denied) ................................................................9

*Essex Crane Rental Corp. v. Carter,*
  371 S.W.3d 366 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)............12, 13, 14

*FinServ Cas. Corp. v. Settlement Funding, LLC,*
  724 F. Supp. 2d 662 (S.D. Tex. 2010) (Lake, J.)............................12, 13, 14

*Garrett v. Commonwealth Mortg. Corp.,*
  938 F.2d 591 (5th Cir. 1991) ...............................................................4, 10

*Harkins v. Murphy & Bolanz,*
  112 S.W. 136 (Tex. Civ. App.—Dallas 1908, no writ) ................................9

*Haynes & Boone, LLP v. NFTD, LLC,*
　　631 S.W.3d 65 (Tex. 2021)...................................................................12

*James v. Easton,*
　　368 S.W.3d 799 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) .......................7

*JJJJ Walker, LLC v. Yollick,*
　　447 S.W.3d 453 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ...................12

*Jones v. Greninger,*
　　188 F.3d 322 (5th Cir. 1999) ...................................................................10

*Kelly v. Nichamoff,*
　　868 F.3d 371 (5th Cir. 2017) .......................................................... *passim*

*Lackshin v. Spofford,*
　　No. 14-03-00977-CV, 2004 Tex. App. LEXIS 8134 (Tex. App.—
　　Houston [14th Dist.] Sep. 7, 2004, pet. denied)...........................................7

*Likover v. Sunflower Terrace II, Ltd.,*
　　696 S.W.2d 468 (Tex. App. Houston [1st Dist.] 1985, no writ)............................7, 13

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,*
　　594 F.3d 383 (5th Cir. 2010) ....................................................................4

*Lone Star Ladies Inv. Club v. Schlotzsky's Inc.,*
　　238 F.3d 363 (5th Cir. 2001) ...................................................................15

*McDonald v. State,*
　　No. 08-08-00103-CR, 2010 Tex. App. LEXIS 7977 (Tex. App.—El
　　Paso Sep. 30, 2010, pet. ref'd)..................................................................8

*Miramont Mgmt. Co., L.L.C. v. John Sibbald Assocs.,*
　　No. H-08-2188, 2008 U.S. Dist. LEXIS 75553 (S.D. Tex. Sept. 5,
　　2008) (Miller, J.).................................................................................15

*Newby v. Enron Corp. (In re Enron Corp. Sec.),*
　　623 F. Supp. 2d 798 (S.D. Tex. 2009) (Harmon, J.)....................................15

*Newton v. Delespine,*
　　No. 12-05-00113-CV, 2006 Tex. App. LEXIS 10361 (Tex. App.—
　　Tyler Dec. 1, 2006, pet. denied)...............................................................8, 9

*Patterson v. Pritchard,*
　　No. 03-10-00211-CV, 2011 Tex. App. LEXIS 6123 (Tex. App.—
　　Austin Aug. 4, 2011, no pet.)....................................................................9

*Querner v. Rindfuss*,
   966 S.W.2d 661 (Tex. App. San Antonio 1998, pet. denied) ........................................7

*Tannehill v. State*,
   No. 03-97-00208-CV, 1997 Tex. App. LEXIS 3462 (Tex. App.—
   Austin July 3, 1997, writ dism'd w.o.j.) ........................................................8

*Taylor v. Tolbert*,
   644 S.W.3d 637 (Tex. 2022) ..............................................................6, 10, 11, 12

*Toles v. Toles*,
   113 S.W.3d 899 (Tex. App. Dallas 2003, no pet.) ........................................7

*Walker v. Beaumont Indep. Sch. Dist.*,
   938 F.3d 724 (5th Cir. 2019) ........................................................4

## Statutes & Rules

Lanham Act, 15 U.S.C. §1051, *et seq.* ..........................................1, 13, 14

Texas Citizens Participation Act,
   Tex. Civ. Prac. & Rem. Code § 27.001, *et seq.* ........................................10

Fed. R. Civ. P. 8(a)(2) ........................................................3

Fed. R. Civ. P. 15(a)(2) ........................................................15

Fed. R. Civ. P. 12(b)(6) ........................................................1, 3, 4, 5

