In the United States District Court
for the Southern District of Texas, Houston Division

| | |
|---|---|
| **Lewis Brisbois Bisgaard & Smith, LLP,** | |
| Plaintiff, | Civil Action No. 4:22-cv-3279 |
| v. | |
| **Michael Joseph Bitgood a/k/a "Michael Easton,"** *et al.* | Jury Demanded |
| Defendants. | |

### PLAINTIFF'S OPPOSED MOTION TO REVOKE DEFENDANT MICHAEL JOSEPH BITGOOD'S ECF ACCESS

Plaintiff Lewis Brisbois Bisgaard & Smith, LLP moves the Court to revoke Defendant Michael Joseph Bitgood's ECF access due to Bitgood's continued abuse of the privilege.

### CERTIFICATE OF CONFERENCE

Prior to filing this motion, the undersigned conferred with Bitgood regarding the relief sought by this motion. Mr. Bitgood is opposed to the relief sought by this motion.

### INTRODUCTION

On October 21, 2022, Bitgood filed an application for ECF access, contending electronic access was necessitated by Bitgood's purported disability.[1] Plaintiff expressed opposition to Bitgood's application because of Bitgood's continued attempts to file "inappropriate *ad hominem* and scurrilous – not to mention legally inappropriate – pleadings."[2]

During a hearing on November 2, 2022, Bitgood reiterated his request for ECF access, telling the Court, among other things, "I have never abused Pacer" and "if His Honor believes that I have abused [ECF access] at any time, [the Court] can revoke that access."[3] The Court

---

[1] Doc. 30.

[2] *Id.* at 2-3.

[3] Doc. 52 at 26:6-7, 27:7

subsequently granted Bitgood's request.[4] Now, having repeatedly abusing ECF access to mount groundless and scurrilous personal attacks on opposing counsel, the Court should take Bitgood up on his offer and revoke Bitgood's privilege to use ECF.

## ARGUMENT AND AUTHORITY

While a *pro se* litigant's pleadings are entitled to liberal construction, the Fifth Circuit "will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents." *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978). "Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge" or any other officer of the Court. *Id.* "The latitude given to *pro se* litigants does not encompass any right to file argumentative pleadings and/or pleadings which contain *ad hominem* attacks on either opposing counsel or the Court." *Johnson v. Thaler*, No. 2:10-CV-0006, 2011 U.S. Dist. LEXIS 162650, at *10 (N.D. Tex. Mar. 17, 2011), adopted by *Johnson v. Thaler*, 2011 U.S. Dist. LEXIS 162647 (N.D. Tex., Apr. 6, 2011). Mr. Bitgood has repeatedly – almost incessantly – abused ECF access for this clearly prohibited purpose.

Since the Court allowed Bitgood access to ECF filing, Bitgood has abused his ECF access by doing exactly what Plaintiff's counsel expressed concern that Bitgood would do: file numerous legally inappropriate pleadings and make countless *ad hominem*, personal attacks, and scurrilous statements in those pleadings. In addition to the particularly egregious, unprofessional, and inappropriate statements and *ad hominem* from Bitgood detailed below, Plaintiff has attached as Exhibit 1 a lengthy catalog of Bitgood's numerous and repeated abuses of ECF access for the Court's review. This objective record demonstrates the very repeated abuse of this access which prompted Plaintiff's initial opposition.

---

[4] *Id.* at 27:3.

With regard to Bitgood's clearly inappropriate personal attacks against Plaintiff and Plaintiff's counsel, Bitgood has accused Plaintiff's counsel of lying and perjury in more than 10 separate filings and no fewer than 20 times within those filings.[5] Not only are these filings no more than Bitgood's bloviated and unsupported rantings, in each of these instances, Bitgood has not identified a rule-based basis for filing a pleading. Just some of Bitgood's colorful (and clearly inappropriate) attacks include accusing Plaintiff's lead counsel of "explod[ing] into a 'liars-fest'—lying about anything, everything, and anyone who opposes his design"[6] and of "tesil[ying] (sic)."[7]

Mr. Bitgood has accused Plaintiff's counsel of bribery and attempted bribery no fewer than six times.[8] More specifically, Bitgood claims that, by emailing Beers – who initially appeared pro se – prior to Beers retaining counsel and asking that Beers try to talk some sense into his co-Defendants (a missive that clearly failed), Plaintiff's counsel was somehow attempting to bribe Beers.[9] This is not only as nonsensical and unsupported as Bitgood's other *ad hominem*, but by placing this allegation in the public arena, Bitgood is abusing the ECF system not to file legitimate pleadings but to purposefully attempting to harm Plaintiff's and Plaintiffs' counsels' reputations.[10]

---

[5] Doc. 49 at 3; Doc. 60 at 3-4; Doc. 61 at 5, 7, 8; Doc. 67 at 1, 4, 5; Doc. 69 at 2; Doc. 77 at 3; Doc. 81 at 4; Doc. 85; Doc. 86; Doc. 92 at 1, 3, 4, 8, 11; and Doc. 93 at 1, 3, 4, 8, 11.

[6] Doc. 69 at 2.

