| Date | Location | Inappropriate Remark |
|---|---|---|
| 11/14/2022 | Doc. 49 at 2 | In its responses, Plaintiff, pro se, continues to call Bitgood, "ignorant!" This is the kindest thing Plaintiff, pro se, has called him to date. It normally precedes each time Bitgood catches Plaintiff, pro se, lying, or trying to rewrite the law by omitting or adding words to valid case law or statutes. And, because Bitgood is so "ignorant," he had to remind Plaintiff, pro se, that Plaintiff, pro se's, argument—that jurisdiction was not before the Court on November 2, 2022—was truly "ignorant" indeed! |
| 11/14/2022 | Doc. 49 at 3 | This, of course, does not count, or factor in, Plaintiff, *pro se*'s, by William Helfand's being caught 'red-handed" lying to the Court to obtain interim injunctive relief—after Mr. Helfand repeatedly "huffing and puffing" about how Plaintiff, *pro se*, owned a trademark that they clearly **DID NOT** own. |
| 11/14/2022 | Doc. 49 at 4 | Accordingly, William Helfand "strikes" again, when in an e-mail reprinted and made part of this record Mr. Helfand offers Brad Beers, Bitgood's lawyer, a slew of benefits. As Mr. Helfand puts it, Beers is the most intelligent of the defendants and should be able to get the rest of [us "ignorant"] defendants "on board" with the "settlement" offer, which requires all the defendants to stand silent while Mr. Helfand, Mr. Braun, and Plaintiff, pro se, perpetrate a fraud on the state court. |
| 11/14/2022 | Doc. 49 at 8 | Defendant finds it amazing how a 1600-lawyer law firm, with an army of support staff, and access to the finest resources that money can buy, KEEPS MISSING controlling authorities and cannot find these cases; keeps denying the existence of the state court forum in which they voluntarily chose to do battle; and could not find a single case that undermines the Palmer doctrine. Yet, as Plaintiff, pro se, points out, it is this defendant who is the "ignorant" one. |
| 11/28/2022 | Doc. 60 at 3 | Pending before this Court is the Plaintiff, Pro Se's application for a preliminary injunction, seeking to enjoin something that ceased to exist and/or to occur before the court entered a TRO—which TRO was obtained by William Helfand's lying to the Court to secure that unnecessary interim ancillary relief. Defendant sets out below a table of some of the lies and or misrepresentations to the Court by William Helfand: |

| Date | Location | Inappropriate Remark |
|---|---|---|
| 11/28/2022 | Doc. 60 at 3-4 | HELFAND'S LIES  Helfand falsely stated in Dkt. 1 on September 23, 2022, that it was the owner. . . of "Lewis Brisbois Bisgaard & Smith, LLP," and "Lewis Brisbois Bisgaard & Smith, Dkt. 1, P 11, ¶30. Helfand falsely stated to the Court on Oct. 6, 2022, in order to obtain the TRO, that the Plaintiff owned Trademark No. 3,722,172 for the name, Lewis Brisbois Bisgaard & Smith, LLP. Transcript P 9, LL 18-21.<br><br>Helfand opposed Bitgood's ADA accommodation, stating he had no knowledge that Bitgood was in a wheelchair and that he had never hugged Bitgood. |
| 11/28/2022 | Doc. 60 at 3-4 | THE TRUTH Only on September 29, 2022, did Helfand's firm apply at the USPTO for the trademark, Lewis Brisbois Bisgaard & Smith, LLP,"and "Lewis Brisbois Bisgaard & Smith. Dkt 35-3. On Oct. 10, 2020, the USPTO cancelled Trademark No. 3,722,172. See Dkt. 28-1, P 1-5, and Dkt. 35-3.<br><br>Helfand rode up in an elevator with Bitgood– who was in a wheelchair— to an event in Austin, leaned down and hugged him, and actually pushed Bitgood's wheelchair off the elevator. See Dkt. 39, P 2–3. |
| 11/28/2022 | Doc. 60 at 7 | This Court has been "played" by Plaintiff, *Pro Se*, because the evidence is clear, convincing, unequivocal, unimpeachable, and absolute that Plaintiff, *Pro Se* —after losing in the state court—then bolted into this Court to have this Court enter orders that would undermine the Texas state court, reverse the Texas state court, and to interfere with the State's compelling interests that were vindicated in state court as set forth verbatim in the motions to dismiss and abstention. |
| 11/30/2022 | Doc. 61 at 1 | On November 29, 2022, Defendant alerted the state court judge that once again, Plaintiff, pro se, was going to attempt yet another prank on the state court, and then attempt to use it here on December 2,2022, to again, misrepresent the facts and the law to this Court. |
