United States District Court
Southern District of Texas
**ENTERED**
January 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEWIS BRISBOIS BISGAARD AND SMITH LLP, | § § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22-CV-03279 |
| MICHAEL JOSEPH BITGOOD, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Defendant Bradley B. Beers has filed a Motion to Dismiss. Beers claims that Plaintiff's Complaint against him should be dismissed, at the pleading stage, because of the doctrine of attorney immunity. For reasons that follow, the Court denies the Motion, although it acknowledges that the defense of attorney immunity may eventually succeed.

### I.   Background

For the purpose only of Beers' Motion to Dismiss, the Court accepts as true the allegations in the Original Complaint of Plaintiff, Lewis Brisbois Bisgaard & Smith LLP ("Lewis Brisbois").

Lewis Brisbois is a California limited liability partnership licensed to conduct business in the State of Texas. Defendant Beers is an individual residing in Spring, Texas. He is an attorney licensed to practice law in Texas.

Lewis Brisbois was founded in 1979 under California law as "Lewis D'Amato, Brisbois & Bisgaard." Since 2002, Lewis Brisbois has been known by its current name. The firm has

practiced law and continuously conducted business under its full name or abbreviated versions of it.

In January 2002, Defendants Michael Joseph Bitgood a/k/a "Michael Easton" and Richard P. Jones sued Karina Martinez, Mariana Sullivan, and Imperial Lofts over disputes as to a lease. The defendants in that action retained David Oubre of Lewis Brisbois to represent them.

Unbeknownst to Lewis Brisbois and without its authorization or permission, on May 2, 2022, Bitgood and Norman filed a sworn and notarized assumed name certification for certain unincorporated persons for a business named "Lewis Brisbois Bisgaard & Smith," in the office of the County Clerk, Fort Bend County, Texas. Bitgood and Norman identified the registrant as an "individual" and "further state[d] that this registrant is not a limited partnership, limited liability company, limited liability partnership, or foreign filing entity."

On May 26, 2022, Bitgood filed a registration for a domestic limited liability partnership that Bitgood named "Lewis Brisbois Bisgaard & Smith LLP" in the Office of the Secretary of State of Texas.

On June 1, 2022, Beers, acting in the capacity of attorney-in-fact of the entity created by Bitgood, filed an assumed name certificate in the Office of the Secretary of State. The certificate identifies the entity's name as "Lewis Brisbois Bisgaard & Smith". Beers electronically signed the assumed name certificate "subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument."

Lewis Brisbois subsequently filed this action bringing claims for trademark infringement under 15 U.S.C. § 1114 and Texas law, trade name infringement under 15 U.S.C. § 1125 and Texas law, unfair competition under 15 U.S.C. § 1125 and Texas law, fraud, and conspiracy to infringe upon Lewis Brisbois's trademarks and name, and to commit fraud.

**Defendant Beers' Motion to Dismiss**

Defendant Beers has filed a Motion to Dismiss seeking to dismiss the case under F. R. Civ P 12(b)(6) for failure to state a claim. Specifically, Beers argues that the doctrine of attorney immunity forbids a third party from suing an attorney for the attorney's representation of a client. *Cantey Hanger, LLP v. Byrd*, 467 S.W. 3d 477, 481 (Tex. 2015). The "focus of immunity is on the kind – not the nature – of the attorney's conduct." at 483. Thus, "merely labeling an attorney's conduct fraudulent does not and should not remove it from the scope of client representation or render it foreign to the duties of an attorney." *Ironshore Europe DAC, v. Schuff Hardin, L.L.P.*, 912 F.3d 759, at 765-67 (5th Cir. 2019).

Beers invokes *Hanger v. Byrd* in which the Texas Supreme Court held that attorney immunity protected a lawyer where the conduct at issue was "preparation of a bill of sale to facilitate transfer of an airplane awarded to its client in an agreed divorce decree." 467 S.W. 3d at 485. The plaintiff complained that the attorney made "intentional misrepresentations in the bill of sale" which were "outside the scope of Cantey Hanger's duties to its clients." The Supreme Court rejected this argument at the summary judgment stage because the type of conduct, preparing a bill of sale, was not "foreign to the duties of an attorney."

Beers also relies on *Troice v. Proskauer Rose, LLP*, where the Fifth Circuit found immunity where the type of conduct alleged consisted of "classic example[s] of an attorney's conduct in representing his client." 816 F. 3d 341, 348 (5th Cir. 2016).

In this case, Beer argues, the complaint contains only one allegation against him, that he "acting in the capacity of attorney-in-fact of the Bitgood entity, filed an assumed name certificate in the Office of the Secretary of State." Compl. at ¶ 21.

**Plaintiff's Response**

Plaintiff responds to the Beers' Motion to Dismiss by arguing that:

1. Beers acknowledged in filing an assumed name certificate with the Secretary of State that he was doing so as an attorney-in-fact. Accordingly, he was not acting as an attorney at law and is not entitled to attorney immunity.
2. Beers' Motion to Dismiss ignores the Complaint's many allegations of conspiracy against Beers.
3. "Although dismissed under rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Kelly v. Nichamoff*, 868 F34 371, 374 (5th Cir. 2017). Plaintiff's Complaint cannot be read to reveal such a defense.

**Discussion**

At this pleading stage, this Court is reluctant to decide the nature of Beers' involvement in the conduct alleged by Plaintiff. For example, the Court has been shown no documents that establish that an attorney-client relationship ever existed between or among Beers and his co-defendants. He does not represent anyone in either of the pending lawsuits and the Court knows nothing about previous representations. The Court also has questions as to why Beers was careful to note in his filing that he was acting as "attorney in fact."

Texas law does provide strong protections of lawyers vis-à-vis non-clients. Attorney immunity is immunity not just from liability but from even having to defend oneself in a suit brought by a non-client. However, because the protection is so sweeping, the Court must ensure that is properly invoked.

## Conclusion

Beers' Motion to Dismiss is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 5th day of January, 2023.

                                                Keith P. Ellison
                                                United States District Judge