United States District Court
Southern District of Texas
**ENTERED**
January 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LEWIS BRISBOIS BISGAARD AND SMITH LLP,** | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22-CV-03279 |
| **MICHAEL JOSEPH BITGOOD,** *et al.*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Defendant Susan C. Norman has filed a Motion to Dismiss the Plaintiff's Complaint. She includes numerous arguments in her Motion, but most urgent is her argument that the doctrine of attorney immunity applies and that, under that doctrine, she has immunity not just to liability, but immunity to the entire proceeding. On that basis, Norman asks that she should be dismissed forthwith.

The parties agree that attorney immunity is a question of state law. The Supreme Court of Texas spoke directly to the issue less than two years ago. In *Haynes and Boone, L.L.P. v. NFTD, L.L.C.*, 633 S.W. 3d 65, 78 (2021), the Court held that "attorney immunity protects an attorney against a non-client's claim when the claim is based on conduct that (1) constitutes the provision of 'legal' services involving the unique office, professional skill, training, and authority of an attorney *and* (2) the attorney engages in to fulfill the attorney's duties in representing the client within an adversarial context in which the client and the non-client do not share the same

interests and therefore the non-client's reliance on the attorney's conduct is not justifiable." (Emphasis in the original.)

The Supreme Court further stated that "Whether the defense applies depends on whether the claim is based on this '*kind*' of conduct, not on the nature of the conduct's alleged wrongfulness." *Id* at 79. (Emphasis in the original.) Following the Supreme Court's unambiguous guidance, this Court is unable to find or hold, at the stage of a motion to dismiss that Norman's conduct was the kind of conduct to which attorney immunity is meant to apply.

Plaintiff's allegations are that Norman intentionally misappropriated the name of Plaintiff's law firm. The narrative set forth in the Complaint describes conduct that this Court has never seen in 50 years of the study, practice and administration of the law. Of course, the Court eagerly awaits Norman's answer to understand more completely the relevant facts. But, Norman is asking for dismissal now before she has even answered. The Court cannot accede to that request.

The *Haynes and Boone* decision highlights another defect in Norman's position. Attorney immunity is to be asserted as an affirmative defense, not as a motion to dismiss. *Id.* at 73.

For the foregoing reasons, the attorney immunity portion of Norman's Motion to Dismiss is **DENIED WITHOUT PREJUDICE.** The remaining portions of that Motion, which do not deal with an immunity from suit, will be ruled on in due course.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 12th day of January, 2023.

_____
Keith P. Ellison
United States District Judge