United States District Court
Southern District of Texas
**ENTERED**
January 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEWIS BRISBOIS BISGAARD AND SMITH LLP, § § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-03279 |
| § § | |
| MICHAEL JOSEPH BITGOOD, *et al.*, § § § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Defendant Susan C. Norman has filed a Motion to Dismiss the Plaintiff's Complaint. The Court ruled on the attorney immunity portion of Norman's Motion to Dismiss. Now pending before the Court is Defendant Ms. Norman's Rule 12(b) (2), (4), and (5) Motion to Dismiss. After considering the Motions, all responses thereto, and the applicable law, the Court finds that Ms. Norman's Rule 12(b) (2), (4), and (5) Motion to Dismiss should be **DENIED**.

I.   BACKGROUND

For the purpose only of Ms. Norman's Motion to Dismiss, the Court accepts as true the allegations in the Original Complaint of Plaintiff, Lewis Brisbois Bisgaard & Smith LLP ("Lewis Brisbois"). Lewis Brisbois is a California limited liability partnership licensed to conduct business in the State of Texas. Lewis Brisbois was founded in 1979 under California law as "Lewis D'Amato, Brisbois & Bisgaard." Since 2002, Lewis Brisbois has been known by its current name. The firm has practiced law and continuously conducted business under its full name or abbreviated versions of it.

In January 2002, Defendants Michael Joseph Bitgood a/k/a "Michael Easton" and Richard P. Jones sued Karina Martinez, Mariana Sullivan, and Imperial Lofts, LLC over disputes as to a lease. The defendants in that action retained David Oubre of Lewis Brisbois to represent them. Unbeknownst to Lewis Brisbois and without its authorization or permission, on May 2, 2022, Bitgood and Norman filed a sworn and notarized assumed name certification for certain unincorporated persons for a business named "Lewis Brisbois Bisgaard & Smith," in the office of the County Clerk, Fort Bend County, Texas. Bitgood and Norman identified the registrant as an "individual" and "further state[d] that this registrant is not a limited partnership, limited liability company, limited liability partnership, or foreign filing entity." On May 26, 2022, Bitgood filed a registration for a domestic limited liability partnership that Bitgood named "Lewis Brisbois Bisgaard & Smith LLP" in the Office of the Secretary of State of Texas.

On June 1, 2022, Beers, acting in the capacity of attorney-in-fact of the entity created by Bitgood, filed an assumed name certificate in the Office of the Secretary of State. The certificate identifies the entity's name as "Lewis Brisbois Bisgaard & Smith". Lewis Brisbois subsequently filed this action bringing claims for trademark infringement under 15 U.S.C. § 1114 and Texas law, trade name infringement under 15 U.S.C. § 1125 and Texas law, unfair competition under 15 U.S.C. § 1125 and Texas law, fraud, and conspiracy to infringe upon Lewis Brisbois's trademarks and name, and to commit fraud.

## II. ANALYSIS

"Absent a rule or statute to the contrary, . . . a federal court [may] exercise jurisdiction over only those defendants who are subject to the jurisdiction of courts of the state in which the court sits." *Point Landing, Inc. v. Omni Capital Intern.*, Ltd., 795 F.2d 415, 419 (5th Cir. 1986), *aff'd sub nom. Omni Capital Intern., Ltd. v. Rudolf Wolff & Co.*, Ltd., 484 U.S. 97 (1987). The

Court's constitutional due process inquiry into personal jurisdiction also serves as an inquiry into personal jurisdiction under the Texas long-arm statute. *Command-Aire Corp. v. Ontario Mech. Sales & Service Inc.*, 963 F.2d 90, 93-94 (5th Cir. 1992).

Rule 12(b)(2) permits dismissal based on lack of personal jurisdiction over the defendant. Plaintiffs bear the burden of demonstrating facts sufficient to support personal jurisdiction over any nonresident defendants. *United Galvanizing, Inc. v. Imperial Zinc Corp.*, No. H-08-0551, 2008 WL 4746334, at *3 (S.D. Tex Oct. 27, 2008). Taking the Plaintiff's allegation in its complaint as true, Ms. Norman is a resident of the State of Texas. ECF No. 1. Given that Ms. Norman is a resident of the State of Texas, the district court has personal jurisdiction over her. *See*, e.g., *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, (1945). Moreover, since Ms. Norman resides in the State of Texas, satisfying the requirement for personal jurisdiction, there is no reason that the Plaintiff would also need to serve Ms. Norman with summons to obtain personal jurisdiction over her. *See*, e.g., *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

In addition to the 12(b)(2) motion, Ms. Norman also filed for a Motion to Dismiss under Rule 12(b)(4) and (b)(5). Rule 12(b)(4) permits dismissal due to insufficient process, and Rule 12(b)(5) permits dismissal for insufficient service of process. "Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharm. Cos.*, 289 Fed. Appx. 688, 692 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353). Rule 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If he wishes to raise any of these

defences he must do so at the time he makes his first significant defensive move." *Golden v. Cox Furniture Mfg. Co., Inc.*, 683 F.2d 115, 118 (5th Cir.1982) "The penalty for failing to raise any of these defenses at this point is waiver." *Id.*

Before filing her Motion to Dismiss, Ms. Norman filed objections to the Plaintiff's proposed temporary restraining order and took part in the hearing for the TRO. ECF No. 13. Additionally, Ms. Norman filed a motion to abstain from proceedings. ECF No. 23. Ms. Norman alleges that the objections to the temporary restraining order, discovery, and the motion to abstain were not responsive pleadings and therefore do not constitute a waiver of service. ECF No. 39 at 5. However, she provides no argument as to why these filings would not meet the criteria for a responsive filing. Ms. Norman's failure to assert a challenge in her responsive pleading waives a challenge to service of process in this district.

For the foregoing reasons, Defendant Ms. Norman's Rule 12(b) (2), (4), and (5) Motion to Dismiss is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 20th day of January, 2023.

Keith P. Ellison
United States District Judge