**Susan Norman**

| | |
|---|---|
| **From:** | EastProLaw . <eastprolaw@msn.com> |
| **Sent:** | Monday, October 17, 2022 1:19 PM |
| **To:** | Kotlarsky, Shane; Susan Norman; arturo_rivera@txs.uscourts.gov |
| **Cc:** | Helfand, Bill; Braun, Sean; Brad Beers |
| **Subject:** | Re: Civil Action No. 4:22-cv-3279, Lewis Brisbois Bisgaard & Smith LLP v. Bitgood, et al. - Request for Discovery Conference |

Dear Mr. Rivera: As Ms. Norman pointed out recently to Bennett Fisher, of Lewis Brisbois," In a civilized society, you never address anyone by their first name, unless you have been invited to"!  Mr. Kotlarsky addresses you as "Arturo", which means either he has been invited to, or, as is the case with Lewis Brisbois, they are rude and uncivilized beyond repair. Now, I might be the "dumb" Puerto Rican that originated from the Bronx, but my  mother also taught me what Ms Norman had to tell Mr. Fisher.

This latest set of pranks by Mr. Kotlarsky --and his friends-- , is nothing more than an attempt to turn a peaceful man, The Honorable Keith P. Ellison in to an angry and hostile man, which is why I refuse to play their games. Their e-mails to you are nothing more than an ugly attempt to get a "ruling" on "objections"  that have not even been made, and to mask, that once again, they are disregarding the rules, and then laying the blame  for it at Judge Ellison's " feet"!

Perhaps the words of the Honorable James C. Ho, United States Circuit Judge for the 5th Circuit, might help them understand that even small lies can carry major consequences.  Judge Ho, writes:

James C. Ho, Circuit Judge: *" Some words have multiple meanings. The right meaning may vary dramatically depending on context. And determining which usage applies to a given situation can have significant consequences under our legal system"* (Feb 14th 2022).

Hopefully, one of the 1600 lawyers at Lewis Brisbois will challenge me on what Judge Ho said, call me a liar again, or maybe just one of those 1600 lawyers will do some real work, and look up 5th Circuit precedent, and leave Judge Ellison alone to be neutral as he stated he wanted to be. Accordingly, I refuse to play their game, and I am also embarrassed to being made a party to it, albeit, they dragged me into it before a man of peace.

May I request that the series of e-mails started by Mr. Kotlarsky be made part of the record, so that in due time, the 5th Circuit may come to know him by name.

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C.  2510-2521, 2701-2710.  The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited.  If you are not the intended recipient, please immediately notify the sender by return email, delete this

communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium.  Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.
*******************************************************************************************************************************
************************************************************************************

---

**From:** EastProLaw . <eastprolaw@msn.com>
**Sent:** Monday, October 17, 2022 12:19 PM
**To:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>; Susan Norman <suenorman@suenormanlaw.com>; arturo_rivera@txs.uscourts.gov <arturo_rivera@txs.uscourts.gov>
**Cc:** Helfand, Bill <Bill.Helfand@lewisbrisbois.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>; Brad Beers <bbeers@beers.law>
**Subject:** Re: Civil Action No. 4:22-cv-3279, Lewis Brisbois Bisgaard & Smith LLP v. Bitgood, et al. - Request for Discovery Conference

This is what Lewis & Brisbois call their ongoing series of "clerical" errors -- which occur with a great degree of frequency, i.e. every time they say something that is wholly untrue. So, of course now (when caught again), it must be our fault that Plaintiff cannot follow the rules or when Plaintiff decides to be self "confused" and as an excuse, (in that self-induced state) to make broad and sweeping false statements to turn the Judge hostile for no reasons whatsoever.

The previous false hood of Mr. Kolartsky of--  they REFUSED-- has now turned into, "we were confused", when they could have  easily contacted us and inquired rather than fire a red-hot lie to a federal judge,  which purpose I might add, was to anger that Judge.  We know the Lewis Brisbois playbook, we saw it in state court, and we promptly ended it as well which is why they came running in here.  They have 1600 lawyers with support staff and access to Lexis and they need us to tell them what the 5th Circuit says?  Now that is confusing even to us.

