United States District Court
Southern District of Texas
**ENTERED**
February 16, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEWIS BRISBOIS BISGAARD AND SMITH LLP,** | § § § | |
| **Plaintiff,** | § § | |
| **VS.** | § § | **CIVIL ACTION NO. 4:22-CV-03279** |
| **MICHAEL JOSEPH BITGOOD**, *et al.*, | § § | |
| **Defendants.** | § § | |

**MEMORANDUM AND ORDER**

Pending before the Court are the following motions:

1. Plaintiff's Opposed Motion to Revoke Defendant Michael Joseph Bitgood's ECF Access (ECF No. 96)

2. Defendant Michael Joseph Bitgood's Motion for Sanctions (ECF No. 118)

3. Defendant Susan C. Norman's remaining Motions to Dismiss (ECF. Nos. 35, 39)

4. Defendant Michael Joseph Bitgood's three Motions to Dismiss (ECF. Nos. 18, 19, 28)

5. Defendant Michael Joseph Bitgood and Susan C. Norman's Joint Motion to Abstain (ECF No. 23)

6. Defendant Bradley B. Beer's Motion to Stay (ECF No. 120)

For the following reasons, all such motions will be denied.

**I.    BACKGROUND**

The background of this litigation was set forth in this Court's Memorandum and Order on January 5, 2023 and will not be repeated here. Additional background information will be included as needed in discussion of discrete issues.

## II.  DISCUSSION

### a.  Subject Matter Jurisdiction

Different allegations have been made that this Court lacks subject matter jurisdiction. Plaintiff brings claims under specific federal statutes, however, and the Court is clearly vested with federal question jurisdiction to hear them. 28 U.S.C. § 1331.

### b.  Personal Jurisdiction

Each of the individual defendants is a resident of the State of Texas and each lives within the geographic boundaries of this Court. There is no issue of a non-resident defendant. *Goodyear Dunlop Tires Operations, S.S. v. Brown*, 564 U.S. 915 (2011).

Defendant Norman has objected to personal jurisdiction on grounds of deficient service of process. However, without preserving her plea to the jurisdiction, Defendant Norman has come to the Court seeking relief, and has thereby waived any objections to service. *City of Clarksdale v BellSouth Telecomms, Inc.*, 428 F.3d 206, 214, n.15 (5th Cir. 2005) (citations omitted).

### c.  Mootness

Defendant Bitgood argues that this case is moot because he has offered to dissolve the entity that used Plaintiff's name. However, Plaintiff has asked for more relief than simple dissolution. And, Defendants have declined the Court's suggestion that they agree to an

injunction that would prohibit Defendants or those acting through them from further use of Plaintiff's name. Moreover, the longer this case endures without resolution, Plaintiff's claim for monetary damages grows stronger.

d.  Attorney Immunity

Defendant Norman argues that the case should be dismissed on grounds of attorney immunity. However, the doctrine does not sweep so broadly. It is an affirmative defense, not a valid basis for dismissal at this early stage of the case. None of the authorities relied on by Norman bears any factual similarity to the allegations of this case. Discovery will be necessary to determine the actual facts and, in particular, to determine if – in taking the actions in question – Norman was acting on behalf of a client or for her own personal interest.

e.  Dismissal Because of Pending State Court Litigation

Claims have been made that this Court should abstain from this case in deference to pending state court litigation. The dispute between and among the parties appears to have originated in a state court proceeding involving a dispute as to rents due to an apartment owner. The nature of this case is, however, is completely different. The relief sought by Plaintiff has to do with Defendants' alleged misappropriation of Plaintiff's name and reputation. For this Court to abstain from a decision in this case would not resolve the issue of misappropriation, which is not before the state court. And, conversely, the issues before the state court will not be resolved by this case.

f.  Texas Citizen Participation Act

Defendant Bitgood argues that dismissal of this action is required by the Texas Citizens Participation Act. Tex. Civ. Prac. & Rem. Code § 27.001. The Fifth Circuit has held, however,

that "the TCPA does not apply . . . in federal court." *Klocke v. Watson*, 936 F.3d 240, 239 (5th Cir. 2019).

g.  Defendant Bitgood's ECF Access

Defendant Bitgood, as a non-lawyer, would not normally have access to this Court's ECF system. Early in the case, however, Bitgood said that, because of a physical challenge he was facing, he needed ECF access. The Court authorized it. Citing Bitgood's abusive language in his filings, Plaintiff asks that access be terminated. The Court has expressed its displeasure at the tone and content of Bitgood's submissions and expects Bitgood to desist from similar submissions. At least for now, however, Bitgood's access need not be terminated.

h.  Motion for Sanctions

In response to Plaintiff's attempt to have Bitgood's access to ECF terminated, Bitgood has filed a motion for sanctions.  Just as Plaintiff's motion is denied, so is Bitgood's.

i.  Motion to Stay

Defendant Beers argues that he is entitled to a stay of all proceedings and discovery with respect to him due to attorney immunity. Just as Defendant Norman's argument on attorney immunity is denied, so is Beers'.

j.  Remaining Claims

Other issues raised by the parties have already been disposed of by Court order, or are clearly unmeritorious.

**III.    CONCLUSION**

The Court once again urges the parties to resolve their differences without further expense or delay. All Motions are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 16th day of February, 2023.

Keith P. Ellison
United States District Judge