**In the United States District Court**
**for the Southern District of Texas, Houston Division**

<table>
<tr><td>

Lewis Brisbois Bisgaard & Smith, LLP,
    Plaintiff,

v.

Michael Joseph Bitgood a/k/a "Michael Easton," *et al.*
    Defendants.

</td><td>

Civil Action No. 4:22-cv-3279

Jury Demanded

</td></tr>
</table>

**PLAINTIFF'S SECOND SUGGESTION OF CONTEMPT AND REQUEST FOR**
**SANCTIONS AGAINST DEFENDANT SUSAN NORMAN**

In light of Defendant Susan Norman's failure to comply with the Court's March 7, 2023 **and** April 24, 2023 Orders compelling Norman to produce communications and documents responsive to Plaintiff's requests for production, Plaintiff suggests—for a second time—the Court find Norman in contempt and requests the Court impose sanctions against Norman. In support thereof, Plaintiff respectfully shows as follows:

**INTRODUCTION**

On October 14, 2022, Plaintiff served requests for production on each of the Defendants, including Susan Norman, in accordance with the Court's October 7, 2022 Order[1] granting Plaintiff's application for temporary restraining order and motion for expedited discovery. [Doc. 21]. Under the terms of the October 7 Order, Defendants' responses to Plaintiff's requests for production were due by October 19, 2022.

On October 19, 2022, Norman provided her objections to Plaintiff's requests for production, but Norman did not produce any responsive documents or communications. Specifically, in response to Plaintiff's requests for production, Norman asserted various procedural and boilerplate objections as to every request on the basis that, among other things, Norman did

---

[1] Doc. 14.

1

not understand what a particular word meant in the context of the discovery requests. Additionally, and substantively, Norman contended the communications and documents sought by Plaintiff's Requests for Production No. 1-3 and 5-7 are protected by the attorney-client privilege, even though privilege does not apply to communications with third parties.

On October 23, 2022, Plaintiff moved the Court to, as pertinent to the instant pleading, overrule Norman's objections to Plaintiff's requests for production, and compel Norman to produce communications and documents responsive to Plaintiff's requests for production. [Doc. 31]. On March 7, 2023, the Court entered an order overruling Norman's objections and assertions of privilege, and required Norman to produce communications and documents responsive to Plaintiff's requests for production by April 6, 2023. [Doc. 132]. The deadline passed and Norman still had not produced a single document.

As a result of Norman's failure to timely produce documents responsive to Plaintiff's requests for production and Norman's complete disregard for this Court's authority, on April 13, 2023, Plaintiff filed its Suggestion of Contempt, Motion for Order to Show Cause, and Request for Sanctions Against Defendant Susan Norman. [Doc. 156].  Therein, Plaintiff suggested that the Court: (1) hold Norman in contempt; (2) order Norman to appear before the Court and show cause why she should not be held in contempt; (3) impose sanctions against Norman which includes requiring Norman to pay the reasonable attorneys' fees Plaintiff incurred in the preparing the first suggestion of contempt; and (4) order Norman produce responsive documents to Plaintiff's requests for production within five days of entry of an order finding Norman in contempt.

On April 24, 2023, the Court ordered Norman to comply with the Court's March 7 Order within five days of the April 24 Order. [Doc. 158]. Despite the Court's mandate, Norman continues to refuse to produce a single document responsive to Plaintiff's requests for production. Rather,

on April 27, 2023, Norman filed a "Certificate of Compliance" falsely representing she is in "full compliance" with the April 24 Order. [Doc. 159].

Norman's inexcusable conduct demands the Court's consequential intervention. Plaintiff files this second suggestion of contempt for Norman's contumacious disregard of *two* Court Orders commanding Norman produce responsive documents to Plaintiff's requests for production and pay Plaintiff's attorney's fees.

**ARGUMENT AND AUTHORITIES**

**A. The Court Should Hold Norman in Contempt for Violating—and Continuing to Violate—*Two* Court Orders**

In her purported Certificate of Compliance, Norman falsely represents to the Court she complied with the Court's orders. First, Norman first points to her requests for production as some evidence that she has complied with the Court's Orders. Second, Norman impermissibly attempts to adopt Bitgood's purported document production in order to satisfy her obligations to comply with the Court's Orders. Both of these arguments are meritless and the bottom line remains Norman has never produced any documents in response to Plaintiff's requests for production and is therefore still in contempt.

1. Norman's initial discovery responses do not demonstrate Norman has complied with the Court's Orders

Norman first points to her responses to Plaintiff's discovery requests. It is unclear for what purpose Norman refers the Court to her discovery responses, but it appears to either be to argue that the Court erred in granting Plaintiff's motion to compel in the first place or to show that Norman has fully responded to discovery. Regardless of which argument Norman is trying to make, they both fail.

