```
 1                   IN THE UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF TEXAS
 2                          HOUSTON DIVISION


 3   _____
                                         )
 4   LEWIS BRISBOIS BISGAARD AND         )
     SMITH LLP,                          )
 5            Plaintiff,                 )
                                         ) CIVIL ACTION NO.
 6   VS.                                 ) 4:22-CV-3279
                                         )
 7   MICHAEL JOSEPH BITGOOD, ET AL.,     ) 12:03 P.M.
              Defendants.                )
 8   _____)

 9
                              MOTION HEARING
10              BEFORE THE HONORABLE KEITH P. ELLISON
                     UNITED STATES DISTRICT JUDGE
11                          MAY 31, 2023

12   APPEARANCES: (All parties appeared via telephone)

13   **FOR PLAINTIFF:**
     MR. SHANE LESLEY KOTLARSKY
14   Lewis Brisbois Bisgaard & Smith LLP
     24 Greenway Plaza, Suite 1400
15   Houston, Texas   77046
     (832)742-6716
16
     **FOR DEFENDANT NORMAN:**
17   MS. SUSAN CECILIA NORMAN
     Attorney at Law
18   P.O. Box 52518
     Houston, Texas   77052
19   (281)802-5341

20   **FOR DEFENDANT BEERS:**
     MR. SAMUEL WALLACE DUNWOODY, IV
21   Munck Wilson Mandala, LLP
     12770 Coit Road, Suite 600
22   Dallas, Texas   75251
     (972)628-3636
23

24
     Proceedings recorded by mechanical stenography, transcript
25   produced by computer.
```

```
 1   APPEARANCES CONTINUED:

 2   COURT REPORTER:
     Heather Alcaraz, CSR, FCRR, RMR
 3   Official Court Reporter
     515 Rusk, Suite 8004
 4   Houston, Texas  77002
     (713)250-5584
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
                              PROCEEDINGS
  1
  2     _____
  3          (The following hearing was held via telephone conference.)
  4                                 * * *
12:03:16   5        THE COURT:  Good day and welcome.  This is Keith
           6   Ellison.  We're on the record in Lewis Brisbois versus Bitgood.
           7   We'll take appearance of counsel or parties beginning with the
           8   plaintiff.
12:03:27   9        MR. KOTLARSKY:  Afternoon, Your Honor.  This is Shane
          10   Kotlarsky on behalf of Lewis Brisbois.
12:03:33 11        THE COURT:  One more time, please.
12:03:35 12        MR. KOTLARSKY:  Shane Kotlarsky on behalf of
          13   plaintiff, Lewis Brisbois.
12:03:39 14        THE COURT:  Thank you, Mr. Kotlar [sic].
12:03:43 15        Anybody else from the plaintiff?
12:03:45 16        MR. KOTLARSKY:  No, Your Honor.
12:03:46 17        THE COURT:  For defendants?
12:03:50 18        MS. NORMAN:  Good afternoon, Your Honor.  This is
          19   Susan Norman.
12:03:54 20        THE COURT:  Welcome, Ms. Norman.
12:03:58 21        MR. DUNWOODY:  This is Wallace Dunwoody for Brad
          22   Beers.
12:04:02 23        THE COURT:  Welcome, Mr. Dunwoody.
12:04:04 24        Anybody else?
12:04:06 25        I'm very sorry to hear about Mr. Bitgood.  Ms. Norman,
```

