## In the United States District Court
## for the Southern District of Texas, Houston Division

| | |
|---|---|
| **Lewis Brisbois Bisgaard & Smith, LLP,** <br>     Plaintiff, <br> v. <br> **Michael Joseph Bitgood a/k/a "Michael Easton,"** *et al.* <br>     Defendants. | Civil Action No. 4:22-cv-3279 <br><br> Jury Demanded |

### PLAINTIFF'S EMERGENCY MOTION TO COMPEL DEFENDANT BRADLEY BEERS'S ANSWERS TO DEPOSITION QUESTIONS

Plaintiff Lewis Brisbois Bisgaard & Smith LLP moves – on an expedited basis – for an order compelling defendant Bradley Beers answer certain questions Beers refused to answer at the August 16, 2023. Despite this Court already overruling Beers' attorney-client privilege objections to written discovery, Beers persists in this objection to legitimate deposition questions necessitating this motion to compel. Plaintiff requests expedited action given that Beers response to Plaintiff's summary judgment motion is set for November 17, 2023.

### CERTIFICATE OF CONFERENCE

1. Prior to filing this motion, counsel for Plaintiff conferred with Mr. Beers's counsel, Mr. Wallace Dunwoody, in an effort to resolve this matter without the necessity of the Court's intervention. The parties cannot agree on a resolution and Beers is opposed to the relief sought by this motion.

### BACKGROUND

2. Defendants are infringing on Plaintiff's trademarks and service marks in violation of the Lanham Act. The Court Entered a TRO on October 7, 2022. [Doc. 14]. The Court later entered a preliminary injunction on February 16, 2023. [Doc. 124].

131228868.1

3. On October 14, 2022, Plaintiff served requests for production on Beers and the other defendants. [Doc. 21].

4. On October 23, 2022, Plaintiff filed a motion to compel Beers to produce communications and documents responsive to Plaintiff's requests for production. [Doc. 31].

5. On March 7, 2023, the Court granted the motion in all respects. [Doc. 132]. The Court overruled Beers's invocation of attorney-client privilege and ordered Beers to provide responsive documents within 30 days. [Doc. 132].

6. Mr. Beers moved for reconsideration on March 16, 2023. [Doc. 141]. On March 29, 2023, the Court denied Mr. Beers's motion for reconsideration and compelled Mr. Beers to produce the discovery documents at issue after conducting an *in camera* review of the documents and finding such "documents did not establish an attorney-client relationship and were not privileged." [Doc. 148].

7. Plaintiff took Beers's deposition on August 16, 2023. [Exhibit 1]. During the course of the deposition, Beers repeatedly refused to answer questions regarding substantive matters relating to the documents Beers produced in discovery by again invoking attorney-client privilege. [*See id.*]. Mr. Beers's counsel also objected and instructed Mr. Beers not to answer questions regarding conversations between Mr. Beers, Ms. Norman, and Bitgood as to the formation of the infringing entity. [*See id.*].

8. On September 29, 2023, Plaintiff filed a motion for summary judgment against all Defendants. [Doc. 183].

9. On October 18, 2023, the Court ordered Beers to respond to Plaintiff's motion for summary judgment by November 17, 2023. [Doc. 193]. Plaintiff accordingly requests the Court grant relief

by November 6, 2023, so that Plaintiff may supplement the summary judgment motion with enough time to allow Beers to respond by the November 17 deadline.

## ARGUMENT & AUTHORITIES

10. "Generally, the scope of discovery is broad and permits the discovery 'of any nonprivileged matter that is relevant to any party's claim or defense.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3 258, 262 (5th Cir. 2011) (quoting FED. R. CIV. P. 26(b)(1))." A motion to compel discovery is appropriate where another party fails to respond to a discovery request or where a discovery response is evasive or incomplete. FED. R. CIV. P. 37.

