irIn the United States District Court
for the Southern District of Texas, Houston Division

| | |
|---|---|
| Lewis Brisbois Bisgaard & Smith, LLP,<br>    Plaintiff,<br>v.<br>Michael Joseph Bitgood a/k/a "Michael Easton," *et al.*<br>    Defendants. | Civil Action No. 4:22-cv-3279<br><br>Jury Demanded |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT BITGOOD'S ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT

Plaintiff Lewis Brisbois Bisgaard & Smith LLP move to strike Defendant Michael Joseph Bitgood a/k/a Michael Easton's answer, counterclaim, and third-party complaint and would respectfully show as follows:

### CERTIFICATE OF CONFERENCE

1.      Prior to filing this motion, counsel for the Plaintiff conferred with Mr. Bitgood, in an effort to resolve this matter without the necessity of the Court's intervention. The parties cannot agree on a resolution and Bitgood is opposed to the relief sought by this motion.

### NATURE AND STAGE OF PROCEEDINGS

2.      On September 23, 2022, Plaintiff, Lewis Brisbois Bisgaard & Smith, LLP ("LBBS") sued Michael Joseph Bitgood a/k/a Michael Easton, Susan C. Norman, Bradley B. Beers (collectively with Bitgood and Ms. Norman, "Defendants"), Richard P. Jones, and a recently formed Texas entity known as "Lewis Brisbois Bisgaard & Smith, LLP" for trademark and trade name infringement, unfair competition in violation of the Trademark Act of 1946, 15 U.S.C. §1051, *et seq.*, as amended (the "Lanham Act"), and related claims arising under Texas law. [Doc. 1].

3.      The Court Entered a TRO against Defendants on October 7, 2022. [Doc. 14]. The Court later entered a preliminary injunction against Defendants on February 16, 2023. [Doc. 124], which

132133161.1

immediately restrained Defendants from "(a) using, directly or indirectly, in any manner, the trademarks owned by Plaintiff, the name Lewis Brisbois Bisgaard & Smith, LLP, the name Lewis Brisbois, and/or the initials "LB" or "LBBS" or any variation or derivative of those names in any manner and for any purpose," and from "(b) holding themselves out as members of, representatives of, or otherwise having any relationship with or to Lewis Brisbois Bisgaard & Smith, LLP or as being in any way affiliated with Lewis Brisbois Bisgaard & Smith, LLP. [Doc. 124].

4. On February 16, 2023, the Court also denied Bitgood's various motions to dismiss the complaint. [Doc. 123].

5. Accordingly, Bitgood had until March 2, 2023, to file his responsive pleading/answer to this lawsuit. *See* FED. R. CIV. P. 12(a)(4)(A).

6. On September 29, 2023, Plaintiff moved for summary judgment. [Doc. 183].

7. On November 15, 2023, Bitgood filed a counterclaim against Plaintiff and a third-party complaint against additional proposed parties under 42 U.S.C. § 1983, including Plaintiff's counsel. [Doc. 205, ¶¶ 73–92].

8. The Court has not issued a scheduling order in this case.

### ARGUMENT & AUTHORITIES

9. In determining whether a party may file a responsive pleading out of time, "[t]he district judge enjoys broad discretion to grant … an extension," and the "excusable neglect" standard is "intended and has proven to be quite elastic in its application." Wright & Miller, Federal Practice and Procedure § 1165 (collecting cases); *accord Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012).

10. "[A] number of factors relevant to the determination of 'excusable neglect': (1) 'the possibility of prejudice to the other parties,' (2) 'the length of the applicant's delay and its impact on the proceeding,' (3) 'the reason for the delay and whether it was within the control of the

movant,' and (4) 'whether the movant has acted in good faith.'" *Id.* (quoting Wright & Miller, Federal Practice and Procedure § 1165).

11.     Here, Bitgood failed to file his responsive pleading in time. It was due March 2, 2023.[1] Mr. Bitgood needed 45 extra days to respond to Plaintiff's summary judgment motion. [Doc. 187]. Yet, Mr. Bitgood found time to file his answer, counterclaim, and third-party complaint during the same time period.

12.     Plaintiff objects to Bitgood's filing in its entirety. Plaintiff recognizes, however, that should the Court grant Plaintiff's motion for summary judgment and a permanent injunction, the timely filing of Bitgood's answer – rather than Bitgood's counterclaim and third-party complaint – would no longer be a live issue.

13.     Mr. Bitgood did not request leave from the Court and thus offers no reason for the delay. Indeed, Bitgood has made nearly 50 filings in this Court. Further, Bitgood does not make any showing as to whether Bitgood acted in good faith.

14.     Mr. Bitgood filed a counterclaim and third-party complaint, which is even more prejudicial to Plaintiff.[2] A significant delay to the resolution of the dispute is sufficiently prejudicial because Plaintiff "would be required to expend additional resources [to] prepare yet more dispositive motions." *Lewis v. Tex. Instruments*, No. 3:12-cv-4577-L-BN, 2014 U.S. Dist. LEXIS 96152, at *12 (N.D. Tex. Jun. 23, 2014) (citing *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994) (review under Rule 15(a) standard)). In fact, in circumstances very analogous to those here, the Fifth Circuit affirmed a district court's finding of bad faith and dilatory motive where "[t]he motion

---

[1] Defendant Beers filed an answer on January 26, 2023. [Doc. 116]. Defendant Norman has yet to file an answer.

[2] Rule 13(a)(1), F.R.C.P. required Bitgood to raise any compulsory counterclaim in his responsive pleading. Mr. Bitgood does not make any allegation that Bitgood's counterclaim matured after the March 2, 2023 deadline to file Bitgood's responsive pleading. *See* FED. R. CIV. P. 13(e).

is obviously interposed by [Bitgood] in an attempt to avoid summary judgment," *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

15. Because Bitgood cannot establish a single factor for excusable neglect, the Court should strike Bitgood's counterclaim against Plaintiff and third-party complaint against additional individuals and entities who are not yet parties to this action.

## CONCLUSION & PRAYER

16. For these reasons, the Court should grant Plaintiff Lewis Brisbois Bisgaard & Smith LLP's motion to strike Michael Joseph Bitgood a/k/a Michael Easton's third party complaint.

Dated: November 30, 2023

Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith LLP**

*/ s / Bennett G. Fisher*
William S. Helfand
Attorney-in-Charge
Texas Bar No. 09388250
Bennett G. Fisher
Texas Bar No. 07049125
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
bill.helfand@lewisbrisbois.com
bennett.fisher@lewisbrisbois.com
**Attorneys for Plaintiff,**
**Lewis Brisbois Bisgaard & Smith, LLP**

**Certificate of Service**

I certify a true and correct copy of the foregoing document has been served on all parties and counsel *of record* by electronic filing on November 30, 2023.

/ s / Bennett G. Fisher
Bennett G. Fisher

132133161.1

5