United States District Court
Southern District of Texas
**ENTERED**
January 31, 2024
Nathan Ochsner, Clerk

**In the United States District Court
for the Southern District of Texas, Houston Division**

| | |
|---|---|
| **Lewis Brisbois Bisgaard & Smith, LLP,**<br>    Plaintiff,<br>v.<br>**Michael Joseph Bitgood a/k/a "Michael Easton,"** *et al.*<br>    Defendants. | **Civil Action No. 4:22-cv-3279**<br><br>**Jury Demanded** |

# PROTECTIVE ORDER

The parties have communicated via email to the Court that they have agreed to the substance of this Protective Order, as set forth below. Therefore, it is hereby ORDERED:

the following Protective Order shall govern the production of Confidential Information and Attorney's Eyes Only (as defined herein) in this action.

1. **DEFINITIONS**

    a. "Attorney's Eyes Only" means any information, whether oral or in documentary or other tangible form, so designated by any producing person (as defined herein) that it reasonably and in good faith believes is so highly sensitive that its disclosure could result in significant competitive or commercial disadvantage to the designating party.

    b. "Confidential Information" means information, documents, or things so designated by a producing person (as defined therein) that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes is the type protectable under the Federal Rules of Civil Procedure.

    c. "Disclose" means to show, give, make available or communicate, in any fashion, to any person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any party in this action.

d.      "Document" means documents or electronically stored information as defined in Federal Rules of Civil Procedure 34(a).

e.      "Qualified Person" means (i) employees of the attorneys actively involved in preparing the case for trial; (ii) outside counsel engaged to represent one of the parties to this action, including necessary legal assistants and stenographic and clerical personnel actually assisting such counsel and outside vendors engaged by such counsel to scan and/or code documents or to record depositions testimony, (iii) outside independent experts and consultants of the parties who are assisting counsel identified in (ii) or (iii) in this action and necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization; and (iv) the Court and Court personnel, including stenographic reporters

2.      Any party may designate information they produce in any form as "Confidential" or "Attorney's Eyes Only." Any party may designate information they produce in documentary or other tangible form as Confidential Information or Attorney's Eyes Only by designating the documents "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as appropriate. In the case of information produced or provided prior to the entry of this Order, the producing person shall have fifteen (15) days from the date of entry this Order to designate in writing each document in any form as Confidential Information or designated Attorney's Eyes Only and the document shall thereafter be treated as Confidential Information or Attorney's Eyes Only under the terms of this Order.

3.      Any information designated as Confidential Information or Attorney's Eyes Only shall be maintained in confidence by any receiving party and shall be stored under the direct control

of counsel of record who shall be responsible for preventing any disclosure not in accordance with this Order.

4. Information designated as Confidential Information may be disclosed only to qualified persons. Prior to any disclosure, each qualified person shall read this Order and, in writing (i) agree to be bound by the terms thereof, (ii) agree to maintain said information in confidence, and (iii) agree not to disclose Confidential Information to anyone other than as permitted herein or by further order of this Court.

5. Information designated as Attorney's Eyes Only may only be disclosed to, accessed by, or reviewed by: this Court, its personnel, and court reporters; counsel of record for any party in this action and employees of an established law firm of counsel of record who assist counsel of record in this action and are informed of the duties hereunder; and, other witnesses or persons to whom the designating party agrees in writing or by court order. To avoid all doubt, any party proceeding without counsel is absolutely prohibited from sharing information designated as Attorney's Eyes Only with anyone without the express permission of the designating party.

6. All information or documents disclosed in this litigation designated "Confidential" or "Attorney's Eyes Only" shall be used solely for the purposes of motions before this court in this action, preparation for trial, pretrial proceedings, and trial of this action and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose. Any summary, compilation, notes, or copy containing Confidential Information or information designated as "Attorney's Eyes Only," and any electronic data, electronic image or database containing Confidential Information shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic data, electronic image or database is derived.

7. In the event any question asked at a deposition or a pretrial evidentiary hearing that involves or calls for the disclosure of Confidential Information or information designated "Attorney's Eyes Only," the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, provided that the only persons in attendance at the deposition or pretrial evidentiary hearing are persons who are qualified to receive the Confidential Information. Counsel for the person claiming confidentiality may designate portions of the deposition or hearing transcript as Confidential Information, either at the deposition or pretrial evidentiary hearing, by making a statement for inclusion in the transcript, or within ten (10) business days after receipt of the transcript by notifying opposing counsel in writing. All such transcripts shall be treated as "Confidential" until ten (10) business days after receipt thereof by counsel for the parties and counsel for the witness. The reporter for any deposition or evidentiary hearing shall mark pages that contain testimony designated as Confidential Information, and such confidential portions of depositions or hearing transcripts shall be bound separately from non-confidential pages of depositions or hearing transcripts.

