IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Lewis Brisbois Bisgaard and Smith LLP | § § | |
| v. | § § | 4:22-cv-03279 |
| Michael Joseph Bitgood, et al. | § | |

### DEFENDANTS BITGOOD'S AND NORMAN'S CERTIFICATE OF COMPLIANCE

1. In accord with the Court's order dated September 6, 2024, Norman adopts, and Bitgood renews his sworn declaration as follows:

"Finally, I can assure the Court under the penalty of perjury that I will not use the name that caused all of this contention again; that I will not form another LLP given my "success" in doing the first, last, and the only one I ever formed. Further, for well–grounded reasons, not the least of which has been shown to be gross incompetence, fraud, and outright thievery from their own clients, I can assure this Court and all courts that **I WILL NEVER CLAIM to be associated with, related to, affiliated with, or hold myself out as being connected with Lewis Brisbois Bisgaard & Smith LLP of California**, for fear that I will lose all respect in the legal community and be labeled as an incompetent thief that defrauds their own clients, pranks the judges at every opportunity, and misrepresents evidence to the federal courts. No, that is all Lewis Brisbois Bisgaard and Smith's claim to fame, of which I want no part." **Executed in Fort Bend County, State of Texas, under the penalty of perjury this 13th day of October, 2022.**
/s/MICHAEL JOSEPH BITGOOD a/k/a/ "Michael Easton"

2.     We have no web sites, publications, brochures, marketing materials, nor have we held ourselves out as having anything to do with Lewis Brisbois Bisgaard and Smith, after October 6, 2022, when we went on the record and told the Court that "we quit." Everything the Court ordered on September 6, 2024, was long done on October 6, 2022.

3.     Executed in Richmond, Fort Bend County, and in Houston, Harris County, in the State of Texas, under the penalty of perjury this 16th day of September 2024.

4.     Norman and Bitgood further object to the Court summarily stripping them of their right to a **TRIAL BY JURY** on the issue of statutory damages and attorney's fees. See: *FELTNER v. COLUMBIA PICTURES TELEVISION, INC.*, 523 U.S. 340 (1998).[1]

---

[1] The general rule is that monetary relief is legal, and an award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment. Nor is a monetary remedy rendered equitable simply because it is not fixed or readily calculable from a fixed formula. And there is historical evidence that cases involving discretionary monetary relief were tried before juries. Accordingly, U.S. Const. amend. VII provides a right to a jury trial where a copyright owner elects to recover statutory damages.

Respectfully submitted,

| | |
|---|---|
| /s/Michael Joseph Bitgood | /s/ Susan C. Norman |
| a/k/a/ Michael Easton | Susan C. Norman |
| 503 FM 359, Suite 130-216 | State Bar No. 15083020 |
| Richmond, Texas 77406 | P. O. Box 55585 |
| 281-415-8655 | Houston, Texas 77255 |
| EastProLaw@msn.com | 713-882-2066 |
| | SueNorman@SueNormanLaw.com |

## CERTIFICATE OF SERVICE

On this the 176$^h$ day of September 2024, I certify that service was accomplished on all parties by ECF.

/s/ Susan C. Norman