IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Lewis Brisbois Bisgaard and Smith LLP | § § | |
| v. | § § | 4:22-cv-03279 |
| Michael Joseph Bitgood, et al. | § | |

**DEFENDANTS NORMAN'S AND BITGOOD'S
NOTICE OF FINALITY OF STATE COURT
"NON–APPEALS" AND ORDERS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

## I.  RECAP

1.     Norman and Bitgood would respectfully show as follows:

 a. On September 13, 2022, the state court made a judicial determination that Bitgood and Norman were legally entitled to use the name "Lewis Brisbois Bisgaard and Smith LLP", as a Texas domestic entity. See: State Court findings of fact and conclusions of law, from hereinafter, Bitgood Exhibits 1 through 15, the only exhibits into evidence in this case.

 b. Instead of properly appealing the state court's judgments, Plaintiff *pro se* marched into this Court 10 days after losing in state court

and demanded that this Court overrule the state court. Plaintiff *pro se* stated to this Court that some nebulous "appeal" was being taken from the state court's final judgment.[1]

  c. Because Plaintiff *pro se* did not know how to properly lodge an appeal under the Texas Government Code, much less the jurisdictional requirements of the Texas Appellate Courts, their pleadings were also STRUCK by the Court of Appeals as being Interlopers. See: Exhibits "1" and "2" annexed hereto and duly incorporated herein by reference.[2]

  d. There was NEVER a pending appeal in state court, and Plaintiff *pro se* lied to this court about a pending appeal. Plaintiff *pro se* also lied to the Fifth Circuit by claiming that it had a pending appeal when the case went up on interlocutory appeal.

---

[1] Again, Plaintiff *pro se's* arguments that the state court's actions were not final, is also debunked by the record in this case that shows that Plaintiff *pro se's* pleadings were STRUCK by the state court. Nothing spells **F-I-N-A-L** like when a court strikes all of your pleadings.

[2] There is a lot of clamor from Plaintiff *pro se* in this case that the state court "got it"wrong" and that state courts could not hear a "Lanham" case. That theory was debunked by the Fifth Circuit's opinion in *Appliance Liquidation vs. Axis Supply,* No. 23-50413. 105 F.4th 362 (5th Circuit 2024). The mandate in *Appliance* appears in this record.

## II.  TEXAS SUPREME  COURT RATIFIES FINALITY AND ENDS IT

2. On September 3, 2024, Defendant Bitgood took a Rule 162 TRCP non-suit DIRECTLY with the Texas Supreme Court after Plaintiff *pro se's* so called "clients" invoked the arbitration clause on any and all disputes that arose from the now-disposed-of state court proceedings. See:  Exhibit '3" annexed hereto and duly incorporated herein by reference.[3]

## III.  CONCLUSION

3. There was never a pending appeal by Plaintiff *pro se* in state court. The state court had concurrent jurisdiction and ruled the  way it did with no objection by Plaintiff *pro se*. The state court's judgement became final 30 days after September 13, 2022, long before this Court granted interim relief.  Helfand lied to the Court about Plaintiff *pro se* owning the name

---

[3] The taking of a non-suit directly with the Texas Supreme Court was a matter of sound legal strategy: (1) to prove up that the September 13, 2022, orders were indeed final, and (2) that Plaintiff *pro se,* not knowing what to do, would allow the required 30 days to run without filing anything at the Texas Supreme Court that would show any pending appeals on their part.  The move worked, and on October 2, 2024, the **trial court case file** was closed by the Texas Supreme Court.  See: Exhibit "4" the final order of the Texas Supreme Court closing the trial court case.

Lewis Brisbois Bisgaard and Smith with the USPTO. Plaintiff *pro se's* remedies were in state court, not by recasting its complaint as a collateral attack on the state court. This Court took judicial notice of this entire series of events on the record, And now, if there were any doubt about finality, that doubt has been erased in full. The state court judgment was final, and it came first.

5. All these facts notwithstanding, Bitgood and Norman did not prolong this case in the slightest bit—they quit at the very first hearing and Plaintiff *pro se* got what it came for. See Docket 16.

6. Any delays after this Court declared the case moot in October of 2022, were the product of Plaintiff *pro se's* (a) bribery, (b) perjury, (c) extortion, and (d) repeated false statements, none of which the Fifth Circuit said we should succumb to, but rather we should reject. See: *Appliance Liquidation vs. Axis Supply,* No. 23-50413. 105 F.4th 362 (5th Circuit 2024).

Respectfully submitted,

| | |
|---|---|
| /s/Michael Joseph Bitgood | /s/ Susan C. Norman |
| a/k/a/ Michael Easton | Susan C. Norman |
| 503 FM 359, Suite 130-216 | State Bar No. 15083020 |
| Richmond, Texas 77406 | P. O. Box 55585 |
| 281-415-8655 | Houston, Texas 77255 |
| EastProLaw@msn.com | 713-882-2066 |
| | SueNorman@SueNormanLaw.com |

## CERTIFICATE OF SERVICE

On this the 8th day of October, 2024, I certify that service was accomplished on all parties by ECF.

/s/ Susan C. Norman
Susan C. Norman