ACCEPTED
14-22-00694-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
1/23/2023 12:52 PM
CHRISTOPHER PRINE
CLERK

14-22-00694-CV

IN THE COURT OF APPEALS
FOURTEENTH JUDICIAL DISTRICT

at Houston, Texas

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
1/23/2023 12:52:55 PM
CHRISTOPHER A. PRINE
Clerk

_____

**Michael Joseph Bitgood a/k/a Michael Easton**
**Appellant**

v.

**Karina Martinez, Marianna Sullivan, and Imperial Lofts, LLC**
**Appellees**

_____

**From the County Court at Law No. 3**
**of Fort Bend County, Texas**
**Trial Court Case No. 22-CCV-070378**

_____

**APPELLANT'S MOTION TO STRIKE**
**NON-APPELLEES' (aka INTERLOPERS') MOTION TO DISMISS**

_____

Brad Beers
SBOT: 02041400
5020 Montrose Blvd., Suite 700
Houston, Texas 77006
713-654-0700
Brad@Beers.law
Attorney for Michael Bitgood

**Exhibit 1 - 10-8-24**
**Page 1 of 8**

TO THE HONORABLE JUSTICES OF THE COURT:

Now comes actual Appellant, Michael Joseph Bitgood a/k/a/ Michael Easton, who moves the Court to strike the motion to dismiss of the interloping non-appellees and non-parties[1] David Oubre and Lewis Brisbois Bisgaard and Smith, and in support he would show as follows:

## I.  LACK OF STANDING

1. As the non-appellees and non-parties readily concede, they **ARE NOT** parties to this appeal, therefore the relief sought in this appeal will not affect them in the slightest. The non-appellees state and admit at footnote one, page one of their motion to dismiss:

> **As explained herein, Mr. Oubre and Lewis Brisbois are not parties to the TCPA motion that gave rise to this interlocutory appeal and, thus, neither Mr. Oubre nor Lewis Brisbois is actually an Appellee in this matter.** (Emphasis provided).

2. Given that glaring judicial admission made in the non-appellees' motion to dismiss, Appellant need go no further except to point out that as the Texas Supreme Court made clear some 23 years ago in *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000):

> Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others. *See Texas Workers' Compensation Ins. Fund v. Mandlbauer*, 988 S.W.2d 750, 752 (Tex. 1999); *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 150 (Tex. 1982); *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex. 1973); *Shell*

---

[1]  Non-parties to this appeal.

2

Exhibit 1 - 10-8-24
Page 2 of 8

*Petroleum Corp. v. Grays*, 131 Tex. 515, 114 S.W.2d 869, 870 (Tex. 1938).

Just as a plaintiff must have standing to seek relief in the trial court, a party on appeal must have standing to challenge an order or judgment of the trial court. *Tex. Quarter Horse Ass'n v. Am. Legion Dep't of Tex.*, 496 S.W.3d 175, 181 (Tex. App.—Austin 2016 , no pet.)(citing *State v. Naylor* 466 S.W.3d 783, 787 (Tex. 2015).

3. This Court should promptly strike the "motion to dismiss" on this basis alone.

## II. <u>NOT</u> LISTED AS APPELLEES

4. The non-appellees claim they are listed as "appellees" in this Court. No reference is made to any part of the actual appellate record to support this statement.

5. This Court's actual record, when a review is made of the docketing statement, shows the actual appellees are Sullivan, Martinez, and Imperial Lofts, LLC:

> ACCEPTED
> 14-22-00694-CV
> FOURTEENTH COURT OF APPEALS
> HOUSTON, TEXAS
> 10/13/2022 3:46 PM
> CHRISTOPHER PRINE
> CLERK
>
> Appellate Docket Number: 14-22-00694-CV
> Appellate Case Style: Michael Joseph Bitgood a/k/a Michael Easton
> Vs. Karina Martinez, Marianna Sullivan, and Imperial Lofts, LLC
> Companion Case(s):
> Amended/Corrected Statement ☐
> **DOCKETING STATEMENT (Civil)**
> Appellate Court: 14th Court of Appeals
> (to be filed in the court of appeals upon perfection of appeal under TRAP 32)

3

Exhibit 1 - 10-8-24
Page 3 of 8

6. While the non-appellees may be listed in the trial court style of the case below, that does not make them parties to this appeal and does not make them appellees here. The Docketing Statement does list the former lawyer for appellees (David Oubre) who was removed from the case pursuant to a Rule 12 motion. Even if, *arguendo*, the non-appellees had been listed as "appellees" in some document, that does not make them appellees, as they admit they were not parties to the Chapter 27 Anti-SLAPP motion that underlies this appeal. And, lest the Court forget, after the non-appellees were removed as counsel in the trial court pursuant to the Rule 12 motion, all of the pleadings for the actual appellees in this matter were struck.

