UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Lewis Brisbois Bisgaard & Smith, LLP**<br><br>Plaintiff**,**<br><br>v.<br><br>**Michael Joseph Bitgood a/k/a "Michael Easton,"** *et al.*<br><br>Defendants. | Civil Action No. 4:22-cv-3279<br><br>**Jury Demanded** |

**DEFENDANT BRADLEY BEERS' RESPONSE TO
PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES**

Defendant Bradley Beers ("Beers") submits this response to Plaintiff's application for attorney's fees (Dkt. 353). Beers requests that the Court limit any awarded fees to those incurred on or before October 6, 2022, the day LB Texas was dissolved, and apportion any fee award according to the damages assessed against each Defendant.

**I.    INTRODUCTION**

Plaintiff Lewis Brisbois Bisgaard & Smith LLP ("LBBS" or "Plaintiff") seeks $528,851.50 in attorney's fees under the "exceptional case" standard of 15 U.S.C. § 1117(a). The primary relief Plaintiff sought—eliminating the LB Texas entity—was achieved at the outset of the case on October 6, 2022, with only $28,090 in fees incurred to that point. Although Plaintiff continued to litigate the case post-dissolution, resulting in an additional $500,000 in fees, the evidence shows that Plaintiff's staffing of the case—with 17 different timekeepers—was objectively unreasonable and inefficient. Moreover, the Court has already awarded substantial statutory damages of $1,000,000 against Michael Bitgood, $500,000 against Susan Norman, and $10,000 against Beers (Dkt. 325). Accordingly, the Court should limit the award of attorneys' fees to those reasonably

1

incurred to secure termination of LB Texas and apportion the award of fees according to the differing assessed levels of involvement and culpability among the Defendants.

## II.     ARGUMENTS AND AUTHORITIES

### A.     The Core Relief Was Achieved with $28,090 in Fees.

At the initial hearing on October 6, 2022, after the Court provided its preliminary assessment, Defendant Bitgood stated, "I raise the white flag before His Honor to terminate this thing" (Tr. 10/06/2022 at 23:15-24:23). On the same day, LB Texas submitted its dissolution papers (Dkt. 13, 13-1), effectively concluding the substantive issues in the case. Plaintiff's billing records indicate that $28,090 was incurred by this date, covering all work reasonably necessary to achieve the primary relief. The remaining 95% of the fees Plaintiff seeks—totaling over $500,000—were incurred after October 6, 2022 (Exhibit A, Dunwoody Decl., ¶ 6), when the case had already, as the Court observed, "outlived its usefulness" (Tr. 11/02/2022 at 11:11-12).

Under 15 U.S.C. § 1117(a), even if the Court finds this case to be "exceptional," it retains the discretion to decide both whether to award attorney's fees and the amount. The permissive language of the statute ("may") highlights that an award is not obligatory. As the Ninth Circuit stated in *Gracie v. Gracie*, 217 F.3d 1060, 1071 (9th Cir. 2000), courts are not compelled to award fees solely because a case is deemed exceptional: "the statute provides that the court 'may' award fees; it does not require them." *Id.* The Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), noted that courts should exclude any "hours that were not 'reasonably expended.'"

The Court can, and should, exercise its discretion to limit any fee award to the $28,090 incurred through October 6, 2022, which represented the reasonable and necessary costs up to the point of LB Texas's dissolution and the achievement of core relief. Such a limitation would be fair and appropriate, particularly considering that Plaintiff suffered no actual damages and has already

2

been awarded over $1.5 million in statutory damages. This approach ensures that fee awards remain proportional to the relief obtained and reflect the actual conduct at issue.

      **B.**      **The Fee Award Should Be Apportioned Equitably Among Defendants.**

The Court should apportion any awarded attorney's fees to reflect the relative culpability and statutory damages assessed against each Defendant. The statutory damages already imposed—$1,000,000 against Bitgood, $500,000 against Norman, and $10,000 against Beers (Dkt. 325)—demonstrate significant differences in their assessed involvement and responsibility. It follows that any fee award should reflect these differences to ensure fairness.

Courts have consistently recognized the importance of proportionality when apportioning fees. In *Council for Periodical Distributors Associations v. Evans*, 827 F.2d 1483, 1487–88 (11th Cir. 1987), the court highlighted the necessity of apportioning fees in alignment with each party's specific involvement, ensuring that less culpable defendants who were not "the prime instigators of the effort" are not unfairly burdened with joint and several liability for a fee award. As explained in *Evans*, "in apportioning attorney's fees, district courts should make every effort to achieve the most fair and sensible solution that is possible," which may include accounting for differing levels of responsibility among defendants. *Id*.

