# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**Lewis Brisbois Bisgaard & Smith, LLP**

       Plaintiff**,**

  v.

**Michael Joseph Bitgood a/k/a "Michael
Easton,"** *et al.*

       Defendants.

Civil Action No. 4:22-cv-3279

**Jury Demanded**

## <u>DECLARATION OF S. WALLACE DUNWOODY</u>

I, S. Wallace Dunwoody, declare as follows:

## I.     BACKGROUND AND QUALIFICATIONS

1.     My name is S. Wallace Dunwoody, and I am an attorney licensed to practice law in the State of Texas since 2003. I have extensive experience in intellectual property and commercial litigation, including evaluating attorney fee applications.

2.     I am familiar with the procedural history of this case and the specific roles of each defendant, including Bradley Beers ("Beers"), whom I represent in this matter. I make this declaration based on personal knowledge and my review of the case filings and documents related to Plaintiff's application for attorney's fees.

## II.    SUMMARY OF FEE ANALYSIS

3.     Plaintiff Lewis Brisbois Bisgaard & Smith LLP ("LBBS") seeks an award of $528,851.50 in attorney's fees. The fee request covers work performed by 17 different timekeepers over 1,191.5 hours. In my professional opinion, this number of timekeepers and the total number of hours reportedly spent on this case are excessive and not reasonable or necessary. Given the

nature of the case, a much smaller team of 2 or 3 attorneys, along with one paralegal, could have effectively handled the litigation. The use of 17 timekeepers is highly excessive and inefficient.

4.    According to the billing records provided, Plaintiff incurred a total of $28,090 in fees prior to the formal dissolution of LB Texas on October 6, 2022. Included in Table 1 attached hereto is a recap of those pre-dissolution charges, formatted to include the date, timekeeper name, description of work, rate, hours worked, and charges. After October 6, 2022, Plaintiff incurred an exponentially greater amount in fees—95% of the total fees sought. These additional fees are not reasonably attributable to Beers given his limited involvement and the dissolution of the entity central to Plaintiff's claims.

## III.    ANALYSIS OF REASONABLENESS AND NECESSITY OF FEES

5.    The fees incurred post-October 6, 2022, significantly exceed what can be considered reasonable and necessary, particularly in relation to Beers' limited role. Beers' involvement was confined to initial filings with the Secretary of State and concluded before the belligerent exchanges and "come and take it" taunts that precipitated this lawsuit. Post-dissolution litigation efforts by Plaintiff were disproportionate to any relief obtained against Beers, especially considering that Beers was not the driving force for the conduct at issue, he did not own or control LB Texas, and he did not personally use Plaintiff's name in any manner.

6.    Plaintiff's fee application does not reflect adequate billing judgment, such as reducing redundant or excessive entries. This deficiency is particularly evident in the period after October 6, 2022, when fees continued to accumulate without clear justification. The Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), noted that "[t]he district court should exclude from this initial fee calculation hours that were not 'reasonably expended,'" ensuring that only necessary and efficient work is compensated. Plaintiff's fee application lacks clear efforts to

remove redundant or unnecessary hours, particularly after October 6, 2022, which further inflates the request

7.      The use of 17 timekeepers further underscores the inefficiency and lack of billing judgment in Plaintiff's approach. Such extensive staffing raises concerns about duplication of effort and inefficiency, reinforcing the argument for a significant reduction in the requested fees. If the Court is inclined to award fees post-dissolution, a substantial percentage reduction on the fee award is necessary to account for gross overstaffing and inefficiency.

## IV.     APPORTIONMENT AND EQUITY

8.      Courts, including in *Council for Periodical Distributors Associations v. Evans*, 827 F.2d 1483 (11th Cir. 1987), have emphasized that fees should be apportioned to reflect each defendant's level of involvement and culpability. Beers played a minor, peripheral role in this litigation, justifying a significant reduction in his fee liability. Apportioning fees fairly and avoiding joint and several liability aligns with principles of equity and ensures that Beers is not disproportionately burdened by Plaintiff's excessive fee request.

9.      Considering Beers' minimal involvement and the relatively modest $10,000 in statutory damages awarded against him, any attorney's fee award should be strictly limited to reasonable and necessary costs incurred through October 6, 2022.

## V.     CONCLUSION

10.     Based on my review and analysis, limiting the attorney's fees to $28,090, representing the amount incurred up to October 6, 2022, is appropriate. Any fee award should be apportioned to reflect Beers' limited role and avoid joint and several liability, ensuring a fair allocation of responsibility.

Executed on November 20, 2024, at Dallas, Texas.

/s/ S. Wallace Dunwoody
S. Wallace Dunwoody

**TABLE 1**
**Plaintiff's Fees Before Offending Entity Dissolved**

| Date | Attorney | Description | Rate | Hours | Charges |
|------|----------|-------------|------|-------|---------|
| 9/7/2022 | Sean Oneal Braun | Legal research for preparing original complaint and request for injunctive relief against Michael Bitgood. | $ 350.00 | 3.3 | $ 1,155.00 |
| 9/8/2022 | Sean Oneal Braun | Additional legal research and outlining to prepare complaint against Bitgood. | $ 350.00 | 5.1 | $ 1,785.00 |
| 9/15/2022 | Sean Oneal Braun | Continue preparing federal complaint against Bitgood. | $ 350.00 | 6.5 | $ 2,275.00 |
| 9/22/2022 | Sean Oneal Braun | Continue preparing federal complaint against Bitgood and his counsel. | $ 350.00 | 4.2 | $ 1,470.00 |
| 9/23/2022 | Sean Oneal Braun | Prepare and file final draft of federal complaint against Bitgood and other defendants. | $ 350.00 | 6.3 | $ 2,205.00 |
| 9/27/2022 | Sean Oneal Braun | Additional research and document review for federal lawsuit against Bitgood. | $ 350.00 | 2.1 | $ 735.00 |
| 10/3/2022 | Sean Oneal Braun | Continue preparing for hearing of LBBS's application for temporary restraining order. | $ 350.00 | 1.5 | $ 525.00 |
| 10/4/2022 | Bennett Fisher | Mtg w/ Bill Helfand & Sean Braun re TRO Prelim Injunction Strategy | $ 500.00 | 1 | $ 500.00 |

| Date | Attorney | Description | Rate | Hours | Charges |
|------|----------|-------------|------|-------|---------|
| 10/4/2022 | William Helfand | Receipt and review numerous pleadings and emails from pro se defendant. Review of extensive documentation for exhibits. Update legal research re: Review, revise and finalize supplemental brief filed by firm. Receipt and review numerous additional emails from pro se defendant. Begin preparation of outlines for direct examination of numerous witnesses. | $ 600.00 | 4.8 | $           2,880.00 |
| 10/4/2022 | Sean Oneal Braun | Prepare supplement in support of LBBS's application for temporary restraining order. | $ 350.00 | 2.5 | $              875.00 |
| 10/4/2022 | Candace Russell | Revisions to Mr. Fisher's notebook. | $ 250.00 | 0.2 | $                50.00 |
| 10/5/2022 | Bennett Fisher | Review cases sent by Sean Braun and take notes re same. | $ 500.00 | 1.4 | $              700.00 |
| 10/6/2022 | Bennett Fisher | Prepare for TRO/Preliminary Injunction hearing. | $ 500.00 | 2.8 | $           1,400.00 |
| 10/6/2022 | Bennett Fisher | Attend TRO/Temporary Injunction hearing | $ 500.00 | 1.3 | $              650.00 |
| 10/6/2022 | Bennett Fisher | Telecon with Bill Helfand and Sean Braun. | $ 500.00 | 0.2 | $              100.00 |
| 10/6/2022 | Bennett Fisher | Draft elements of the TRO and proposed settlement issues. | $ 500.00 | 1.2 | $              600.00 |

| Date | Attorney | Description | Rate | Hours | Charges |
|------|----------|-------------|------|-------|---------|
| 10/6/2022 | David Hargis | Office conference with B. Helfand and B. Fisher regarding TRO hearing, settlement of state court case and Oubre & LBBS's declaratory judgment. Draft declaratory counter claim. Office conference with B. Helfand regarding same. Attention to correspondence regarding same. | $ 450.00 | 2.1 | $         945.00 |
| 10/6/2022 | Shane Kotlarsky | Search Supreme Court and Fifth Circuit dockets to identify cases in which firm represents parties in order to identify exhibits for hearing on Application for Temporary Restraining Order. | $ 450.00 | 1.8 | $         810.00 |
| 10/6/2022 | William Helfand | Additional review and preparation of exhibits for hearing. Telephone conferences with several witnesses re: . Preparation of cross-examination outlines for examination of three defendants. Prepare for and attend hearing. Office conference with Shane Kotlarsky re: form of Temporary Restraining Order. Correspondence to Jana Lubert. Receipt, review, and respond to numerous emails from pro se defendant. | $ 600.00 | 7.4 | $       4,440.00 |
| 10/6/2022 | Jatoriyae Dupree-Jones | Analyzed case law on the effect of trademark registration on the burden of proof in preparation of injunction hearing. | $ 350.00 | 1.4 | $         490.00 |

| Date | Attorney | Description | Rate | Hours | Charges |
|------|----------|-------------|------|-------|---------|
| 10/6/2022 | Jatoriyae Dupree-Jones | Had correspondence with legal services representative in order to gather documents in preparation of the injunctive hearing. | $ 350.00 | 0.4 | $ 140.00 |
| 10/6/2022 | Nickoloz Snovely | Research on case law saying | $ 350.00 | 0.9 | $ 315.00 |
| 10/6/2022 | Nickoloz Snovely | Researching law on | $ 350.00 | 0.5 | $ 175.00 |
| 10/6/2022 | Sean Oneal Braun | Prepare for hearing on LBBS's application for temporary restraining order, including drafting hearing outline, timeline, and preparing evidentiary exhibits. | $ 350.00 | 7.2 | $ 2,520.00 |
| 10/6/2022 | Sean Oneal Braun | Attend remote hearing of LBBS's application for temporary restraining order. | $ 350.00 | 1 | $ 350.00 |

**Total Hours:    67.1**
**Total Charges:  $28,090.00**