### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Lewis Brisbois Bisgaard and Smith LLP | § | |
| | § | **4:22-cv-03279** |
| v. | § | |
| | § | **JURY DEMANDED** |
| Michael Joseph Bitgood, *et al* | § | |

### JOINT RESPONSE TO PLAINTIFF *PRO SE'S* "EMPHATIC," TOO-LATE, POST–JUDGMENT DENIALS OF DECEMBER 6, 2024

### TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Norman and Bitgood hereby respond to the Plaintiff *pro se's* too-late, "emphatic" denials of what this record accurately shows, as follows:

### I.  PLAINTIFF *PRO SE* IS <u>NOW</u> IN SUDDEN DENIAL

1.     From the beginning of this suit on September 23, 2022, as of August 14, 2024, Plaintiff *pro se* has had the proverbial "field day" with its frivolous, deceptive filings.  Even after Defendants brought Plaintiff *pro se's* truly frivolous, and often false, filings to the attention of the Court, Plaintiff *pro se* escaped any rebuke or hint of rebuke by the Court.

1

2.    In contrast, when the Court issued its Memorandum, ECF 325, on August 14, 2024**,** the Court stated on page 17**—without identifying even one motion that was "frivolous**,"—that,

> "Defendants have filed dozens of frivolous motions and delayed the proceedings for months."

Notably, of the 365 current docket entries as of December 8, 2024, <u>none of the over 150 filings by Plaintiff *pro se* includes a request for Rule 11 sanctions against Defendants</u>.

## II.   PLAINTIFF *PRO SE'S* DECEMBER 6, 2024, UNSWORN FILING REBUTS NOTHING

3.    On December 6, 2024, Plaintiff *pro se* filed for the benefit of Helfand, over Fisher's signature, an eight-page rant—**for the first time and too late, post–judgment**—attempting to deny the criminal behavior, racist language, blatant lying, perjury, extortion, and Plaintiff *pro se's* documented bribery attempt of opposing counsel.  Helfand's sudden awakening is best attributed to outside sources telling him to start denying what all the state courts have seen and heard, which has never been denied—except for just now, post–judgment, and past the jurisdictional Rule 59(e) deadline of December 2.

4.      As the Court already knows, arguments made after the case is closed by rendition of final judgement, <u>can</u> <u>only be made via a Rule 59 (e) motion</u>. That window is good—jurisdictionally—for only twenty-eight (28) days from the date of the judgement, November 4, 2024.  Thus, Plaintiff *pro se's* rant was due on December 2, 2024, not December 6, 2024.

5.      Plaintiff *pro se*[1] filed no post–judgement motion until December 6, 2024, making his "emphatic" denials legal nullities, both here and on appeal.  This  is so because in the words of  United States Supreme Court:

> ***"Silence gains  probative weight where it persists in the face of accusation."*** *United States v. Hale*, 422 U.S. 171, 176 (1975). Where a definite statement of a matter of fact, affecting a party or his rights, is made in his presence or hearing so that he understands it, and the statement is of such a nature as to call for a reply, ***the statement and a total or partial failure to reply renders it permissible to presume a concession of the truth of the facts stated***. *Dodd v. Harper,* 670 S.W.2d 646, 650 (Tex. App. -- Houston [1st. Dist.] 1983, no writ) (Emphasis added).

---

[1]

This Court's very own order dated December 2, 2024, properly and rightfully describes the plaintiff in this case, as **"plaintiff pro se."** (Emphasis added). The order reads: "Defendants Michael Joseph Bitgood and Susman Norman have filed a Joint Rule 59(e) Motion to Correct Judgment, ECF No. 362, and Joint Opposed Motion to File Response to Plaintiff *Pro Se's* December 6, 2024 Sur Reply, ECF No. 363. Defendant's Motions are hereby  DENIED. See ECF Nos. 362, 363.

6.    Accordingly, **and based on this record**, Helfand, (lead counsel for Plaintiff *pro se*) remains**:** (1) a prevaricator, (2) a perjurer, (3), an extortionist, and, a solicitor of bribery.  This Court rendered a judgment on the merits based on Helfand's perjured affidavit with his extortionate demands attached—despite Normans and Bitgood's **sworn and uncontroverted** declarations raising serious issues of fact as seen, for example, when Helfand was caught "fudging" the first set of so-called billable hours at his own deposition. [2]

7.    This Court, on the record, has already taken judicial notice that Helfand is a liar, and everything else that he is, as spelled out by the Defendants.[3] When given the opportunity to object to the Court taking judicial notice of these facts, including that Helfand was lying (ECF 85-86), NO OBJECTION was made.[4]  When Plaintiff *pro se* failed to raise the

---

[2]

See: *Helfand v. Coane*, 12 S.W.3d 152 (Tex. App. 2000), wherein Helfand is aptly described as: a. being a "habitual liar"; b. being a "sociopath" and, c. repeatedly lying to federal judges.

[3]

See: (ECF 183-53) dated September 2023. In his "affidavit"–which Helfand attaches—he makes demands at that this Court CANNOT GRANT.

[4]

Silence gains more probative weight where it persists in the face of accusation, since it is assumed in such circumstances that the accused would be more likely

denials via a timely Rule 59(e) motion, its rants suffice nothing. [5]

8.    Plaintiff *pro se's* **post-judgment** ranting preserves nothing for appeal.  It does, however, serve to once again highlight how the Court has done everything Plaintiff *pro se* asked for, including telling it via e-mail what to file, when to file it, what not to respond to, and even allowing Plaintiff *pro se* to dictate what pleadings the Defendants could file.

## III.   BLAME BEERS FOR HIS ATTORNEY IMMUNITY

9.    Plaintiff *pro se* now posits in an untimely  post–judgement filing, that it did not "achieve" the "core relief" that it was looking for on October 6, 2022.  Of course, this is false and even calls into account the Court's own words when this Court stated on March 22, 2023, over eighteen months ago that:

> "The lawsuit [has] outlives its usefulness. I feel like I'm failing because I can't come up with a good way to put it to bed. **But it's totally unnecessary**. I've got real people with real

---

than not to dispute an untrue accusation. Failure to contest an assertion, however, is considered evidence of acquiescence only if it would have been natural under the circumstances to object to the assertion in question. 3A Wigmore § 1042." *United States v. Hale*, 422 U.S. 171, 176 (1975).

[5]

It appears Plaintiff *pro se* wants a "mulligan" to unravel this record, but alas, without a timely Rule 59 (e) motion, the Court has no jurisdiction to alter the judgment.

10.    Again, on October 31, 2023, the Court recognized the lack of

necessity of this suit:

> "**This is all so unnecessary**.  I mean, I don't think there is any disagreement about the merits.  I think defendants have indicated they don't want to use the Lewis Brisbois name further.  I am sure Lewis Brisbois doesn't want them using it further. **I am not sure what we're arguing about**. I am really not." Transcript October  31, 2023, p. 7, ll 15-20.

> Then, on December 28, 2023, Mr. Bitgood reminded the Court that he had previously agreed to a permanent injunction, although the Court had not recalled it: "Mr. Bitgood:  Your Honor, common sense. If something is going on in the state court, where do you raise your objection? In the state court. They didn't do that. That's why we're here. That is why we're here.  **Now, I'm willing to let this case go away today. It can go away. They want to enjoin me. Sign me up, Judge. I'll sign it today**. "The Court:  Okay.  That is new I think.  I didn't know you were willing to sign –"Mr. Bitgood: Oh, no, sir. No, sir. That's been on the record since December, and it's right there in November 6.  Look what I said.  Hang on. Let me bring up the record, Your Honor. I know it's been lengthy. Hold on a minute.  Here it is. November 6, 2023. This is nothing new. You bring up the fact that they want an injunction.   Then you asked me, would I answer their questions?  I said, yes. We're going to page 9 now, Judge. Here it is, page 10. Mr. Bitgood: **Your Honor, this defendant has always been willing to provide a permanent injunction.**

6

**<u>That's not a problem for me. I said it from the beginning. From the very beginning I said: If you want the permanent injunction, I'm not going to fight you on it. That gives you what you want.  Why are we still fighting, Judge?</u>**  Enter the permanent injunction and be done with these people. I will not appeal that –  "The Court: Okay – "Mr. Bitgood:  You have my word. I will not appeal it. You  have my word. I will not appeal it.  Transcript December 28, 2023 - p. 11 - ll. 2 - 25; p. 12, ll. 1 - 12.   In ECF 298, May 9, 2024, page 4, fn 4 last sentence, Mr. Bitgood defined the illegal reason for this suit:   "This suit was brought to extort two lawyers into a so-called 'settlement,' when the matter was pending in state court, and the issue was litigated in state court." [6]

11.    The above being said, it boils down to: "Does the Court believe itself now?— or, does it believe a judicially–noticed prevaricator—William Scott Helfand?

12.    **What Plaintiff *pro se* did not achieve in this case** is what the Fifth Circuit says we did not, and should never agree to do, as regards

---

[6]

On September 28, 2022, offering to immediately STOP this case by stipulation, Bitgood wrote to William Helfand on Lewis Brisbois (Texas) letterhead, the use of which should have prompted Helfand to immediately object to such an "outrage."  Helfand did not object to that letter,  see: Exhibit "A-1" to ECF 297. Nor did Plaintiff *pro se* object when Bitgood wrote to the Court on that same letterhead October 3, 2022, again, offering to bring  this case to a full stop.  See: ECF 297,Exhibit "B-2.

Plaintiff *pro se's* attempts to (1) bribe, (2) extort, and (3) threaten Defendants with additional sanctions, such as the fraudulent attorney's fees bills, and Helfand's perjured "affidavit," In *Appliance v. Axis* 105 F. 4th 362, the Fifth Circuit writes regarding settlements via coercion:

> "Second, Axis's refusal to settle cannot support the fee award. "**[I]f a party is forced to make a settlement offer because of the threat of sanctions, and the offer is accepted, a settlement has been achieved through coercion. Such a result cannot be tolerated.**" *Dawson v. United States*, 68 F.3d 886, 897 (5th Cir. 1995)(citations omitted). If a court cannot use the threat of sanction to force a settlement offer, it follows that it may not impose sanctions on a party for failing to engage in settlement negations when that party has legitimate defenses to litigate. The district court abused its discretion in finding that Axis litigated this case in an unreasonable manner by refusing to settle." ALO at p. 28. (Emphasis added).

13.   Now, what was it that Beers did to prolong his case? Well, he never used the name, Lewis Brisbois, for any purpose whatsoever, and Plaintiff *pro se's* only cause and claim against him—fraud—was dismissed with prejudice.

14.   So, if Beers, who enjoys attorney immunity from suit for giving Bitgood and Norman "bad" advice, did not agree to be enjoined from doing something **he never did in the first place**, then a hearing should be

held to "slam" Beers for (1) not accepting the bribe offered by Helfand, (2) to apportion all the fees against him for having attorney immunity and not enjoining himself from **doing something he never did,** and (3) to chastise Beers for not giving Bitgood and Norman the legal advice Plaintiff *pro se* wanted Beers to give. Obviously, this would stand Fifth Circuit law on its head, but in this case, not even the United States Supreme Court can withstand Helfand's lying, and the results–driven outcome this Judge wants no matter what the law is, says, and is final. So yes, it's time to give that "dirty" Brad Beers his Helfand–created "comeuppance"! Since the Court has already said the case was "useless." this distraction should allow Susan Norman to exit the case.

15.    **However, un-rebutted, and un-challenged, is the glaring fact that the summary judgment record in this case still contains no evidence of an attorney/client relationship for Plaintiff *pro se* that would establish that Plaintiff *pro se* was anything but a *pro se* litigant which cannot recover fees.** [7]

_____

[7]

And who are we to disagree with the Court's signed orders, one by stipulation, and the other contested, that we were opposing a *pro se* litigant.

## IV.  HELFAND SUGGESTS SANCTIONS
**(Finally something we agree on, but not the way Helfand wants)**

16.    For their final, untimely rant, Plaintiff *pro se* suggests the court should sanction both Norman and Bitgood for all their slanderous [—**but true**—] remarks against Plaintiff *pro se*.  Providing, of course that the Court will follow the *Thomas v. Capital* rule, Bitgood and Norman can agree–as previously requested by both Norman and Bitgood—to have a full, evidentiary hearing in which the Court will:

- ♦    specifically identify what motions the Court considers "frivolous," not simply raise the specter of phantom, "dozens of frivolous motions," which prevent Defendants from being able to defend themselves;

- ♦    specifically identify what rule or statute, or parts of rules or statutes, Defendants violated;

- ♦    identify the specific behavior the for which the Court is issuing sanctions, and upon which the Court will rely to award sanctions;

- ♦    afford Defendants due process of law; and most importantly,

- ♦    impose sanctions **only** if Defendants lied– not if they told an inconvenient, unpleasant truth.

And what was it the Fifth Circuit said in *Sheets v Yamaha*, 891 F.2d. 533, 540 (5th Cir. 1990), about those who "throw down the sanctions

gauntlet?"

> "Misconduct, bad faith, and abuse of the trial process are all grounds for refusing to award costs to the prevailing parties, and here they also provide a suitable basis for taxing costs against the prevailing parties." *Sheets* at 540.

17.    In the words of William Helfand, "that's a matter for another day!" By all means, if the Court is going to consider sanctions, we would welcome the opportunity to address the issue on the record with both Helfand and Fisher and with a full record being made. However, that "ship" has also "sailed" unless the Court wishes to alter a judgement that has gone up on appeal via an untimely post–judgment declaration of innocence from Plaintiff *pro se.*

## V.   THE CURTAIN FALLS ON "HAMLET'S LADY"

18.    In *United States v. Bachynsky*, 934 F.2d 1349 (5th Cir. 1991), the defendant there, did what plaintiff pro se is attempting here— namely to change the record,  to fix his sentence when he realized that he was stuck with what he did.

19.    In *Bachynsky,* after the Fifth Circuit allowed him to supplement the record, the Fifth Circuit opined as follows:

"One week before this court met en banc to reconsider the instant case, Dr. Bachynsky was granted permission to supplement the record on appeal pursuant to Loc. R. 27.1.8, submitting a motion to that effect with various attachments including his affidavit of March 10, 1991, and correspondence with counsel. **The contents impress this court as nothing more than disingenuous hindsight quickly confected at the eleventh hour in light of his perceptions**, based on the panel opinion and correspondence with able counsel, of the right thing to say to dissuade this court from finding harmless error. **Not only does he, [Helfand] like Hamlet's lady, protest too much; he protests <u>too late,</u> and too implausibly!** *Bachynsky* fn 12 at 1361**.** (Emphasis added).

20.     Plaintiff *pro se's* Fisher, defending Helfand, contends that Ms. Norman is violating the "spirit" of the order after the Court granted Plaintiff *pro se's* motion to revoke ECF access of Bitgood, known to be a very disabled American Citizen.  See ECF  96.  Plaintiff *pro se* now contends that "words matter," echoing Judge James Ho's holding in *Abraugh v. Altimus*, 26 F.4th 298, 300,  <u>just as Defendants have cited multiple times in this case</u>.  Mr. Fisher's bold, blind-eye assertion that

"To my knowledge, Mr. William S. Helfand has never made a knowingly false statement to this or any other court[,]"

intentionally, blatantly, ignores not only ECF 1 and ECF 1-1, but ignores Helfand's multiple, oral false statements to this Court, such as on Oct. 6,

2022, asserting ownership of Trademark 3,722,172.  It certainly serves Plaintiff *pro se's* purpose in this case to prevent Mr. Bitgood from access to the Court so he cannot not speak, object. or participate in this case, remaining "muzzled" and censored for speaking the truth, and forcing him to attempt go to unnecessary, extraordinary lengths just to be heard.  Ms. Norman is entitled to publish her opinion of Plaintiff *pro se* and Helfand, even though it echoes that of Mr. Bitgood, and to file joint pleadings since she and Mr. Bitgood are aligned as Defendants.  Again, *United States v. Hale*, *supra*, says it best: "Silence gains probative weight where it persists [for over two years] in the face of accusation."  The Plaintiff *pro se's* new, recently-confected excuse that "we turned the other cheek," is simply that: a too-late, implausible excuse for being unable to deny the truth.  Fisher's [Helfand's] statements are designed to muzzle, censor, and otherwise prevent Defendants from exercising their First Amendment rights.

## VI.  CONCLUSION

21.    The too–late, post–judgement rant filed by Plaintiff *pro se* <u>rebuts nothing that is, or is not, in the record</u>.  Helfand's eleventh–hour change of heart prompting him to now deny after a final judgment that he is what

he is, comes as the Fifth Circuit pointed out—(like Hamlet's lady) too late, and too implausible to fix this record,.  The December 6, 2024, filing cannot fix or add anything to the issue of attorney's fees, and/or why, or who, if anyone at all, should pay them. It is just an untimely rant.

Respectfully submitted,

*/s/ Michael Joseph Bitgood*
a/k/a/ Michael Easton
d/b/a/ "Michael Easton"
503 FM 359, Suite 130-216
Richmond, Texas 77406
281-415-8655
EASTPROLAW
EastProLaw@msn.com

*/s/ Susan C. Norman*
Susan C. Norman
State Bar No. 15083020
Law Office of Susan C. Norman
P. O. Box 55585
Houston, Texas 77255
713-882-2066
281-402-3682 Fax
SueNorman@SueNormanLaw.com

**CERTIFICATE OF SERVICE**

Served to all parties via ECF on December 8, 2024, by

*/s/ Susan Norman*
Susan C. Norman
