# United States Court of Appeals
# for the Fifth Circuit

United States Courts
Southern District of Texas
FILED

*February 27, 2026*

Nathan Ochsner, Clerk of Court

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2026

Lyle W. Cayce
Clerk

No. 24-20458

LEWIS BRISBOIS BISGAARD & SMITH LLP,

*Plaintiff—Appellee,*

*versus*

MICHAEL JOSEPH BITGOOD, ALSO KNOWN AS MICHAEL EASTON; SUSAN C. NORMAN; BRADLEY B. BEERS,

*Defendants—Appellants.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3279

## ON PETITIONS FOR REHEARING

Before GRAVES and DUNCAN, *Circuit Judges.*[*]

PER CURIAM:[**]

The petitions for rehearing en banc by Appellants Beers, Norman, and Bitgood are DENIED. The petitions for panel rehearing by Appellants

---

[*] JUDGE DENNIS was a member of the panel that heard this case but took inactive status after the case was submitted. This matter is decided by a quorum under 28 U.S.C. § 46(d).

[**] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20458

Norman and Bitgood are also DENIED. No member of the panel or judge in regular active service requested that the court be polled on rehearing en banc in this case (FED. R. APP. P. 35 and 5TH CIR. R. 35). Appellant Beers's petition for panel rehearing is GRANTED. *See* 5TH CIR. R. 40. We withdraw our previous opinion, 2025 WL 2987446, and substitute the following:

Lewis Brisbois Bisgaard & Smith, LLP (LBBS) sued Michael Joseph Bitgood a/k/a "Michael Easton," Susan C. Norman, Bradley B. Beers, and the Texas entity known as "Lewis Brisbois Bisgaard & Smith, LLP," (collectively, Defendants) alleging (1) trademark infringement under § 32 of the Lanham Act (15 U.S.C. § 1114); (2) unfair competition under § 42 of the Lanham Act (15 U.S.C. § 1125) and Texas common law; (3) common-law fraud; and (4) civil conspiracy to infringe upon trademarks and name and to commit fraud. The district court granted LBBS summary judgment on the trademark-infringement, unfair-competition, and conspiracy-to-infringe claims; granted LBBS a permanent injunction; and awarded statutory damages and attorney fees. The court denied LBBS's summary-judgment motion for the fraud and conspiracy-to-commit-fraud claims and dismissed them with prejudice. For the following reasons, we AFFIRM in part and VACATE and REMAND in part.

I

As discussed in greater detail in *Lewis Brisbois Bisgaard & Smith, L.L.P. v. Norman* (*LBBS 1*), No. 23-20065, 2024 WL 3595388 (5th Cir. July 31, 2024), this saga began in Texas state court when Bitgood and another tenant represented by attorney Norman sued a corporate landlord represented by LBBS. During those proceedings, Bitgood and Norman discovered that LBBS's foreign limited liability partnership registration with the State of Texas had lapsed. They quickly registered a new entity under the name

No. 24-20458

"Lewis Brisbois Bisgaard & Smith, LLP" with the Texas Secretary of State. They then enlisted Beers, also an attorney, to prepare and file an assumed-name certificate with the state under the same name. *See id.* at *1.

After creating this fake entity, Bitgood and Norman amended the state-court petition to include it as a party. They then filed a motion under Texas Rule of Civil Procedure 12 challenging the real LBBS's authority to represent the landlord. The court granted the motion, ruling that LBBS lacked such authority. In response, LBBS sent a cease-and-desist letter to Norman and Bitgood, who refused to comply and instead continued to proffer filings in state court under LBBS's letterhead. *See id.*

LBBS then sued Defendants in federal district court on various trademark, unfair competition, fraud, and conspiracy claims. The district court granted LBBS a preliminary injunction, which our court affirmed. *Id.* at *3–4. Subsequently, the district court granted LBBS summary judgment on its trademark-infringement, unfair-competition, and conspiracy-to-infringe claims, as well as a permanent injunction, statutory damages, and attorney fees.

Bitgood, Norman, and Beers each appealed separately.

II

We review summary judgments *de novo*, applying the same standards as the district court. *Harville v. City of Hous.*, 945 F.3d 870, 874 (5th Cir. 2019). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

As to the damages award, we review the district court's fact findings for clear error and its legal conclusions *de novo*. *Spectrum Ass'n Mgmt. of Tex., L.L.C. v. Lifetime HOA Mgmt. L.L.C.*, 5 F.4th 560, 563–64 (5th Cir. 2021)

No. 24-20458

(citation omitted). We review *de novo* the court's ruling on attorney immunity. *Ironshore Eur. DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019).

We review for abuse of discretion an attorney-fee award under the Lanham Act. *All. for Good Gov't v. Coal. for Better Gov't*, 919 F.3d 291, 295 (5th Cir. 2019). We may reverse such an award only if the court "base[d] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *ASHH, Inc. v. URZ Trendz, L.L.C.*, No. 23-20614, 2024 WL 3595385, at *1 (5th Cir. July 31, 2024) (quoting *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 n.2 (2014)).

### III

Defendants Bitgood, Norman, and Beers each filed appellate briefs raising numerous issues, many of which are frivolous, incoherent, or not properly before us.[1]

The remainder of Defendants' arguments pertain to five issues: (1) whether *Rooker-Feldman* abstention applies; (2) whether Beers was protected by attorney immunity; (3) whether Defendants used the LBBS marks in commerce for purposes of Lanham Act liability; (4) statutory damages; and (5) attorney fees.

### A

---

[1] For his part, Bitgood's brief levels a blizzard of accusations at the district court and LBBS attorneys—including racism, ablism, professional misconduct, corruption, and perjury—while offering little in the way of legal argument. For her part, Norman's brief raises one issue not properly before us, namely whether the prior panel should reconsider its remark that her conduct amounted to professional misconduct. *See LBBS 1*, 2024 WL 3595388, at *1 n.1.

4

No. 24-20458

We begin with *Rooker-Feldman*, which "generally precludes lower federal courts 'from exercising appellate jurisdiction over final state-court judgments.'" *Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam)).

As LBBS points out, *Rooker-Feldman* does not apply here because there was no final state-court judgment. Indeed, the prior panel already ruled on this point, making it law of the case. *See LBBS 1*, 2024 WL 3595388, at *2; *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."). Even though that prior decision was an interlocutory appeal of a preliminary injunction, law of the case applies so long as the court "actually decided" the issue, which it did. *Royal Ins. Co. of Am. v. Quinn-L Cap. Corp.*, 3 F.3d 877, 880–81 (5th Cir. 1993); *Gaalla v. Brown*, 460 F. App'x 469, 476 (5th Cir. 2012).

### B

We turn to whether Beers is protected by attorney immunity. The district court ruled attorney immunity did not apply because Beers did not meet his "burden of conclusively establishing that [his] involvement in the registration of the Lewis Brisbois entity falls within the scope of client representation."[2] The court seemed to rely on Beers's extensive communication with Norman and Bitgood about registering the fake LBBS entity, his knowledge of the real LBBS entity, and his work with Bitgood and Norman to form "their infringing entity to harm Plaintiff."

---

[2] The prior panel ruled that attorney immunity did not apply to claims for injunctive relief. *See LBBS 1*, 2024 WL 3595388, at *4.

5

No. 24-20458

This is not the type of conduct that overcomes attorney immunity, but is rather the "kind of conduct" attorneys engage in "when discharging duties to a client." *See Ironshore*, 912 F.3d at 767. Communicating with clients and assisting them in the formation of legal entities is work typical of an attorney. *See Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 76 (Tex. 2021) (citing *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 484 (Tex. 2015)). Nor does Beers's knowledge of the existence of the real LBBS suffice to defeat immunity. When evaluating immunity, we are concerned with the conduct of an attorney, not what they knew or should have known. *See Ironshore*, 912 F.3d at 764. If Beers's actions were limited to providing legal services to Bitgood and Norman, they were within "the scope of" his "representation of his client[s]." *Haynes & Boone*, 631 S.W.3d at 77.

Beers correctly argues that he was entitled to immunity because his only relevant conduct was directing the preparation of formation documents, reviewing and signing a standard assumed-name certificate, and filing paperwork with the Secretary of State. Accordingly, the district court erred in ruling that Beers was not protected by attorney immunity.

## C

We next turn to whether Defendants used the LBBS marks in commerce for purposes of the Lanham Act. *See* 15 U.S.C. § 1114, 1125(a). Just as with *Rooker-Feldman*, our prior panel already addressed this issue.

On appeal from the preliminary injunction, we held that "[c]ommon sense, clear concessions by Federal Defendants, and case law establish that [Defendants'] infringing uses were 'uses in commerce.'" *LBBS 1*, 2024 WL 3595388, at *3. We also explained that a sister-circuit decision, "under striking similar circumstances, held that conduct, like formation of a corporation and public communication, was sufficient" to find use in commerce. *Ibid.* (citing *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d

No. 24-20458

814, 823 (9th Cir. 1996)). The district court correctly relied on this holding in granting LBBS summary judgment.

## D

Next, we consider whether the district court acted within its discretion in assessing statutory damages.

Under the Lanham Act, a court may award damages "for any such use in connection with . . . distribution of . . . services in the amount of . . . not less than $1,000 or more than $200,000 per counterfeit mark . . . ; or . . . if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark." 15 U.S.C. § 1117(c). Here, the district court awarded damages of $1 million against Bitgood and $500,000 against Norman.[3] The district court justified these damages awards by recounting that Defendants stated in depositions, in court, and to the press that they purposefully took LBBS's name, used it in correspondence and court filings, printed fake LBBS business cards, and taunted the real LBBS with their appropriation of its marks. Defendants argue the district court erred in awarding statutory damages.

First, Defendants argue the damages award lacked a proper basis because LBBS's trademark had lapsed during the relevant period. They point out that the registration for "Lewis Brisbois Bisgaard & Smith" lapsed in 2020 and was not reregistered until 2022, the time period during which Defendants engaged in their putative infringement. Accordingly, they argue there was no basis for a damages award for infringing an unregistered mark. See 15 U.S.C. § 1114(1)(a) (imposing liability for using a "reproduction, counterfeit, copy, or colorable imitation of a registered mark"). Second,

---

[3] The court also awarded a $10,000 award to Beers but that award is vacated separately given our finding of attorney immunity.

7

No. 24-20458

Beers argues that the prior panel already decided this issue in their favor. And third, Bitgood and Norman argue that the district court violated their Seventh Amendment right to a jury trial by awarding statutory damages without submitting to a jury the question of the amount of damages to be awarded.

We first address Defendants' contention about the prior panel's decision. In a footnote, that panel stated: "There is no evidence in the record showing that Federal Defendants infringed on LBBS's relevant registered trademarks, so we consider only LBBS's claims under § 1125(a)." *LBBS 1*, 2024 WL 3595388, at *2 n.3. Contrary to Defendants' argument, that statement did not settle the propriety of statutory damages.

As noted, the law-of-the-case doctrine applies only if a prior panel actually decided an issue. *See Gaalla*, 460 F. App'x at 476. The prior panel did not actually decide whether LBBS could claim infringement damages under § 1114(1)(a). It made its statement only to explain why it elected to consider LBBS's likelihood of success on a different claim (an unfair-competition claim under § 1125(a)). Relatedly, the statement was unnecessary to the holding and was therefore *dicta. See, e.g., Int'l Truck & Engine Corp. v. Bray*, 372 F.3d 717, 721 (5th Cir. 2004). Accordingly, the statement did not establish law-of-the-case whether LBBS could ultimately make out an infringement claim under § 1114(1)(a) and obtain damages under § 1117(c). *See, e.g., Soc'y of Roman Cath. Church of Diocese of Lafayette, Inc. v. Interstate Fire & Cas. Co.*, 126 F.3d 727, 735 (5th Cir. 1997) (law-of-the-case does not apply to "pure *dicta*").

We therefore proceed to consider the propriety of the damages award.

As noted, Defendants argue the award was erroneous because registration of the "Lewis Brisbois Bisgaard and Smith" mark had lapsed from 2020 to 2022. Defendants are correct that putative infringement of an

8

No. 24-20458

unregistered mark cannot support a damages award under § 1117(c). *See* 15 U.S.C. § 1114(1)(a) (imposing liability for specified misuses of "a registered mark"); *see also Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 426 (5th Cir. 2021) (explaining that § 1114(1)(a) "creates a cause of action for infringement of registered marks"). But LBBS counters, as it did in the district court, that Defendants' misuse of its name also infringed other registered marks it owned that were similar to its unregistered mark. *See* 15 U.S.C. § 1127 (defining "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark").

We decline to address this alternative ground for the statutory damages award for the first time on appeal. The district court did not explain the basis for the damages award under the relevant statutes. As a result, we lack the necessary findings and reasoning to effectively review its damages conclusion—and specifically, whether damages would be justified for Defendants' putative infringement of LBBS's other registered marks. Accordingly, we vacate the award of statutory damages as to each Defendant and remand for further consideration of Defendants' liability under § 1114(1)(a).

In doing so, the district court should consider whether the Seventh Amendment requires submission of the damages question to a jury. Although LBBS and Defendants both demanded a jury trial, the district court awarded damages itself. On appeal, Bitgood and Norman argue this violated the Seventh Amendment. *See, e.g., Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998) (holding that "the Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself"); *Top Tobacco, L.P. v. Star Importers & Wholesalers, Inc.*, 135 F.4th 1344, 1350 (11th Cir. 2025) ("We have little difficulty extending [*Feltner*] to trademark cases because of the 'clear and direct historical evidence that juries, both as a

No. 24-20458

general matter and in copyright cases, set the amount of damages awarded to a successful plaintiff.'" (quoting *Feltner*, 523 U.S. at 355)). We express no opinion on that issue.

## E

Finally, we turn to the attorney-fee award. Because we remand for reconsideration of liability and damages under § 1114(1)(a), we also vacate the fee award and remand the issue of fees to the district court for reconsideration. This is in keeping with this court's practice of remanding fee awards for reconsideration when underlying damages awards are likewise remanded. *See, e.g., Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 867 (5th Cir. 2004) (remanding for reassessment of fee award in light of remand for reconsideration of damages award); *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) (same). Just as with the damages question, we express no opinion on the propriety or amount of fees that should be awarded.

## IV

We AFFIRM the district court's judgment as it pertains to unfair competition, conspiracy to infringe, and permanent injunctive relief. We REVERSE as to Beers's attorney immunity, VACATE the award of statutory damages and attorney fees, and REMAND for further proceedings consistent with this opinion.

# *United States Court of Appeals*

FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

February 27, 2026

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

No. 24-20458   Lewis Brisbois v. Bitgood
USDC No. 4:22-CV-3279

Enclosed is the opinion entered in the case captioned above.

Sincerely,

LYLE W. CAYCE, Clerk

*Christy Combel*

By: _____
Christy M. Combel, Deputy Clerk
504-310-7651

Mr. Michael Joseph Bitgood
Mr. Samuel Wallace Dunwoody
Mr. William S. Helfand
Mr. Sean M. Higgins
Ms. Susan C. Norman
Mr. Nathan Ochsner