## Other Authorities

Black's Law Dictionary ........................................................8, 9

5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND
   PROCEDURE § 1357 (3d ed. 2021) ........................................................4

## Nature and Stage of the Proceedings

On September 23, 2022, Plaintiff, Lewis Brisbois Bisgaard & Smith, LLP filed suit against Michael Joseph Bitgood a/k/a "Michael Easton," Richard P. Jones, Susan C. Norman, Bradley B. Beers, and the Texas entity known as "Lewis Brisbois Bisgaard & Smith, LLP"[2] for trademark and trade name infringement, and unfair competition in violation of the Trademark Act of 1946, 15 U.S.C. §1051, *et seq*., as amended (the "Lanham Act"), and related claims, including fraud and conspiracy to infringe upon Plaintiff's trademarks and trade names, arising under Texas law.

On December 1, 2022, Mr. Beers moved to dismiss Plaintiff's well-pled claims asserting under Rule 12(b)(6) the *affirmative defense* of attorney immunity. Because Mr. Beers' attorney immunity defense does not apply to the clearly fraudulent and unlawful conduct Plaintiff alleges in its complaint, the Court should deny Mr. Beers' motion to dismiss.

## Issues Presented

1.      The affirmative defense of attorney immunity does not apply to Mr. Beers' conduct.

2.      Plaintiff has stated claims for fraud and conspiracy against Mr. Beers.

---

2 To avoid confusion with the Plaintiff law firm, Plaintiff refers to the entity Bitgood registered on May 26, 2022 as the "Bitgood Entity."

## Summary of the Argument

Plaintiff's claims against Mr. Beers arise from Mr. Beers "acting in the capacity of attorney-in-fact of the Bitgood Entity," filing on June 1, 2022, "an assumed name certificate in the Office of the Secretary of State" identifying "the Bitgood Entity's assumed name as 'Lewis Brisbois Bisgaard & Smith.'"[3] "Mr. Beers electronically signed the assumed name certificate 'subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument.'"[4] While Plaintiff's claims against Mr. Beers arise from Mr. Beers' conduct as "attorney-in-fact" that does not describe—or as Mr. Beers self-servingly *argues*—the extent of Mr. Beers' intentional conduct in a conspiracy to commit the fraud of misrepresenting the true ownership of Plaintiff's trademarks and trade name.

Thus, in alleging that "Mr. Beers acted willfully, deceitfully, and maliciously by filing with the … Office of the Secretary of State [a] document[] containing material and false representations Defendants have used and continue to use to infringe upon and usurp Lewis Brisbois's intellectual property, name, goodwill, and reputation,"[5] Plaintiff has sufficiently stated a claim for fraud against Mr. Beers. Similarly, by alleging that "Mr. Beers actively and fraudulently conspired together" with Bitgood and Ms. Norman "to unlawfully organize, register, conduct business, and file suit using Lewis Brisbois's name and trademarks," for the purpose of "infring[ing] upon and usurp[ing] Lewis Brisbois's

---

[3] ECF No. 1, ¶¶ 21, 49-50; ECF No. 1-7.

[4] *Id*.

[5] ECF No. 1, ¶ 50.

intellectual property, name, goodwill, and reputation,"[6] Plaintiff has stated a conspiracy claim against Mr. Beers.

## Standard of Review

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F .3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. *Twombly*, 550 U.S. at 556. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Id.*

Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

In considering a motion to dismiss under Rule 12(b)(6), the court must limit itself to: (i) the facts in the complaint; (2) documents attached to the complaint; and (3) matters

---

[6] *Id.*, ¶ 52.

of which the court may take judicial notice. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The court has discretion to consider "any documents attached to the complaint[] and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

To grant a motion to dismiss under Rule 12(b)(6) based upon a defendant's assertion of an affirmative defense, as Mr. Beers seeks here, the undeniability of the defense must be apparent solely from "the plaintiff's own allegations" such that the defense is fatal to the claim. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 1357 (3d ed. 2021). "Although dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017) (quoting *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006)). In other words, the pleadings must "reveal **beyond doubt** that the plaintiff[] can prove no set of facts" that would overcome the defense or otherwise entitle them to relief. *Garrett v. Commonwealth Mortg. Corp.*, 938 F.2d 591, 594 (5th Cir. 1991) (emphasis added).

Otherwise, "[a]n attorney who pleads the affirmative defense of attorney immunity has the burden to prove that [the] alleged wrongful conduct … is part of the discharge of [the attorney's] duties to [the] client." *Nichamoff*, 868 F.3d at 375 (quoting *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 484 (Tex. 2015)). "To meet this burden, **the attorney must**

**conclusively establish** that [the] alleged conduct was within the scope of [the attorney's] legal representation of [the] client." *Id.* (cleaned up) (emphasis added).

### Argument & Authorities

**1.      Attorney immunity does not apply to Plaintiff's claims against Mr. Beers**

"Under Texas law, attorney immunity is a comprehensive affirmative defense protecting attorneys from liability to non-clients, stemming from the broad declaration … that attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *Nichamoff*, 868 F.3d at 374 (quotations omitted) (citing *Cantey*, 467 S.W.3d at 481).

As opposed to a dismissal on the pleadings, as Mr. Beers seeks here based on his careful parsing of a *portion* of Plaintiff's complaint, "an attorney seeking dismissal based on attorney immunity bears the burden of establishing entitlement to the defense." *Id.* at 375 (quoting *JJJJ Walker, LLC v. Yollick*, 447 S.W.3d 453, 468 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)); *see also, Cantey*, 467 S.W.3d at 484. Again, "[t]o meet this burden, **the attorney must conclusively establish** that [the] alleged conduct was within the scope of [the attorney's] legal representation of [the] client." *Nichamoff*, 868 F.3d at 375 (emphasis added) (quotations omitted). Since it is well established that "[t]he mere fact that an attorney was representing a client at the time of alleged fraudulent activity is not enough to warrant immunity," *id*. (citation omitted), the applicability of the defense is generally fact dependent and therefore not subject to dismissal under Rule 12(b)(6) because, despite Mr. Beers' argument to the contrary, "a lawyer … cannot shield his own willful and premeditated fraudulent actions from liability simply on the ground that [the

lawyer] is an agent of the client." *Alpert v. Crain, Caton & James*, *P.C.*, 178 S.W.3d 398, 406 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)).

"If an attorney shows that the conduct at issue was 'part of the discharge of the [attorney's] duties in representing [the] client,' immunity is appropriate." *Nichamoff*, 868 F.3d at 375 (quoting *Cantey*, 467 S.W.3d at 481). Importantly, however, "[t]he mere fact that an attorney was representing a client at the time of alleged fraudulent activity is not enough to warrant immunity." *Id.* (citation omitted); *see also, Alpert*, 178 S.W.3d at 406. "Conduct is not the kind of conduct attorney immunity protects 'simply because attorneys often engage in that activity' or because an attorney performed the activity on a client's behalf." *Taylor v. Tolbert*, 644 S.W.3d 637, 646 (Tex. 2022) (citing *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 52 (Tex. 2021)). "[A]ttorneys are not protected from liability to non-clients for their actions when they do not qualify as the kind of conduct in which an attorney engages when discharging … duties to [a] client." *Cantey*, 467 S.W.3d at 482 (quotation omitted). "Rather, the conduct must involve 'the uniquely lawyerly *capacity*' and the attorney's *skills as an attorney*." *Taylor*, 644 S.W.3d at 646 (emphasis in original) (citing *Landry's*, 631 S.W.3d at 51-53; *Cantey*, 467 S.W.3d at 482).

Accordingly, "Texas courts have repeatedly warned that [i]f a lawyer participates in independently fraudulent activities, [the lawyer's] action is foreign to the duties of an attorney." *Nicamoff*, 868 F.3d at 375 (quotations and citations omitted); *see Cantey*, 467 S.W.3d at 483; *Alpert*, 178 S.W.3d at 406. This includes, for example, the very allegations Plaintiff has lodged against Mr. Beers in Plaintiff's complaint:

> an attorney who participates in a **fraudulent business scheme** with [his] client and is thus not protected by the [attorney immunity] doctrine because such acts are entirely foreign to the duties of an attorney and 'not part of the discharge of an attorney's duties in representing a party.

*Nichamoff*, 868 F.3d at 375-76 (cleaned up) (emphasis added). Conversely, and as Mr. Beers' co-defendants should well understand, "if an attorney engages in fraudulent or malicious conduct in the course of representing his client, an opposing party may assert intentional tort claims against the attorney based upon this conduct." *James v. Easton*, 368 S.W.3d 799, 803-04 (Tex. App.—Houston [14th Dist.] 2012, pet. denied)[7] (citing *Poole v. H. & T. C. R. Co.*, 58 Tex. 134, 137 (1882); *Toles v. Toles*, 113 S.W.3d 899, 911-12 (Tex. App. Dallas 2003, no pet.); *Querner v. Rindfuss*, 966 S.W.2d 661, 666-70 (Tex. App. San Antonio 1998, pet. denied); *Likover v. Sunflower Terrace II, Ltd.*, 696 S.W.2d 468, 472 (Tex. App. Houston [1st Dist.] 1985, no writ); *Lackshin v. Spofford*, No. 14-03-00977-CV, 2004 Tex. App. LEXIS 8134, at *7-8 (Tex. App.—Houston [14th Dist.] Sep. 7, 2004, pet. denied) (collecting cases).

Thus, as the Fifth Circuit held in *Nichamoff*, "[w]ithout more information about the scope of [Beers'] representation of [Bitgood and Norman], [Mr. Beers] cannot conclusively establish at this stage that the conduct alleged by [Plaintiff] fell within [the asserted immunity]." *Nichamoff*, at 375.[8] This *affirmative defense* is not established by Plaintiff's pleadings. To the very contrary, Plaintiff's allegations raise the inapplicability of the

---

[7] In *James v. Easton*, the Houston Court of Appeals for the 14th District reversed the trial court's dismissal of a plaintiff's claims against Michael Easton—now known as Michael Bitgood, one of the Defendants in the instant lawsuit—and attorney Peter J. Riga for intentional infliction of emotional distress and tortious interference with a contract. *See* 368 S.W.3d at 803-04. The late Mr. Riga, *see, e.g.* ECF No. 16, p. 1, at the time an attorney licensed to practice law in the State of Texas and with whom Defendant Susan Norman shared a fax number, *see Easton*, 368 S.W.3d at 801 n.1, asserted attorney immunity as grounds supporting affirmance of dismissal in favor of Mr. Riga and Bitgood (nee Easton). Pointing out numerous terrorist acts by Bitgood, the *Easton* court flatly rejected the assertion of attorney immunity and reversed the trial court's dismissal. *Id*. at 803-04.

[8] Notably, Plaintiff requested Mr. Beers' communications with Easton and Ms. Norman to which Mr. Beers asserted privilege. Obviously, Mr. Beers cannot hide the very evidence he claims shows the limited nature of his relationship with Bitgood and Ms. Norman, both of whom have already admitted their fraud, while simultaneously telling the Plaintiff and the Court that they must accept Mr. Beers' word on the issue. *See* ECF Nos. 31, 31-3, 31-4.

defense but assert Mr. Beers' conspiratorial acts of fraud based on Plaintiff's allegation that Mr. Beers conspired with Bitgood and Ms. Norman by participating in what Bitgood and Ms. Norman have already admitted on the record was a fraudulent business scheme.

**1.1. Because it does not involve the "uniquely lawyerly capacity" or an "attorney's skills as an attorney," filing an assumed name certificate is not conduct subject to attorney immunity.**

First, Plaintiff's statement that Mr. Beers was "acting in the capacity of **attorney-in-*fact*** of the Bitgood Entity"[9] does not support Mr. Beers' assertion of attorney immunity because Plaintiff has not alleged, and Mr. Beers cannot at the motion to dismiss phase establish, as is his burden, that Mr. Beers was representing Bitgood, the Bitgood Entity, or Ms. Norman as an **attorney-at-*law***. In the context of the attorney immunity affirmative defense, this is a critically important legal distinction and one that Mr. Beers seems to have forgotten applies here.

The role of "attorney in fact" generally arises from the designation of such a person through a power of attorney. *See McDonald v. State*, No. 08-08-00103-CR, 2010 Tex. App. LEXIS 7977, at *28-29 (Tex. App.—El Paso Sep. 30, 2010, pet. ref'd) ("A durable power of attorney simply designates another as the principal's 'attorney in fact,' meaning one designated **to transact business** for another") (citing *Black's Law Dictionary* 124 (7th ed., West 1999). Thus, "[a]n attorney in fact is defined as a private or special attorney, appointed for some particular or definite purpose **not connected with a proceeding at law**." *See Tannehill v. State*, No. 03-97-00208-CV, 1997 Tex. App. LEXIS 3462, at *5 (Tex. App.—Austin July 3, 1997, writ dism'd w.o.j.) (emphasis added); *see also,* Black's Law Dictionary at 124, *accord Newton v. Delespine*, No. 12-05-00113-CV, 2006 Tex. App.

---

[9] ECF No. 1, ¶ 21 (emphasis added).

LEXIS 10361, at *14-15 (Tex. App.—Tyler Dec. 1, 2006, pet. denied).[10] Rather than acting as legal counsel, "[a]n 'attorney in fact' is 'one who is [merely] designated to transact business for another; a legal agent.'" *Elwell v. Mayfield*, No. 10-04-00322-CV, 2005 Tex. App. LEXIS 6356, at *10 (Tex. App.—Waco Aug. 10, 2005, pet. denied) (quoting, *Black's Law Dictionary* 138 (8th ed., West 2004)). "[T]he very definition of attorney in fact excludes the idea that he is authorized to represent his principal in proceedings in court." *See Harkins v. Murphy & Bolanz*, 112 S.W. 136, 138 (Tex. Civ. App.—Dallas 1908, no writ). Stated differently, the "authorization to act as an attorney in fact … is not an authorization to practice law." *Newton*, 2006 Tex. App. LEXIS 10361, at *15 (citing *Harkins*, 112 S.W. at 138); *see also, Patterson v. Pritchard*, No. 03-10-00211-CV, 2011 Tex. App. LEXIS 6123, at *21 (Tex. App.—Austin Aug. 4, 2011, no pet.).

Thus, by harping—indeed relying only—on Plaintiff's allegation that, in usurping Plaintiff's trademarks and trade names Mr. Beers acted as his co-defendants' "attorney-in-fact," Mr. Beers renders fatal his own assertion of attorney immunity, because attorney immunity does not exist for one who conducts business—in this case the fraudulent creation of a company using Plaintiff's trademark—as an attorney in fact. Moreover, since an individual who is not licensed to practice law may act as an attorney-in-fact for the purposes of, as here, filing a document with the Office of the Secretary of State, Mr. Beers' *ipse dixit* assertion that "filing an assumed named certificate … is the quintessential type of conduct that an attorney performs for a client"[11] is simply but clearly incorrect, legally unsupported, and flatly insupportable. Rather, since anyone can file an assumed name

---

[10] Conversely, an "attorney at law" is one who practices law. *See* Black's Law Dictionary at 124.

[11] ECF No. 63, p. 4.

certificate, doing so neither involves "the uniquely lawyerly *capacity*" or "the attorney's *skills as an attorney*." *Taylor*, 644 S.W.3d at 646 (emphasis in original) (citations omitted).

Moreover, lest there be any doubt, this important legal distinction certainly makes clear that Plaintiff's description of Mr. Beers as an "attorney-in-fact" in conspiring to fraudulently usurp Plaintiff's trademark does not demonstrate that Mr. Beers' affirmative defense "appears on the face" of Plaintiff's complaint to the requisite level of being "beyond doubt" that the defense applies as required by the Fifth Circuit in *Garrett, supra,* to sustain Mr. Beers' affirmative defense on a 12(b)(6) motion.

Beyond the fact that Mr. Beers' attorney in fact argument fails as a matter of law, the "mere fact that [Mr. Beers] was representing a client at the time of alleged fraudulent activity is not enough to warrant immunity." *See Nichamoff*, 868 F.3d at 375. Indeed, other than the undisputed fact that Mr. Beers filed the assumed certificate with the Secretary of State, neither Plaintiff's complaint nor Mr. Beers' motion to dismiss establishes the scope of Mr. Beers' representation of Bitgood, Ms. Norman, or the Bitgood Entity. *See id.* at 376.[12] Nor does Plaintiff's complaint admit facts requiring the application "beyond doubt." of the attorney immunity defense.

---

[12] While the Court need not consider evidence to deny Mr. Beers' motion to dismiss, the Court could take judicial notice as public records several filings in the lawsuit Cause No. 22-CCV-070378, *Jones, et al. v. Martinez, et al.*, in the County Court at Law No. 3 of Fort Bend County, Texas, in which Mr. Beers, on behalf of Bitgood, prepared and on July 19, 2022 filed a motion under the Texas Citizens Participation Act, Tex. Civ. Prac. & Rem. Code § 27.001, *et seq*., to dismiss a motion to compel. In the opening paragraph of his TCPA motion, Bitgood states, among other things, that:

> Movant, Michael Joseph Bitgood a/k/a/ Michael Easton, by and through his attorney Brad Beers (**retained to defend against the present legal action, and for this motion only**), files this motion to dismiss the "legal action" (SLAPP) filed against him by Imperial Lofts, LLC, Karina Martinez and Marianna Sullivan.

In support of Bitgood's TCPA motion, Mr. Beers filed declarations on August 30, 2022 and September 12, 2022. Each of Mr. Beers' declarations states, in pertinent part, that:

> My name is Brad Beers. … I am the lawyer that was retained by Mr. Bitgood to defend against the legal action brought against him and to prosecute the Chapter 27 dismissal motion [i.e., Bitgood's

**1.2.    Attorney immunity does not protect conspiracy to commit fraud.**

In its recent opinion in *Taylor v. Tolbert*, 644 S.W.3d 637 (Tex. 2022), the Texas

Supreme Court held "if an attorney engages in conduct that is not 'lawyerly work' or is

'entirely foreign to the duties of a lawyer' or falls outside the scope of client representation,

the attorney-immunity defense is inapplicable." *Taylor*, 644 S.W.3d at 646 (citing

*Landry's*, 631 S.W.3d at 51-53; *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018)).

"Immunity attaches only if the attorney is discharging 'lawyerly' duties to his … client."

*Id*. (citing *Cantey Hanger,* 467 S.W.3d at 481).

"A corollary to this principle is that attorneys will not be entitled to civil immunity

for conduct that is 'entirely foreign to the duties of an attorney.'" *Id*. "'Foreign to the duties'

does not mean something a good attorney should not do; it means that the attorney is acting

outside his or her capacity and function as an attorney." *Id*. (citing, e.g., *Youngkin*, 546

S.W.3d at 681; *Cantey Hanger*, 467 S.W.3d at 482, 487; *Poole*, 58 Tex. at 137).

Accordingly, the Texas Supreme Court "has long recognized … that attorney immunity is

not boundless," *Bethel v. Quilling*, 595 S.W.3d 651, 657 (Tex. 2020) (citing *Poole*, 58 Tex.

134), and, thus, "[a]n attorney is not immune from suit for participating in criminal or

'independently fraudulent activities' that fall outside the scope of the attorney's

representation of a client." *Id*. (citing *Cantey Hanger*, 467 S.W.3d at 483). Indeed, the

Texas Supreme Court has *recently and repeatedly* "acknowledged … that there is a wide

range of criminal conduct that is not within the scope of client representation and [is]

---

motion to dismiss under the TCPA] against Defendants [Imperial Lofts, LLC, Karina Martinez and
Marianna Sullivan].

Thus, if this Court were to consider evidence in deciding Mr. Beers' motion to dismiss, Mr. Beers'
argument that his filing of an assumed name certificate was within the scope of Mr. Beers'
representation of Bitgood, Ms. Norman, or the Bitgood Entity is belied by the public records, including Mr. Beers'
declarations under penalty of perjury and Bitgood's pleading admission, in the state court lawsuit.

therefore foreign to the duties of an attorney." *Taylor*, 644 S.W.3d at 648 (cleaned up) (citing *Bethel*, 595 S.W.3d at 658). "[W]hen that is the case, … such conduct simply fails to satisfy the requirements for invoking the defense in the first instance." *Id*. (citation omitted).

In the instant case, even if the Court finds that filing an assumed name certificate—something any lay person can do—*could* trigger the affirmative defense of attorney immunity, it is well-established under Texas law—and as expressly recognized by this Court—that an "attorney could be held liable … for conspiracy to commit fraud." *FinServ Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662, 672 (S.D. Tex. 2010) (Lake, J.) (citations omitted). Thus, federal and state courts in Texas have held attorney immunity did not apply in cases where, as Plaintiff alleges here, "[a]n attorney … personally … lies on a client's behalf," *id*., **or the attorney drafts and files "fraudulent legal documents** for the purpose of conspiring" with their client. *See Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 379 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (emphasis added).[13] To be sure, "**[a]ttorneys have no immunity** from knowingly drafting fraudulent documents … and they may not deny their liability … for the loss sustained by reason of their own wrongful acts on the ground that they are the agents of their clients," *Yollick*, 447 S.W.3d at 471 (emphasis added) (citations omitted), "**for no one is justified on that ground** in knowingly committing willful and premeditated frauds for another." *Carter*, 371 S.W.3d at 379 (emphasis added) (quoting *Poole*, 58 Tex. at 137-38); *see also, Chu v.*

---

[13] This answers the question the Court posed to Mr. Beers' counsel during the preliminary injunction hearing. Accordingly, and to the extent Mr. Beers relies on the Texas Supreme Court's decision in *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65 (Tex. 2021)—which Mr. Beers neither cited nor discussed in his motion to dismiss—in his reply brief, Plaintiff will further address the applicability of the *NFTD* decision in a surreply.

*Chong Hui Hong*, 249 S.W.3d 441, 446 n.19 (Tex. 2008); *Alpert*, 17 S.W.3d at 406; *Likover*, 696 S.W.2d at 472.

Here, it is undisputed and indisputable that, on June 1, 2022, Mr. Beers filed with the Office of the Secretary of State an assumed name certificate utilizing Plaintiff's trademark and trade name on behalf of the Bitgood Entity.[14] Because Mr. Beers had actual knowledge at the time he filed the assumed name certificate that Plaintiff—the law firm known as Lewis Brisbois Bisgaard & Smith, LLP—existed and was actively engaged in the practice of law, including mediation and arbitration services, it is thus indisputable that Mr. Beers also knew Mr. Beers "draft[ed] and file[d] fraudulent legal documents for the purpose of conspiring with [his] client," *FinServ Cas. Corp., supra,* when Mr. Beers submitted "a materially false or fraudulent instrument" subject to the penalties imposed by Texas law. *See Carter*, 371 S.W.3d at 379. Accordingly, Mr. Beers' conduct  affirmative defense of attorney immunity fails as matter of law.

**2.  Plaintiff has stated claims against Mr. Beers for fraud and conspiracy to infringe Plaintiff's trademarks and trade names.**

In his motion to dismiss, Mr. Beers also argues Plaintiff has failed to state a claim against Mr. Beers under section 1114(a) of the Lanham Act since Plaintiff's complaint "contains no allegations that Mr. Beers ever used any of [Plaintiff's] Registered Marks."[15] While he is technically correct that Plaintiff has not asserted factual allegations showing that Mr. Beers personally infringed Plaintiff's trademarks or trade name, Mr. Beers is liable as a coconspirator to co-defendants' infringement.

---

[14] *See* ECF No. 1-7.

[15] ECF No. 63, p. 5.

Under Texas law, "[c]onspiracy is a derivative tort requiring an unlawful means or purpose, which may include an underlying tort." *Carter*, 371 S.W.3d at 378 (citing *Chu*, 249 S.W.3d 441, 444 (Tex. 2008); *see also Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 140-42 (Tex. 2019). The elements of civil conspiracy are: (1) a combination of two or more persons; (2) an object to be accomplished (an unlawful purpose or a lawful purpose by unlawful means); (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *See FinServ Cas. Corp.*, 724 F. Supp. 2d at 675 (citing *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998)).

Again, Judge Lake's opinion in *FinServ Cas. Corp., supra,* is instructive. Plaintiff has asserted against Mr. Beers' co-defendants claims for trademark infringement, trade name infringement, and unfair competition in violation of the Lanham Act and Texas common law.[16] As to Mr. Beers, whose overt acts in support of the conspiracy are clearly laid out, Plaintiff has alleged facts stating a claim for civil conspiracy among all defendants arising from:

> Defendants, Bitgood, Jones, Ms. Norman, and Mr. Beers actively and fraudulently conspir[ing] together to unlawfully organize, register, conduct business, and file suit using Lewis Brisbois's name and trademarks. The purpose of Defendants' unlawful and fraudulent conduct was to infringe upon and usurp Lewis Brisbois's intellectual property, name, goodwill, and reputation. Accordingly, each Defendant is jointly and severally liable for with each other Defendant for Lewis Brisbois's damages.[17]

In denying a motion to dismiss based upon a defendant's denial of liability for the acts of his alleged co-conspirators, Judge Miller, writing for this Court cited the hornbook

---

[16] ECF No. 1, ¶¶

[17] *Id*., ¶ 52.

law premise that "[a]ll members of a conspiracy are liable for their co-conspirators' wrongful acts." *Miramont Mgmt. Co., L.L.C. v. John Sibbald Assocs.*, No. H-08-2188, 2008 U.S. Dist. LEXIS 75553, at *9 (S.D. Tex. Sept. 5, 2008) (Miller, J.) (quoting, *Bentley v. Bunton,* 94 S.W.3d 561, 619 (Tex. 2002)). As Judge Miller further held, it is equally well-settled that "even if a co-conspirator's acts occurred before the conspiracy formed, all the conspiring parties are liable for those acts, as long as those acts are made in furtherance of the 'common goal' of the conspiracy." *Id.* Simply put, "[o]nce a conspiracy is proven, each co-conspirator is responsible for all acts done by any of the conspirators in furtherance of the unlawful combination." *Newby v. Enron Corp. (In re Enron Corp. Sec.)*, 623 F. Supp. 2d 798, 813 (S.D. Tex. 2009) (Harmon, J.) (citations and quotations omitted).

It is beyond reasonable argument—even Mr. Beers admits—that Mr. Beers undertook actions "in furtherance of the 'common goal' of the conspiracy," by filing an assumed name certificate for a fraudulently registered business with which Defendants sought to use Plaintiff's trademarks and trade names. Thus, Plaintiff has sufficiently stated a claim against Mr. Beers for conspiracy to infringe Plaintiff's trademarks and trade names, and to unfairly compete with Plaintiff using Plaintiff's legally protectible and protected trademarks and trade names.

**3.    A Final Note**

Even if, *arguendo*, the Court decides the affirmative defense of attorney immunity applies "beyond doubt" to Mr. Beers' conduct based only on the face of Plaintiff's complaint and Mr. Beers' motion to dismiss, the Court should permit Plaintiff leave to amend its complaint rather than resolve Plaintiff's claims against Mr. Beers on the merits. Fed. R. Civ. P. 15(a)(2); *see, e.g., Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 367 (5th Cir. 2001).

## Prayer

Plaintiff, Lewis Brisbois Bisgaard & Smith, LLP respectfully requests the Court deny Defendant Brad Beers' motion to dismiss and award Plaintiff any other and further relief, general and special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Dated: December 22, 2022                    Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith LLP**

*/ s / William S. Helfand*
William S. Helfand
Attorney-in-Charge
Texas Bar No. 09388250
Bennett G. Fisher
Texas Bar No. 07049125
Shane L. Kotlarsky
Texas Bar No. 24083329
Sean O'Neal Braun
Texas Bar No. 24088907
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
bill.helfand@lewisbrisbois.com
bennett.fisher@lewisbrisbois.com
shane.kotlarsky@lewisbrisbois.com
sean.braun@lewisbrisbois.com

**Attorneys for Plaintiff,**
**Lewis Brisbois Bisgaard & Smith, LLP**

**Certificate of Service**

I certify a true and correct copy of the foregoing document has been served on all parties and counsel *of record* by electronic filing on December 22, 2022

*/ s / Sean O'Neal Braun*
Sean O'Neal Braun