[7] Doc. 87 at 7. It appears Bitgood is accusing Plaintiff's lead counsel of "testilying," a term that appears to have been coined by the New York Police Department in the early 1990s and usually refers to perjury committed by police officers but has been expanded to include perjury or deception by any witnesses. *See* https://www.nytimes.com/1994/04/22/us/new-york-police-often-lie-under-oath-report-says.html; https://www.ojp.gov/ncjrs/virtual-library/abstracts/taking-testilying-prosecutors-response-court-police-deception-crime. Sadly, Bitgood's *modus operandi* in numerous lawsuits has been to accuse anyone who disagrees with Bitgood's position to lying or committing perjury.

[8] Doc. 49 at 4; Doc. 69 at 3; Doc. 77 at 3; Doc. 85 at 2; Doc. 87 at 5; and Doc. 92 at 10-11.

[9] Doc. 49 at 4.

[10] Perhaps the problem lies in Bitgood's ignorance of what constitutes a legitimate pleading, but that is not an excuse for such clearly inappropriate conduct. Regardless of the reason, the answer is to put Bitgood back in the position most *pro se* litigants are in: someone must determine whether what Bitgood wishes to put in the public record actually belongs there.

Finally, Bitgood has resorted to childish name-calling throughout practically all of his filings, as well, referring to Plaintiff as the "McDonald's of the legal profession,"[11] suggesting Plaintiff's counsel fancies himself "the second coming of Clarence Darrow,"[12] and calling Plaintiff's counsel a "menace" to the practice of law.[13] There is no place for these kind of attacks and the Court should not continue to allow Bitgood to litter the public record with such statements.

Of course, this summary does not even touch on the numerous factual inaccuracies and blatant misrepresentations of the law that are rampant in Bitgood's pleadings. Nor do any of these attacks hold a candle to Bitgood's vexatious and inappropriate email communications.

By way of example of the undeniably inappropriate filings, Bitgood has filed **correspondence** Bitgood sent to Plaintiff's counsel that clearly falsely purports to be an attempt to resolve the claim, but instead accuses Plaintiff's counsel of "gaslighting" the Court and merely rehashes prior arguments.[14] Mr. Bitgood then filed a so-called Status Report, which, again, was nothing more than an attempt to rehash Bitgood's prior insupportable arguments Bitgood has made in defense of the claims against him.[15] These are all separate from Bitgood's clearly baseless reply to Plaintiff's response to **Defendant Beers'** motion to dismiss under Rule 12(b)(6).[16]

Obviously, having been granted the unusual access to place his pleadings directly into the Court's docket system, Bitgood is abusing such access to file otherwise defamatory and false statements only to use the judicial pleading shield as a defense. The only way to stop such reckless and harmful conduct is take away Bitgood's unfettered access based upon Bitgood's clear abuse.

---

[11] Doc. 61 at 5.

[12] Doc. 67 at 1.

[13] Doc. 81 at 2-3, 3 n.1.

[14] Doc. 69.

[15] Doc. 77.

[16] Doc. 92. Bitgood clearly has no standing to address another Defendant's motion to dismiss.

Mr. Bitgood has demonstrated that his unfettered access to electronic filing has been too recklessly abused, regardless of any disability Bitgood may have. A reasonable accommodation of an actual disability – it is hard to understand what disability precludes Bitgood from mailing or delivering proposed pleadings to the Clerk like any pro se litigant – is not a license for abuse. It is clear the ability to file pleadings with the Court at will – without having to take the extra step of mailing his pleadings to the Court or coordinating with the Court's clerk for assistance to file – has destroyed any semblance of a filter Bitgood may have had *and he is certainly required to have*. To be sure, nothing about revoking Bitgood's privilege of ECF filing based on his incessant pattern of abuse will preclude Bitgood from serving all other parties with whatever Bitgood proposes to file.

## CONCLUSION

Based on an objective review of the garbage with which Bitgood has littered the public record since being granted the unique privilege of non-attorney ECF access, the Court should do just what Bitgood invited: revoke Bitgood's ECF access and force Bitgood to deliver or have delivered to the Clerk any pleading Bitgood may wish to allow the Clerk and the Court the appropriate prior review *before* including any further inappropriate personal attacks in the record of this case.

Dated: January 4, 2023                              Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith LLP**

<u>/ s / Shane L. Kotlarsky</u>
William S. Helfand
Attorney-in-Charge
Texas Bar No. 09388250
Bennett G. Fisher
Texas Bar No. 07049125
Shane L. Kotlarsky
Texas Bar No. 24083329

>Sean O'Neal Braun
>Texas Bar No. 24088907
>24 Greenway Plaza, Suite 1400
>Houston, Texas 77046
>(713) 659-6767 Telephone
>(713) 759-6830 Facsimile
>bill.helfand@lewisbrisbois.com
>bennett.fisher@lewisbrisbois.com
>shane.kotlarsky@lewisbrisbois.com
>sean.braun@lewisbrisbois.com
>
>**Attorneys for Plaintiff,**
>**Lewis Brisbois Bisgaard & Smith, LLP**

### Certificate of Service

I certify a true and correct copy of the foregoing document has been served on all parties and counsel *of record* by electronic filing on January 4, 2023

>*/ s / Shane L. Kotlarsky*
>Shane L. Kotlarsky