| 11/30/2022 | Doc. 61 at 1 | Mr. Helfand, on behalf of Plaintiff, pro se, has already demonstrated his willingness to misrepresent the facts to this Court, as shown by this additional proof in the Transcript of October 6, 2022: |
| 11/30/2022 | Doc. 61 at 2 | However, Plaintiff*, pro se,* "assured" the state court that by the close of business on the 28th of November 2022, Plaintiff*, pro se,* would "restore" the state court's jurisdiction so that Plaintiff*, pro se,* could finalize his prank. |

| Date | Location | Inappropriate Remark |
|---|---|---|
| 11/30/2022 | Doc. 61 at 4 | Knowing Helfand's and Plaintiff, pro se's, "play-book," Defendant arose at 4:00 a.m. on the 29th of November to receive and to address Plaintiff, pro se's, latest attempt at another judicial sleight of hand, similar to what he has worked on this Court since September 23, 2022. |
| 11/30/2022 | Doc. 61 at 4-5 | Finally, and because Mr. Helfand identified one Meredith Riede, the City Attorney of Sugar Land, Texas, as (a) his client, and (b) as a "confused" consumer, Defendant tenders Exhibit "O-15," so as to make sure that Ms. Riede is not confused in the slightest bit as who, what, where, and when— when it comes to her motives to serve Helfand—while doing a disservice to the law, the truth, and to this Court. |
| 11/30/2022 | Doc. 61 at 5 | It should by now be clear to all, that Plaintiff, pro se, Lewis Brisbois, is the "McDonalds" of the legal profession. Lewis Brisbois simply cobbles together "tired" and "past-their-prime" lawyers—sprinkles in a few young, but very inept, associates—and then just like "McDonalds," Lewis Brisbois sells/creates franchises from coast-to coast. |
| 11/30/2022 | Doc. 61 at 5 | Indeed, just like the burger chain advertises their customers are served from coast-to-coast, Plaintiff pro-se, also uses the term, "serving clients" from coast-to-coast on their website. And, just like "Mc Donalds," the product Lewis Brisbois sells is left under a "heat lamp" until some poor unsuspecting customer comes along, and the item is passed off as "fresh" —similar to what was passed off on Nolan Real Estate Services, and their insurer, the Everest Insurance Company, both entities that Lewis Brisbois took for a "ride" by "blowing" through Nolan's deductible first, and then "milking" the Everest Insurance Company. |

| Date | Location | Inappropriate Remark |
|---|---|---|
| 11/30/2022 | Doc. 61 at 6 | Accordingly, and so that there is no confusion in Mr. Helfand's mind as to what is a reasonable probability of what will occur if the Plaintiff, pro se, continues with this bully approach, and continues to lie, these are those probabilities/possibilities:<br>a. Nolan will sue Lewis Brisbois for breach of fiduciary duty, fraud, and legal malpractice just based on the state court record;<br>b. The Everest Insurance Company will also sue to recover what they paid out to cover Nolan because Lewis Brisbois "milked" that policy with fraudulent billings after Lewis Brisbois exhausted Nolan's deductible and kept on billing;<br>c. The individual clients in the state court case, Madam Marianna Sullivan, and Karina Martinez [the victims of the scam], will undoubtably come to realize that Lewis Brisbois kept them in the dark and failed to tender and present offers of settlement that Lewis Brisbois was legally mandated to present: One such offer was to dismiss Ms. Martinez for no money paid by her, whatsoever—an offer Lewis Brisbois concealed from Ms. Martinez because it would have stopped the "milking" of the Everest Policy; |
| | | d. When every insurance carrier that has paid Lewis Brisbois money sees in the press, and in these court filings, that Everest got taken, they are going to want to see their billings and will also discover that the Lewis Brisbois' coast-to-coast "service" truly means what it says—Everest was not the only victim, it is the Lewis Brisbois culture to "milk" the carriers like Everest got "milked" here.<br>e. When the State Attorneys General, and the Chief Disciplinary Counsels—from coast-to- coast of course—get wind of what Lewis Brisbois did here, they are going to be highly motivated at the urging of the Insurance Industry, as a whole, to take a close look at what Lewis Brisbois did nationally, and in Texas, a close look at David Oubre, William Helfand, and Bennett Fisher, for what they did here, and for what they did in the state court. This is especially true if Lewis Brisbois took judgments and obtained verdicts while Lewis Brisbois was not authorized to do business in Texas, which will cause Lewis Brisbois to have to notify every judge, opponent, client, or anyone else touched by their illegal behavior. |
| 11/30/2022 | Doc. 61 at 5 | Ms. Riede "stumbles" in and out of "confusion" as it suits her needs especially when engaged in conduct to assist or cover up the commission of crimes committed by her friends and minions against the United States of America. |

| Date | Location | Inappropriate Remark |
|---|---|---|
| 11/30/2022 | Doc. 61 at 7 | One can only image what some young up and coming DOJ agent might also find under 18 U.S.C. 1346? (For the purposes of this chapter, the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.) |
| 11/30/2022 | Doc. 61 at 8 | As the Honorable Eric Andell, a retired Texas Appellate Court Justice who taught this defendant the fine art of how to mediate; as long as ere are judicial proceedings that are ongoing, no one can keep prying yes out of them. Thus, as Justice Andell used to teach, it's best that everyone become "business" partners (take care of your business), shake hands, hug, and then walk away which is exactly what this defendant ants to, and is still willing to do. However, if Mr. Helfand insists on the continued mud-slinging, and lying, then we have that to contend with that as well. |
| 12/3/2022 | Doc. 67 at 1 | However, one can be trusted to tell the truth and be honest on the law, while the other continues to "step into it" at every hearing before this Court |
| 12/3/2022 | Doc. 67 at 3 | How does a so-called major law firm with its phalanx of lawyers, pararlegals, secretaries, retired FBI agents, support staff, and billions of dollars in resources not know all these laws and statutes and rules? The answer is obvious— they did know and they certainly know it now! |
| 12/3/2022 | Doc. 67 at 4 | As the Court can see, each communication made, was in connection with pending litigation, and now thanks to Helfand serving up his own clients, contemplated litigation. Halfand's false statements and attacks on Ms. Norman's and Mr. Beers' positions were just plain distractions to gaslight the court into ignoring the obvious, and the truth. |
| 12/3/2022 | Doc. 67 at 5 | It is for this reason that on December 2nd 2022, Helfand was shouting down his opposition; gas lighting the court; attacking Mr. Beers; insulting Ms. Norman; insulting the state court judges; and quarreling with the United States Supreme Court about concurrent jurisdiction. |
| 12/5/2022 | Doc. 68 at 5 | Thus, we object, as the 5th Circuit says we must, to Plaintiff prose's attempts to "Mulligan" all of his missed "shots" and most certainly we object to Plaintiff pro-se's attempt to "stumble" over the Court's "welcome mat" until they finally find a formula that carries them over their own repeated and malicious pleadings, and repeated malicious allegations and errant legal strategies. |

| Date | Location | Inappropriate Remark |
|---|---|---|
| 12/7/2022 | Doc. 69 at 2 | Next, Helfand lies to a federal judge and tells him that you own the patent and naming rights, when the USPTO sends us a certified copy showing that Helfand was lying, and that we were on all "fours" with what we did. |
| 12/7/2022 | Doc. 69 at 2 | Helfand explodes into a "liars-fest"—lying about anything, everything, and anyone, who opposes his designs, and he even goes on to argue against standing Fifth Circuit and United States Supreme Court decisions—and does it on the record. Then, when he runs out of lies, he throws the City of Sugar Land, Texas, and its City Attorney into the mix and into the record, thereby flipping your firm's clients and putting a "bulls-eye" on their backs. |
| 12/7/2022 | Doc. 69 at 3 | You can still get all that you really want, but, it will take place where it began; in state court, and not by gas-lighting the Judge(s), or by trying to bribe my lawyer into forcing me to accept your extortion, or any other threats. I await your reply, and renew my request that we should talk to resolve this. |
| 12/11/2022 | Doc. 77 at 3 | In addition, and during the three months since Plaintiff pro-se filed this case, Plaintiff pro-se, has attempted to bribe a lawyer in the case so that he can get his clients "on board" to sign off on an agreement to perpetrate a fraud upon the State Court, and that if we do not agree to do this act on the State Court, then they intend to "hammer" us financially until we do. |
| 12/11/2022 | Doc. 77 at 3 | While all these threats were being made against us, the TRO that Plaintiff pro-se obtained by lying to this Court on the record on October 6th 2022, has long lapsed without a smidgen of, or a whisper that such relief was ever needed, since the record reflects that it was not needed, and that any controversy that would have required ancillary relief ceased to exist on October 6th 2022, one full day before the Court, again acting on the lie spoken by Plaintiff pro-se, signed the TRO, a TRO I might add that Plaintiff pro-se, failed to post the bond on to carry it into effect until 12 days later, and only after making us answer "expedited discovery" which was inserted into the TRO (non bonded) itself. |
| 12/14/2022 | Doc. 81 at 2-3 | 4. Competent and ethical lawyers "are essential to the primary governmental function of administering justice." Goldfarb v. Va. State Bar, 421 U.S. 773, 792 (1975). For justice to be administered efficiently and justly, lawyers must understand the conditions that govern their privilege to practice law. Lawyers who do not understand those conditions are at best woefully unprepared to practice the profession, and at worst, are a menace to it. |

| Date | Location | Inappropriate Remark |
|---|---|---|
| 12/14/2022 | Doc. 81 at 3 | Young Kartlarsky (sic) has become such a menace-- and his filings prove it. |
| 12/14/2022 | Doc. 81 at 4 | As such, Kartlarsky's (sic) ( on behalf of himself and Plaintiff pro-se's) request for a district court to forbid an appellate court from functioning, or doing it's duties under Art. III, is not only an illegal request ( one of many illegal demands made by Plaintiff pro-se in this case), it is an affront to the dignity and sovereignty of the 5th Circuit, and echoes what the Defendants have been saying from day one about Plaintiff pro-se's behavior in this case— it is an absolute disgrace– laced with lies, misleading behavior, manufactured causes and "damages", and demands that the court itself act as their lawyer |
| 12/14/2022 | Doc. 81 at 5 | The point is capable of expansion here, but, Plaintiff pro-se's filing asking this Court to strike the instrument that triggers the 5th Circuit's jurisdiction, is just too much to bear, not only by the 5th Circuit, but also by this Court, because docket 80 is not only patently frivolous , it rises to the level of pro-se madness to even suggest that a licensed attorney would append the names of four lawyers to such a filing. |
| 12/14/2022 | Doc. 81 at 5 | In the case at bar, and at each and every opportunity, Plaintiff pro-se, has made false statements of material fact; obstructed the process; interfered with the CORE functions of the Court; signed and filed one or more frivolous and/or malicious pleadings; advanced false statements of fact; failed to speak when the law required them to; misrepresented the law; insulted the judiciary; attacked the parties and vexatiously multiplied this litigation costing the adverse parties thousands of dollars in time and money. |
| 12/14/2022 | Doc. 81 at 6 | Thus, the lawyers in this case, all of them, (Fisher, Helfand, Braun, and Kartlosky), knowing better than to pit the federal and state courts against each other, have abandoned any appearance of being "officers of the court" and have brought profound disrepute upon this process, and have shown themselves to be totally untrustworthy with the facts, and doubly untrustworthy with the law. |
| 12/14/2022 | Doc. 81 at 8 | On December 2nd 2022, Helfand, (using his undergraduate degree in psychology), once again "blew" the "dog whistle" in the direction of the Court when he uttered the following in response to this exchange. |
| 12/14/2022 | Doc. 81 at 10 | The answer is as obvious as the question, but, it serves to show this Judge that Plaintiff pro-se does not care about making this Court look as inept (when it is not) as Plaintiffs pro-se have shown themselves to be. |

| Date | Location | Inappropriate Remark |
|---|---|---|
| 12/14/2022 | Doc. 81 at 10 | It is obvious that the appeal is not frivolous, and that the proper way to attack it, would be by filing a motion to dismiss the appeal at the 5th Circuit, not by tricking this Court into striking a notice of appeal, or, in declaring a righteous appeal to be frivolous. |
| 12/15/2022 | Doc. 85 at 1 | On December 15th 2022, in the above styled, and numbered case, William Scott Helfand, Plaintiff pro-se, having called himself as a witness in this case, and after being sworn by the Court to tell the truth, falsely testified on direct, cross, and in his final argument to mislead the Court, that the DBA of Lewis Brisbois Bisgaraard and Smith LLP, that was filed with the County Clerk of Fort Bend County, Texas, by Defendant Bitgood, HAD NOT BEEN WITHDRAWN prior to the hearing on December 15th 2022, and that this was "evidence" that would support a Preliminary Injunction. |
| 12/15/2022 | Doc. 85 at 2 | despite Helfand's lust for false statements in this case, and his attempt to bribe one of the lawyers in this case – a fact he did not deny when challenged. |
| 12/16/2022 | Doc. 86 at 3 | Meredith Riede, is Helfand's so-called client, who he identified again on the record of December 15th 2022. Ms Riede, as seen by Defendant's exhibit 15 admitted into evidence is the author and originator of the City of Sugar Land's "secret handshake" policy, which assisted Lewis Brisbois' clients in defrauding the CARES act. |
| 12/18/2022 | Doc. 87 at 1-2 | On December 15th 2022, in the above styled, and numbered case, William Scott Helfand, Plaintiff pro-se, having called himself as a witness in this case, and after being sworn by the Court to tell the truth, falsely testified on direct, cross, and in his final argument to mislead the Court |
| 12/18/2022 | Doc. 87 at 5 | The allegations make a serious charge did [defense] counsel solicit [opposing counsel] to breach fiduciary duties to his client for his personal benefit? |
| 12/18/2022 | Doc. 87 at 5 | Helfand can continue with his criminal behavior unchallenged. |
| 12/18/2022 | Doc. 87 at 6 | has correctly labeled what Plaintiff pro-se Helfand did on behalf of himself, and Lewis Brisbois as bribery |
| 12/18/2022 | Doc. 87 at 7 | Helfand, on cross-examination, then tesilied |

| Date | Location | Inappropriate Remark |
|---|---|---|
| 12/18/2022 | Doc. 87 at 12 | And, to be sure, this Court should know what comes next by Helfand– it, (Helfand's crimes), will be blamed on Fisher; if not Fisher, then Kotlarsky; if not Kotlarsky, then Braun; if not Braun, then Dawn Garrard; and the list will be endless of everyone who did what Helfand actually did; everyone except Helfand, who took the oath and committed perjury, and then tried to get false documents into evidence. |
| 12/18/2022 | Doc. 87 at 13 | The Court no longer has the power to counsel Mr. Helfand as to his bad behavior; that ship has sailed! |
| 12/24/2022 | Doc. 92 at 4 | Plaintiff pro-se, Helfand, would do well, when he sets out to lie, to do his "homework" at the same time. |
| 12/24/2022 | Doc. 92 at 7 | When Judge Bennett refused to remove Bitgood (then Easton) from the cases, Carolyn James and her incredibly inept lawyers, (both of them true Lewis Brisbois partner material), |
| 12/24/2022 | Doc. 92 at 8 | As the Court has come to know, one of Plaintiff pro-se Helfand's favorite psychology games that he plays with the judiciary is to quick drop the name or names of other U.S. District Judges into his attacks on his opponents, and then quickly remark, " but that is a matter for another day". That "strategy" by Helfand, is designed to poison the credibility of his opponents by planting in the mind of the trial judge that Helfand's opponents have worked various acts of dishonesty and fraud on the federal judiciary, when in fact, it is Helfand that has a well earned reputation for such dishonesty. |
| 12/24/2022 | Doc. 92 at 9 | Again, the Court can be misled by Plaintiff pro-se Helfand's continued campaign of falsehoods, |
| 12/24/2022 | Doc. 92 at 10-11 | The fact that Plaintiff pro-se Helfand, attempted to bribe Brad Beers into breaching his fiduciary duties to his client in this very case speaks volumes and volumes about the one yelling "fraud" "fraud" the fact that Plaintiff pro-se committed perjury in front of this Judge on December 15th 2022 (See Docket 87) also speaks volumes and volumes about the accuser who just "tripped" over one of his set of lies in Docket 89. |