Thank you

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C.  2510-2521, 2701-2710.  The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited.  If you are not the intended recipient, please immediately notify the sender by return email, delete this communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium.  Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.
*******************************************************************************************************************************
************************************************************************************

**From:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>
**Sent:** Monday, October 17, 2022 12:05 PM
**To:** Susan Norman <suenorman@suenormanlaw.com>; EastProLaw . <eastprolaw@msn.com>; arturo_rivera@txs.uscourts.gov <arturo_rivera@txs.uscourts.gov>
**Cc:** Helfand, Bill <Bill.Helfand@lewisbrisbois.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>; Brad Beers <bbeers@beers.law>
**Subject:** RE: Civil Action No. 4:22-cv-3279, Lewis Brisbois Bisgaard & Smith LLP v. Bitgood, et al. - Request for Discovery Conference

Our confusion was based on the following statements in the motions Mr. Bitgood filed, one of which he filed on behalf of both himself and Ms. Norman:

- "[P]lease be advised under present 5th circuit jurisprudence of this act, the filing of the motion [to dismiss under the TCPA] STAYS discovery in the case." Doc. 19 at 18.
- "In response to knowing that discovery has been stayed by operation of law and Fifth Circuit authority, Plaintiff, *pro-se*—in violation of Rule 5 of the Federal Rules of Civil Procedure—sent out discovery, after business hours, by a method that is not sanctioned by the Federal Rules. This so-called discovery was not only illegal, it was also broad, ambiguous, and cited as its authority to be served in violation of the rules and Fifth Circuit precedent– this Court's October 11, 2022 order." Doc. 23 at 18

If we can rely on Mr. Bitgood's and Ms. Norman's statements that they will provide substantive responses to the discovery served by Plaintiff no later than October 19, then, obviously, we do not need to bother the Court with this issue.

If, however, Mr. Bitgood and Ms. Norman intend to respond to the discovery requests by arguing that discovery is stayed by virtue of Mr. Bitgood filing the motion to dismiss or otherwise intend to avoid participating in discovery for this reason, we would appreciate the opportunity to discuss this matter with Judge Ellison before the 19th.



**Shane L. Kotlarsky**
**Partner**
Shane.Kotlarsky@lewisbrisbois.com

**T: 832.742.6716 F: 713.759.6830**

24 Greenway Plaza, Suite 1400, Houston, Texas 77046 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Susan Norman <suenorman@suenormanlaw.com>
**Sent:** Monday, October 17, 2022 11:59 AM
**To:** EastProLaw . <eastprolaw@msn.com>; Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>; arturo_rivera@txs.uscourts.gov
**Cc:** Helfand, Bill <Bill.Helfand@lewisbrisbois.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>; Brad Beers <bbeers@beers.law>; Susan Norman <suenorman@suenormanlaw.com>
**Subject:** [EXT] RE: Civil Action No. 4:22-cv-3279, Lewis Brisbois Bisgaard & Smith LLP v. Bitgood, et al. - Request for Discovery Conference

Good morning, Mr. Rivera,

I have read Mr. Bitgood's response and I concur.  When did I refuse to respond to court-ordered discovery?  I intend to respond on October 19.

Respectfully submitted,

Sue Norman

---

**From:** EastProLaw . <eastprolaw@msn.com>
**Sent:** Monday, October 17, 2022 11:49 AM
**To:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>; arturo_rivera@txs.uscourts.gov
**Cc:** Helfand, Bill <Bill.Helfand@lewisbrisbois.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>; Susan Norman <suenorman@suenormanlaw.com>; Brad Beers <bbeers@beers.law>
**Subject:** Re: Civil Action No. 4:22-cv-3279, Lewis Brisbois Bisgaard & Smith LLP v. Bitgood, et al. - Request for Discovery Conference

No one has ( at least not I) REFUSED to do anything outside of the rules or the Judge's instructions. Beyond this man's words, we were sent discovery on Friday at 5:32, pm with the caveat, answer in 5 days. 5 days would be the 19th. Thus, it appears that once again, plaintiff pro-se, is trying to incinerate us by speculation and by misleading the Court.  They wanted to extend the TRO until 11/4/ 2022/ I have not objected, and Mr. Beers is in trial as per this man's own words in his filing. Why then, would this man send this communication to disturb the Court? Where is our refusal to answer? It does not exist-- because I intend to answer on the 19th. Thank you

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, 2701-2710.  The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited.  If you are not the intended recipient, please immediately notify the sender by return email, delete this communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium.  Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the  Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/  and/or witness as the case may be.
*******************************************************************************************************************************
***********************************************************************************

---

**From:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>
**Sent:** Monday, October 17, 2022 11:41 AM
**To:** arturo_rivera@txs.uscourts.gov <arturo_rivera@txs.uscourts.gov>
**Cc:** Helfand, Bill <Bill.Helfand@lewisbrisbois.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>; EastProLaw . <eastprolaw@msn.com>; SueNorman@SueNormanLaw.com <SueNorman@suenormanlaw.com>; Brad Beers <bbeers@beers.law>

**Subject:** Civil Action No. 4:22-cv-3279, Lewis Brisbois Bisgaard & Smith LLP v. Bitgood, et al. - Request for Discovery Conference

Arturo,

On Friday, October 14, 2022, Plaintiff served on each Defendant expedited discovery requests, as the Court permitted in the TRO. Despite that, Defendants Michael Bitgood and Susan Norman are now improperly refusing to respond to Court-ordered discovery requests because Mr. Bitgood has filed a motion to dismiss under the Texas Citizens Participation Act, Texas's anti-SLAPP statute.

Although the parties have agreed to continue the preliminary injunction hearing, Plaintiff still requires expedited discovery to proceed with the injunction hearing.

We would greatly appreciate the opportunity to discuss this issue with the Court. Having the Court tell us whether there is a basis under the TCPA for Defendants to refuse to respond to discovery in a federal lawsuit would help everybody involved figure out how best to proceed.

Thank you for your attention to this important matter.

Sincerely,



**Shane L. Kotlarsky**
**Partner**
Shane.Kotlarsky@lewisbrisbois.com

**T: 832.742.6716 F: 713.759.6830**

24 Greenway Plaza, Suite 1400, Houston, Texas 77046 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**Susan Norman**

| | |
|---|---|
| **From:** | EastProLaw . <eastprolaw@msn.com> |
| **Sent:** | Sunday, November 13, 2022 12:12 PM |
| **To:** | Art Rivera |
| **Cc:** | wdunwoody@munckwilson.com; Brad Beers; Susan Norman; Fisher, Bennett |
| **Subject:** | REPLY TO DOCKET 47/ AND ORDER FOR JUDGE ELLISON |
| **Attachments:** | Judge_ellison_ADA_Order.pdf; MJB Reply to Plaintiff's Doc 47 w Ex A & B.pdf |

Good Morning Mr. Rivera, and all counsel. On November 2nd, Judge Ellison granted my ADA request so that I could have ECF access in my pacer account, which I deactivated 13 years ago. Obviously, the order for His Honor to sign has been lost in all the filings, and as such I resubmit a new order so that I can file my replies.

In the interim, I enclose my reply to their responses (dkt.47),for the Judge and the law clerk's review in connection with the pending motions.

As usual, thank you for all your courtesies in handling these filings until I get ECF access, I am truly grateful.

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, 2701-2710. The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by return email, delete this communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium. Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.
********************************************************************************************************************
********************************************************************************

## Susan Norman

| | |
|---|---|
| **From:** | EastProLaw . <eastprolaw@msn.com> |
| **Sent:** | Thursday, December 8, 2022 1:29 PM |
| **To:** | Susan Norman |
| **Subject:** | Fwd: Case No. 4:22-cv-03279, Lewis Brisbois Bisgaard and Smith LLP v. Bitgood et al - Defendants' Correspondence to Judge |

Tell mr Doyle all about your self

Sent from my iPhone

Begin forwarded message:

> **From:** "Kotlarsky, Shane" <Shane.Kotlarsky@lewisbrisbois.com>
> **Date:** December 8, 2022 at 12:17:14 PM CST
> **To:** arturo_rivera@txs.uscourts.gov
> **Cc:** "EastProLaw ." <eastprolaw@msn.com>, SueNorman@suenormanlaw.com, wdunwoody@munckwilson.com, "Braun, Sean" <Sean.Braun@lewisbrisbois.com>, "Fisher, Bennett" <Bennett.Fisher@lewisbrisbois.com>
> **Subject: Case No. 4:22-cv-03279, Lewis Brisbois Bisgaard and Smith LLP v. Bitgood et al - Defendants' Correspondence to Judge**

Mr. Rivera,

On Monday, December 5, 2022 and Wednesday, December 7, 2022, Mr. Bitgood filed correspondence with the Court (respectively, Doc. 68 and 69) regarding Plaintiff's attempts to reach an agreement on a preliminary injunction and/or resolve the dispute without the need for judicial intervention. While I do not believe a response to either filing is required or is necessary for Judge to decide any issue or motion pending before the Court – and is more likely a further drain on judicial resources – I do not want the Court to think I was ignoring Mr. Bitgood's correspondence. As such, I respectfully request that the Court advise whether it would like Plaintiff to file a response to Documents 68 and 69.

Thank you,



**Shane L. Kotlarsky**
**Partner**
**Shane.Kotlarsky@lewisbrisbois.com**

**T: 832.742.6716 F: 713.759.6830**

24 Greenway Plaza, Suite 1400, Houston, Texas 77046 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

1

**Susan Norman**

---

| | |
|---|---|
| **From:** | EastProLaw . <eastprolaw@msn.com> |
| **Sent:** | Wednesday, December 14, 2022 10:28 AM |
| **To:** | Kotlarsky, Shane; Art Rivera; george_kelner@txs.uscourts.gov |
| **Cc:** | Susan Norman; Brad Beers; wdunwoody@munckwilson.com; Braun, Sean; Fisher, Bennett |
| **Subject:** | Re: NOTICES OF APPEAL TO THE 5TH CIRCUIT/JURISDICTIONAL ISSUE |
| **Attachments:** | Lewis_Bobo_Response_to_80.pdf |

Good Morning Mr. Rivera and all court staff: As promised and in under 24 hours, attached find our response to the outrageous and frivolous motion (Docket 80) filed yesterday by Plaintiff pro-se. I did this out of respect for Judge Ellison, will not seek any stay from the 5th Circuit and will be online to defend tomorrow if that is what he wants. I WILL COMPLY WITH WHATEVER HE TELLS ME TO DO.

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, 2701-2710. The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by return email, delete this communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium. Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.
*********************************************************************************************************************************
*************************************************************************************

---

**From:** EastProLaw . <eastprolaw@msn.com>
**Sent:** Tuesday, December 13, 2022 2:38 PM
**To:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>; Art Rivera <Arturo_Rivera@txs.uscourts.gov>; george_kelner@txs.uscourts.gov <George_Kelner@txs.uscourts.gov>
**Cc:** Susan Norman <suenorman@suenormanlaw.com>; Brad Beers <bbeers@beers.law>; wdunwoody@munckwilson.com <wdunwoody@munckwilson.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>; Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com>
**Subject:** Re: NOTICES OF APPEAL TO THE 5TH CIRCUIT/JURISDICTIONAL ISSUE

Good afternoon Mr. Rivera, and the staff of the Court. It is refreshing indeed to see young Kartlarsky "flex" his acumen so forcefully, as he just did in docket # 80. However, a district Court has no authority, statutory, or at common law, to "STRIKE" a notice of appeal that confers jurisdiction on the appellate Court. One could only imagine how such a "STRIKE" would play out at the 5th Circuit, once they get "wind" that a litigant, like young Kartlarsky has slammed the door to their courthouse shut! Thus, no reply to that utterly frivolous request will be forthcoming. However, the 2nd request "holds water" and as such, we request a mere 24 hours to respond to it under Granny Goose Foods, Inc. v. Bhd. of

==Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439, 94 S. Ct. 1113, 1124 (1974)==: "[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."

Thank you again, we will expedite the response within 24 hours.  Thank you again.

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, 2701-2710.  The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited.  If you are not the intended recipient, please immediately notify the sender by return email, delete this communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium.  Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.
*******************************************************************************************************************************
*********************************************************************************************

---

**From:** EastProLaw . <eastprolaw@msn.com>
**Sent:** Tuesday, December 13, 2022 1:19 PM
**To:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>; Art Rivera <Arturo_Rivera@txs.uscourts.gov>; george_kelner@txs.uscourts.gov <George_Kelner@txs.uscourts.gov>
**Cc:** Susan Norman <suenorman@suenormanlaw.com>; Brad Beers <bbeers@beers.law>; wdunwoody@munckwilson.com <wdunwoody@munckwilson.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>; Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com>
**Subject:** Re: NOTICES OF APPEAL TO THE 5TH CIRCUIT/JURISDICTIONAL ISSUE

Good afternoon Mr Rivera and the staff of the Court. Keeping in mind that I am supposed to be the ignorant one that knows nothing about the law (as per my opponents), it appears that asking the Court for instructions  on what to do is highly, highly, inappropriate. With all due respect to my opponent, ==it is highly unethical,== and runs contrary to our system of jurisprudence for anyone, especially a lawyer, to ask a Judge "what should I do"? "what should we file"? what " do you Judge --think we should do"? And, this is nothing new, every lawyer should know better, and refrain from asking the Judge, "what should we do"?  As referenced below, it is unethical to do what young Kartlarsky is doing. Judge Ellison is a fine man, a dignified man, and he should be treated accordingly as stated below:

One of the most fundamental components of a fair trial is "a neutral and detached judge." *Ward v. Village of Monroeville,* [*38] 09 U.S. 57, 62, 93 S.Ct. 80, 84, 34 L.Ed.2d 267 (1972). ==A judge should be fair and impartial and not act as an advocate for any party.== *Delaporte v. Preston  Square, Inc.,* 680 S.W.2d 561, 563 (Tex.App. — Dallas 1984, writ ref'd n.r.e.). ==A judge should not be any party's adversary.== *Ex parte Finn,* 615  S.W.2d 293, 296 (Tex.Civ.App. — Dallas 1981, no writ);

*see Delaporte*, 680 S.W.2d at 563. The impartiality of the judge is not only a matter of  constitutional law, but of public policy, as well: Public policy demands that a judge who tries a case act with absolute impartiality.  It further demands ==that a judge appear to be impartial so that no doubts or suspicions exist== as to the fairness or the integrity of the court. Judicial decisions rendered under circumstances that suggest bias, prejudice or favoritism undermine the integrity of the courts, breed skepticism  and mistrust, and thwart the principles on which the judicial system is based. *CNA Ins. Co. v. Scheffey*, 828 S.W.2d 785, 792  (Tex.  App.-- Texarkana 1992, writ denied)  (citations omitted).

If young Kartlarsky wants to "blow past" the 5th Circuit's jurisdiction to arrive at his agenda, then he does so at his own professional peril because the law of the 5th Circuit is not ambiguous on this issue.  In addition, anything he files will not be part of the record on appeal, because the 5th Circuit takes the record as it stood when the notice of appeal was given, not, filings made after the notice of appeal is given.   Thank you for your patience with all of us, and especially please  excuse my "profound ignorance" on the law, if young Kartlarsky is to be taken seriously.

/s/ Michael Joseph Bitgood

a/k/a/ Michael Easton

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, 2701-2710.  The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited.  If you are not the intended recipient, please immediately notify the sender by return email, delete this communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium.  Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.
*****************************************************************************************************************************************
********************************************************************************************

**From:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>
**Sent:** Tuesday, December 13, 2022 12:42 PM
**To:** EastProLaw . <eastprolaw@msn.com>; Art Rivera <Arturo_Rivera@txs.uscourts.gov>;
george_kelner@txs.uscourts.gov <George_Kelner@txs.uscourts.gov>
**Cc:** Susan Norman <suenorman@suenormanlaw.com>; Brad Beers <bbeers@beers.law>;
wdunwoody@munckwilson.com <wdunwoody@munckwilson.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>;

Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com>
**Subject:** RE: NOTICES OF APPEAL TO THE 5TH CIRCUIT/JURISDICTIONAL ISSUE

Mr. Rivera,

I write briefly to reiterate what I said in my December 8, 2022 email to you regarding Mr. Bitgood's repeated filing of correspondence with the Court. I do not believe a response to any of these filings (Doc. 68, 69, and 77) is required or necessary for Judge to decide any issue or motion pending before the Court, but I would be happy to do so if the Court advises that it would like a response to any of these filings from Plaintiff.

Thank you,



**Shane L. Kotlarsky**
**Partner**
**Shane.Kotlarsky@lewisbrisbois.com**

**T: 832.742.6716 F: 713.759.6830**

24 Greenway Plaza, Suite 1400, Houston, Texas 77046 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** EastProLaw . <eastprolaw@msn.com>
**Sent:** Sunday, December 11, 2022 9:47 AM
**To:** Art Rivera <Arturo_Rivera@txs.uscourts.gov>; george_kelner@txs.uscourts.gov
**Cc:** Susan Norman <suenorman@suenormanlaw.com>; Brad Beers <bbeers@beers.law>;
wdunwoody@munckwilson.com; Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>
**Subject:** [EXT] NOTICES OF APPEAL TO THE 5TH CIRCUIT/JURISDICTIONAL ISSUE

Good morning Mr. Rivera, Mr, Kelner and all the staff: On December 8th 2022, two (2) notices of appeal were given to the United States Court of Appeals for the 5th Circuit under 28 USC 1291, to decide the immunity questions raised by the defendants. Those are dockets No's 72 & 73. Today, December 11th 2022, I filed a status report on those notices which is docket No. 77 to advise and alert Judge Ellison of these appeals. I attach that report for His Honor's review. That being said, and if His Honor commands us to appear before Him on Thursday, December 15th 2022 as ordered on the 8th, I shall in submission to Him appear. However, since the 5th Circuit will now decide the immunity issues we raised, argued, and briefed, and since He can rest assured that there will be no violation of the present status quo as it stands before the 5th Circuit, then it would seem to be inappropriate to proceed until the 5th Circuit has weighed in on what is before them without rendering our appeals moot or meaningless. Accordingly, and as my status report requests, we respectfully would hope that these matters are stayed in deference to the 5th circuit's mandate on jurisdiction so as to not interfere with the 5th Circuit's jurisdiction to decide these very important immunity questions.

Thank you

/s/ Michael Easton

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, 2701-2710. The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by return email, delete this communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium. Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.
*********************************************************************************************************************************
**************************************************************************************************

**Susan Norman**

| | |
|---|---|
| **From:** | EastProLaw . <eastprolaw@msn.com> |
| **Sent:** | Wednesday, December 21, 2022 10:10 AM |
| **To:** | Kotlarsky, Shane; Art Rivera; george_kelner@txs.uscourts.gov |
| **Cc:** | Braun, Sean; Fisher, Bennett; wdunwoody@munckwilson.com; Susan Norman |
| **Subject:** | Re: LEWIS BRISBOIS V. BITGOOD |

Good Morning Mr. Rivera and the staff of the Court: Perhaps at some point there might be an explanation as to why a 1600 person strong law -firm insists and persists in asking the trial judge what to file, when to file it, how to file it, and to avoid the record, how to frame it so it's not in the record? I take solace in knowing that the person who sent this latest request for "what should we do Judge"?, is the same individual who recently filed a "motion to strike a notice of appeal" so that the 5th Circuit could not see what they were doing. That being said, I presume you and the staff will be trying to get ready for the nasty weather that is coming so I will not make more of his latest email, except to say that I am forcing no one to do anything except to follow the law and the rules. If anyone thinks that my filing is inappropriate, ==I direct young Kartarsky to Fed. R. Civ. Proc. 12== and what he should do if he feels that strongly about it. The rules are there for all, so why Lewis Brisbois wants the Judge to be their lawyer baffles me, but, in this case, since it began, is "par for the course".

Thank you, and may our Lord protect you all from the coming elements.

/s/ Michael Joseph Bitgood

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, 2701-2710. The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by return email, delete this communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium. Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.
*********************************************************************************************************************************
*************************************************************************************

**From:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>
**Sent:** Wednesday, December 21, 2022 9:04 AM
**To:** Art Rivera <Arturo_Rivera@txs.uscourts.gov>; george_kelner@txs.uscourts.gov <George_Kelner@txs.uscourts.gov>
**Cc:** Braun, Sean <Sean.Braun@lewisbrisbois.com>; Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com>; wdunwoody@munckwilson.com <wdunwoody@munckwilson.com>; Susan Norman <suenorman@suenormanlaw.com>; EastProLaw . <eastprolaw@msn.com>
**Subject:** RE: LEWIS BRISBOIS V. BITGOOD

Mr. Rivera,

Once again, I am forced to write you about Mr. Bitgood's purported advisory filings and to ask for direction from the Court. Unlike Mr. Bitgood's motion for criminal referral [Doc. 87], which actually requests relief from the Court and to which Plaintiff will file a response in accordance with the Rules, Mr. Bitgood's "Notice of Perjury" appears to be nothing more than another impermissible attempt to further argue his position in this matter. As I mentioned in my prior emails regarding Mr. Bitgood's purported status reports, I do not believe these types of filings require a response as they are not proper, they do not seek any relief from the Court, and it would be a waste of both the Court's and Plaintiff's time and resources for Plaintiff to respond to each of these frivolous filings, but I will file a response if the Court so directs.

Thank you for your attention to this important issue.



**Shane L. Kotlarsky**
**Partner**
**Shane.Kotlarsky@lewisbrisbois.com**

**T: 832.742.6716 F: 713.759.6830**

24 Greenway Plaza, Suite 1400, Houston, Texas 77046 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** EastProLaw . <eastprolaw@msn.com>
**Sent:** Friday, December 16, 2022 9:02 AM
**To:** Art Rivera <Arturo_Rivera@txs.uscourts.gov>; george_kelner@txs.uscourts.gov
**Cc:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>; Helfand, Bill <Bill.Helfand@lewisbrisbois.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>; Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com>; Brad Beers <bbeers@beerslaw.net>; wdunwoody@munckwilson.com; Brad Beers <bbeers@beerslaw.net>; Susan Norman <suenorman@suenormanlaw.com>
**Subject:** [EXT] LEWIS BRISBOIS V. BITGOOD

Good Morning Mr. Rivera and the staff of the Court:

I enclose what I filed this morning that Judge Ellison needs to be made aware of <mark>immediately.</mark> Mr Dunwoody and I objected to what I knew was a packet of false exhibits yesterday. Judge Ellison did not admit them, and in hindsight he was wise. However, he said he would go through them and determine which to take into account. We renew our objections, that nothing submitted by Plaintiff pro-se, Bill William Helfand, be admitted over our objections, until, as the rules of evidence allow, we can take Plaintiff pro-se on voir dire to see if fraud has a proper foundation, or a predicate laid, when one is lying under oath and proffering what he knows to be false. This is/was a true disgrace, and mistreats a man of such dignity and honor, as Judge Ellison. HELFAND ALMOST CAUSED A TRUE MISCARRAIGE OF JUSTICE, and I know the Judge was not aware it. He is now.

Thank you Sir.

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, 2701-2710. The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by return email, delete this communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium. Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.
*************************************************************************************************************************
**************************************************************************************

**Susan Norman**

---

| | |
|---|---|
| **From:** | Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com> |
| **Sent:** | Friday, January 6, 2023 4:28 PM |
| **To:** | EastProLaw .; Kotlarsky, Shane; arturo_rivera@txs.uscourts.gov; george_kelner@txs.uscourts.gov |
| **Cc:** | Susan Norman; wdunwoody@munckwilson.com; Fisher, Bennett |
| **Subject:** | RE: C.A. 4:22-cv-3279 - Lewis Brisbois v. Bitgood, et al. - Initial Scheduling Conference |

Michael:

Shane's last name is Kotlarsky; not, "Young Kartlarsky" or anything other than Shane Kotlarsky.  You know this and when I have privately asked you to show respect, this is what I have referred to.  Please use his proper name.

Bennett

**Bennett G. Fisher**
**Partner**
Houston
346.241.4095 or x3464095



**Bennett G. Fisher**
**Partner**
**Bennett.Fisher@lewisbrisbois.com**

**T: 346.241.4095 F: 713.759.6830**

24 Greenway Plaza, Suite 1400, Houston, Texas 77046 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** EastProLaw . <eastprolaw@msn.com>
**Sent:** Friday, January 6, 2023 12:41 PM
**To:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>; arturo_rivera@txs.uscourts.gov; george_kelner@txs.uscourts.gov
**Cc:** SueNorman@SueNormanLaw.com; wdunwoody@munckwilson.com; Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com>
**Subject:** [EXT] Re: C.A. 4:22-cv-3279 - Lewis Brisbois v. Bitgood, et al. - Initial Scheduling Conference

Young Kartlarsky-- while I deeply appreciate (and I mean it) your humanity towards me, I see that your mistakes may not be as intentional as I thought. Young man, your docket 80, which you raise again, is frivolous as a matter of law. And how do I know that?  You "bird-

dogged" it to me right in my lap with one of your recent filings. Let's turn the temperature down please?  As always, whatever the Court directs me to do; I will do!

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, 2701-2710.  The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited.  If you are not the intended recipient, please immediately notify the sender by return email, delete this communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium.  Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.

*****************************************************************************************************************************
***************************************************************************************

**From:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>
**Sent:** Friday, January 6, 2023 12:12 PM
**To:** EastProLaw . <eastprolaw@msn.com>; arturo_rivera@txs.uscourts.gov <arturo_rivera@txs.uscourts.gov>; george_kelner@txs.uscourts.gov <George_Kelner@txs.uscourts.gov>
**Cc:** SueNorman@SueNormanLaw.com <suenorman@suenormanlaw.com>; wdunwoody@munckwilson.com <wdunwoody@munckwilson.com>; Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com>
**Subject:** RE: C.A. 4:22-cv-3279 - Lewis Brisbois v. Bitgood, et al. - Initial Scheduling Conference

Mr. Rivera,

I was primarily asking if the Court intends to conduct a scheduling conference at all. If it does, we would be more than happy to accommodate Mr. Bitgood's medical appointment and find a date that works for both the Court and the parties. If the Court is going to conduct a scheduling conference, I do not believe there is any reason to delay the scheduling conference to allow for resolution of the purported appeals filed by Mr. Bitgood and Ms. Norman for the same reasons as laid out in Plaintiff's motion to strike the notice of appeal or declare the appeal frivolous. [Doc. 80].



**Shane L. Kotlarsky**
**Partner**
Shane.Kotlarsky@lewisbrisbois.com

**T: 832.742.6716 F: 713.759.6830**

24 Greenway Plaza, Suite 1400, Houston, Texas 77046 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** EastProLaw . <eastprolaw@msn.com>
**Sent:** Friday, January 6, 2023 11:57 AM
**To:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>; arturo_rivera@txs.uscourts.gov; george_kelner@txs.uscourts.gov
**Cc:** SueNorman@SueNormanLaw.com; wdunwoody@munckwilson.com; Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com>
**Subject:** [EXT] Re: C.A. 4:22-cv-3279 - Lewis Brisbois v. Bitgood, et al. - Initial Scheduling Conference

I have MD Anderson on that date; in addition, I believe that we should wait on the disposition of all appellate works?

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, 2701-2710. The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by return email, delete this communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium. Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.

*********************************************************************************************************************************************
*********************************************************************************************************

**From:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>
**Sent:** Friday, January 6, 2023 11:52 AM
**To:** arturo_rivera@txs.uscourts.gov <arturo_rivera@txs.uscourts.gov>; george_kelner@txs.uscourts.gov <George_Kelner@txs.uscourts.gov>
**Cc:** EastProLaw . <eastprolaw@msn.com>; SueNorman@SueNormanLaw.com; suenorman@suenormanlaw.com>; wdunwoody@munckwilson.com <wdunwoody@munckwilson.com>; Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com>
**Subject:** C.A. 4:22-cv-3279 - Lewis Brisbois v. Bitgood, et al. - Initial Scheduling Conference

Mr. Rivera,

I see on my calendar that the Initial Scheduling Conference is scheduled for next Friday, January 13, 2023 at 3:00 PM. Given all of the activity that has already taken place in this case to date, does the Court still intend to proceed with this scheduling conference next week? If so, does Judge Ellison intend to conduct the conference via Zoom or telephone or in-person?

Thank you,



**Shane L. Kotlarsky**
**Partner**
Shane.Kotlarsky@lewisbrisbois.com

**T: 832.742.6716 F: 713.759.6830**

24 Greenway Plaza, Suite 1400, Houston, Texas 77046 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**Susan Norman**

| | |
|---|---|
| **From:** | Art Rivera <Arturo_Rivera@txs.uscourts.gov> |
| **Sent:** | Thursday, December 29, 2022 1:37 PM |
| **To:** | Kotlarsky, Shane |
| **Cc:** | Braun, Sean; Fisher, Bennett; wdunwoody@munckwilson.com; Susan Norman; EastProLaw . |
| **Subject:** | RE: LEWIS BRISBOIS V. BITGOOD |

Good afternoon,
The Court is not requesting a response at this time.

Thank you,

Arturo A. Rivera
Case Manager to the Honorable Keith P. Ellison
United States District Court
515 Rusk St.
Suite 3716
Houston, TX 77002
Office:  713-250-5181

---

**From:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>
**Sent:** Wednesday, December 21, 2022 9:04 AM
**To:** Art Rivera <Arturo_Rivera@txs.uscourts.gov>; George Kelner <George_Kelner@txs.uscourts.gov>
**Cc:** Braun, Sean <Sean.Braun@lewisbrisbois.com>; Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com>; wdunwoody@munckwilson.com; Susan Norman <suenorman@suenormanlaw.com>; EastProLaw . <eastprolaw@msn.com>
**Subject:** RE: LEWIS BRISBOIS V. BITGOOD

==CAUTION - EXTERNAL:==

Mr. Rivera,

Once again, I am forced to write you about Mr. Bitgood's purported advisory filings and to ask for direction from the Court. Unlike Mr. Bitgood's motion for criminal referral [Doc. 87], which actually requests relief from the Court and to which Plaintiff will file a response in accordance with the Rules, Mr. Bitgood's "Notice of Perjury" appears to be nothing more than another impermissible attempt to further argue his position in this matter. As I mentioned in my prior emails regarding Mr. Bitgood's purported status reports, I do not believe these types of filings require a response as they are not proper, they do not seek any relief from the Court, and it would be a waste of both the Court's and Plaintiff's time and resources for Plaintiff to respond to each of these frivolous filings, but I will file a response if the Court so directs.

Thank you for your attention to this important issue.



**Shane L. Kotlarsky**
**Partner**
Shane.Kotlarsky@lewisbrisbois.com

1

**T: 832.742.6716 F: 713.759.6830**

24 Greenway Plaza, Suite 1400, Houston, Texas 77046 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** EastProLaw . <eastprolaw@msn.com>
**Sent:** Friday, December 16, 2022 9:02 AM
**To:** Art Rivera <Arturo_Rivera@txs.uscourts.gov>; george_kelner@txs.uscourts.gov
**Cc:** Kotlarsky, Shane <Shane.Kotlarsky@lewisbrisbois.com>; Helfand, Bill <Bill.Helfand@lewisbrisbois.com>; Braun, Sean <Sean.Braun@lewisbrisbois.com>; Fisher, Bennett <Bennett.Fisher@lewisbrisbois.com>; Brad Beers <bbeers@beerslaw.net>; wdunwoody@munckwilson.com; Brad Beers <bbeers@beerslaw.net>; Susan Norman <suenorman@suenormanlaw.com>
**Subject:** [EXT] LEWIS BRISBOIS V. BITGOOD

Good Morning Mr. Rivera and the staff of the Court:

I enclose what I filed this morning that Judge Ellison needs to be made aware of ==immediately.==
Mr Dunwoody and I objected to what I knew was a packet of false exhibits yesterday. Judge Ellison did not admit them, and in hindsight he was wise. However, he said he would go through them and determine which to take into account. We renew our objections, that nothing submitted by Plaintiff pro-se, Bill William Helfand, be admitted over our objections, until, as the rules of evidence allow, we can take Plaintiff pro-se on voir dire to see if fraud has a proper foundation, or a predicate laid, when one is lying under oath and proffering what he knows to be false. This is/was a true disgrace, and mistreats a man of such dignity and honor, as Judge Ellison. HELFAND ALMOST CAUSED A TRUE MISCARRAIGE OF JUSTICE, and I know the Judge was not aware it. He is now.

Thank you Sir.

This E-mail, including attachments, is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, 2701-2710. The contents of this communication are intended for the sole use of the intended recipient, and any disclosure, dissemination, distribution, or duplication thereof without the express, written consent of the sender is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by return email, delete this communication (including any attachments transmitted herewith) from your email box, and refrain from disclosing the contents thereof to anyone, using it for any purpose, or storing or copying it into any medium. Any and all matters discussed or referenced or ???statements??? made in this communication are covered by Texas Rule of Evidence 410 and 503, and are not admissible against the Defendant/Plaintiff/Petitioner/Respondent/Relator/True-Party-in-Interest/Client/ and/or witness as the case may be.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

3