3

If Norman is arguing the Court should not have granted Plaintiff's motion to compel in the first place,[2] that objection to the Order is untimely and now moot. The fact remains there is an Order granting Plaintiff's motion to compel and compelling Norman to produce documents without objection and she has failed to do so.

If Norman is arguing she fully responded to Plaintiff's discovery requests, that argument fails, as well. The Court granted Plaintiff's motion to compel, which was based not just on Norman's objections, but also Norman's failure to actually respond to the requests,[3] so clearly the Court believes Norman's discovery responses are deficient. Norman has not amended her responses, so they remain deficient and, as such, Norman has still failed to comply with the Court's Orders.

One week has passed since the Court entered its April 24 Order and Norman still has produced nothing to Plaintiff. Norman has demonstrated an unmitigated pattern of continuing to flaunt the Court's orders.  The Court should not allow Norman to continue to refuse to comply—first with the March 7 Order and now with the April 24 Order.

---

[2] While Plaintiff does not want to breathe life into more of Norman's frivolous accusations and arguments, Plaintiff writes briefly in response to the substance of Norman's factually erroneous argument. Norman attempts to argue Plaintiff's motion to compel was somehow improper because Plaintiff did not follow the rules (she does not identify which Rules of Civil Procedure Plaintiff allegedly did not follow), conferring with Norman, or attaching Norman's discovery responses to Plaintiff's motion to compel. While this is the improper procedural vehicle to raise these arguments and they are moot and untimely at this point, Plaintiff complied with all appropriate Rules of Civil Procedure, Plaintiff did confer with Norman prior to filing its motion to compel [Docs. 31-5 at 5, 31-6] and Plaintiff did attach Norman's discovery responses to its motion to compel. [Doc. 31-2]. Plaintiff has no obligation to confer before filing a suggestion of contempt, but, in this case, Plaintiff did that, too. [Doc. 154-1].

[3] For example, Request for Production No. 1 seeks communications pertaining to the formation, registration, or filing of documents related to the limited liability partnership named Lewis Brisbois Bisgaard & Smith, LLP. [Doc. 31-2 at 5]. In response, Norman simply refers Plaintiff to "equally-available, publicly-filed documents of the Texas Secretary of State." *Id.* at 6. A reference to "publicly-filed documents of the Texas Secretary of State" is in no way responsive to Request for Production No. 1, which called for *communications*.

2. Defendant Michael Joseph Bitgood's production of documents does not absolve Norman's own discovery obligations

As previously mentioned, Norman represents to the Court that she has nothing to produce because co-defendant, Bitgood turned over to Plaintiff "every document requested by Plaintiff." But the requests directed at Norman seek the documents and communications in her possession, custody, or control, not those in Bitgood's control or in the control of the Bitgood entity. A "party's obligation to respond to discovery is independent of any other party's discovery obligations." *Vestas-American Wind Tech., Inc. v. Salazar*, Civ. Action No. 6:19-CV-00076-H, 2020 U.S. Dist. LEXIS 204261, *17 (N.D. Tex. Oct. 21, 2020). Indeed, Federal Rule of Civil Procedure 34 requires that "*[t]he party to whom the request is directed* must respond in writing within 30 days after being served . . . [but a] shorter [] time may be . . . ordered by the court." FED. R. CIV. P. 34 (emphasis added).

Even assuming Bitgood did produce responsive documents—which he did not—Bitgood's production does not absolve Norman's discovery obligations to Plaintiff. Rule 34 confers an obligation for *Norman* to produce documents in response to Plaintiff's discovery requests directed to Norman. Norman cannot simply rely on another party's production to fulfill her discovery obligations required under Rule 34.

3. Norman is in contempt of both the March 7 Order and April 24 Order

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999) (quoting *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995)). A party seeking an order of contempt need only establish by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent

failed to comply with the court's order. *Martin v. Trinity Industries, Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

In addition to continue being in contempt of the March 7 Order, as set forth in the first suggestion of contempt, Norman is now in contempt of the Court's April 24 Order as well. The April 24 Order was in effect, and required Norman to "comply with its [March 7] order granting Plaintiff's Motion to Compel within five (5) days of th[e] [April 24] order." [Doc. 158]. The five day deadline has passed and Norman still has not produced a single document. Thus, Norman is clearly in contempt of both this Court's March 7 and April 24 Order.

## B.  Norman Violated Her Obligations Under the Texas Rules of Professional Conduct

Norman is a licensed attorney in Texas since 1990.  As an attorney, Norman is "an officer of the legal system [and the Court]."  TEX. R. PROF'L CONDUCT PREAMBLE.  As an officer of the Court, Norman not only has a duty to not engage in conduct involving dishonesty or misrepresentation, but she also has a duty of honesty and candor to this Court.

Rule 3.03 provides, in pertinent part: "(a) A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal . . . ." TEX. R. PROF'L CONDUCT 3.03.  "The duty of candor extends beyond not making false statements. An omission may also violate the duty." *Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 543 (5th Cir. 2022).  Additionally, Clause IV of The Texas Lawyer's Creed specifically provides that lawyers owe judges candor.  Further, Rule 8.04 prohibits a lawyer from engaging "in conduct involving dishonesty, fraud, deceit or misrepresentation." TEX. R. PROF'L CONDUCT 8.04.

The Court ordered Norman to comply with the March 7 Order within five days of the April 24 Order. The March 7 Order required Norman to "produce communications and documents responsive to Plaintiff's request for production." However, Norman failed to produce one single

6

document to Plaintiff within five days of the April 24 Order. In fact, Norman admits she has not

produced any documents in response to the April 24 Order because Bitgood, in his "capacity of

custodian," already produced the requested documents to Plaintiff.

Despite being an officer of the Court and despite knowing full well she produced zero

documents to Plaintiffs, Norman filed the Certificate falsely representing to the Court that she

complied with the April 24 Order. Norman's false statements in the Certificate is an attempt to

mislead the Court as to the status of Norman's compliance—or, rather, noncompliance—with the

Court's orders.  Norman's total lack of candor and attempt to mislead the Court by filing the

Certificate clearly violate Norman's duties under Rules of Professional Conduct 3.03 and 8.04.

**C. The Court Should Conduct a Show Cause Hearing and Impose Sanctions Against Norman and Award Attorney's Fees for Norman's Noncompliance With *Two* Court Orders**

Due process requires "that one charged with contempt of court be advised of the charges

against him, have a reasonable opportunity to meet them by way of defense or explanation, have

the right to be represented by counsel, and have a chance to testify and call other witnesses." *Waste*

*Mgmt. of Wash. v. Kattler*, 776 F.3d 336, 339–40 (5th Cir. 2015). "Adequate notice typically takes

the form of a show-cause order and a notice of hearing identifying each litigant who might be held

in contempt." *Id.* Upon a finding of contempt, the Court has broad discretion in assessing sanctions

under Federal Rule of Civil Procedure 37 to protect the sanctity of its decrees and the legal process.

*Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000). In addition to the

sanctions available pursuant to Rule 37(b)(2)(A), a court "must order the disobedient party, the

attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

caused by the failure, unless the failure was substantially justified or other circumstances make an

award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

Norman's wanton disregard for the Court's authority resulted in—and continues to result in—unnecessary motion practice and delay at Plaintiff's expense. Thus, the Court should set a hearing and require Norman to show cause for her clear failure to comply with *two* Court Orders. If Norman cannot sufficiently explain her noncompliance, the Court should impose sanctions against Norman. Clearly, Norman's contumacious refusal to produce documents in response to discovery requests, as well as Norman's violation of her duties under the professional code of conduct, justify monetary sanctions in the amount of **$10,000.00**.

In addition to paying $10,000 as monetary sanctions, Norman should be required to pay Plaintiff's attorneys' fees incurred seeking to have Norman produce responsive documents and communications, as permitted by Rule 37. To date, Plaintiff has incurred $6,805.00 in attorneys' fees on this endeavor. Ex. A.

### PRAYER

Because Norman has not produced documents responsive to Plaintiff's requests for production for well over 30 days after the Court ordered Norman to do so, Plaintiff requests the Court: (1) hold Norman in contempt of both the March 7 and April 24 Orders; (2) order Norman to appear before the Court and show cause why she should not be held in contempt for violating *two* Court orders; and (3) impose sanctions against Norman which includes requiring Norman to pay Plaintiff's reasonable attorney's fees.

Dated: May 2, 2023                              Respectfully submitted,

                                                **LEWIS BRISBOIS BISGAARD & SMITH, LLP**


                                                */s/ Shane L. Kotlarsky*
                                                William S. Helfand
                                                Attorney-in-Charge
                                                Texas Bar No. 09388250
                                                Bennett G. Fisher

Texas Bar No. 07049125
Shane L. Kotlarsky
Texas Bar No. 24083329
Anh Nguyen
Texas Bar No. 24079053
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
bill.helfand@lewisbrisbois.com
bennett.fisher@lewisbrisbois.com
shane.kotlarsky@lewisbrisbois.com
anh.nguyen@lewisbrisbois.com

**Attorneys for Plaintiff,**
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

### Certificate of Service

I certify a true and correct copy of the foregoing document has been served on all parties and counsel *of record* by electronic filing on May 2, 2023.

/s/ Shane L. Kotlarsky
Shane L. Kotlarsky