1   I wasn't sure what you were asking me for.  You want me to just
2   stay the whole case?
3           **MS. NORMAN:**  Yes, sir.
4           **THE COURT:**  Well, I think -- I think Lewis Brisbois
5   had reasons to think this matter is fairly urgent.  Can you not
6   get a power of attorney for Mr. Bitgood?
7           **MS. NORMAN:**  Well, I don't know that I'm empowered to
8   represent him.  I'm not sure that -- that -- I'm not sure that I
9   could represent him, Your Honor.
10          **THE COURT:**  When do you anticipate he'll be ready to
11  represent himself in this case?
12          **MS. NORMAN:**  I expect in about 30 to 40 days in this
13  case.
14          And with respect to his Honor's statement that he
15  thinks that the plaintiff believes there's an urgency, nobody's
16  asking -- we have no -- we have no entity on file.  There has
17  been no action taken on this in the name of the now-dissolved
18  Texas entity since before October the 6th.  It was dissolved
19  October the 6th.
20          The -- I can't imagine what urgency they see to this,
21  but I would respectfully refer the Court to the Fifth Circuit
22  opinion in *Carswell versus Camp* where they precluded discovery
23  until the issue of jurisdiction was resolved, and that is the
24  *Carswell versus Camp* opinion of November 30th, 2022, which has
25  previously been provided to the Court, but it is cited at 22

```
                1  U.S. at Lexis 33072.
12:06:16        2       It's -- if, in fact, the appeal filed on the denial of
                3  the 59E motion is upheld and the court of appeals -- the
                4  Fifth Circuit Court of Appeals dismisses the case, then it is
                5  unnecessarily, both time wise and resource wise, for discovery
                6  to be conducted against not only me and Mr. Bitgood, but, you
                7  know, also Mr. Beers.  And I'm not speaking for Mr. Beers, but
                8  I'm -- I am eliciting the fact that the appeal, I believe,
                9  covers his participation also.
12:07:10       10       Nobody's taking any action against the plaintiff.
               11  Nobody's, you know --
12:07:19       12       THE COURT:  But you're not -- nobody on the
               13  defendants' side is promising never again to use the name.
12:07:27       14       MS. NORMAN:  Oh, I think we -- is that Mr. -- was that
               15  Mr. --
12:07:30       16       THE COURT:  This is Ellison speaking.
12:07:33       17       MR. DUNWOODY:  This is Wallace Dunwoody.  I think we
               18  can pretty confidently promise that, Your Honor.  I don't know
               19  why they would ever use it again.
12:07:42       20       THE COURT:  Mr. Kotlar [sic], is that a basis for
               21  dismissal?
12:07:48       22       MR. KOTLARSKY:  I -- I'm -- I don't understand
               23  Your Honor's question.  We've offered to the defendant, on
               24  several occasions, a permanent injunction -- terms on a
               25  permanent injunction, as well as a settlement to recoup some of
```

```
 1   the firm's attorney's fees, and I've not received a response to
 2   any settlement offers that we've made.  So -- and, Your Honor,
 3   you pointed out, maybe back in October -- at any rate, quite a
 4   while ago that a representation by someone that they're not
 5   going to use the name or do something is not -- is not
 6   sufficient and is not the same thing as agreeing to an
 7   injunction.
```

12:08:39  8            **MS. NORMAN:**  May I respond, Your Honor?
12:08:40  9            **THE COURT:**  Yes, you may.
12:08:41 10            **MS. NORMAN:**  This is Susan Norman.
12:08:44 11       Thank you.  As an attorney, I absolutely oppose an
         12   injunction being leveled against me for something that I have
         13   stated unequivocally to a federal judge that I have not done
         14   and -- before October the 6th, 2022, and something with which I
         15   have no vehicle to do.  It is -- it would be a crime for me
         16   to -- or anybody, but speaking for me, personally, and for
         17   Mr. Bitgood -- I know that his feeling is the same on this.
12:09:23 18       It is a crime to assert an action in the name of an
         19   entity which we have dismissed -- which we have withdrawn, which
         20   we have wound up the affairs of.  It's a crime.  I am not
         21   in -- I have no intention and will not commit that crime of
         22   acting in the name of an LLC which I have wound up and -- and
         23   closed at the secretary of state level.
12:10:02 24       In addition, I'm an officer of this Court, and I
         25   unequivocally state, as Mr. Bitgood has previously stated on his

```
 1   own behalf, that I will be taking no action in the name of Lewis
 2   Brisbois Bisgaard & Smith LLP, the Texas domestic entity, and I
 3   certainly would never want to be a part of the foreign entity
 4   Lewis Brisbois Bisgaard & Smith LLP.
 5              But in addition, on the legal basis for their concern
 6   about their attorney's fees, I'm pro se.  They have -- the
 7   Texas -- the United States Supreme Court has held very clearly
 8   -- and I do not have that case in front of me -- that a pro se
 9   party cannot recover attorney's fees.  A pro se attorney cannot
10   recover its own fees.  They are completely pro se.
11              And to ask the Court to abate this until the
12   Fifth Circuit issues its opinion is nothing more than stopping
13   the internal bleeding of time and resources not only for me as a
14   sole practitioner, but also for this 1,600 lawyer law firm which
15   has many more resources that they are throwing at it, and to the
16   extent that they can stop throwing resources at this case until
17   the Fifth Circuit issues its opinion, there's going to be -- I'm
18   sure there's going to be resources devoted to this -- to the
19   appeal.
20              But as to the conduct of the district court
21   proceedings, Your Honor has already said on a couple of
22   occasions -- and I apologize if I'm paraphrasing completely
23   -- the case has outlived its usefulness.  Its usefulness ended
24   October the 6th, 2022, when Mr. Bitgood and I wound up the
25   affairs of the Texas domestic LLP and subsequently filed all the
```

|    |    |
|----|----|
| 1  | necessary papers and obtained closure from the Texas Secretary |
| 2  | of State. |
| 12:12:41  3 | There should be no more resources of the Court -- |
| 4  | resources of any party devoted to the district court level |
| 5  | conduct of this case.  If, in fact, the Fifth Circuit agrees |
| 6  | with -- and issues its opinion dismissing this case, the time |
| 7  | wasted in conducting further discovery, further action on this |
| 8  | case will be just that, time wasted. |
| 12:13:21  9 | You know, I don't have legal assistants or secretaries |
| 10 | to assist me.  What I do, I do as a sole practitioner.  It is |
| 11 | almost in the nature of abuse for Lewis -- for the plaintiff, |
| 12 | knowing that, to continue to drain my time and my energy to stop |
| 13 | action on something that I have said, number one, is all through |
| 14 | the court and, number two, as a lawyer not intending to commit a |
| 15 | crime by violating the statute.  That's my basis, Your Honor, |
| 16 | for asking -- very respectfully asking the Court to abate the |
| 17 | district court action in all regards of this case unless the |
| 18 | court -- the Fifth Circuit Court of Appeals proceeding be |
| 19 | complete. |
| 12:14:25 20 | And with that, you know, that's -- that's my request, |
| 21 | Your Honor.  Ms. -- and as to Mr. Bitgood, I have seen him.  I |
| 22 | have occasionally talked to him on the phone, and I tell the |
| 23 | Court he's under massive pain medication to the point where, at |
| 24 | times, his voice and delivery is so garbled that I thought he |
| 25 | was having a stroke. |

12:14:54  1              **THE COURT:** Okay.  Thank you very much.
12:14:54  2              Mr. Dunwoody, anything you want to say?
12:14:59  3              **MR. DUNWOODY:** Just this, Your Honor:  Mr. Bitgood's
          4   apparently flat on his back in bed; will be for another 30 days
          5   or so.  We filed a motion for protective order requesting that
          6   Mr. Beers' deposition be delayed long enough so that Mr. Bitgood
          7   can be there to participate.  We expect 30 days is enough there
          8   to get it.
12:15:22  9              There's no prejudice to the plaintiff in this case; no
         10   reason why he couldn't make a reasonable, normal accommodation
         11   where he delays deposition, you know, based on a health
         12   situation involving one of the parties.  That's normal and
         13   customary and what you expect to happen unless there was some
         14   massive urgency that's not present in this case.
12:15:42 15              And so we'd request that Your Honor issue a protective
         16   order just allowing, you know, a 30-day continuance of that so
         17   that Mr. Bitgood can participate.
12:15:55 18              **THE COURT:** Mr. Kotlar [sic]?
12:15:57 19              **MR. KOTLARSKY:** Thank you, Your Honor.  As to
         20   Ms. Norman's comments about the stay or abatement for the
         21   appeal, I think Your Honor has already dealt with that question
         22   in the motion for reconsideration, and the law's clear that
         23   there's no stay for an interlocutory appeal on an injunction
         24   given the Court's order and denial for motion for
         25   reconsideration, and, further, that's not what we're here about

1    today.

12:16:30  2              My understanding is today is to talk about
3    Mr. Bitgood's condition and whether to proceed and how to
4    proceed with the case.  Mr. Bitgood has not requested -- has not
5    himself requested a stay or abatement of the case, and he -- I
6    understand what Ms. Norman is saying about his condition, but
7    he's been lucid enough to e-mail me on a few occasions.  So --
8    and I'm not discounting that he likely is in pain or unable to
9    participate at times, but he clearly has been lucid enough to
10   participate.

12:17:08  11             So I just am a bit dubious, given everything that's
12   gone on, that he is unable to listen to Mr. Beers' deposition.
13   You know, he is a codefendant.  He's not going to be making
14   objections to the questions that we ask -- I assume that
15   Mr. Dunwoody will be doing that -- and I don't see a situation
16   in which it's necessary for Mr. Bitgood to ask his codefendant
17   questions in his deposition.

12:17:44  18             But even if it were, I think what we can do, Judge --
19   because, as I said before, my goal is to take Mr. Beers'
20   deposition and file a motion for summary judgment as soon as I
21   have that transcript.  I'd like to proceed with Mr. Beers'
22   deposition so that we can do that, and if Mr. Bitgood feels as
23   though he wants to ask questions of Mr. Beers, perhaps he can do
24   that at a time when he is more able to in 30 or 45 days, but I
25   don't -- I just don't see the need to stay this case generally

1    or to push off Mr. Beers' deposition because I think that just
2    continues to delay unnecessarily.
12:18:31  3        I am not unsympathetic to Mr. Bitgood's condition, I
4    just would like to be able to proceed with Mr. Beers' deposition
5    and move this forward towards dispositive motion.
12:18:47  6        **THE COURT:**  Why can't the parties just agree to a
7    permanent injunction whereby defendants will not again use the
8    Lewis Brisbois name or any approximation of that?  What's the
9    harm in that?
12:19:02 10        **MS. NORMAN:**  Professionally, Your Honor, for Susan
11   Norman, I believe that it is an absolute harm, that I would have
12   to report that I was enjoined by a federal court and that I
13   agreed to such enjoining, and I cannot do that.  I have -- I
14   have stated on the record that I would not and part of my
15   reasons for not agreeing to the injunction.
12:19:30 16        And I would also state, Your Honor, what Mr. Kotlarsky
17   related to the Court about offers to settle is not -- is not
18   what it sounds like.  His offer included requiring both
19   Mr. Bitgood and me to make statements that would be false
20   statements regarding a state court matter, the state court
21   matter which -- upon which this case is based, and I -- I will
22   not do that.
12:20:09 23        At one point, Mr. Bitgood offered and has put in
24   writing to the Court -- I don't know what document number it
25   is -- that he would agree to be enjoined if the plaintiffs would

1    release -- fully release Mr. Beers and myself with just a
2    dismissal and nothing further.  Mr. Bitgood would agree to be
3    enjoined.  That was what he offered, and he -- there's a
4    document on file with the Court, but with res- -- respect -- due
5    respect to this Court -- and I mean it not sarcastically, but I
6    mean it sincerely.  As an officer of the Court, I cannot agree
7    to enjoin myself from something that I -- that I would have to
8    report on any kind -- any -- a myriad of other documents to
9    other persons, agencies, or courts.  So that's -- I can't agree
10    to that.
12:21:20  11             **THE COURT:**  When is Mr. Beers' deposition scheduled
12    for?
12:21:23  13             **MR. KOTLARSKY:**  Tomorrow, Your Honor.  It was for
14    later today.  I'll let Mr. Dunwoody -- I'll let you speak to
15    that.
12:21:33  16             **MR. DUNWOODY:**  I think you answered the question.
12:21:35  17             We had scheduled it for the end of May with the
18    anticipation that Mr. Bitgood would have his surgery in early
19    May and be back up and recovered, and the recovery has taken
20    longer than expected.  And so what we're asking for is, you
21    know, another 30 days so that he can really be able to
22    participate, you know, when his attorney is being questioned and
23    be able to assert privilege as necessary for questions that are
24    going to be asked.
12:22:07  25             And so that's -- we think it's a reasonable request to

    1    allow Mr. Bitgood to participate in the deposition, and he's

    2    unable to do so right now because of a medical condition.  And

    3    so we think it would be appropriate and necessary for the Court

    4    to grant the relief here.

12:22:24  5             **MR. KOTLARSKY:**  May I respond briefly?

12:22:25  6             **THE COURT:**  Yes, you may.

12:22:26  7             **MR. KOTLARSKY:**  Thank you.  I appreciate this

    8    opportunity.

12:22:28  9             So as an initial matter, we were not informed that

   10    that was the reason for scheduling the deposition -- Mr. Beers'

   11    deposition at the end of May.  We requested a deposition --

   12    deposition dates in mid-April, I believe, and so the days we got

   13    were May 31st and June 1st.  So -- with no explanation as to

   14    why.

12:22:53 15             And then it -- if the reason is that Mr. Bitgood needs

   16    to be able to assert attorney-client privilege, I don't -- I

   17    guess I don't understand that comment.  Your Honor has already

   18    found that there was no attorney-client relationship in --

   19    between the two, and -- and, furthermore, that's something

   20    Mr. Dunwoody or Mr. Beers can do if they believe that there is

   21    a -- a question, the answer to which is protected by some kind

   22    of privilege.  I don't think Mr. Bitgood needs to be at the

   23    deposition to do that.

12:23:44 24             **THE COURT:**  Is there any reason the deposition has to

   25    go forward tomorrow, though, Mr. Kotlarsky?

12:23:48   1          *(Multiple speakers; indiscernible.)*
12:23:52   2              **THE COURT:**  Is there any reason the deposition has to
           3   go forward tomorrow?  Is there any time sensitivity to it?
12:23:57   4              **MR. KOTLARSKY:**  No, Your Honor.  We've waited this
           5   long, and I -- we can wait another 30 days.  I just -- I am --
12:24:06   6              **THE COURT:**  Okay.  I hate to be anything other than
           7   fully sympathetic to Mr. Bitgood's situation.  I'll grant a
           8   30-day stay in the case.  Thank you.
12:24:19   9          *(Proceedings concluded at 12:24 p.m.)*
          10                              * * *
          11              I certify that the foregoing is a correct transcript
          12   from the record of proceedings in the above matter to the best
          13   of my ability and skill, and that any indiscernible designations
          14   are because of audio/video interference that precluded me from
          15   understanding the words spoken.
          16
          17   Date:  June 9, 2023
          18                                */s/ Heather Alcaraz*
                                            Signature of Court Reporter
          19
          20
          21
          22
          23
          24
          25