11. For a communication to be protected under the privilege, the proponent "must prove: (1) that he made a *confidential* communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997). "There is no presumption that a company's communications with counsel are privileged." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 696 (5th Cir. 2017). "A confidential communication between client and counsel is privileged only if it is generated for the purpose of obtaining or providing legal assistance." *Id.* (cleaned up). If a lawyer is acting in a non-legal capacity, the attorney-client privilege does not apply. *Id.*

12. Plaintiff seeks to compel Beers answer questions related to infringing on Plaintiff's trademarks or names is in furtherance of, at a minimum, a tort. "Under the crime-fraud exception to the attorney-client privilege, the privilege can be overcome where communication or work product is intended to further continuing or future criminal or fraudulent activity." *United States v. Edwards*, 303 F.3d 606, 618 (5th Cir. 2002). The Fifth Circuit has also applied the crime-fraud exception to furtherance of torts. *In re Grand Jury Proceedings*, 517 F.2d 666, 670 (5th Cir. 1975).

131228868.1    3

13. At the August 16, 2023 deposition, Beers – on advice of Beers's counsel following objections from Bitgood – refused to answer certain questions even though Plaintiff's questions were related to certain text messages and other documents produced by Mr. Beers in discovery in compliance with this Court's March 7, 2023 and March 29, 2023 orders. [Docs. 132 & 148]. Beers nonetheless refused to answer questions regarding the Defendants' actions related to the formation of the infringing entity and Mr. Beers's filing of an assumed name certificate on behalf of the infringing entity.

14. Mr. Beers's counsel instructed Beers not to answer the following questions based on improper assertions of the attorney-client privilege:

> Question: Did you advise the partnership at that time that they should not transact business under – under that name of Lewis Brisbois Bisgaard and Smith, that partnership being – [1]

> Question: Did you discuss or admonish or recommend to the partnership between Sue Norman and Michael Bitgood that they should not transact business under the name "Lewis, Brisbois, Bisgaard & Smith" after you discovered that the Secretary of State had granted my firm the authority to do business in Texas?[2]

> Question: Were there any conversations about whether by using the name and filing documents that would give rise to use of the name "Lewis, Brisbois, Bisgaard & Smith, LLP" was violation of any kind of trademark or servicemark or Lanham Act statutes, common law?[3]

> Question: What conversations, if any, did you have with either Mr. Bitgood or Ms. Norman regarding the propriety of using the name "Lewis Brisbois Bisgaard and Smith" with or without the LLP as the name of an entity that is reflected by the assumed name of the certificate that you filed and the limited liability partnership form that you filed?[4]

---

[1] Ex. 1, at 27:3-6.

[2] Ex. 1, at 27:15-20.

[3] Ex. 1, at 45:15-20.

[4] Ex. 1, at 47:10-16.

131228868.1  4

>   Question: Did you recommend to Mr. Bitgood and Ms. Norman that they enter into a written partnership agreement?[5]
>
>   Question: Did you ask Ms. Norman or Mr. Bitgood at any time if they were aware that there was a law firm in town named Lewis Brisbois Bisgaard and Smith?[6]

15. These questions, however, relate to certain documents produced by Beers for which the Court determined "did not establish an attorney-client relationship and were not privileged." [Doc. 148].

16. Mr. Beers's counsel had no grounds to instruct Beers not to answer questions concerning the basis in which Defendants formed the infringing entity or Beers's filing of documents on behalf of the infringing entity.

17. These questions are relevant to Beers's role in the conspiracy to infringe Plaintiff's trademarks. Plaintiff therefore seeks a ruling on the objections instructing Mr. Beers not to answer the questions identified in this motion as well as any appropriate follow-up questions flowing from Beers's answers on or before November 9, 2023.

## CONCLUSION & PRAYER

18. For the foregoing reasons, the Court should grant Plaintiff's emergency motion to compel and order Beers to resume his deposition, answer the questions identified in this motion along with appropriate follow-up questions.

Dated: October 26, 2023                     Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith LLP**

*/s/ Bennett G. Fisher*
William S. Helfand
Attorney-in-Charge
Texas Bar No. 09388250

---

[5] Ex. 1, at 54:20-22.

[6] Ex. 1, at 55:6-8.

Bennett G. Fisher
Texas Bar No. 07049125
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
bill.helfand@lewisbrisbois.com
bennett.fisher@lewisbrisbois.com
**Attorneys for Plaintiff,**
**Lewis Brisbois Bisgaard & Smith, LLP**

### Certificate of Service

I certify a true and correct copy of the foregoing document has been served on all parties and counsel *of record* by electronic filing on October 26, 2023

/ s / Bennett G. Fisher
Bennett G. Fisher

131228868.1   6