8. A non-qualified person not otherwise permitted under this Order to have access to Confidential Information may be interviewed, may be examined as a witness at a deposition or a pretrial evidentiary hearing, may be shown, and may testify concerning, any Confidential Information as follows:

    a. A present employee of a producing person may be examined, may be shown, and may testify concerning, any Confidential Information.

    b. A former employee or consultant of a producing person may be interviewed, may be examined concerning, may be shown, and may testify concerning any Confidential Information, if such information: (i) relates to the period and subject

4

matter of the former employee's or consultant's employment, retention, or consultation, or to the subject matter of his or her communications with the producing person, or (ii) reflects that the former employee or consultant authored or received the Confidential Information, or if during the examination, the former employee or consultant acknowledges having authored or received the Confidential Information.  Prior to any disclosure, non-qualified persons shall read this Order and execute an Acknowledgement in the form of Exhibit 1: (i) agreeing to be bound by the terms thereof, (ii) agreeing to maintain said information in confidence, and (iii) agreeing not to disclose Confidential Information to anyone other than as set forth herein.

9. Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the return to the designating person of all copies of the inadvertently mis-designated documents and for the substitution, where appropriate, of properly labeled copies.

10. This Order is entered solely for the purpose of facilitating the exchange of information between Plaintiff and Defendant without involving the Court unnecessarily in this process. Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Order; (ii) altering the confidentiality or non-confidentiality of any such information; or (iii) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

11. Nothing herein shall be taken as indicating that any document or information designated as Confidential Information or Attorney's Eyes Only is entitled to confidential treatment. If the receiving party desires to disclose Confidential Information or information designated as Attorney's Eyes Only to a non-qualified person, or if it disagrees with the confidentiality designation by the producing person, then the receiving party shall so notify counsel for the producing person in writing. Counsel for the producing person and the receiving party shall first try to resolve such dispute within five (5) business days after the receipt of the receiving party's notice. If the dispute cannot be resolved, the party seeking such disclosure, upon no fewer than three (3) business days' written notice to the producing person may, by specifying the basis on which it claims that such designation is improper or that such disclosure is appropriate, seek a ruling from the Court that the information is not properly designated or that such disclosure may take place because the need for such disclosure outweighs the producing party's interest in limiting the dissemination in the manner set forth in Paragraphs 5 and 6 of this Order. Pending a determination by the Court, such information shall be treated under this Order as Confidential Information or Attorney's Eyes Only as designated by the producing person.

12. No party shall be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. This Order shall be without prejudice to the right of any party or other subscriber to this Order (i) to bring before the Court at any time the question of whether any particular document or information is Confidential Information, Attorney's Eyes Only, or whether its use otherwise should be restricted or (ii) to present a motion to the Court for a separate protective order as to any such particular document or information, including restrictions differing from those specified

herein. This Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

13. The parties shall attempt to agree upon procedures to prevent disclosure of Confidential Information or information designated as Attorney's Eyes Only at any hearing or trial, shall, prior to such hearing or trial, submit such proposed procedures to the Court for its approval or modification, and shall submit any disputes relating thereto to the Court for its resolution.

14. If Confidential Information or information designated as Attorney's Eyes Only in the possession, custody or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed, shall (i) on or before the fifth (5th) business day after receipt thereof, give written notice by hand or facsimile of such process or discovery request together with a copy thereof, to counsel for the producing person; (ii) cooperate to the extent necessary to permit the producing person to seek to quash or modify such process for discovery request and (iii) not make production or disclosure of such Confidential Information until the producing person consents in writing to production or the receiving party is required by a court order to produce such Confidential Information or information designated as Attorney's Eyes Only, so long as the order is not stayed prior to the date set for production or disclosure.

15. Upon final termination of this action, including all appeals, all parties and experts and consultants shall (i) at the option of the producing person, return to the producing person or

destroy all originals of material produced and designated as Confidential Information or Attorney's Eyes Only, and all identical copies, whether in whole or in part, of such documents, and (ii) destroy all copies thereof, as well as, all notes, memoranda or other documents that summarize discuss or quote materials produced and designated as Confidential Information or Attorney's Eyes Only, except that, with respect to word processing and data base tapes and disks, they shall destroy or erase such tapes or disks to the extent practicable. Outside counsel for each party shall be entitled to retain copies of any documents that have been filed with the Court or admitted into evidence and that contain or refer to information designated as Confidential Information or Attorney's Eyes Only, provided that all such documents shall remain subject to this Order. Upon written request by the producing person, counsel of record for the parties shall certify in writing to each producing person that the foregoing has been complied with.

16. Except as specifically noted herein, this Order shall not limit a producing person's use of its own Confidential Information or information designated as Attorney's Eyes Only, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone who is identified on the face of the document as a recipient or who acknowledges during examination to receiving the document.

17. This Order shall survive and remain in full force and effect after termination of this action.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas on this the 30th day of January, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

8

# EXHIBIT 1

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter styled: civil action No. 4:22-cv-3279; *Lewis Brisbois Bisgaard & Smith, LLP vs. Michael Joseph Bitgood a/k/a Michael Easton, et al* in the Southern District of Texas, Houston Division, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

NAME: _____

SIGNATURE: _____

DATED: _____