### III.  CERTIFICATE OF CONFERENCE

7. To the extent the non-appellees claim they conferred with the actual appellant in this matter, that does not create standing on their part and the "conference" is more akin to a threat – if you do not dismiss the appeal, we (the non-appellees) will then send an "advisory" to the Court of Appeals and say you have not followed the Rules. Again, a "conference" does not create standing for the non-appellees.[2]

---

[2]  While also completely outside the record, it is believed that these non-appellees attempted to have Mr. Moye (referenced in their "advisory") file a motion similar to theirs, but he declined the invitation.

## IV.  TEX. R. APP. PROC. 10.2

8.  Next, and in an attempted judicial "sleight-of-hand" the non-appellees assert and claim to this Court that they have complied with Tex. R. App. Proc. 10.2, by submitting to this Court a barrage of paper (again, outside of the actual appellate record), for the Court to "consider" while admitting that they have no standing.

9.  And why is this a "sleight-of-hand" of the first order? Well, the motion and the papers are not sworn to as required by Rule 10.2 since the "facts" and documents are:

>  (a) not in the record;
>  (b) not within the court's knowledge in its official capacity; and,
>  (c) not within the personal knowledge of the attorney signing the motion.

10.  And how do we know this to be true? Because the trial court struck every pleading filed by the non-appellees, making it a legal impossibility for the non-appellees to swear to what does not exist as a matter of law. Further, none of the attorneys who signed the motion in this Court appeared in the trial court case before the trial court struck the pleadings, and removed the only lawyer (Mr. Oubre) who might have had some personal knowledge of some matters. Thus, the non-appellees have again violated a fundamental rule of appellate law which holds that the "Court must hear and determine a case on the record as filed, and may not consider documents attached as exhibits to briefs." *RWL Constr. v. Erickson*, 877 S.W.2d 449, 450 (Tex.App.—Houston [1st Dist.] 1994, no writ). "Documents

5

Exhibit 1 - 10-8-24
Page 5 of 8

attached as appendices to briefs do not constitute part of the record of the case and cannot be considered on appeal." *Garcia v. Sasson*, 516 S.W.3d 585, 591 (Tex. App.—Houston [1st Dist.] 2017, no pet.). "Documents attached to a brief as an exhibit or appendix, but not appearing in the appellate record, cannot be considered on appellate review." *Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 773 (Tex. App.—El Paso 2015, no pet.)

## V.  CONCLUSION

Appellant has no duty to respond to the unsworn rantings of the interloping "putative appellees" to matters not in the appellate record arising from the non-appellees' attempted incursion into this appeal. Their judicial admissions that they lack standing ends the inquiry connected to their frivolous filing.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Appellant, a party with actual standing, moves the Court to strike the filing of the interloping non-appellees and non-parties who concede that they have zero standing in this appeal.

Respectfully submitted,
 /s/ Brad Beers
Brad Beers
SBOT: 02041400
5020 Montrose Blvd., Suite 700
Houston, Texas 77006
713-654-0700
Brad@Beers.law
Attorney for Michael Bitgood

## CERTIFICATE OF COMPLIANCE

6

Exhibit 1 - 10-8-24
Page 6 of 8

I certify that pursuant to Tex. R. App. Proc. 9.4(i)(3), as counted by Microsoft Word 365 the number of words in this Motion to Strike is 1,046 words.

/s/ Brad Beers
Brad Beers

## Certificate of Service

On January 23, 2023, I certify that I delivered a true and correct copy of this instrument to Texas e-File for distribution.

/s/ Brad Beers

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brad Beers on behalf of Brad Beers
Bar No. 02041400
BBeers@BeersLaw.net
Envelope ID: 72040981
Status as of 1/23/2023 1:01 PM CST

Associated Case Party: MichaelJosephBitgood a/k/a Michael Easton

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brad Beers | | Brad@Beers.Law | 1/23/2023 12:52:55 PM | SENT |
| Michael JosephBitgood | | EastProLaw@msn.com | 1/23/2023 12:52:55 PM | SENT |
| Michael Easton | | EastProLaw@outlook.com | 1/23/2023 12:52:55 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William S.Helfand | | bill.helfand@lewisbrisbois.com | 1/23/2023 12:52:55 PM | SENT |
| Shane L.Kotlarsky | | Shane.Kotlarsky@lewisbrisbois.com | 1/23/2023 12:52:55 PM | SENT |
| Sean Braun | | Sean.Braun@lewisbrisbois.com | 1/23/2023 12:52:55 PM | SENT |
| Bennett Fisher | | bennett.fisher@lewisbrisbois.com | 1/23/2023 12:52:55 PM | SENT |

Exhibit 1 - 10-8-24
Page 8 of 8