Imposing joint and several liability for fees would disproportionately impact Beers, who played the role of a lawyer filing paperwork for his clients, as demonstrated by the relatively lower statutory damages assessment against him. Apportioning fees based on relative culpability aligns with established principles of fairness and ensures that defendants bear only their fair share of litigation costs. This approach prevents an unjust financial burden on Beers and respects the differing roles that each defendant played in the case.

By adopting proportional fee allocation, the Court can achieve a fair outcome that reflects each defendant's actual involvement, avoiding the inequities inherent in joint and several liability.

Such apportionment ensures that fee awards remain consistent with the Lanham Act's discretionary framework and promotes equity in line with judicial practice.

### C. Plaintiff's Request Is Excessive On Its Face.

Plaintiff's request for $528,851.50 in attorney's fees is not just overinflated—it is fundamentally unreasonable. The billing records show that 17 different timekeepers accumulated 1,191.5 hours of work. This excessive staffing is disproportionate to the nature of this case, where the core relief was achieved by October 6, 2022, with the dissolution of LB Texas. By that point, Plaintiff had only incurred $28,090 in fees (Dunwoody Decl., ¶ 6), underscoring that the bulk of the requested fees—95%—were incurred after the primary litigation objective was met.

Courts have consistently rejected fee requests that reflect overstaffing and inefficiency. In *Hensley*, the Supreme Court held that "[t]he district court should exclude from this initial fee calculation hours that were not 'reasonably expended,'" 461 U.S. at 434, ensuring that only necessary and efficient work is compensated. For example, in *Pope v. Cnty. of Albany*, No. 1:11-CV-0736 LEK/CFH, 2015 WL 5510944, at *2, 16 (N.D.N.Y. Sept. 16, 2015), the district court exercised its discretion to impose an overall 80% reduction in the amount of fees awarded verses the amount requested to account for overstaffing, block billing, and other inefficiencies.

Plaintiff's use of 17 timekeepers for a single case this size screams efficiency and raises doubts about the validity of the entire fee application. The Court should not simply scrutinize these records but recognize that the sheer scale of staffing is, by itself, a red flag that undermines the reasonableness of the request. Plaintiff has failed to meet its burden of proving that the post-October 6, 2022, fees were necessary and justified.

The Court's discretion to award fees under 15 U.S.C. § 1117(a) allows it to reject requests that are excessive or disproportionate. As *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010), emphasized, courts must ensure that fee awards are justified and explain their reasoning

with specificity. In light of the overstaffing and the inflated nature of the request, the Court would be well within its discretion to reduce the award to the reasonable amount of $28,090 incurred before October 6, 2022. Reducing the fee award to this amount would align with principles of fairness and reflect the actual work required to achieve Plaintiff's primary objective, and avoid awarding excessive fees post-October 6, 2022.

### III. RECOMMENDATION ON FEE AWARD

The Court should limit any fee award to the reasonable and necessary amount of $28,090 incurred before October 6, 2022, when Plaintiff achieved its primary relief through the dissolution of LB Texas. Awarding fees incurred after this date would unjustly compensate for excessive, inefficient, and unnecessary litigation efforts. Additionally, any fee award should be apportioned equitably among the defendants, reflecting their relative culpability and the statutory damages assessed. Beers, who was minimally involved and assessed only $10,000 in damages, should not bear an undue share of the fees, and the Court should avoid joint and several liability to prevent an inequitable result.

### IV. CONCLUSION

Defendant Bradley Beers respectfully requests that the Court:

1. Limit any attorney's fee award to the $28,090 incurred through October 6, 2022, as those were the only fees that were reasonably necessary to achieve Plaintiff's primary objective.

2. Apportion any fee award to reflect Beers' limited role and relative culpability, consistent with the statutory damages assessed against him.

3. Decline to award fees that are disproportionate or excessive and avoid imposing joint and several liability, which would unfairly burden Beers with fees unrelated to his minimal involvement.

4. Grant Beers all other appropriate relief.

Dated: November 20, 2024

Respectfully submitted,

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody
Texas State Bar No. 2440838
wdunwoody@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, TX 75251
Telephone: (972) 628-3600
Fax: (972) 628-3616

*Attorneys for Defendant Bradley Beers*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on all known counsel of record via CM/ECF on November 20, 2024, in accordance with the local rules and the Federal Rules of Civil Procedure.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody